UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtors[1] | Case No. 23-32983-acs<br><br>Chapter 11<br>(Jointly Administered) |

**DEBTORS' MOTION FOR AUTHORITY TO USE CASH COLLATERAL
WITH REQUEST FOR EXPEDITED HEARING**

Hull Organization, LLC ("Hull Org"), Hull Equity, LLC ("Hull Equity"), Hull Properties, LLC ("Hull Properties"), and 4 West, LLC ("4 West," and collectively with Hull Org, Hull Equity, and Hull Properties, the "Debtors"), by proposed counsel, jointly request that the Court authorize each Debtors' use of cash collateral as proposed herein. In support of this Motion, the Debtors state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105, 361, and 363, and Fed. R. Bankr. P. 4001.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Background**

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

4. The Debtors are primarily owners and operators of commercial real estate properties, though Hull Org maintains a modest portfolio of residential units. The Debtors have acquired most of their properties through distressed sales, and typically invest resources to rehabilitate the properties for commercial leasing or sale.

5. On December 13, 2023 (the "Petition Date") Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Court has entered an Order for Joint Administration of these chapter 11 cases.

6. Debtors Hull Org and Hull Equity are each a "small business debtor" as that term is defined in Bankruptcy Code § 101(51D) and have elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code § 1184, Hull Org and Hull Equity continue to operate their respective businesses and manage their respective properties as debtors in possession. Michael Wheatley has been appointed as the Subchapter V Trustee in both cases.

7. Pursuant to Bankruptcy Code §§ 1107 and 1108, Debtors Hull Properties and 4 West continue to operate their respective businesses and manage their respective properties as debtors in possession. No official committee of unsecured creditors has been appointed in the chapter 11 cases, and no party has requested the appointment of a trustee.

   *i. Hull Org's Pre-Petition Secured Indebtedness*

8. On or around September 13, 2018, Hull Org executed and delivered a promissory note to Martin Goldsmith and PMGT, LLC ("PMGT") in the principal amount of $162,015.00. To secure repayment of Hull Org's obligations arising under its agreement with Mr. Goldsmith and PMGT, Mr. Goldsmith and PMGT filed a UCC-1 Financing Statement in the Office of the Kentucky Secretary of State indexed as file number 2018-

2984373-57 (the "PMGT Lien") on September 13, 2018. The PMGT Lien purports to be an interest in all tangible and intangible property of Hull Org related to real property and improvements commonly identified as 1019 Mary Street, Louisville, Jefferson County, Kentucky.

9. On or around March 22, 2021, Hull Org sold its interest in the real property and improvements commonly identified as 1019 Mary Street, Louisville, Jefferson County, Kentucky, and the proceeds of said sale were applied to satisfy Hull Org's indebtedness to Mr. Goldsmith and PMGT or otherwise used in the ordinary course of Hull Org's operations. Accordingly, none of the cash or cash equivalents of Hull Org's bankruptcy estate are subject to the PMGT Lien.

10. On or around June 21, 2019, Hull Org executed and delivered a promissory note to Stock Yards Bank ("SYB") in the original principal amount of $1,500,000.00. To secure repayment of Hull Org's obligations arising under its agreement with SYB, SYB filed a Mortgage and an Assignment of Rents and Leases in the Office of the Clerk of Clermont County, Ohio in Mortgage Book 2812, Page 5653 and Mortgage Book 2812, Page 5672, respectively (collectively, the "SYB Ohio Pike Mortgage") on July 18, 2019. The SYB Ohio Pike Mortgage constitutes an interest in the estate of Hull Org's interest in the rents and profits of real property and improvements more commonly identified as 830/834 Ohio Pike, Cincinnati, Clermont County, Ohio (collectively, the "Ohio Pike Property").

11. On January 23, 2024, the Court entered its *Order Granting Joint Motion to Sell* [Doc. 56] (the "Sale Order") concerning Hull Org's private sale of the Ohio Pike Property. The Sale Order directed the title company conducting the sale closing to remit net proceeds

of the sale to Trustee Michael Wheatley pending further order of the Court. *See* Sale Order, ¶ 29(I).

12. The SYB Ohio Pike Mortgage will be satisfied and released at closing of the sale of the Ohio Pike Property.

13. On or around August 3, 2021, Hull Org executed and delivered a promissory note to the U.S. Small Business Administration (the "SBA") in the original principal amount of $251,000.00. To secure repayment of Hull Org's obligations arising under its agreement with the SBA, the SBA filed a UCC-1 Financing Statement in the Office of the Kentucky Secretary of State indexed as file number 2021-3165368-07 (the "SBA Lien") on August 17, 2021. The SBA Lien constitutes an interest in the estate of Hull Org's interest in all tangible and intangible personal property.

14. The net proceeds of the sale of the Ohio Pike Property and the rents collected from the Ohio Pike Property constitute Cash Collateral of the SBA.

15. The SBA has filed a proof of claim in the Hull Org chapter 11 case indicating that the outstanding balance of its claim is $273,048.46. *See* Case No. 23-32983-acs, Claim 4.

16. On or around August 1, 2021, Hull Org executed and delivered a promissory note to Mr. Goldsmith and PMGT in the principal amount of $155,000.00. Upon Debtors' information and belief, to secure repayment of Hull Org's obligations arising under its agreement with Mr. Goldsmith and PMGT, Mr. Goldsmith and PMGT filed a mortgage in the Office of the Clerk of Montgomery County, Ohio (the "PMGT Mortgage") on or around August 1, 2021. The PMGT Mortgage constitutes an interest in the estate of Hull Org's interest in the rents and profits of real property commonly identified as 5-23 Elm Street, West

Carrollton, Montgomery County, Ohio (the "Elm Street Property"). The PMGT Mortgage also encumbers the proceeds of insurance policies covering the Elm Street Property.

17. Upon Debtors' information and belief, the Elm Street Property is worth not less than $240,000.00.

18. Upon Debtors' information and belief, the outstanding balance of the claim secured by the PMGT Mortgage in the Elm Street Property is approximately $153,690.00.

19. On or around July 27, 2021, Hull Org and 4 West executed and delivered a promissory note to Mr. Goldsmith and PMGT in the principal amount of $432,900.32. Upon Debtors' information and belief, to secure repayment of Hull Org's obligations arising under its agreement with Mr. Goldsmith and PMGT, Mr. Goldsmith and PMGT filed a mortgage in the Office of the Clerk of Montgomery County, Ohio (the "Other PMGT Mortgage") on or around July 27, 2021. The Other PMGT Mortgage constitutes an interest in the estate of Hull Org's interest in the rents and profits of real property commonly identified as 1-3-17 Central Avenue, Dayton, Montgomery County, Ohio (the "Central Avenue Property"). The Other PMGT Mortgage also encumbers the proceeds of insurance policies covering the Central Avenue Property.

20. Upon Debtors' information and belief, the outstanding balance of the claim secured by the Other PMGT Mortgage in the Central Avenue Property is approximately $429,243.06.

21. Upon Debtors' information and belief, the Central Avenue Property is worth not less than $290,000.00.

   ii.   *Hull Equity's Pre-Petition Secured Indebtedness*

22. On or around February 8, 2017, Hull Equity executed and delivered a promissory note to SYB in the original principal amount of $400,000.00. Upon Debtors' information and belief, to secure repayment of Hull Equity's obligations arising under its agreement with SYB, SYB filed a Mortgage and an Assignment of Rents and Leases in the Office of the Clerk of Floyd County, Indiana (collectively, the "SYB Indiana Mortgage") on or around February 8, 2017. The SYB Indiana Mortgage constitutes an interest in the estate of Hull Equity's interest in the rents and profits of real property and improvements more commonly identified as 1931 Grantline Road (aka 1921-2003 Grantline Road and Graybrook Lane) (collectively, the "Indiana Property").

23. Upon Debtors' information and belief, the outstanding balance of the claim secured by the SYB Indiana Mortgage in the Indiana Property is approximately $327,265.47.

24. Upon Debtors' information and belief, the Indiana Property is worth not less than $680,000.00.

    iii.   *Hull Properties' Pre-Petition Secured Indebtedness*

25. On or around October 15, 2015, Hull Properties executed and delivered a promissory note to MainSource Bank, predecessor-in-interest to First Financial Bank ("FFB"), in the original principal amount of $363,548.94. To secure repayment of Hull Properties' obligations arising under its agreement with FFB, FFB filed a Mortgage and an Assignment of Rents in the Office of the Clerk of Jefferson County, Kentucky in Mortgage Book 14322, Page 697 and Deed Book 10494, Page 742, respectively (collectively, the "FFB Mortgage") on November 10, 2015. The FFB Mortgage constitutes an interest in the estate of Hull Properties' interest in the rents and profits of real property commonly identified as Suites 9 and 10 in Crossings Business Center, 1902 Campus Place, Louisville, Jefferson County,

Kentucky (the "Campus Place Properties"). The FFB Mortgage also encumbers the proceeds of insurance policies covering the Campus Place Properties.

26. Upon Debtors' information and belief, the outstanding balance of the claim secured by the FFB Mortgage in the Campus Place Properties is approximately $205,454.00.

27. Upon Debtors' information and belief, the Campus Place Properties have a cumulative value of not less than $660,000.00.

28. The records of the Office of the Kentucky Secretary of State include a UCC-1 Financing Statement filed by Mr. Goldsmith and PMGT and indexed as file number 2018-2984376 which purports to encumber Hull Properties' interest in all tangible and intangible property related to the Campus Place Properties.

29. Upon Debtors' information and belief, Hull Properties has satisfied all outstanding obligations owed to Mr. Goldsmith and/or PMGT.

30. On or around January 4, 2022, Hull Properties executed and delivered a promissory note to the SBA in the original principal amount of $69,600.00. To secure repayment of Hull Properties' obligations arising under its agreement with the SBA, the SBA filed a UCC-1 Financing Statement in the Office of the Kentucky Secretary of State indexed as file number 2022-3189199-76 (the "SBA Properties Lien") on January 19, 2022.[2] The SBA Properties Lien constitutes an interest in the estate of Hull Properties' interest in all tangible and intangible personal property.

---

[2] The records of the Office of the Kentucky Secretary of State also include a UCC-1 Financing Statement filed by the SBA against Hull Properties indexed as file number 2022-3188920-07 on January 18, 2022. Both financing statements filed by the SBA and affecting Hull Properties' interests include references to the same loan number and are believed to be duplicative.

31. The SBA has filed a proof of claim in the Hull Properties chapter 11 case indicating that the outstanding balance of its claim is $74,612.63. *See* Case No. 23-32985-acs, Claim 3.

iv.  *4 West's Pre-Petition Secured Indebtedness*

32. As stated above, on or around July 27, 2021, Hull Org and 4 West executed and delivered a promissory note to Mr. Goldsmith and PMGT in the principal amount of $432,900.32. Upon Debtors' information and belief, to secure repayment of 4 West's obligations arising under its agreement with Mr. Goldsmith and PMGT, Mr. Goldsmith and PMGT filed a mortgage in the Office of the Clerk of Clark County, Ohio (the "<u>4 West Mortgage</u>") on or around July 27, 2021.

33. The 4 West Mortgage constitutes an interest in the estate of 4 West's interest in the rents and profits of real property commonly identified as 4 West Main Street, Springfield, Clark County, Ohio ("<u>Hull Plaza</u>"). The 4 West Mortgage also encumbers the proceeds of insurance policies covering Hull Plaza.

34. Upon Debtors' information and belief, the outstanding balance of the claim secured by the 4 West Mortgage in Hull Plaza is approximately $429,243.06.

35. Upon Debtors' information and belief, Hull Plaza is worth not less than $390,000.00.

36. On or around November 9, 2021, 4 West executed and delivered a promissory note to the SBA in the original principal amount of $294,400.00. To secure repayment of 4 West's obligations arising under its agreement with the SBA, the SBA filed a UCC-1 Financing Statement in the Office of the Kentucky Secretary of State indexed as file number

2021-3180748-26 (the "SBA 4 West Lien") on January 19, 2022.³ The SBA 4 West Lien constitutes an interest in the estate of 4 West's interest in all tangible and intangible personal property.

37. The SBA has filed a proof of claim in the 4 West chapter 11 case indicating that the outstanding balance of its claim is $317,326.90. *See* Case No. 23-32987-acs, Claim 2.

*v.  Disputed Interest in Debtors' Properties*

38. On March 21, 2023, the Jefferson Family Court entered an *Order* (the "Dissolution Order") in the marital dissolution action styled *Nancy Pruitt Hull v. Robert Ernest Hull* (Case No. 20-CI-500489).

39. Within the Dissolution Order, the Jefferson Family Court ordered a division of the marital assets of Nancy Pruitt Hull and the Debtors' sole member, Robert Ernest Hull. The Dissolution Order concluded, in part, that:

> "The remaining businesses and assets are all deemed to be marital in nature. As such, Petitioner, Nancy Pruitt Hull, is entitled to her share of equity in the same, or $7,889,642.58. Respondent, Robert Ernest Hull, may buy out Petitioner's share of equity in the commercial property within thirty (30) days."

Dissolution Order, at 7-8.

40. Mr. Hull has appealed the Dissolution Order to the Kentucky Court of Appeals, where it remains pending as Case No. 2023-CA-0969.

---

³ The records of the Office of the Kentucky Secretary of State also include a UCC-1 Financing Statement filed by the SBA against Hull Properties indexed as file number 2022-3188920-07 on January 18, 2022. Both financing statements filed by the SBA and affecting Hull Properties' interests include references to the same loan number and are believed to be duplicative.

41. In her *Motion to Dismiss Case* [Doc. 28] filed herein, Ms. Hull has asserted that she "received a marital interest in all the property owned by the LLCs." Motion to Dismiss Case, ¶ 9.

42. Debtors dispute Ms. Hull's characterization of her purported interests in their real and personal property. None of the Debtors are or were parties to the Hulls' dissolution action, and any assignment of an interest in Debtors' property – particularly an assignment that leapfrogged the interests of existing creditors – was a violation of due process.

43. Each of the Debtors acquired their respective real estate holdings and personal property via valid transfers after they were organized as limited liability companies under Kentucky law. The Debtors' ownership interests in property belong to the Debtors themselves and not either Mr. or Ms. Hull, regardless of their status as members in any of the Debtors. KRS 275.240. Conversely, the "marital property" subject to division by the Jefferson Family Court included all property acquired by either Mr. or Ms. Hull subsequent to the parties' marriage. KRS 403.190(2).

44. In summary, Debtors acknowledge that the following entities have asserted interests in the Debtors' cash collateral as defined in Bankruptcy Code § 363(a) (collectively, the "Cash Collateral"), subject to proof of their respective perfected interests in accordance with applicable law:

| Debtor | Creditors with Interest in Cash Collateral |
|---|---|
| Hull Organization | 1. SYB (pending sale of Ohio Pike Property)<br>2. Mr. Goldsmith and PMGT<br>3. SBA |
| Hull Equity | 1. SYB |
| Hull Properties | 1. FFB<br>2. SBA |

| | |
|---|---|
| 4 West | 1. Mr. Goldsmith and PMGT<br>2. SBA |

## Relief Requested

45.     Debtors seek interim authorization to use Cash Collateral to meet ongoing and necessary operating expenses as set forth in the projected budget attached hereto as **Exhibit A**. At present, Debtors seek authority to use Cash Collateral through April 12, 2024.

46.     Debtors' use of Cash Collateral is essential for its continued operations and for Debtors' ability to meet its ordinary and necessary post-petition expenditures. Use of Cash Collateral will preserve the value of Debtors' assets and maximize creditors' opportunity for recovery from the bankruptcy estates. Absent authorization to use Cash Collateral, there may be no reasonable prospect for the Debtors to reorganize successfully through these chapter 11 cases.

47.     Authorization of Debtors' use of Cash Collateral will enable the Debtors to make post-petition payments for utilities, insurance, maintenance, and other essential operating expenses, as well as the costs of administration of these bankruptcy cases.

48.     Approval of Debtors' continued use of cash collateral on the proposed terms is in the best interests of the estates and their creditors because use of Cash Collateral will preserve the going concern value of the respective estates.

49.     Pursuant to Bankruptcy Code § 363(e), SYB, Mr. Goldsmith, PMGT, the SBA, and FFB (the "Cash Collateral Creditors") are entitled to adequate protection of their respective interests in the Cash Collateral to the extent of any diminution in value thereof.

50.     As and for adequate protection in consideration of the Debtors' continued possession and use of Cash Collateral in the ordinary course of business, the Debtors propose

that the Court grant the Cash Collateral Creditors replacement liens on all collateral of the same type and respective priorities upon which each held valid and properly perfected liens prior to the Petition Date.

51. The Debtors submit that the proposed replacement liens, combined with the substantial "equity cushions" available to those Cash Collateral Creditors who also have interests in the Debtors' real estate holdings, are sufficient to protect the Cash Collateral Creditors' respective asserted interests in the Cash Collateral. As set forth in the Debtors' projected budget, continued use of Cash Collateral will enable the Debtors to generate revenues in excess of their projected normal operating expenses and replenish their operating funds.

52. No previous action for the relief sought herein has been made to this Court.

### Request for Expedited Hearing

53. Debtors request that the Court set this Motion for an expedited hearing as soon as the Court's calendar will allow. The Debtors' authority to use Cash Collateral in the ordinary course of business is essential to the preservation of the estates' value.

54. Debtors require immediate authorization to use Cash Collateral in order to prevent shut-off of utilities at some of their properties and lapse of insurance coverages, and obtain minimum insurance coverage for Hull Plaza.

WHEREFORE, Debtors respectfully request that the Court enter an order authorizing Debtors' use of cash collateral and grant such other and further relief as appears necessary and appropriate.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Proposed Counsel for Debtors*

## Certificate of Service

I certify that on February 5, 2024, the foregoing *Debtors' Motion for Authority to Use Cash Collateral with Request for Expedited Hearing* was (a) mailed electronically through the Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the United States Trustee and all other persons receiving electronic notifications in this case, and (b) mailed via first-class U.S. mail to all persons who have filed a request to receive such notices.

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER