UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtors[1] | Case No. 23-32983-acs<br><br>Chapter 11<br>(Jointly Administered) |

**MOTION TO (I) LIMIT NOTICE AND SHORTEN OBJECTION PERIOD, AND (II) APPROVE SETTLEMENT WITH REQUEST FOR EXPEDITED HEARING**

Hull Organization, LLC ("Hull Org"), Hull Equity, LLC ("Hull Equity,"), Hull Properties, LLC ("Hull Properties"), and 4 West, LLC ("4 West," and collectively with Hull Org, Hull Equity, and Hull Properties, the "Debtors"), by counsel, request that the Court enter one or more orders (i) limiting notice and shortening the objection period with respect to the relief requested in this Motion, and (ii) approving the Debtors' settlement detailed herein. Debtors further request that the Court conduct an expedited hearing on this Motion. In support of this Motion, Debtors state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105, 1107, 1108, and 1184, and Fed. R. Bankr. P. 2002 and 9019.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

**Background**

3. On December 13, 2023 (the "Petition Date"), each of the Debtors filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Court has entered an Order for Joint Administration of these chapter 11 cases.

4. Debtors Hull Org and Hull Equity are each Debtor a "small business debtor" as defined in Bankruptcy Code § 101(51D) and have elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code § 1184, Hull Org and Hull Equity continue to operate their respective businesses and manage their respective properties as debtors in possession. Michael Wheatley has been appointed as the Subchapter V Trustee in both cases.

5. Pursuant to Bankruptcy Code §§ 1107 and 1108, Debtors Hull Properties and 4 West continue to operate their respective businesses and manage their respective properties as debtors in possession. No official committee of unsecured creditors has been appointed in the chapter 11 cases, and no party has requested the appointment of a trustee.

6. The Debtors are primarily owners and operators of commercial real estate properties, though Hull Org maintains a modest portfolio of residential units. The Debtors have acquired most of their properties through distressed sales, and typically invest resources to rehabilitate the properties for commercial leasing or sale.

*i.    Pre-Petition Disputes*

7. On March 21, 2023, the Jefferson Family Court entered an *Order* (the "Dissolution Order") in the marital dissolution action styled *Nancy Pruitt Hull v. Robert Ernest Hull* (Case No. 20-CI-500489).

8. Within the Dissolution Order, the Jefferson Family Court ordered a division of the marital assets of Nancy Pruitt Hull and the Debtors' sole member, Robert Ernest Hull. The Dissolution Order concluded, in part, that:

> "The remaining businesses and assets are all deemed to be marital in nature. As such, Petitioner, Nancy Pruitt Hull, is entitled to her share of equity in the same, or $7,889,642.58. Respondent, Robert Ernest Hull, may buy out Petitioner's share of equity in the commercial property within thirty (30) days."

Dissolution Order, at 7-8.

9. Mr. Hull has appealed the Dissolution Order to the Kentucky Court of Appeals, where it remains pending as Case No. 2023-CA-0969.

10. On October 18, 2023, the Jefferson Family Court entered an order in the Divorce Action appointing Cullen B. Bilyeu "as receiver of all business entities under [Mr. Hull's] control and to oversee the management and distribution of profits of such."

11. On November 22, 2023, the Jefferson Family Court entered an order in the Divorce Action (the "Receivership Order") which reiterated Mr. Bilyeu's installation as receiver and imbued the receiver with specific powers and duties. Within the itemization of Mr. Bilyeu's duties as receiver, Judge Webb directed that:

> "Receiver shall…**not** be liable or accountable for any expense or indebtedness incurred by the Properties and LLCs, its members, managers, agents or employees, prior to the entry of this Order, or which may have occurred at the direction of the LLCs, its agents or employees, after the entry of this Order, but may pay the same if the Property is benefited by such payment."
>
> [and]
>
> "Receiver shall… allocate on a monthly basis such amounts as the Court may direct to be paid to [Mrs. Hull] for maintenance and child support."

Receivership Order at ¶5(h) and ¶5(p) (emphasis added).

12. Notwithstanding entry of the Dissolution Order and Receivership Order and pendency of Mr. Hull's appeal, Mrs. Hull and Mr. Hull have continued motion practice in the Jefferson Family Court concerning matters of property division, family support, and collection of the judgment awarded in the Dissolution Order.

*ii. Contested Matters*

13. On January 8, 2024, Mrs. Hull filed her *Motion to Dismiss* [Doc. 28] (the "Motion to Dismiss") these chapter 11 cases.

14. On January 9, 2024, Mrs. Hull filed her *Objection to Joint Motion to Sell 830 & 834 Ohio Pike, Cincinnati, Clermont County, Ohio Free and Clear of Liens* [Doc. 31] (the "Sale Objection") in this jointly administered bankruptcy case.

15. Within the Motion to Dismiss and Sale Objection, Mrs. Hull asserted interests in Debtors' real properties and their proceeds by virtue of the Dissolution Order.

16. Prior to the settlement sought to be approved herein, the Court had set an evidentiary hearing to consider the Motion to Dismiss and reserved ruling on the Sale Objection in its *Order Granting Joint Motion to Sell* [Doc. 56] by directing Trustee Michael Wheatley to hold remaining proceeds from the sale of Hull Org's real property pending further order. *See* Order Granting Joint Motion to Sell at ¶ 29(I).

17. Additionally, Mrs. Hull's *Motion for 2004 Examination of Robert Hull* [Doc. 57] and her objection to Debtors' *Nunc Pro Tunc Application to Employ Coldwell Banker Heritage as Broker* [Doc. 64] remain as contested matters pending before the Court.

18. Since the Petition Date, the parties to the litigation and contested matters described herein, through their respective counsel, have engaged in extensive negotiations to resolve the sprawling dispute which has impacted nearly every aspect of the individuals' and

business' existence. On February 27, 2024, the Debtors, Mr. Hull, and Mrs. Hull attended mediation conducted by Hon. U.S. Bankruptcy Judge Charles Merrill to attempt to reach a global settlement. While the mediation did not end with a final settlement agreement, the parties emerged with a framework for their mutual agreement which has finally been reached through the parties' diligent negotiations.

19. The compromises and settlement that the Debtors have agreed to, subject to the Court's approval, are reflected in the Settlement Agreement among Nancy Pruitt Hull; Robert Ernest Hull; Debtors; GV, LLC ("GV"); Extreme Exotics Leasing, LLC ("EEL"); and Applegate Manor, LLC ("Applegate," and collectively with GV and EEL, the "Non-Debtor Hull Entities") attached hereto as **Exhibit A** (the "Settlement Agreement").

### Relief Requested

20. The Debtors request entry of an order under Fed. R. Bankr. P. 2002(a)(3) modifying the notice requirements thereunder. In lieu of 21 days' notice being given by mail to the Debtors, the trustee, all creditors and indenture trustees, the Debtors submit that notice of this Motion by electronic mail or facsimile to the entities identified in the mailing matrix maintained in these jointly administered cases should be deemed adequate under the circumstances of this case. Notice of this Motion by electronic mail or facsimile to the entities identified in the mailing matrix is more efficient than 21 days' notice via mail, and can provide sufficient opportunity for parties to be heard to the extent that any party elects to be heard on the substance of this Motion.

21. The compromises contained in the subject settlement agreement involve transfers of property and releases among the Debtors and non-debtor entities who are parties to the agreement. The Debtors submit that a 7-day notice period for objections to approval of

the settlement would be adequate and appropriate under the circumstances and in full compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

22. Debtors also request entry of an order under Fed. R. Bankr. P. 9019 approving the settlement reflected in the Settlement Agreement.

23. Fed. R. Bankr. P. 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. In reviewing any proposed settlement under Fed. R. Bankr. P. 9019, courts will approve the settlement if it is "fair and equitable" and in the best interests of the bankruptcy estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferrry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Compromises are favored in bankruptcy to minimize the cost of litigation to the estate and expedite its administration. *In re McInerney*, 528 B.R. 684, 687 (E.D. Mich. 2014). Bankruptcy courts have broad discretion to approve or reject a proposed settlement. *In re Levine*, 287 B.R. 683, 689 (E.D. Mich. 2002) (citations omitted).

24. Here, the settlement reflected in the Settlement Agreement is fair and equitable because: (i) it resolves several contested matters without further litigation; and (ii) it provides value to the Debtors' estates through the release of disputed interests in Debtors' properties. Debtors' compromise of their various disputes with Mrs. Hull is well within the range of reasonableness. *See e.g., Nellis v. Shgrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (the question is not whether a better result is possible, but whether the settlement is within the range of reasonableness). Accordingly, the Court should enter an order approving Debtors' settlement and authorizing Debtors to take all actions and execute all instruments as necessary to implement the Settlement Agreement.

25. Implementation of the parties' settlement will involve transfers and releases by the Debtors and the non-debtor settling parties. In addition to the mutual releases customary to a global settlement agreement, the Debtors' transfers or obligations to be executed contingent upon the Court's approval requested herein are as follows:

| Debtor | Obligation |
| --- | --- |
| Hull Properties | Campus Place Condos to be sold; Mrs. Hull to receive net sale proceeds following satisfaction of allowed claims |
| Hull Org | Split Ohio Pike Proceeds 50-50 with Mrs. Hull |
| 4 West | Guaranty of DSO Note; pledge security interest in 1993 TK C&C Boom truck |
| Hull Org | Guaranty of DSO Note; pledge mortgage interest in 3918 South Brook Street |

26. Although the Settlement Agreement requires that the Debtors transfer and pledge valuable property interests to Mrs. Hull which might otherwise be available for distribution among other creditors, Debtors submit that the compromise and favorable resolution of the Motion to Dismiss is an adequate exchange for the benefit of the creditors of these estates. Continued litigation of the Motion to Dismiss and related contested matters would have increased the estates' administrative expenses and exposed creditors to the risks of recovering on their claims through intervention in the Jefferson Family Court action where the Receivership Order signaled that Mrs. Hull's interests were likely to be favored over the creditors of the Debtor companies.

WHEREFORE, Debtors respectfully request that the Court enter orders (1) modifying the notice requirements for the relief requested herein, (2) approving the Debtors' settlement, and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Counsel for Debtors*

## Certificate of Service

I certify that on April 8, 2024, a true and correct copy of the foregoing *Motion to (i) Limit Notice, and (ii) Approve Settlement with Request for Expedited Hearing* was filed and served through the Bankruptcy Court's CM/ECF system to all parties who have requested notice in the above-captioned case. If the Notice of Electronic Filing from the Bankruptcy Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service, a copy of this document will be mailed to such parties via first-class U.S. Mail to the addresses as listed therein.

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER