UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>    HULL ORGANIZATION, LLC, *et al.*<br><br>           *Debtors*[1] | Case No. 23-32983<br><br>Chapter 11<br>(Jointly Administered) |

**STOCK YARDS BANK & TRUST COMPANY'S RENEWED OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL (DOC. 69) AND MOTION FOR ADEQUATE PROTECTION WITH RESPECT TO DEBTOR HULL EQUITY, LLC**

Stock Yards Bank & Trust Company ("Stock Yards") hereby: (i) objects to the Debtors' Motion to Use Cash Collateral (Doc. 69) without adequate protection, and (ii) moves this Court for an order granting adequate protection, pursuant to Section 362 and Section 1199 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"). Stock Yards respectfully shows the Court the following in support thereof:

**I.    JURISDICTION, VENUE, AND STATUTORY BASIS**

1.    On December 13, 2023, Hull Equity, LLC (hereafter, the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for Stock Yards' Motion for Adequate Protection (the "Motion") are 11 U.S.C. §§ 105, 361, and 1194(a)(1)(2).

## II. BACKGROUND FACTS

4. On or about February 8, 2017, Debtor obtained a loan from Stock Yards in the original principal amount of Four Hundred Thousand Dollars ($400,000.00), which loan was evidenced by a promissory note (as amended or modified to date, the "Note"). As of December 13, 2023, the outstanding balance of the Note was Three Hundred Twenty-Eight Thousand Sixteen and 71/100 Dollars ($328,016.71), not including costs and expenses. A redacted copy of the Note is attached hereto as **Exhibit A**.

5. The Note is secured by both a mortgage and an assignment of rents and leases, which were executed by the Debtor on February 8, 2017, and duly recorded on February 13, 2017, in the Official Records of the Floyd County, Indiana, Recorder as Instrument 201701899 (the "Mortgage"), and Instrument 201701898 ("Assignment of Rents") against the real property and improvements located at 1931 Grantline Road (aka 1921-2003 Grantline Road and Graybrook Lane), New Albany, IN 47150, and identified by the Floyd County, Indiana, Property Assessor as Parcel Numbers 22-05-04-201-276.000-008, 22-05-04-201-280.000-008, and 22-05-04-201-281.000-008 (the

"Property"). True and accurate copies of the Mortgage and Assignment of Rents are attached hereto and incorporated herein by reference as **Exhibits B & C**, respectively.

6. Stock Yards therefore has two distinct security interests: the Mortgage and the Assignment of Rents. The Assignment of Rents is most applicable toward the Use of Cash Collateral, because the rents and proceeds from the Property are Stock Yards' Collateral, and that collateral is being diluted because all of those funds are not being paid to Stock Yards.

7. According to the records of Floyd County's Property Assessor, the value of the Property was Four Hundred Thirty-Nine Thousand Dollars ($439,000.00) as of the Petition Date, but that assessment is substantially overstated and not a true reflection of the Property value, as it is unknown what (if any) inspection of the Property occurred.

8. As explained previously, in Doc. 83, the Property is commercial retail property. As of the petition date, the Property was 50% to 60% occupied, but the three remaining retail tenants have significant water intrusion and mold issues due to the fact that the Debtor has neglected, for an extended period of time, both the roof, which needs to be replaced, and the sanitary sewer line that services the Property, which is damaged. Indeed, as a result of the sanitary line, at least one of the tenants has significant plumbing problems that need to be addressed promptly.

9. To the best of Stock Yards' knowledge, the Debtor has not made any efforts to address any of the water intrusion or mold problems with the Property.

10. As a result of the foregoing, the Property continues to decline in value.

11. As reflected within the Agreed Order for Adequate Protection entered on February 16, 2024 (Doc. 97), the Debtor was ordered to pay Stock Yards monthly adequate protection payments in the amount of $2,555.55 per month for February and March 2024.

12. The Agreed Order for Adequate Protection (Doc. 97) ordered the Debtor to make the February payment within seven (7) days (by February 23, 2024) and the March payment on or before March 10, 2024. The February payment was not received by Stock Yards until February 28, 2024, however, and the March payment has never been received, in blatant disregard of the Court's Order.

13. Additionally, the Debtor has not provided proof of insurance for the Property.

14. Furthermore, since the Debtor did not pay the real estate taxes associated with the Property, Stock Yards had to make a protective advancement of $10,913.51 under the Mortgage to pay the real estate taxes to protect is mortgage and its collateral. As such, the Debtor has a negative escrow balance of $10,913.51.

15. To bring the loan current and satisfy the negative escrow balance, the Debtor needs to pay $30,220.28. If that occurred, the monthly interest-only payments previously ordered by the Court would not jeopardize Stock Yards' position.

4

16. Before allowing it to use any of the cash collateral, the Debtor should be required to: (i) comply with the Court's prior Agreed Order for Adequate Protection (Doc. 97) by making the March 2024 payment, (ii) bring the loan current, and then (iii) pay monthly interest-only payments thereafter.

### III. REQUESTED RELIEF

17. By this Motion, Stock Yards moves the Court to deny the Use of Cash Collateral until Stock Yards receives adequate protection pursuant to 11 U.S.C. § 361 and 1194(a)(1)(2) to protect the Stock Yards from further diminution of value of its interest in the Property prior to confirmation of a plan.

18. 11 U.S.C. § 361 provides in pertinent part, that adequate protection may be provided by:

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property; [or]
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

19. The Debtor needs to comply with the Agreed Order for Adequate Protection (Doc. 97) and pay the March 2024 payment of $2,555.55 immediately, or Stock Yards should be granted relief from Stay and abandonment of the Property.

5

20. The Debtor should be ordered to provide Stock Yards with proof of insurance for the Property.

21. The Debtor should be ordered to pay the negative escrow balance of $10,913.51.

22. The Debtor should be ordered to bring the loan current by paying $30,220.28.

23. The Debtor should be ordered to pay monthly interest-only payments of $2,555.55 on or before the 10th day of each month, or Stay Relief should be automatically by granted to Stock Yards, and the Property should automatically be abandoned from the Estate.

24. Stock Yards is entitled to adequate protection pursuant to 11 U.S.C. § 361(1) & (3) because its collateral will be impaired by any use of the cash collateral.

25. Furthermore, Stock Yards is entitled to such additional relief as it may be entitled to under the facts and applicable law.

Dated: April 10, 2024

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com

*Attorneys for Stock Yards Bank & Trust Company*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion for Adequate Protection was served on April 10, 2024 upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Attorney for U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
Tyler R. Yeager, Attorney for Debtor

                              */s/ Paul T. Saba*
                              Paul T. Saba (KY #95203)