UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|     HULL ORGANIZATION, LLC, et al. | ) | Chapter 11 |
|         Debtors[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Bankruptcy No. 23-32983-acs |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes the Movant, Martin Goldsmith (hereinafter referred to as the Movant), by counsel, and for his Motion for Relief from the Automatic Stay against the Debtors, Hull Organization, LLC, and 4 West, LLC (hereinafter collectively referred to as the Debtors, but individually referred to as either HO or 4 West), states as follows:

1.    That Movant is a Secured Creditor of the Debtors as more fully indicated by the Proofs Of Claim filed in the within action (see Claim Nos. 13 and 14) which are incorporated herein by reference.

2.    That Movant's Claim No. 14 is secured by mortgages on real properties owned by HO located at 1, 3, and 17 Central Avenue, West Carrollton, Montgomery County, Ohio, and owned by 4 West at 4 West Main Street, Springfield, Clark County, Ohio (hereinafter referred to as the Properties).

3.    That on or about February 15, 2024, the Debtors entered into an "AGREED ORDER FOR ADEQUATE PROTECTION OF MARTIN GOLDSMITH" and, pursuant to numerical paragraphs 4-6, Debtors agreed that they would make monthly payments beginning on

---

[1] The Debtors in this jointly administered bankruptcy case and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and, 4 West, LLC (23-32987).

February 27, 2024, in the amount of $4,452.87. That the said Agreed Order was approved by this Court and was signed on February 15, 2024 (See Doc. No. 92 and hereinafter referred to as the Agreed Order).

4. That as a result of the Agreed Order, Goldsmith did not object to the Debtors' Motion for Authority to Use Cash Collateral (See Doc. No. 69) that resulted in entry by this Court, on February 16, 2024, of an "**INTERIM ORDER AUTHORIZING DEBTORS' USE OF CASH COLLATERAL**" (See Doc. No. 98 and hereinafter referred to as the Interim Order).

5. That the Interim Order requires the Debtors to "maintain adequate insurance on their assets."

6. That the Debtors have violated and failed to comply with both the Agreed Order and the Interim Order as follows:

> A. Failure to pay to Movant the amounts due pursuant to the Agreed Order for the months of July through December, 2024, in the total sum of $26,717.22. In addition, the Debtors owe to Movant late charges for those months in the amount of $222.64 each for a total of $1,335.84. Not including legal fees, the total amount due to comply with the Agreed Order is $28,053.06.
>
> B. Failure to provide to Movant, through his counsel, evidence of insurance on the Properties that include Goldsmith as a named mortgagee therein. A communication from Movant's counsel sent on July 12, 2024, at 4:37 P.M., to counsel for the Debtors is attached hereto and incorporated herein by reference. There has never been an adequate response to this communication.
>
> C. That upon information and belief and from a review of the Monthly Operating Reports of the Debtors, real estate taxes due and owing on the Properties have not been paid and such is a default under the terms of the loan documents executed by the Debtors to Movant.

7. That as a result of the breaches of the Agreed Order and/or the Interim Order as described above, Movant submits there is sufficient cause, pursuant to 11 U.S.C. § 362(d), to terminate the Automatic Stay as it relates to the Properties on any or all of the grounds set out in the preceding numerical paragraph; and further, Movant's secured interest in the Properties of the Debtors will be irreparably harmed and he lacks adequate protection of his interests in the Properties due to the breaches as described in the preceding numerical paragraph.

WHEREFORE, Movant respectfully requests this Court to enter an Order granting him relief from the Automatic Stay, pursuant to 11 U.S.C. § 362(d), as it relates to the Properties; for his costs expended herein, including a reasonable attorney's fee for his attorney in accordance with the terms of the Note and Mortgage and pursuant to KRS 411.195; and, for any and all other proper and appropriate relief to which Movant may appear to be entitled.

Respectfully Submitted,

/s/ Michael R. Gosnell
MICHAEL R. GOSNELL (#26280)
SEILLER WATERMAN LLC
Attorney for Secured Creditors
462 South Fourth Street, 22nd Floor
Louisville, Kentucky 40202
(502) 584-7400
FAX   583-2100

CERTIFICATION

It is hereby certified that on the 8th day of January, 2025, copies of the foregoing Motion and attached tendered Order were mailed to: Hull Organization, LLC and 4 West, LLC, c/o Robert Hull, Member/Manager, a Debtor herein, 1902 Campus Place, Suite 9, Louisville, Kentucky 40299; and, copies of same were electronically sent to: Tyler R. Yeager, Attorney for Debtors; Michael E. Wheatley, Subchapter V Trustee for Estate of Hull; U.S. Trustee; Tim Ruppel and John

R. Stonitsch, Counsel for U.S. Trustee; and, to any and all other persons or parties on the Electronic Service List of the within action.

/s/ Michael R. Gosnell<br>
MICHAEL R. GOSNELL

S:\Temp Files\Patti\My documents\Goldsmith, Martin\Hull, Robert\2023 Chap 11 Bankruptcy\Motion for Relief from Stay-010825.docx

Michael R. Gosnell

---

**From:** Michael R. Gosnell
**Sent:** Friday, July 12, 2024 4:37 PM
**To:** 'Tyler Yeager'
**Cc:** Stonitsch, John (USTP); 'mwheatleytr@gmail.com'; Grimes, Gary (USTP)
**Subject:** Hull | Insurance [KJAB-KJAB.FID31558]

Dear Tyler:

I have reviewed what you sent to me with regard to the Certificates of Insurance for Hull Organization and 4 West and find that what you have sent to me is deficient and unacceptable for the following reasons.

First, you sent to me Certificates of Liability Insurance relating to High Street and 4 West Main Street. However, you did not send to me any such Certificate for the Elm Street properties. I realize the Endorsement you sent to me does reflect that Elm Street has been added to this Policy, but I would also like to have a Certificate for those properties.

More importantly, neither the Endorsement nor the Certificates that you provided to me reflect my client, Martin Goldsmith, as either a Certificate Holder or a Mortgagee thereon. Mr. Goldsmith is entitled to be named as a Mortgagee on any policy of insurance relating to the properties on which he has a Mortgage. That would include the Elm Street and Central Avenue properties, as well as the 4 West Main Street property. Until he is noted as a Mortgagee on these policies, he will continue to force-place insurance on them.

Please provide me with clear evidence of coverage on all of these properties, including a Certificate for the Elm Street and Central Avenue properties, and a reflection that Mr. Goldsmith is included as a Mortgagee on these policies and Certificates. Should you have any questions about any of this or want to discuss it with me further, please do not hesitate to contact me.

Sincerely,

Mike

*Michael R. Gosnell*
*Attorney at Law*




**SEILLER WATERMAN LLC**
*Meidinger Tower, 22nd Floor*
*462 S. Fourth St.*
*Louisville, KY 40202*
*Direct 502-371-3550 Office 502-584-7400*
*Fax 502-371-9250*
*E-mail:* mgosnell@derbycitylaw.com

1

*Website:* www.derbycitylaw.com

**From:** Tyler Yeager <tyeager@kaplanjohnsonlaw.com>
**Sent:** Tuesday, July 09, 2024 12:46 PM
**To:** Michael R. Gosnell <mgosnell@derbycitylaw.com>; 'Stonitsch, John (USTP)' <John.R.Stonitsch@usdoj.gov>
**Cc:** 'mwheatleytr@gmail.com' <mwheatleytr@gmail.com>; Grimes, Gary (USTP) <Gary.C.Grimes@usdoj.gov>
**Subject:** [External] Hull | Insurance [KJAB-KJAB.FID31558]

Mike & John,

I've attached the certificates of insurance for Hull Organization and 4 West, as well as the endorsement adding Hull Organization's West Carrollton, OH properties to the existing coverage (Policy No. 0100286204-0). Hull Organization previously insured the West Carrollton properties through State Farm, but transitioned them to the policy from Intac Advisory before the State Farm policy expired.

The attached certificates show the US Trustee as a Certificate Holder on each policy.

Best regards,
Tyler R. Yeager

**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, KY 40202
Tel: 502.785.5267
Fax: 502.540.8282

2