UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br>HULL ORGANIZATION, LLC<br>Debtors[1] | Case No. 23-32983-acs<br>Chapter 11<br>(Jointly Administered) |

## OBJECTION TO MOTION TO DISMISS HULL PROPERTIES, LLC

Comes Nancy Hull, an interested party herein, by counsel, and files this objection to the Debtor's Motion to Dismiss Hull Properties, LLC.

Debtor asks this Court to dismiss Hull Properties, LLC and provides in his filing a reference to the settlement agreement that was presented to this Court by filing on May 23, 2025. The suggestion that there is a settlement agreement in place is not true.   Debtor is not candid in his motion to the Court.

The Court held a status conference on the morning of Thursday, May 22, 2025.    Judge Stout then ordered that a settlement agreement be filed by noon on the following day – May 23 – or serious consequences would follow.  A motion to approve the settlement agreement was filed timely by Debtor's counsel, after  what  Nancy's counsel believed were successful settlement negotiations between them.

At the  next hearing before this Court, June 10, 2025,  Debtor's counsel represented to the Court in the presence of Robert Hull, that a settlement agreement had been reached.  Counsel for Nancy Hull confirmed that she had signed the Settlement Agreement.  The undersigned recalls that Debtor's counsel then advised the Court that his client also had signed the Agreement.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

Ms. Hull's counsel then asked whether, in fact, Mr. Hull had signed the Agreement; he responded that he had not.   However, there was additional discussion and Mr. Hull allowed his counsel to lead the Court and all parties to believe that it was going to be signed imminently.

The Debtor's currently proposed Plan and Settlement Agreement contained conflicting provisions.  The undersigned believed that Mr. Hull and his counsel agreed to amend the Plan in order to be consistent with the Settlement Agreement

As of today and to the knowledge of the undersigned, Mr. Hull has not signed the Settlement Agreement, and no  Amended Plan has been filed.

Therefore, there is no fully executed settlement agreement as represented by the Debtor in the Motion to Dismiss.

Moreover, there has been  no determination as to  how administrative expenses should be divided among the four pending cases.

Because the Debtor and Nancy Hull have no executed Settlement Agreement, Ms. Hull's rights and entitlements remain in limbo and her default motions should be addressed.

For the above stated reasons, Nancy Hull files this objection.

<div style="margin-left:40%">

Respectfully submitted:

/s/ K. Gail Russell
K. GAIL RUSSELL
MARK W. DOBBINS
Tilford Dobbins Schmidt PLLC
1400 One Riverfront Plaza
401 West Main Street
Louisville, Kentucky 40202
(502) 584-1000
mdobbins@tilfordlaw.com
grussell@tilfordlaw.com
Counsel for Creditor Nancy P. Hull

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and accurate copy of the foregoing was served on the 4th day of August, 2025 by electronic notification via the Court's ECF System upon all parties receiving electronic notice, specifically the following:

Tyler R. Yeager
Kaplan Johnson Abate & Bird, LLP
710 W. Main Street, 4th Floor
Louisville, Kentucky  40202

Michael E. Wheatley, Trustee
PO Box 1072
Prospect, Kentucky  40059

US Trustee
Assistant US Trustee
601 W. Broadway, Suite 512
Louisville, Kentucky 40202

/s/ K. Gail Russell
K. Gail Russell

F:\office\MWD\Hull\Bankruptcy cases 2023\Hull Properties\objection-motiont6odismiss.doc