UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **In re:** | **Case No. 23-32983-acs** |
| **HULL ORGANIZATION, LLC,** *et al.* | **Chapter 11** <br> **(Jointly Administered)** |
| *Debtors¹* | |

### SUPPLEMENTAL OBJECTION TO MOTION FOR RELIEF FROM ORDER AUTHORIZING PRIVATE SALE OF COLLATERAL FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (DOC #554)

Now comes, Park Plaza Holdings, LLC ("Park Plaza"), the current owner of the real property and improvements that were the subject of this Court's Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims and Encumbrances (Doc #56) (hereinafter "Sale Order"), and hereby provides its supplemental objection to the Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens (Doc #554) (the "Motion for Relief") filed by US Martial Arts Academy, Inc. ("USMAA").

*USMAA's Objection is Moot.*

USMAA's objection is moot because even if § 365(h)(l)(A)(ii) applies to the sale and USMAA can retain possession "for the balance of the term," and even if the Court

---

¹ The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

follows the holding in *South Motor Co. v. Carter-Prithcett-Hodges, Inc,* 385 BR 347, and finds adequate protection requires USMAA to receive the treatment to which it would have been entitled had it received notice of the sale, USMAA has *already* received possession beyond the balance of its protected term.

USMAA's lease was subject to termination *by either party* as of March 1, 2025. A screenshot of USMAA's lease term with the option to terminate is below.

> Term.
>
> A. Landlord hereby leases the Leased Premises to Tenant, and Tenant hereby leases the same from Landlord, for an "Initial Term" beginning **March 1, 2020** and ending **April 30, 2030**. with the option to cancel years 6-10 with a 180day notice prior to March 1, 2025" Lease Rental amounts below:

If USMAA's argument is correct that § 365(h)(l)(A)(ii) applies notwithstanding the § 363 sale, then the sale itself is the rejection and exercise of the option to cancel the lease for years 6 to 10 effective March 1, 2025. Nothing in USMAA's lease precludes the exercise of the option to cancel and provide more than 180 days advance notice, because regardless of the amount of advance notice given, the termination is still only effective as of March 1, 2025.

The outcome is same if adequate protection is provided under the holding in *South Motor Co.* Had USMAA received notice of the sale and timely objected back in January 2024, the maximum relief would have been maintaining possession of the leased premises with each party having the right to terminate the lease effective March 1, 2025. Under that scenario, USMAA would have been required to file a copy of its lease with the Court to assert its rights, and in the process it would have effectively

produced a copy of its lease to Park Plaza (something it never did until June 2025), and Park Plaza could have exercised the cancellation right effective March 1, 2025.

If equity requires that USMAA's rights continue to be recognized, the same is true for Park Plaza—its right to cancel the lease should equally be recognized as well. It would be inequitable to allow USMAA to take advantage of the fact that it never provided a copy of its lease to Park Plaza until June 2025. It is undisputed that USMAA has already taken advantage of the fact that Park Plaza did not have a copy of USMAA's lease by failing to pay the full amount of rent and failing to pay for repairs it was obligated to pay.

In short, USMAA has already received the maximum relief that it might have been entitled to had it objected before the sale was approved, and it has already retained possession for the balance of the term. As such, USMAA's Objection before the Bankruptcy Court is moot and should be denied.

*July 29, 2025, Hearing*

During the July 29, 2025, hearing on this issue, the Court directed the parties to review *South Motor Co. v. Carter-Prithcett-Hodges, Inc.*, 385 BR 347 and confer with counsel. Within an hour of that hearing, Park Plaza's counsel sent the following excerpt of *South Motor* to counsel for USMAA and the Debtor and offered several dates and times for a conference call:

> Because the Trustee had the right to sell the Real Property pursuant to section 363(f)(5), CPH would have had the right under *11 U.S.C. § 363*(e) to

seek adequate protection of its leasehold interest. Obviously, due to the lack of notice, CPH did not have the opportunity to request adequate protection; had CPH sought adequate protection it would have been entitled to have the value of its interest paid from the sale proceeds. *11 U.S.C. §§ 363*(e) and 361. Accordingly, CPH is entitled to be paid the $60,000, plus interest, to which it is entitled on account of its leasehold interest.

CONCLUSION

Doing things right the first time avoids the time and expense of cleaning up unnecessary messes. Had CPH recorded the Billboard Lease, had the Trustee notified CPH of the sale of the Real Property, had South Motor asked the Trustee about the billboard, *or had the person or persons reviewing title looked at the RGA Deed,* this litigation could have been avoided. While I recognize that speed is essential to the success of most bankruptcy cases, and the finality of bankruptcy sales is important to the bankruptcy process, expediency does not trump due process. In the instant case CPH did not receive the notice to which it was entitled when the Trustee sought to compromise its rights. Equity dictates that those rights be recognized but balanced against the rights of other *373 parties who are impacted. Having reviewed all the facts and circumstances, I find equity requires that CPH receive the treatment to which CPH would have been entitled had it received notice of the sale, that is, the payment of the agreed upon value of its leasehold interest. *South Motor Co. v. Carter-Prithcett-Hodges, Inc.,* 385 BR 347. (*Emphasis Supplied*)

Thereafter, counsel for Park Plaza, the Debtor, and USMAA exchanged several communications, and the parties conducted at least one conference call to discuss the issues and possible resolution, as the Court instructed.

Additionally, in an effort to comply with the Court's suggestion to try to resolve the issue, Park Plaza offered alternative space to USMAA in the same retail center at a ***substantially reduced monthly rental rate***, but USMAA rejected the offer.

Instead, USMAA demanded the immediate payment of $212,982.76, based in large part on its alleged non-bankruptcy claims. However, USMAA's unsupported legal theories are not consistent with the holding in *South Motor Co.* or with Ohio law, where the subject property is located.

While the tenant in *South Motor Co* did receive adequate protection in the form of a claim against the sales proceeds of the estate, unlike the present case, where USMAA's lease was terminable on a date prior, the lease *South Motor Co* had several prospective lease years remaining.

### *Constructive Notice in South Motor Co.*

It is worth noting that unlike the facts in *South Motor Co.* (where, under Florida law,[2] all subsequent purchasers were deemed to have constructive notice of the billboard lease because a deed within the chain of title referred to it), the exact opposite applies to USMAA. Under Ohio law, because USMAA's lease was unrecorded, its lease is fraudulent as to any subsequent purchaser without notice. There are no references in the chain of title to USMAA's lease, nor is constructive notice imposed upon purchasers. It is unknown if the holding in *South Motor Co* would be the same if the lease in that case were fraudulent, as USMAA's lease is in this case.

---

[2] *Sapp v. Warner,* 105 Fla. 245, 255, 141 So. 124, 127 (Fla.1932), aff'd, 105 Fla. 245, 143 So. 648 (1932); *Crown Gen. Stores v. Ultra Meat Mkt., Inc.*, 843 So.2d 287, 289

*Adequate Protection*

In *South Motor Co.*, the relief the tenant was entitled to receive from the sale proceeds was the value of the lease through the balance of the term, in accordance with § 365(h)(l)(A)(ii). Here, USMAA has already received the value of its lease through the balance of the term by maintaining possession through and beyond the effective date of the termination.

USMAA is not entitled to more rights in Bankruptcy than it has under Ohio law, but that is exactly the relief it is seeking. For all the reasons set forth herein, Park Plaza respectfully requests that the Court overrule USMAA's objections or declare them as moot.

Respectfully submitted,

/s/ *Paul T. Saba*
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
*Attorneys for Park Plaza Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Supplemental Objection to Motion for Relief From Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims and Encumbrances was served on August 8, 2025, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Assistant U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
K. Gail Russell, Attorney for Nancy Hull
Kemal Catlin, Attorney for USMAA

            */s/ Paul T. Saba*
            Paul T. Saba (KY #95203)