UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtors[1] | Case No. 23-32983-acs<br><br>Chapter 11<br>(Jointly Administered) |

**MOTION TO (I) APPROVE BIDDING PROCEDURES FOR THE
SALE OF REAL PROPERTY, AND (II) SET EXPEDITED HEARING TO
CONSIDER APPROVAL OF SALE FREE AND CLEAR OF ANY INTERESTS**

Hull Organization, LLC (the "Debtor"), by counsel, requests that the Court (i) approve certain bidding and sale procedures (the "Bidding Procedures") to facilitate Debtor's sale of its real properties and improvements commonly identified as 126 East High Street, Springfield, Clark County, Ohio, and 138 East High Street, Springfield, Clark County, Ohio (collectively the "High St. Properties"), and (ii) set an expedited hearing to consider final approval of Debtor's sale of the Property free and clear of any interests as soon as practicable following an auction conducted in accordance with the Bidding Procedures. In support of this Motion, Debtor states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these jointly administered cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

2. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a), 363(b) and (f), and 1107(a), and Fed. R. Bankr. P. 2002, 6004, and 9014.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

4. On December 13, 2023 (the "Petition Date"), Debtor and its associated debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Court has entered an Order for Joint Administration of these chapter 11 cases.

5. Debtor is a limited liability company organized under the laws of the Commonwealth of Kentucky. Debtor owns the owns the High St. Properties, each of which is a parcel of land in downtown Springfield with a vacant commercial building thereon.

6. On August 11, 2025, Debtor filed a *Nunc Pro Tunc Application to Employ Ohio Real Estate Auction, LLC as Auctioneer* [Doc. 598] (the "OREA Application") for authorization to employ Ohio Real Estate Auctions, LLC ("OREA") as auctioneer for the sale of the High St. Properties via public reserve auction.

7. Upon information and belief, the property commonly identified as 126 East High Street and consisting of Parcel ID Nos. 3400700034200028 ("Parcel 028"), 3400700034200029 ("Parcel 029"), and 3400700034200030 ("Parcel 030") is subject to the following liens, claims, and encumbrances:[2]

    a. Lien for delinquent real property taxes due for Parcel 028 (estimated balance due including 2024 taxes: $20,075.86) to Clark County Treasurer;

---

[2] Debtor reserves the right to object to the allowance of any claim not paid at closing of the proposed sale.

    b. Lien for delinquent real property taxes due for Parcel 029 (estimated balance due including first 2024 installment: $20,344.54) to Clark County Treasurer; and

    c. Lien for delinquent real property taxes due for Parcel 030 (estimated balance due including first 2024 installment: $9,525.87) to Clark County Treasurer.

8. Upon information and belief, the property commonly identified as 138 East High Street and consisting of Parcel ID No. 3400700034200031 ("Parcel 031") is subject to a Lien for delinquent real property taxes due for Parcel 031 (estimated balance due including 2024 taxes: $10,845.97) to Clark County Treasurer.

9. Debtor intends to offer the High St. Properties for sale through a reserve auction that OREA will coordinate and preside over through its online auction platform hosted at ohiorealestateauctions.com. OREA is a company that employs licensed realtors and auctioneers with experience and knowledge to market and conduct auctions of commercial properties such as the High St. Properties. OREA has proposed to solicit bids to purchase the High Street Properties through two auctions – with Parcels 028, 029, and 030 offered as a single unit, and Parcel 031 offered by itself.

10. The proposed reserve auctions will allow Debtor to reject or accept any or all bids submitted, or otherwise withdraw the sale offer at any time prior the close of the auction. As such, Debtor retains discretion to control the sale of its property and determine the highest and best purchase offer received.

11. Following consultation with OREA, Debtor proposes to proceed to auction the High Street Properties and set **September 26, 2025, at 12:00 p.m. (Eastern)** as the deadline to submit bids to purchase either or both of the High Street Properties according to the bidding procedures attached hereto as **Exhibit A** (the "Bidding Procedures").

**Relief Requested**

12.     By this Motion, Debtor requests that the Court (i) approve the Bidding Procedures and (ii) set an expedited hearing to consider approval of Debtor's sales of the High St. Properties to the Successful Bidder(s) (as defined in the Bidding Procedures) on October 2, 2025, or as soon thereafter as the Court's calendar allows.

   i.   **Bidding Procedures**

13.     Debtor believes that an auction conducted in accordance with Bankruptcy Code § 363 and subject to the Court's oversight is in the best interest of Debtor's bankruptcy estate and its creditors.

14.     Bidding procedures are practices generally accepted by bankruptcy courts to govern the sale of assets from a bankruptcy estate. See *Corporate Assets, Inc. v. Paloian*, 368 F. 3d 761 (7th Cir. 2004); *In re Integrated Resources*, 147 B.R. 650 (Bankr. S.D.N.Y. 1992); *In re Hupp Indus., Inc.*, 140 B.R. 191 (Bankr. N.D. Ohio 1992); *In re 995 Fifth Avenue*, 96 B.R. 24 (Bankr. S.D.N.Y. 1989). The establishment of such procedures is within the discretion of the Bankruptcy Court. See *Matter of Gould*, 977 F.2d 1038 (7th Cir. 1992).

15.     Debtor believes that the proposed Bidding Procedures are fair and reasonable, and will maximize the value to be realized by Debtor's estate.

   ii.  **Expedited Sale Hearing**

16.     Debtor seeks the Court's approval, on an expedited basis, to sell each of the High Street Properties free and clear of any interest to the Successful Bidder(s) on terms and

conditions substantially similar to the form Contract to Purchase at Public Auction attached as Exhibit 1 to the Bidding Procedures (the "Purchase Agreement").[3]

### a. Authority to Sell

17. "The trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Bankruptcy Code § 1107(a) grants Debtor the powers of a trustee with respect to various matters of estate administration including sales under Bankruptcy Code § 363(b).

18. The Court's power to authorize a sale under Bankruptcy Code § 363(b) is to be exercised at its discretion. *In re Baldwin United Corp.*, 43 B.R. 888, 905 (S.D. Ohio 1984). The key consideration is a finding that a good business reason exists for the sale. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986).

19. Courts have applied four factors in determining whether a sound business justification exists: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) adequate and reasonable notice is provided. See *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test); *In re Abbots Dairies of Penn. Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (adding "good faith" requirement to *Lionel Corp.*'s test).

20. Debtor believes that selling the High St. Properties in compliance with the Bidding Procedures is the best way to maximize the value of its bankruptcy estate for the

---

[3] The legal description of the Property contained in the Purchase Agreement is sourced from a preliminary title report and remains subject to validation or further adjustment.

benefit of creditors and other parties in interest. The High St. Properties have not generated income for the estate since the Petition Date, and Debtor's real estate tax liabilities have continued to accrue. Debtor, through its broker Coldwell Banker Heritage, has marketed the High St. Properties for private sale since January 2024 but the Debtor has not received an acceptable purchase offers.

21. Furthermore, OREA commonly uses the form Purchase Agreement for facilitating transaction closings immediately after the close of a real estate auction. The terms and conditions articulated therein are feasible for the Debtor and will maximize the proceeds that could be realized through the sale under the circumstances.

22. Finally, the Bidding Procedures, if approved, will require Debtor to file a notice identifying the Successful Bidder and summarizing the terms of the Successful Bid (as defined in the Bidding Procedures) for each property (each a "Notice of Successful Bidder") within six (6) hours of conclusion of the auction. Upon filing the Notice of Successful Bidder(s), any party in interest shall have three (3) business days to file an objection to the proposed sale.

23. Accordingly, subject to Debtor's identification of the Successful Bid, Debtor has well-articulated and sound justifications to sell each of the High St. Properties on the terms and conditions of the Purchase Agreement, and the Court should find that Debtor has satisfied the "business purpose" test under Bankruptcy Code § 363(b).

b. **Free and Clear Transfer**

24. As a condition to closing the sale of each High St. Property, the Purchase Agreement requires, *inter alia*, that Debtor convey marketable title to the real estate, which may be subject to the rights of tenants but otherwise free and unencumbered as of the closing except for restrictions and easements of record. Accordingly, Debtor must obtain this Court's

authorization to sell and transfer each of the High St. Properties to the Successful Bidder(s) free and clear of all liens, claims, and encumbrances of any kind pursuant to Bankruptcy Code § 363(f). Hence, Debtor requests that the Court's approval of the sale under Bankruptcy Code § 363(b) specifically authorize that the sale of each High St. Property is free and clear of all liens, claims, and encumbrances held by any third party pursuant to Bankruptcy Code § 363(f).

25.     Bankruptcy Code § 363(f) authorizes the sale of property under Bankruptcy Code § 363(b) to be free and clear of interests in such property held by an entity if any one of five conditions are met.

26.     In this case, the lienholders identified above could be compelled in a foreclosure sale proceeding to accept a money satisfaction of any lien on the High St. Properties to the extent any such lien has value. See Bankruptcy Code § 363(f)(5). Thus, Debtor respectfully requests that, upon filing the Notices of Successful Bidder and subject to the Bidding Procedures, the Court enter an order authorizing the sale of the High St. Properties free and clear of all interests pursuant to Bankruptcy Code § 363(f). In conjunction with filing the Notices of Successful Bidder, Debtor will tender proposed orders substantially in the form of the Order Authorizing Sale of ___ East High Street, Springfield, Clark County, Ohio Free and Clear of All Liens, Claims, and Encumbrances attached hereto as **Exhibit B**.

    c.  **Altered Notice Requirements**

27.     Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires 21 days' notice by mail of a proposed sale of property of the estate outside the ordinary course of business, unless the court for cause shortens the time or directs another method of giving notice.

28. Debtor requests that the order setting a hearing to consider approval of Debtor's sale of each High St. Property to the Successful Bidder (1) shorten the notice period for parties in interest to object to the proposed sale, and (2) direct Debtor to send notice of the hearing to all parties in interest via electronic mail or facsimile to the entities in the mailing matrix maintained in these jointly administered cases.

29. A shortened opportunity to object to the proposed sales is appropriate under the circumstances of this case. In particular, the parties actively involved in these cases have acknowledged the global benefits to the Debtor's estate and creditors if the contemplated sale is approved and closed under the Court's supervision.

30. As stated above, OREA is going to conduct the public auctions consistent with industry standards and ordinary business practices. Debtor submits that OREA's handling of the auction process should reduce the likelihood of an objection to the sale to the Successful Bidder.

31. The Purchase Agreement to be executed by Debtor and the Successful Bidder will include an acknowledgement that Debtor's ability to transfer title is subject to authorization from this Court. However, prospective bidders who are active in OREA's online auctions typically expect that the closing of an auction sale will occur almost immediately after the bid deadline. Thus, Debtor expects that the Successful Bidder(s) will be willing and prepared to close the transaction on an expedited timeline, and a quick closing will benefit the Debtor's estate by reducing the accrual of post-petition real property taxes.

32. Debtor submits that a shortened notice period for objections to approval of the sales and the hearing to consider the sales would be adequate and appropriate under the

circumstances and in full compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

WHEREFORE, Debtor respectfully requests that the Court (i) enter the attached proposed order approving the Bidding Procedures to facilitate Debtor's sale of the High St. Properties, and (ii) set an expedited hearing to consider final approval of Debtor's sale of the High St. Properties free and clear of any interests as soon as practicable following an auction conducted in accordance with the Bidding Procedures.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Counsel for Debtors*

### Certificate of Service

I certify that on August 12, 2025, a true and correct copy of the foregoing *Motion to (i) Approve Bidding Procedures for the Sale of Real Property, and (ii) Set Expedited Hearing to Consider Approval of Sale Free and Clear of Any Interests* was delivered to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first-class U.S. Mail if the Notice of Electronic Filing from the Bankruptcy Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER