**Exhibit B**

*Proposed Order Authorizing Sale of __ East High Street, Springfield, Clark County, Ohio Free and Clear of All Liens, Claims, and Encumbrances*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtors[1] | Case No. 23-32983-acs<br><br>Chapter 11<br>(Jointly Administered) |

**ORDER AUTHORIZING SALE OF \_\_\_ EAST HIGH STREET, SPRINGFIELD, CLARK COUNTY, OHIO FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

This matter came before the Court for a hearing to consider approval of Hull Organization, LLC's (the "Debtor") sale of \_\_\_ East High Street, Springfield, Clark County, Ohio (the "Property") free and clear of all liens, claims, and encumbrances. Due and sufficient notice of the hearing having been given; and the Court being otherwise sufficiently advised;

THE COURT HEREBY FINDS that the Debtor conducted the auction sale of the Property in accordance with the approved bidding procedures (the "Bidding Procedures") established by the Court following Debtor's *Motion to (i) Approve Bidding Procedures for the Sale of Real Property, and (ii) Set Expedited Hearing to Consider Approval of Sale Free and Clear of Any Interests* (the "Sale Procedures Motion").

THE COURT FURTHER FINDS that Debtor's sale of the Property to [Successful Bidder] on the terms and conditions of the Purchase Agreement for the purchase price of [Successful Bid] (the "Purchase Price") is in the best interests of the Debtor and its bankruptcy estate. Furthermore, within the Sale Procedures Motion, Debtor demonstrated an adequate

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

business justification supporting the sale transaction contemplated therein. The terms and conditions in the Purchase Agreement are fair and reasonable, and the result of arms' length negotiations between Debtor and [Successful Bidder], who is a purchaser in good faith as used in 11 U.S.C. § 363(m).

NOW, THEREFORE, IT IS HEREBY ORDERED Debtor is **AUTHORIZED TO SELL** its real property and improvements commonly identified as ___ East High Street, Springfield, Clark County, Ohio to [Successful Bidder] and/or its assigns (collectively, the "Purchaser").

IT IS FURTHER ORDERED that the Debtor, as debtor in possession, is **AUTHORIZED** to negotiate and perform all actions necessary to close the transaction as contemplated in the Purchase Agreement.

IT IS FURTHER ORDERED that, except as specifically provided in the Purchase Agreement, upon closing the sale Purchaser shall be vested with all right, title, and interest of Debtor and its bankruptcy estate in the Property free and clear of all liens, claims, and encumbrances of any kind, with all such liens attaching to the sale proceeds of the Property in the same priority and to the same extent as existed at closing.

IT IS FURTHER ORDERED that the transaction contemplated by the Purchase Agreement is undertaken by the Purchaser in good faith, as used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification of the authorization to consummate the sale as provided herein, on appeal or otherwise, shall not affect the validity of the transfer of the Property to Purchaser unless such authorization is duly stayed pending such appeal. Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

IT IS FURTHER ORDERED that the escrow or title agent handling the sale closing shall make the following distributions or reserve the following amounts from the proceeds of the sale:

A. Any applicable conveyance fee and/or transfer tax to the Clark County Auditor;

B. Any applicable fee to record a certified copy of this Order with the Clark County Recorder;

C. Any applicable fee to record a copy of the deed with the Clark County Recorder;

D. Any real estate taxes attributable to the Property and owed to the Clark County Treasurer;

E. Any credit to Purchaser for any applicable real estate tax proration in accordance with the terms of the Purchase Agreement;

F. A sum equal to 10% of the Successful Bid shall be held by the escrow or title agent pending adjudication of the *Nunc Pro Tunc Application to Employ Ohio Real Estate Auctions, LLC as Auctioneer* [Doc. 598] unless approved or denied by the Bankruptcy Court prior to closing;

G. To the extent possible, the full amount due and owing to creditor and lienholder Clark County Treasurer for delinquent real estate taxes attributable to the Property; and

H. After paying and/or reserving sale proceeds for the expenses in paragraphs A through G above, any and all remaining proceeds from the sale shall be transferred to Michael Wheatley, subchapter V trustee, to be held in escrow pending further order of this Court.

IT IS FURTHER ORDERED that, notwithstanding Fed. Bankr. R. 6004 and 6006, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and its provisions shall be self-executing. Time is of the essence in closing the sale of the Property.

IT IS FURTHER ORDERED that the Court retains jurisdiction to interpret, implement, and enforce the terms of this Order.

SO ORDERED.

CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630