

# LISTING CONTRACT

This AGREEMENT "Agreement"), is entered into by and between __Michael Wheatley, Trustee_____ [Seller's Name] ("Seller") and HomeServices KOI, Inc., dba Semonin REALTORS® ("Semonin Realtors®") or ("Broker"), collectively referred to as the "Parties."

## AUTHORIZATION TO LIST AND SELL PROPERTY

SELLER, being desirous of selling the following Property address:
__3918 Brook St_____ KY  40214-1714
City of __Louisville__, County of __Jefferson__, State of Kentucky ("Property"), together with all improvements thereon, and with all appurtenant rights and easements (Property), hereby retains BROKER as their exclusive agent with the exclusive right, to market and sell said Property beginning _____August_____, 20__25__ [Date] and continuing until 11:59 PM, EST on _____Febuary_____, 20__26__ [Date] for the sum of $(__$90,000.00__) _____ U.S. dollars (LISTING PRICE), or to sell, lease, exchange or option, on any other price or terms which are acceptable to the SELLER. If a contract to purchase is accepted before this contract expires, the term hereof shall continue until final disposition of the contract to purchase.

## LISTING BROKER COMPENSATION

**THE AMOUNT, FORMAT, OR RATE OF REAL ESTATE COMPENSATION IS NOT FIXED BY LAW BUT IS SET BY EACH BROKER INDIVIDUALLY AND IS FULLY NEGOTIABLE.**

**LISTING BROKER'S COMPENSATION:** Seller agrees to pay $199 plus __3__% or $_____ of gross selling price. Seller has been advised that a potential Buyer may or may not be represented by a Buyer's Brokerage/Agent. In the event Seller accepts a contract with an unrepresented Buyer, BROKER will provide additional services to facilitate the sale and closing and Seller agrees to pay Broker an additional __3__% to the Listing Broker's Compensation rate set forth above.

**DUAL AGENCY:** Pursuant to this agreement, Broker will be acting in the capacity of Seller's agent. However, Seller hereby specifically acknowledges that the Listing Broker may also represent Buyers. Should any such Buyer become interested in the property which is the subject of this Exclusive Right To Sell Contract, the Seller, upon notification by the Listing Broker, may authorize the Listing Broker to serve as a limited dual agent for Seller and Buyer.

**BROKER'S compensation shall be due and payable at the closing on the sale of the Property when:**
    a) a ready, willing, and able Buyer is procured by BROKER or SELLER, or anyone else during the term hereof; or
    b) the Property is sold, leased, exchanged, or optioned by BROKER or SELLER or anyone else during the term hereof; or
    c) the Property is withdrawn from the market by the SELLER without written approval by BROKER; or
    d) if SELLER fails to close or prevents performance by BROKER hereunder.

Broker has advised Seller regarding Buyer Broker compensation. If Buyer is represented, Seller may receive offers that are contingent on Seller paying the compensation Buyer owes to their agent.

**OFFERS OF COMPENSATION TO BUYER'S BROKER**: By initialing below Seller agrees to the following (Check ONE applicable authorization):

    _____ Seller authorizes BROKER to advertise an offer of Buyer Brokerage Compensation to Buyer agents representing a Buyer (pursuant to a written executed Representation Agreement) in the amount of __3__%.

    _____ Seller authorizes BROKER to advertise that Seller will consider requests of Buyer Brokerage Compensation as part of any offer submitted for the Property but BROKER is not authorized to disclose any specific amount.

    _____ Seller does not authorize BROKER to advertise any information regarding an offer of Buyer Brokerage compensation to a Buyer agent.

This document is copyrighted by the Greater Louisville Association of REALTORS, Inc. and is for the use of its Members only.

**PROTECTION PERIOD:** Seller further agrees to pay BROKER the Compensation set forth above if within 365 days after the Expiration Date of this Agreement, the SELLER, represents themselves and conveys, or agrees to convey, the PROPERTY to any Buyer, whether individually or in combination with others, with whom SELLER negotiated during the term of this AGREEMENT, or to any Buyer, whether individually or in combination with others, who was shown the PROPERTY by BROKER, or any other person during the term of this AGREEMENT. This clause shall be null and void if the PROPERTY was subsequently exclusively listed with another Broker by written Agreement.

## SELLER DUTIES

**CONSENT TO MARKET AND ADVERTISE:** Seller acknowledges that Broker is a member of one or more local REALTOR Associations and Multiple List Service/s (MLS), and Broker shall share information with MLSs concerning the Property. Seller is providing the attached listing input form and may otherwise provide to Broker orally or in writing certain data regarding Seller's property. Seller agrees that this data may be used as Broker deems appropriate, consistent with MSI Rules & Regulations, to facilitate the sale of Seller's property. Seller understands that some or all of the data may be digitized, reproduced, published, transmitted, disseminated, and/or displayed in many forms and through many media, including but not limited to the Internet, television, local publications, and fact sheets, computer database networks, a Multiple Listing Service, or other similar database, etc. Seller agrees that Broker may temporarily withdraw the listing from the Multiple Listing Service should the Seller fail to respond within 48 hours, to inquiries and/or requests from the Broker. Seller hereby represents to Broker, REALTOR Associations which we are affiliated with, and their respective members and participants that the data provided is true and correct.

Seller also hereby grants Broker, affiliated REALTOR Associations, and their respective members and participants the right and license to photograph/video Seller's property and to use such photographs/videos to the same extent Broker uses the property data Seller is providing Broker, with no compensation due for such use, and Seller acknowledges that Seller has no rights of ownership with regards to those photographs/videos.

Exceptions to this paragraph are as follows:
N/A

Should Seller choose to advertise Seller's property itself, pursuant to KRS 324.117(4), Seller agrees to include the name of Broker's real estate company, namely SEMONIN REALTORS® or the name of Agent's principal Broker, namely STACY DURBIN. Advertisements include but are not limited to social media, the Internet, newspaper or other publication, television, periodicals, fact sheets, computer databases, and the Multiple Listing Service. Seller will indemnify Broker and Agent for any fines which are levied as a result of Seller's non-compliance with KRS 324.117(4).

SELLER hereby waives any claims SELLER might now or in the future have against BROKER, all affiliated REALTOR Associations, and their respective members and participants arising out of or relating to the acquisition or use of data or photographs/videos of or about Seller's property. Seller agrees to indemnify and hold harmless BROKER, all affiliated REALTOR Associations, and their respective members and participants from any liability, damage, cost, attorney fees, or expenses resulting from any inaccuracies or material omissions in the data Seller has provided. SELLER acknowledges that placement of the listing in the MLS may result in it being displayed on syndicated websites which are not under the direct control of the Brokerage and may not accurately reflect all details of the listed property. Seller agrees to hold the agent and Brokerage harmless for any misinformation. Any affiliated REALTOR Associations and their respective members and participants shall be third party beneficiaries to the provisions of this paragraph.

Broker is hereby authorized to place a Lock Box and a "For Sale" sign on Seller's property, to remove all other signs and lock boxes, and exhibit the property to any prospective Buyer. Broker is further authorized to disclose information regarding comparable sales to any prospective Buyer. Upon transfer of title, Broker is authorized to disclose all information, including sales price, to participants of the MLS. Broker is further authorized to cease showing property after Seller has accepted an offer to purchase, unless otherwise instructed, by Seller, in writing.

The property will be offered without respect to race, creed, color, sex, familial status, disability, sexual orientation, or national origin. Due to Fair Housing concerns and risks, Brokers and Agents are discouraged from preparing, reviewing, submitting personal information (aka "love letters"), including photographs, from potential Buyer to Seller.

**INQUIRIES:** SELLER agrees to refer to all inquiries from other Brokers, salespersons, and prospective Buyers to BROKER

Page 2 of 4    Seller's Initials_____  _____ Date/Time_____  Seller's Initials_____  _____ Date/Time_____
© Semonin Realtors 9/15/2024    Broker's Initials_____ Date/Time_____

This document is copyrighted by the Greater Louisville Association of REALTORS, Inc. and is for the use of its Members only.

during the term of this Listing Agreement.

**TITLE:** SELLER agrees to transfer to BUYER an unencumbered, marketable title to said property conveyed by deed of general warranty, with the usual covenants such as any title company will insure, except easements of record and all restrictions as to use and improvements of the property of record and any restrictions imposed by the planning and zoning compensation except:

_____

**INSPECTIONS:** SELLER acknowledges: (1) they have been informed by BROKER that Buyers or their representative may request certain property inspections which will be made subsequent to the signing of the Offer to Purchase Contract; and (2) to cooperate with Buyers and/or Buyer's inspectors by permitting access to the property.

### DISPUTE RESOLUTION: MEDIATION AND ARBITRATION:

The Parties stipulate and agree to resolve any dispute arising under this AGREEMENT utilizing mediation and binding arbitration subject to the following terms:

**Who is Covered?** In this Addendum, Seller is referred to as "you" or "your"; Semonin Realtors®, its ultimate parent company HomeServices of America, Inc., and their affiliates, subsidiaries, employees, and agents are collectively referred to as "Broker-Related Party"; Broker-Related Party and you are individually referred to as a "party," and, collectively, the "parties." Any Broker-Related Party may enforce this Addendum and the Agreement.

**Agreement to Mediate; Small Claims.** If a dispute or other claim or controversy between you and a Broker-Related Party (collectively, "Claims") arises out of Agreement, or a breach of the Agreement, and if the parties cannot settle the Claims informally, then the parties first must attempt to resolve the Claims by mediation administered by the American Arbitration Association ("AAA") under its Commercial Mediation Procedures in effect on the date of the Agreement (see www.adr.org). If you can show that you cannot afford the initial mediation fee, if any, then the Broker-Related Party will pay that initial mediation fee, but you must pay your own attorney's fees and costs for the mediation and your pro rata share of the AAA's post-filing mediation fees and costs. If a small-claims or equivalent court ("Small Claims Court") in the county where your property is located (the "County Jurisdiction") has jurisdiction over the Claims, and you want to resolve the Claims in the Small Claims Court, then the Broker-Related Party will waive the mediation and arbitration requirements in this Addendum and the parties will finally resolve the Claims in the Small Claims Court, on the condition that you waive in writing your rights, if any, to (a) appeal the final judgment or decision of the Small Claims Court; or (b) remove or transfer the case from the Small Claims Court to another court.

**Agreement to Arbitrate; Excluded Claims.** If the parties cannot resolve the Claims as set forth above, then, unless limited below, they must submit and resolve the Claims using binding arbitration conducted by the AAA under its Commercial Arbitration Rules ("AAA Rules") (see www.adr.org) in effect on the date of the Agreement, except to the extent that this Addendum conflicts with the AAA Rules. Alternatively, the parties may agree in writing to use another arbitration provider and/or different rules for the arbitration. You are not, however, required to arbitrate Claims that you are authorized by law or regulation to file in an administrative agency, compensation, or board, unless the law or regulations governing these types of Claims require or allow you to first bring them in arbitration.

**The Arbitration & Arbitrator.** The Broker-Related Party or you must commence the arbitration by filing a written demand with the AAA (or the other chosen arbitration provider). The arbitration will take place in the County Jurisdiction. If you can show that you cannot afford the initial arbitration filing fee, then the Broker-Related Party will pay your initial filing fee, but you must pay your own attorney's and expert fees and costs and your pro rata share of the AAA's or other arbitration provider's post-filing fees and costs. The AAA or other arbitration provider must designate one neutral arbitrator for the arbitration. The Agreement and the listing and sale of your property evidences a transaction involving interstate commerce and this Addendum must be interpreted and the arbitration conducted under the Federal Arbitration Act ("FAA"). The arbitrator will have the exclusive authority to resolve any Claims between the parties relating to the formation, enforceability, enforcement (including by non-signatories to the Agreement), applicability, waiver, or interpretation of this Addendum under the FAA, including whether all or any part of this Addendum is void or voidable. The arbitrator must rule on (a) his or her jurisdiction, including any objections with respect to the existence, scope, or validity of this Addendum; (b) the arbitrability of any Claims; and (c) the existence or validity of the Agreement. The arbitrator must interpret this Addendum as an enforceable contract independent of the other terms of the Agreement, and the arbitrator's decision that the Agreement, or any other part of the Agreement, is null and void will not for that reason alone render this Addendum invalid or unenforceable.

**Discovery; Confidentiality.** The arbitrator may order discovery sufficient to enable a full and fair exploration of the facts and legal issues underlying the Claims, consistent with the expedited nature of arbitration. The parties and the arbitrator must keep all aspects of the arbitration confidential and not make them part of the public record, including all (a) pleadings, motions, discovery, memoranda, and other work product in the parties' or the arbitrator's files that were prepared for use in an arbitration hearing or conference or used in an arbitral award; and (b) communications made by or to a party, the arbitrator, or any other person in or in connection with the arbitration (the "Confidential Materials"). The parties must not disclose any Confidential Materials in any judicial or administrative proceeding, except that a party may disclose certain Confidential Materials if the parties agree in writing to waive confidentiality over the Confidential Materials.

This document is copyrighted by the Greater Louisville Association of REALTORS, Inc. and is for the use of its Members only.

168  **Award Limitations**. The arbitrator may award a party any remedy that would have been available had the parties litigated the
169  Claims in court, including money damages and injunctive relief. The arbitrator, however, cannot issue any award that includes any
170  punitive, special, consequential, incidental, indirect, or exemplary damages. Any arbitrator's determination, finding, or award will
171  be final and binding on the parties, and either party may confirm any of them in a court with jurisdiction in the County Jurisdiction.
172  A party cannot arbitrate any Claims unless the party commences the arbitration within the statutes of limitation governing the
173  Claims.

174  **Jury Waiver & Class Action Waiver**. **THE PARTIES WILL HAVE ALL THE RIGHTS AND BENEFITS OF**
175  **ARBITRATION, BUT THEY ARE HEREBY GIVING UP THEIR RIGHTS TO RESOLVE THEIR CLAIMS IN A COURT**
176  **OR JURY TRIAL.** The parties must submit their own, individual Claims for resolution in the arbitration. **The parties hereby**
177  **waive the following rights**: (a) the right to represent the interests of any other person or join or consolidate any Claims by or
178  against third parties; (b) the right to bring, join, or maintain any Claims (in arbitration or otherwise) where the party or another person
179  seeks to act (i) as a representative or member of a class, collective, or mass action, (ii) in the general-public interest, or (iii) in any
180  private-attorney-general capacity; and (c) the right to participate in a class-action lawsuit or class-wide arbitration; and (d) the right
181  to participate as a representative or member in a class arbitration or any consolidation of individual arbitrations (collectively, the
182  "Class Action Waivers"). The Class Action Waivers will control and supersede any contrary Agreements, statements, or rules in the
183  AAA Rules or other arbitration provider's rules.

184  **Validity**. If any part of this Addendum, other than the Class Action Waivers, is determined to be invalid or unenforceable, then
185  the remaining parts of this Addendum still will remain fully enforceable. If any part of the Class Action Waivers is determined to
186  be unenforceable against a party or another person, then the party or the other person will have the unilateral right to determine
187  whether to proceed in arbitration or require that the Claims be brought in a court with jurisdiction over the Claims, on the condition
188  that a determination that the Class Action Waivers are unenforceable will be subject to appeal.

189  **SELLER'S ACKNOWLEDGEMENT**

190  **SELLER ACKNOWLEDGES THAT THEY HAVE READ THIS CONTRACT,** understand fully the contents thereof.
191  SELLERS are advised that if they have any questions regarding the terms and content of this contract, they should seek
192  advice and counsel from an attorney of their choosing. SELLERS understand that upon signing, this contract becomes legally
193  binding, and may only be amended in writing, signed by all parties.  Should legal action be instituted to collect a compensation
194  under this contract, the Broker(s), if successful, shall be entitled to receive all costs, including a reasonable attorney's fee.

195

196  _____Semonin REALTORS_____    _____
197  Designated Broker (Listing Company)                        Seller                              Date/Time
198

199  _____    _____
200  Broker Acceptance            Date/Time          Seller                              Date/Time
    *Stacy Durbin*

This document is copyrighted by the Greater Louisville Association of REALTORS, Inc. and is for the use of its Members only.