# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 23-32983 |
| | : | |
| HULL ORGANIZATION, LLC, *et al.* | : | Chapter 7 |
| | : | (Jointly Administered) |
| *Debtors* | : | |
| | : | USMAA'S MOTION TO EXPEDITE |
| | | EVIDENTIARY HEARING AND FOR |
| | | RECONSIDERATION OF NEED FOR |
| | | EVIDENTIARY HEARING ON MOTION |
| | | FOR STAY (#555) |

**************************************************************************************

**MOTION TO EXPEDITE EVIDENTIARY HEARING AND FOR RECONSIDERATION OF NEED FOR EVIDENTIARY HEARING ON MOTION FOR STAY**

COMES NOW, US Martial Arts Academy, Inc. ("USMAA"), by and through the undersigned counsel, and hereby respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065, for an order: (1) expediting the evidentiary hearing on USMAA's Motion for Stay Enforcement of Order pending resolution of USMAA's Motion for Relief from Judgment; and (2) reconsidering whether an evidentiary hearing is necessary for the Motion for Stay given the legal and procedural nature of the issues presented.

## I. BACKGROUND

1. On July 17, 2025, USMAA filed its Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 554) and its Motion to Stay Enforcement of Order (Doc. 555).

2.    Both motions were continued by this Court for an evidentiary hearing on a date to be determined.

3.    A pretrial setting is currently scheduled for October 17, 2025.

4.    The parties have engaged in mediation efforts to resolve the underlying dispute, but those efforts have been unsuccessful.

5.    USMAA seeks expedited resolution of its stay motion to prevent irreparable harm and preserve the status quo pending resolution of its underlying motion for relief.

## II. GROUNDS FOR EXPEDITED HEARING

### A. Imminent Irreparable Harm

USMAA faces imminent irreparable harm absent expedited consideration of its stay motion. Each day that passes without a stay in place allows Park Plaza Holdings, LLC to initiate and continue efforts to evict USMAA or otherwise interfere with USMAA's leasehold rights. The loss of USMAA's established business location and ongoing operations constitutes irreparable harm that cannot be adequately compensated by monetary damages.

### B. Time-Sensitive Nature of Relief

The October 17, 2025 pretrial setting creates urgency for resolution of these motions. Delaying the stay hearing until after pretrial proceedings advance could prejudice USMAA's ability to maintain its business operations and could render the requested relief ineffective.

**C. Precedent for Expedited Relief**

This Court has previously granted expedited hearings when circumstances warrant prompt judicial intervention, as demonstrated by the Court's August 7, 2025 order granting the U.S. Trustee's request for expedited hearing on the motion to convert.

**III. REQUEST FOR RECONSIDERATION OF EVIDENTIARY HEARING NECESSITY**

USMAA respectfully requests this Court reconsider whether an evidentiary hearing is necessary for the Motion for Stay, as the issues presented are primarily legal and procedural in nature:

**A. Legal Standard for Stay**

The four-factor test for granting a stay pending appeal or resolution of a motion—(1) likelihood of success on the merits; (2) irreparable harm; (3) substantial injury to other parties; and (4) public interest—can be adequately addressed through briefing and legal argument without the need for witness testimony or factual disputes requiring evidentiary resolution.

**B. Procedural Due Process Issues**

USMAA's underlying motion for relief raises constitutional due process violations and notice deficiencies that are matters of law, not fact. The question of whether USMAA received constitutionally adequate notice can be determined from the record without additional evidence.

**C. Judicial Efficiency**

Resolving the stay motion through briefing would allow for more expeditious resolution while preserving judicial resources. If this Court determines after briefing that factual issues require evidentiary development, a hearing can be scheduled at that time.

## D. Established Legal Framework

The legal standards governing both Rule 60(b) relief and stay motions are well-established, and USMAA's arguments are grounded in existing case law and constitutional principles that do not require factual development beyond the current record.

## IV. PROPOSED TIMELINE

Given the urgent nature of the relief sought and the legal framework supporting USMAA's position, USMAA respectfully proposes an expedited timeline:

1. **Briefing Schedule**: Response brief within 10 business days, reply brief within 3 business days thereafter

2. **Resolution**: Determination on the stay motion within 14 days, either through briefing alone or brief oral argument

3. **Timing**: Complete resolution well in advance of the October 17, 2025 pretrial setting to allow proper case management

Alternatively, given the strength of USMAA's constitutional due process arguments and the established legal precedent, the Court may determine that the stay motion can be granted based on the existing record and briefing without further delay.

**WHEREFORE**

USMAA respectfully requests that this Court:

1.  **GRANT** this Motion by ordering an expedited briefing schedule and hearing on USMAA's Motion for Stay;

2.  **RECONSIDER** the necessity of an evidentiary hearing on the Motion for Stay and determine that the motion can be resolved through briefing and legal argument;

3.  **ESTABLISH** a briefing schedule that allows for resolution of the stay motion prior to the October 17, 2025 pretrial setting;

4.  **ALTERNATIVELY, GRANT** USMAA's Motion for Stay Enforcement of Order based on the existing record and the constitutional due process violations clearly established therein, without the need for further briefing or hearing; and

5.  **GRANT** such other and further relief as this Court deems just and proper.

An Order is tendered herewith.

Respectfully submitted.
/s/ Kemal V. Catalan
Kemal V. Catalan (OH Bar# 0102993)
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, OH 45202
Phone: 513-549-6246
Email: kemalvcatalan@kvclawfirm.com
Attorney for US Martial Arts Academy, Inc.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 9036-1, I certify that on August 25, 2025 I sent a copy of the foregoing Motion and proposed Order to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first class U.S. mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Kemal V. Catalan
Kemal V. Catalan