UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

In re:

HULL ORGANIZATION, LLC.                              Case No. 23-32983

### MOTION TO ESTABISH PROCEDURES FOR ALLOCATION OF DEBTOR'S ATTORNEY FEES

***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** *****

Comes Nancy Hull, an interested party herein, by counsel, and moves this Court to enter the accompanying Order to establish procedures for allocation of awarded and potential fees to Debtor's counsel as Chapter 11 administrative expenses.

Four separate "Hull" entity cases were filed in December, 2023. The Court ordered them to be jointly administered. Upon the Court's conversion of them to Chapter 7 cases on August 12, 2025, these four cases were ordered to be administered as stand alone cases once again. Four different individuals were appointed as Chapter 7 Trustees for each case.

An issue arose during the pendency of the Chapter 11 cases as to how the fees awarded as Chapter 11 administrative fees should be allocated among the four cases. Movant Nancy Hull believes that it is essential that this issue be addressed prior to the retirement of Judge Stout. Judge Stout has been involved throughout this case and is in the best position to make a determination as to the allocation of fees previously awarded or to be applied for in the future.

A settlement agreement between the Hull entities and Nancy Hull was tendered by attorney Yeager with the approval of Ms. Hull. However, in spite of representations to the contrary by the Hull entities' counsel, it was never executed by Robert Hull on behalf of the Hull entities. That purported agreement included a proposal to allocate Debtor's attorney fees among the cases. A copy of this proposed allocation is attached hereto and made a part hereof as

1

Exhibit A. In addition, the plans of Hull Organization and Hull Equity disclosed what administrative expenses were expected to be paid from each case as of March 31, 2025, the date through which fees had been awarded. The relevant section from the Hull Organization plan is attached as Exhibit B and the relevant section of the Hull Equity plan is attached as Exhibit C. Those indicated that substantial sums already have been paid to Debtor's counsel. Further, the proposed settlement included exhibits regarding fees to be paid to Debtor's attorneys for Hull Organization and Hull Properties. *See* Exhibits D and E. Since the fees are "estimated", additional fees which may be requested are uncertain.

Because of the confusion regarding how Chapter 11 attorneys' fees will be awarded as Chapter 11 administrative expenses, a determination should be made prior to Judge Stout's retirement. The Court has repeatedly stated that unfinished business would not be left for a successor.

For the above reasons, Nancy Hull moves for the following relief:

1) That a deadline of ten (10) days be established from the date of the entry of an Order requiring the filing of any final attorney fee application by Debtor's counsel for Chapter 11 services.

2) That the time period for objection to same be set no later than 14 days from the filing of the timely fee application by Debtor's counsel.

3) That Debtor's counsel be ordered to file within fourteen (14) days of the entry of said Order a proposal as to how all of his currently awarded fees should be allocated, while also reflecting the amounts previously paid in this case.

4) That Debtor's counsel be ordered to file within fourteen (14) days of the entry of said Order a proposal as to how any fees anticipated to be awarded from a then pending Chapter 11 fee application should be allocated.

5) That a hearing on all the concerns set forth above be scheduled prior to the retirement of Judge Stout.

WHEREFORE, Nancy Hull requests the relief as above outlined.

2

Respectfully submitted:

/s/ K. Gail Russell
K. GAIL RUSSELL
MARK W. DOBBINS
Tilford Dobbins Schmidt PLLC
1400 One Riverfront Plaza
401 West Main Street
Louisville, Kentucky 40202
(502) 584-1000
mdobbins@tilfordlaw.com
grussell@tilfordlaw.com
Counsel for Nancy Hull

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was this 29th day of August, 2025, served by electronic mail or regular mail upon all parties of the case and upon the following:

Tyler R. Yeager
Kaplan Johnson Abate & Bird, LLP
710 W. Main Street, 4th Floor
Louisville, Kentucky  40202

Michael E. Wheatley, Trustee
PO Box 1072
Prospect, Kentucky  40059

US Trustee  Office
US  Trustee Office
Assistant US Trustee
601 W. Broadway, Suite 512
Louisville, Kentucky 40202

/s/ K. Gail Russell
K. Gail Russell

F:\office\MWD\Hull\Bankruptcy cases 2023\Hull Organization LLC\Conversion\motion for allocation of fees.doc

Hull Settlement Agreement
Exhibit 7

## Proposed Reallocation of KJAB Administrative Claims

|                    | Hull Org     | Hull Equity | Hull Properties | 4 West      |
|--------------------|--------------|-------------|-----------------|-------------|
| 1st Interim Fee    | $68,168.17   | $2,619.50   | $2,721.50       | $1,160.50   |
| 2nd Interim Fee    | $40,539.37   | $4,075.50   | $1,695.50       | $7,713.00   |
| 3rd Interim Fee    | $23,271.88   | $3,534.50   | $5,148.00       | $14,558.85  |
| Total Awards       | $131,979.42  | $10,229.50  | $9,565.00       | $23,432.35  |
|                    |              |             |                 |             |
| Reallocated Totals | $54,430.57   | $36,846.87  | $33,242.62      | $50,585.22  |

Section 3.11   Class 4 Equity Interests

Class 4 consists of all pre-petition security interests in the Debtor. The equity membership interests in the Debtor are presently held and controlled by the following individuals:

| Equity Security Holder | Membership Interest |
|---|---|
| Robert Hull | 100% |

Article IV.   Treatment of Administrative Expense Claims, Priority Tax Claims, and Court Fees

Section 4.01   Unclassified Claims

Pursuant to Bankruptcy Code § 1123(a)(1), this Plan does not designate classes for Allowed Claims that are Administrative Claims or Priority Tax Claims that are not also Allowed Secured Claims.

Section 4.02   Administrative Expense Claims

Known holders of Allowed Administrative Claims include:

| Claimant | Estimated Amount |
|---|---|
| Kaplan Johnson Abate & Bird LLP[4] | 6,500.00 |
| Michael Wheatley, Subchapter V Trustee | 2,000.00 |
| Total: | $8,500.00 |

(a)   *Treatment of Allowed Administrative Claims*

Except to the extent that the holder of a particular Administrative Claim allowed pursuant to Bankruptcy Code § 503(b) has agreed to alternative treatment of its Administrative Claim, each holder of an Allowed Administrative Claim will receive cash equal to the amount of its Allowed Administrative Claim on the Effective Date. The source of payment for Allowed Administrative Claims will be the balance of funds presently held in escrow for the Debtor by Subchapter V Trustee Michael Wheatley, and the Confirmation Order shall be deemed an order authorizing Debtor's use and disbursement of said funds.

(b)   *Treatment if Plan Confirmed under Bankruptcy Code § 1191(b)*

[Intentionally omitted].

---

[4] KJAB, Debtor, and the Associated Debtors will, by separate motion, seek reallocation of certain awards of compensation and reimbursement of expenses allowed, or to be allowed, on an interim basis during the pendency of these jointly administered cases.

Section 4.02   Administrative Expense Claims

Known holders of Allowed Administrative Claims include:

| Claimant | | Estimated Amount |
|---|---|---|
| Kaplan Johnson Abate & Bird LLP[3] | | 30,000.00 |
| Michael Wheatley, Subchapter V Trustee | | 3,500.00 |
| | Total: | $33,500.00 |

    *(a)   Treatment of Allowed Administrative Claims*

Except to the extent that the holder of a particular Administrative Claim allowed pursuant to Bankruptcy Code § 503(b) has agreed to alternative treatment of its Administrative Claim, each holder of an Allowed Administrative Claim will receive cash equal to the amount of its Allowed Administrative Claim on the Effective Date. The source of payment for Allowed Administrative Claims will be the balance of sale proceeds presently held in escrow for the Debtor by Kaplan Johnson Abate & Bird LLP ("KJAB"), and the Confirmation Order shall be deemed an order authorizing Debtor's use and disbursement of the sale proceeds.

    *(b)   Limited Alternative Treatment of KJAB's Allowed Administrative Claim*

KJAB has agreed to accept alternative treatment of its Allowed Administrative Claim solely to the limited extent necessary to enable Debtor's commitment to distribute at least $70,000.00 among holders of Class 2 Claims on or before the Initial Disbursement Deadline. In the event that this alternative treatment is triggered, the remaining balance of KJAB's Allowed Administrative Claim shall remain due and senior in priority to the balance of all Priority Tax Claims, Priority Unsecured Claims, and Non-Priority Unsecured Claims, and shall be paid in full on or before the Final Disbursement Deadline.

Section 4.03   Priority Tax Claims

Except to the extent that a holder of an Allowed Priority Tax Claim has agreed to alternative treatment, each will receive regular installment payments, in cash, in an amount sufficient to satisfy its Priority Tax Claim, plus interest accruing at the applicable statutory rate, on or before December 13, 2028. As of the date this Plan is filed, there are no known holders of Allowed Priority Tax Claims.

Section 4.04   Statutory Fees

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid on the Effective Date.

---

[3] KJAB, Debtor, and the Associated Debtors will, by separate motion, seek reallocation of certain awards of compensation and reimbursement of expenses allowed, or to be allowed, on an interim basis during the pendency of these jointly administered cases.

EXHIBIT C                                                                                                         EXHIBIT C

Hull Settlement Agreement<br>Exhibit 4

## Projected Distribution of Hull Org Cash

| | |
|---|---:|
| **Funds held in Escrow by Subchapter V Trustee:** | **$196,766.54** |
| Less Allowed Administrative Claims[1]- | |
|     Kaplan Johnson Abate & Bird LLP (estimated) | $6,233.00 |
|     Michael Wheatley, Subchapter V Trustee (estimated) | $2,000.00 |
|     Louisville Gas & Electric Company | $4,540.58 |
| Less Class 1 Claims- | |
|     Louisville Gas & Electric Company | $167.68 |
| Less pro rata distribution among Class 3A Claims- | |
|     Bilyeu Enterprises | $9,694.74 |
|     Internal Revenue Service | $8,452.28 |
|     Louisville Gas & Electric Company | $9,840.75 |
|     Ohio Edison | $2,380.53 |
|     U.S. Small Business Administration | $273,048.46 |

---

[1] All claims identified herein remain subject to final allowance by the Bankruptcy Court.

Hull Settlement Agreement
Exhibit 5

## Allowed Claims Against Hull Properties

Allowed Administrative Claims[1]-

| | |
|---|---|
| Kaplan Johnson Abate & Bird LLP (maximum) | $35,000.00 |
| United States Trustee (estimated) | $432.00 |

Allowed Unsecured Claims-

| | |
|---|---|
| Capital One N.A. | $8,885.17 |
| Internal Revenue Service | $6,826.07 |
| Louisville Metro Revenue Commission | $7,743.30 |
| U.S. Small Business Administration | $74,612.63 |

---

[1] All claims identified herein remain subject to final allowance by the Bankruptcy Court.