UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| In re: | : | Case No. 23-32983 |
|---|---|---|
|  | : |  |
| HULL ORGANIZATION, LLC, *et al.* | : | Chapter 7 |
|  | : | (Jointly Administered) |
| *Debtors* | : |  |
|  | : | USMAA'S MOTION FOR EXPEDITED RECONSIDERATION OF NEED FOR EVIDENTIARY HEARING ON MOTION FOR STAY (#555) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**USMAA'S MOTION FOR EXPEDITED RECONSIDERATION OF NEED FOR EVIDENTIARY HEARING ON MOTION FOR STAY (#555)**

COMES NOW, US Martial Arts Academy, Inc. ("USMAA"), by and through the undersigned counsel, and hereby respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065, for an order expeditiously reconsidering whether an evidentiary hearing is necessary for the Motion for Stay given the legal and procedural nature of the issues presented.

# I. BACKGROUND

1. On July 17, 2025, USMAA filed its Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 554) and its Motion to Stay Enforcement of Order (Doc. 555).

2. Both motions were continued by this Court for an evidentiary hearing on a date to be determined.

3. Both motions are scheduled for Pretrial setting October 17, 2025.

4. USMAA respectfully submits that the issues presented in the Motion for Stay are primarily legal and procedural in nature and can be resolved through briefing without the need for an evidentiary hearing.

## II. REQUEST FOR EXPEDITED RECONSIDERATION OF EVIDENTIARY HEARING NECESSITY

USMAA respectfully requests this Court expeditiously reconsider whether an evidentiary hearing is necessary for the Motion for Stay, as the issues presented are primarily legal and procedural in nature and the time-sensitive circumstances require prompt resolution:

### A. Legal Standard for Stay

The four-factor test for granting a stay pending appeal or resolution of a motion—(1) likelihood of success on the merits; (2) irreparable harm; (3) substantial injury to other parties; and (4) public interest—can be adequately addressed through

briefing and legal argument without the need for witness testimony or factual disputes requiring evidentiary resolution.

## B. Procedural Due Process Issues

USMAA's underlying motion for relief raises constitutional due process violations and notice deficiencies that are matters of law, not fact. The question of whether USMAA received constitutionally adequate notice can be determined from the record without additional evidence.

## C. Judicial Efficiency

Resolving the stay motion through briefing would allow for more expeditious resolution while preserving judicial resources. If this Court determines after briefing that factual issues require evidentiary development, a hearing can be scheduled at that time.

## D. Established Legal Framework

The legal standards governing both Rule 60(b) relief and stay motions are well-established, and USMAA's arguments are grounded in existing case law and constitutional principles that do not require factual development beyond the current record.

### E. Urgency for Expedited Determination

The same time-sensitive circumstances that support expedited consideration of the stay motion itself also support expedited reconsideration of whether an evidentiary hearing is necessary. USMAA faces ongoing irreparable harm with each day of delay, and the October 17, 2025 pretrial setting creates additional urgency for prompt resolution of these threshold procedural questions.

## III. CONCLUSION

The legal and procedural nature of the issues presented in the Motion for Stay, combined with the well-established legal framework governing stay motions and Rule 60(b) relief, support a determination that the motion can be resolved through briefing and legal argument without the need for witness testimony or evidentiary development.

## WHEREFORE

USMAA respectfully requests that this Court:

1. **GRANT** this Motion for Expedited Reconsideration and determine that an evidentiary hearing is not necessary for the Motion for Stay;

2.  **FIND** that the motion can be resolved through briefing and legal argument based on the existing record; and

3.  **GRANT** such other and further relief as this Court deems just and proper.

An Order is tendered herewith.

    Respectfully submitted.
    /s/ Kemal V. Catalan
    Kemal V. Catalan (OH Bar# 0102993)
    KVC Law Firm, LLC
    539 Liberty Hill
    Cincinnati, OH 45202
    Phone: 513-549-6246
    Email: kemalvcatalan@kvclawfirm.com
    Attorney for US Martial Arts Academy, Inc.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 9036-1, I certify that on August 28, 2025 I sent a copy of the foregoing Motion and proposed Order to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first class U.S. mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Kemal V. Catalan
Kemal V. Catalan