UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **In re:** | **Case No. 23-32983-acs** |
| **HULL ORGANIZATION, LLC,** *et al.* | **Chapter 11** <br> **(Jointly Administered)** |
| *Debtors*[1] | |

**OBJECTION TO MOTION TO EXPEDITE HEARING (DOC #666) AND MOTION TO SHORTEN TIME (DOC #667) FILED BY NON-DEBTOR USMAA**

Now comes, Park Plaza Holdings, LLC ("Park Plaza"), the current owner of the real property and improvements that were the subject of this Court's Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims and Encumbrances (Doc #56) (hereinafter, the "Sale Order"), and hereby objects to US Martial Arts Academy, Inc.'s ("USMAA") Motion for Expedited Hearing (Doc #666) on Motion for Stay (Doc #555) and USMAA's Motion to Shorten Time (Doc #667).

Both of the foregoing requests will cause extreme hardship to Park Plaza, as its counsel will be out of the Country from 9/3/2025 to 9/13/2025 and will be unable to effectively respond to either motion or participate in any expedited hearing, and getting other counsel will be burdensome on Park Plaza. Additionally, and more importantly,

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

before extending a stay, the Court must determine whether it has jurisdiction to do so at all. The preliminary injunction relief that is being requested—enjoining a non-debtor landlord of a non-debtor tenant regarding the non-debtor tenant's right, or lack thereof, to occupy a building that is no longer an asset of the estate—exceeds the jurisdictional authority of this Court under 28 U.S.C. § 1334(c)(2), which states as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The bankruptcy court's jurisdiction to issue an injunction to extend the automatic stay to non-debtors is derived from the court's jurisdiction over the debtor and the debtor's estate. A bankruptcy court's jurisdiction extends "to actions against certain third parties, as well as suits against debtors themselves, [] to protect the assets of the estate so as to ensure a fair distribution of those assets at a later point in time."[2] Accordingly, a bankruptcy court has no jurisdiction over a matter that does not affect the debtor.[3] Courts must be especially careful in their analysis of jurisdiction in this respect: it is the relation of the dispute to the estate, and not the relation of a party to

---

[2] *In re Quigley Co., Inc.*, 676 F.3d 45, 57, 56 Bankr. Ct. Dec. (CRR) 78, 67 Collier Bankr. Cas. 2d (MB) 807, Bankr. L. Rep. (CCH) P 82197, Prod. Liab. Rep. (CCH) P 18818 (2d Cir. 2012), cert. denied, 133 S. Ct. 2849, 186 L. Ed. 2d 908 (2013) (internal quotations omitted).
[3] *Matter of Zale Corp.*, 62 F.3d 746, 752–53, Bankr. L. Rep. (CCH) P 76617 (5th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S. Ct. 1493, 131 L. Ed. 2d 403, 27 Bankr. Ct. Dec. (CRR) 93, 32 Collier Bankr. Cas. 2d (MB) 685, Bankr. L. Rep. (CCH) P 76456, 31 Fed. R. Serv. 3d 355 (1995)).

estate, that establishes the bankruptcy court's jurisdiction to extend the automatic stay to non-debtors[4]. Granting USMAA's motions or enjoining Park Plaza will not affect the debtor or the estate.

Moreover, counsel truly needs more time to brief the foregoing issues to make sure they are applicable, and granting the expedited motion will not permit that to occur.

To be clear, Park Plaza is not challenging the Court's jurisdiction with respect to USMAA's allegation regarding a due process violation associated with the sale of real estate that Park Plaza purchased from the Trustee, because that issue relates to the amount, *if any*, of USMAA's claim against the Estate's sales proceeds. That issue is set for preliminary hearing on October 12, 2025, and given the fact that USMAA has never complied with its alleged lease by paying the base rent and common area maintenance fees expressly required thereunder (and, indeed, has expressly admitted that it cannot afford to pay the base rent and common area maintenance fees required by the lease), discovery regarding the amount of USMAA's claim against the Estate's sale proceeds is necessary so the parties can be fully prepared for the hearing. It is for that reason that the parties set the matter for a preliminary hearing on October 12, 2025.

For all the foregoing reasons, Park Plaza respectfully requests that the Court overrule USMAA's Motions to shorten time and expedited hearing.

---

[4] *Ibid.*

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
*Attorneys for Park Plaza Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to **Motion for Expedite Hearing (Doc #666) And Motion To Shorten Time (Doc #667) Filed By Non-Debtor USMAA** was served on September 4, 2025, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Assistant U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
K. Gail Russell, Attorney for Nancy Hull
Kemal Catlin, Attorney for USMAA

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)