## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 23-32983 |
| | : | |
| HULL ORGANIZATION, LLC, *et al.* | : | Chapter 7 |
| | : | (Jointly Administered) |
| *Debtors* | : | |
| | : | USMAA'S RESPONSE TO PARK PLAZA'S OBJECTION TO MOTION TO EXPEDITE HEARING (DOC #669) |

*************************************************************************

**USMAA'S RESPONSE TO PARK PLAZA'S OBJECTION TO MOTION TO EXPEDITE HEARING (DOC #669) AND EMERGENCY UPDATE TO THE COURT ON PARK PLAZA'S SELF-HELP EVICTION**

NOW COMES US Martial Arts Academy, Inc. ("USMAA"), by and through undersigned counsel, and hereby files this Response to Park Plaza Holdings, LLC's ("Park Plaza") Objection to Motion to Expedite Hearing (Doc #669).

**I. INTRODUCTION**

Park Plaza's objection to USMAA's Motion to Expedite Hearing fails on both jurisdictional and procedural grounds. Park Plaza cannot simultaneously invoke this Court's Sale Order as the legal foundation for its actions against USMAA while arguing this Court lacks jurisdiction to interpret or enforce that same Order. Moreover, Park Plaza has subjected itself to this Court's jurisdiction through its voluntary appearances, substantive litigation, and express reliance on this Court's Sale Order as authority for its conduct.

## II. PARK PLAZA HAS SUBJECTED ITSELF TO THIS COURT'S JURISDICTION

### A. Park Plaza Cited This Court's Sale Order as Authority for Its Actions

Park Plaza's June 30, 2025 Notice of Termination expressly cited this Court's Sale Order as the legal basis for terminating USMAA's lease. The notice stated that all leases "were expressly terminated pursuant to the enclosed Bankruptcy Court Order" and attached this Court's Sale Order (Doc 56 which is also attached to Doc 555 as Exhibit C).

By invoking this Court's Sale Order as the source of its authority to terminate USMAA's lease, Park Plaza has subjected itself to this Court's jurisdiction. A party cannot claim the benefit of a court's order while simultaneously arguing that court lacks jurisdiction over related disputes. Park Plaza's reliance on this Court's Sale Order as the foundation for its landlord-tenant actions establishes this Court's jurisdiction over the resulting disputes.

### B. Park Plaza Made Voluntary Appearances and Argued Against USMAA's Motions

Park Plaza has made multiple voluntary appearances in this bankruptcy case and actively litigated against USMAA's motions, including:

1. Filing objections to USMAA's initial Motions for Relief from Judgment and a Stay (Doc 573 and 592)
2. Making an Appearance by its counsel at the July 29, 2025 and August 12, 2025 hearings on the matter
3. Participating in court-ordered mediation regarding these motions
4. Filing the current objection to expedite hearing (Doc 669)

Through these voluntary appearances and substantive participation in the proceedings, Park Plaza has submitted to this Court's jurisdiction. A party cannot voluntarily appear, litigate the merits, and then claim the court lacks jurisdiction when facing a potentially adverse ruling.

**C. Park Plaza's Actions Directly Affect This Court's Orders**

Contrary to Park Plaza's argument, its dispute with USMAA directly affects this Court's Sale Order and the integrity of the bankruptcy process. Park Plaza purchased the property pursuant to this Court's Sale Order and now seeks to enforce its interpretation of that Order. The validity and scope of this Court's Sale Order is squarely within this Court's jurisdiction.

**III. THIS COURT HAS JURISDICTION TO INTERPRET ITS OWN ORDERS**

**A. Bankruptcy Courts Retain Jurisdiction Over Their Prior Orders**

This Court unquestionably has jurisdiction to interpret the scope and effect of its own Sale Order. It is undisputed precedent that bankruptcy courts have the authority to revisit and rule on their prior orders, even in cases where the property in question has already been disposed of.

In *SR Constr. Inc. v. RE Springs II, L.L.C. (In re RE Palm Springs II, L.L.C.)*, the bankruptcy court maintained jurisdiction to enforce its prior Sale Order under 28 U.S.C. § 157(a), even after the property had been sold. *SR Constr. Inc. v. RE Springs II, L.L.C. (In re RE Palm Springs II, L.L.C.)*, 106 F.4th 406 (5th Cir. 2024).

This authority is often exercised under the Federal Rules of Civil Procedure, particularly Rule 60(b), which allows courts to provide relief from final orders under specific circumstances. Courts retain this jurisdiction to ensure the integrity of their orders and to address situations where due process was not afforded to affected parties, regardless of whether the underlying asset has been transferred to third parties.

**B. The Scope of the Sale Order Is Directly at Issue**

Park Plaza's interpretation and enforcement of this Court's Sale Order places the meaning and scope of that Order directly at issue. Park Plaza argues the Sale Order extinguished USMAA's lease, while USMAA contends the Sale Order did not eliminate its lease rights due to lack of notice and constitutional due process violations. This fundamental disagreement about the effect of this Court's Order requires judicial interpretation by this Court.

**IV. EXPEDITED HEARING IS APPROPRIATE AND NECESSARY**

**A. Park Plaza's Jurisdictional Arguments Lack Merit**

Park Plaza's jurisdictional objection fails because:

1. **Express reliance on Sale Order:** Park Plaza expressly cited and continues to rely on this Court's Sale Order as authority for its ongoing actions against USMAA

2. **Voluntary appearances:** Park Plaza has voluntarily appeared and litigated substantive issues in this case

3. **Interpretation of Court's Order:** The dispute centers on the meaning and scope of this Court's Sale Order

## B. Expedited Resolution Serves Judicial Efficiency

An expedited hearing serves judicial efficiency by resolving the threshold question of lease validity that underlies all subsequent disputes between the parties. Without this Court's interpretation of the Sale Order's scope, the parties face uncertainty about the proper forum for their disputes and the validity of the underlying lease relationship.

## C. The Issues Are Fully Briefed

The substantive issues have been thoroughly briefed through USMAA's initial motions, supplemental briefs, and Park Plaza's objections. No additional discovery or briefing is necessary for this Court to determine whether its Sale Order extinguished USMAA's lease rights.

## V. USMAA'S POSITION ON THE SCOPE OF RELIEF

If this Court determines that the scope of its jurisdiction is limited to interpreting its Sale Order, USMAA seeks a declaration that the Sale Order did not extinguish USMAA's lease rights. Such a declaration would resolve the immediate jurisdictional dispute while leaving other lease-related issues for resolution in appropriate forums.

USMAA's position is that:

1. The Sale Order did not eliminate USMAA's lease because USMAA received no notice of the sale proceedings

2. The Sale Agreement explicitly acknowledged the property was sold "subject to the rights of tenants and leases currently in effect"

3. Constitutional due process requires notice before eliminating established property rights

4. Ohio law protects tenant rights through adequate notice requirements that were not satisfied

**Critically, without this Court's declaration that the lease was never extinguished, USMAA anticipates that a state court would lack jurisdiction to determine whether a federal bankruptcy court order extinguished the lease.** State courts generally lack authority to interpret or override federal bankruptcy orders, meaning that USMAA would be left without any forum to seek relief. This would create an unjust situation where USMAA cannot obtain redress simply because the validity of the underlying lease depends on the interpretation of this Court's Sale Order.

**WHEREFORE,** based on the foregoing Issues, Rules, and Application, USMAA respectfully requests that this Court:

1. **OVERRULE** Park Plaza's Objection to Motion to Expedite Hearing (Doc #669);

2. **GRANT** an expedited hearing on USMAA's Motion for Stay (Doc #555) and Motion for Relief from Judgment (Doc #573);

3. **DECLARE** that this Court's Sale Order did not extinguish USMAA's lease rights due to lack of adequate notice and due process;

4. **RETAIN JURISDICTION** over the interpretation and enforcement of the Sale Order while allowing state courts to address any subsequent landlord-tenant disputes; and

5. **GRANT** such other and further relief as this Court deems just and proper.

Respectfully submitted.
/s/ Kemal V. Catalan
Kemal V. Catalan (OH Bar# 0102993)
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, OH 45202
Phone: 513-549-6246
Email: kemalvcatalan@kvclawfirm.com
Attorney for US Martial Arts Academy, Inc.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 9036-1, I certify that on September 8, 2025 I sent a copy of the foregoing to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first class U.S. mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Kemal V. Catalan
Kemal V. Catalan