**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 23-32983 |
| | : | |
| HULL ORGANIZATION, LLC, *et al.* | : | Chapter 7 |
| | : | (Jointly Administered) |
| *Debtors* | : | |
| | : | EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

*******************************************************************************

**DECLARATION OF DAVID TESTER IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I, David Tester, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

DECLARANT'S QUALIFICATIONS AND BACKGROUND

1. I am the President of US Martial Arts Academy, Inc. ("USMAA"), a corporation organized under the laws of Ohio. I am over the age of eighteen (18) years and am competent to make this Declaration.

2. I have personal knowledge of the facts set forth in this Declaration and am competent to testify regarding the same.

3. USMAA has operated a martial arts academy for over thirty (30) years. For the past fifteen (15) years, USMAA has operated at 834 Ohio Pike, Unit 240, Cincinnati, Ohio 45245 (the "Premises") under a commercial lease agreement.

4. I am familiar with USMAA's business operations, lease obligations, student relationships, and the events giving rise to this emergency motion.

LEASE PERFORMANCE AND GOOD FAITH CONDUCT

5. Throughout the fifteen-year tenancy at the Premises, USMAA has consistently paid rent and performed all obligations under its lease agreement.

6. USMAA has continued to pay rent and perform under the lease in good faith even during the pendency of the bankruptcy proceedings and the current dispute regarding lease validity.

7. USMAA's lease contained a termination option requiring 180-day notice prior to March 1, 2025. Neither USMAA nor any landlord exercised this termination option before the September 1, 2024 deadline.

8. Based on the failure to exercise the termination option, USMAA understood and continues to believe that its lease remains valid through February 28, 2030.

SEPTEMBER 5, 2025 SELF-HELP EVICTION

9. On September 5, 2025, I discovered that Park Plaza Holdings, LLC ("Park Plaza") had posted a termination notice on USMAA's business premises stating: "Your lease has been terminated and are no longer permitted to occupy the premises... Any attempt to enter the premises without calling the above number and arranging the removal of items of personal property will be considered trespassing and charges will be filed."

10. Simultaneously with posting this notice, Park Plaza changed the locks to the Premises, immediately preventing USMAA's access to the business.

11. My attorney immediately attempted to contact the phone number provided on the notice to request access, and his call went unanswered and his voicemail was not returned. The next day, September 6, 2025, I contacted the number via text message to make the same request, which was to access USMAA's computers and business records so that I could contact students and members about the situation.

12. I informed Park Plaza that USMAA would require approximately one week to coordinate removal of personal property from the Premises.

13. Park Plaza initially refused to allow USMAA any access to computers or business records, stating that they preferred USMAA obtain a moving van and remove all personal property immediately.

14. As a direct result of Park Plaza's refusal to allow access to computers and contact information throughout the weekend, USMAA was unable to contact current students directly to notify them of the situation and mitigate business damages.

15. After this emergency motion was prepared and prior to filing, Park Plaza agreed to allow USMAA access on Monday morning to retrieve computers and files so that students can be contacted. However, the weekend denial of access has already caused substantial harm to USMAA's student relationships and business operations.

BUSINESS OPERATIONS AND IRREPARABLE HARM

15. USMAA operates a martial arts academy serving students ranging from children to adults. The business depends heavily on maintaining ongoing relationships with students and their families.

16. USMAA's computers and business records contain essential contact information for current students, class schedules, billing information, and other critical business data necessary to operate the academy.

17. Without access to this information, USMAA cannot notify current students about class schedules, billing matters, or the status of their martial arts instruction.

18. The inability to communicate with students has caused immediate and ongoing loss of student relationships, as students and parents are unable to reach USMAA or understand what has happened to their martial arts academy.

19. USMAA has invested fifteen years in building its reputation and student base at this specific location. The Premises provides excellent visibility and accessibility that is crucial for attracting new students and maintaining convenient access for current students and their families.

20. The complete shutdown of operations has created an ongoing business emergency. USMAA has been forced to suspend all martial arts classes and freeze all student subscriptions, as it cannot rightfully charge students for classes they are not receiving.

21. New students who had signed up to start classes this week have been dramatically compromised by the sudden business closure, likely resulting in permanent loss of these new enrollments and damaged relationships with prospective students and their families.

22. Each day that USMAA remains locked out of the premises and unable to operate causes additional irreparable harm to student relationships, business reputation, and revenue that cannot be adequately compensated by monetary damages.

IMPACT OF FORCED RELOCATION

22. If USMAA is ultimately required to relocate, it would need a minimum of ninety (90) days to effectuate an orderly transition that preserves its student relationships and business operations.

23. This ninety-day period would be necessary to: (a) locate suitable alternative premises with adequate visibility and accessibility for a martial arts academy, (b) negotiate lease terms and obtain necessary permits, (c) design and construct martial arts-specific improvements including proper flooring, mirrors, and safety equipment, (d) provide adequate notice to students and parents to maintain their enrollment, and (e) transition operations without losing the established student base that USMAA has built over thirty years.

24. This unexpected eviction and forced move comes at an immense financial expense to USMAA, including costs for new lease deposits, construction of martial arts facilities, moving expenses, and lost revenue during the transition period.

25. The longer USMAA remains unable to contact students and operate its business, the more difficult and expensive any eventual relocation becomes, as student relationships deteriorate and the business reputation suffers ongoing damage.

NEED FOR EMERGENCY RELIEF

26. USMAA requires immediate emergency relief to restore access to the Premises and essential business records to prevent further irreparable harm to the business.

27. Even minimal access to retrieve computers and contact information would allow USMAA to communicate with students and mitigate ongoing business damages while the underlying legal issues are resolved.

28. The status quo that existed before September 5, 2025 should be restored pending resolution of the legal disputes regarding lease validity and the scope of this Court's Sale Order.

29. USMAA has acted in good faith throughout this dispute by continuing to pay rent and perform under the lease, while Park Plaza has escalated to illegal self-help eviction tactics that violate Ohio law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 7, 2025, at Cincinnati, Ohio.

*(signature)*
DAVID TESTER
President, US Martial Arts Academy, Inc.

## VERIFICATION

STATE OF OHIO
COUNTY OF HAMILTON

I, David Tester, being first duly sworn, depose and say that I am the President of US Martial Arts Academy, Inc., that I have read the foregoing Declaration, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

*(signature)*
DAVID TESTER

Subscribed and sworn to before me this 7th day of September, 2025.

*(signature)*
Notary Public
My commission expires: July 18th 2025

Brittany Marie Marcum
Notary Public, State of Ohio
My Commission Expires:
July 18th 2028