UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| In re: | : | Case No. 23-32983 |
|---|---|---|
|  | : |  |
| HULL ORGANIZATION, LLC, *et al.* | : | Chapter 7 |
|  | : | (Jointly Administered) |
| *Debtors* | : |  |
|  | : | RENEWED EMERGENCY REQUEST FOR A PROTECTIVE ORDER TO RESTORE POSSESSION OF PREMISES BACK TO USMAA |

*****************************************************************************

**RENEWED EMERGENCY REQUEST FOR A PROTECTIVE ORDER TO RESTORE POSSESSION OF PREMISES BACK TO USMAA**

**TO THE HONORABLE COURT:**

US Martial Arts Academy, Inc. ("USMAA"), by and through undersigned counsel, respectfully submits this Renewed Emergency Request for Protective Order ("Protective Order") seeking protection and restoration of possession of premises and states as follows:

**I. EMERGENCY NATURE OF RELIEF SOUGHT AND PROCEDURAL CONTEXT**

**1.** On September 5, 2025, Park Plaza Holdings, LLC ("Park Plaza") posted a termination notice on USMAA's business premises stating: "Your lease has been terminated and are no longer permitted to occupy the premises… Any attempt to enter the premises without calling the above number and arranging the removal of items of personal property will be considered trespassing and charges will be filed." (attached hereto as Exhibit 1)

**2.** Simultaneously with posting the notice, Park Plaza changed the locks to USMAA's premises, immediately preventing access to the business.

**3.** In order to mitigate damages, USMAA contacted the phone number provided on the notice to request access to its computers and business records to contact students and members. USMAA informed Park Plaza that it would require approximately one week to coordinate removal of its personal property.

**4.** Park Plaza initially refused to allow USMAA access to its computers and business records, stating that it preferred USMAA obtain a moving van and remove all personal property immediately.

**5.** As a direct result of Park Plaza's refusal to immediately allow access to computers and contact information, USMAA was unable to contact its current students directly to mitigate damages for weekend and Monday classes, and reduce business losses created by Park Plaza's illegal self-help remedy.

**6.** This September 5th lock change and posted notice, combined with Park Plaza's initial refusal to allow reasonable access to business records, creates immediate and ongoing irreparable harm requiring emergency relief within 48-72 hours to compel Park Plaza to restore possession of the premises, to restore access, and to prevent further interference with business operations.

**7.** USMAA faces imminent loss of its established martial arts academy, which has operated for 30 years with the last 15 years at this specific location, loss of ability to conduct classes and services to its students, loss of ongoing business operations, loss of student

relationships, and destruction of its business reputation absent immediate emergency relief.

**8.** Park Plaza's September 5th self-help eviction represents a material escalation of the dispute while threshold legal questions remain pending before this Court, creating the emergency that necessitates immediate relief.

**9.** USMAA has continued to pay rent and perform to its lease in good faith in an effort to maintain the status quo until this matter is resolved by this Court. There is nothing in the record filed by Park Plaza that warrants the illegal self help action.

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

**A. USMAA's Lease Remains Valid Through February 28, 2030 (see Docs 554, 555, and 595)**

**10.** USMAA's lease contained a termination option requiring 180-day notice prior to March 1, 2025. This option expired unexercised on September 1, 2024, meaning the lease automatically continued for its full term through February 28, 2030.

**11.** Courts consistently require strict compliance with lease termination provisions. *Andrews v. Blake*, 205 Ariz. 236 (Ariz. 2003); *Thomson Learning, Inc. v. Olympia Props., LLC*, 365 Ill. App. 3d 621 (Ill. App. 2006). Park Plaza's failure to exercise the termination option during the applicable notice period means the lease continues through 2030.

**12.** Under 11 U.S.C. § 365(h)(1)(A)(ii), tenants may retain their rights "for the balance of the term of such lease," protecting the remaining unexpired portion as it exists, not as it could have existed if termination options were exercised.

**B. Constitutional Due Process Violations Support Relief (see Docs 554, 555, and 595)**

**13.** USMAA received no notice of the bankruptcy sale that purported to extinguish its leasehold interest, constituting a clear violation of constitutional due process rights under the Fifth and Fourteenth Amendments.

**14.** Procedural due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties" of proceedings affecting their rights. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**15.** The lack of notice to USMAA invalidates any attempt to extinguish its leasehold interest through the bankruptcy sale.

**C. MMH Automotive Precedent Supports Emergency Relief (see Docs 554, 555, and 595)**

**16.** Judge Stout specifically directed the parties to review the MMH Automotive case, which provides clear precedent supporting USMAA's position and the propriety of relief for tenant rights violations. *South Motor Co. v. Carter-Pritchett-Hodges, Inc. (In re MMH Auto. Group, LLC)*, 385 B.R. 347 (Bankr. S.D. Fla. 2008).

**17.** Tenants cannot be deprived of their leasehold interests without adequate notice. Procedural deficiencies, such as failure to provide notice, do not necessarily void the entire sale but do require the court to fashion an equitable remedy to protect the tenant's rights, ensuring that due process is observed.

**D. USMAA Is Likely to Succeed on the Merits**

**18.** Based on the foregoing, USMAA has demonstrated a substantial likelihood of success on the merits. The unexercised termination option means USMAA's lease remains valid

through February 28, 2030 under established contract law principles requiring strict compliance with termination provisions. The constitutional due process violations stemming from lack of notice independently warrant relief and require this Court to fashion an equitable remedy protecting USMAA's tenant rights. The MMH Automotive precedent, specifically referenced by Judge Stout, supports this Court's authority to provide relief for procedural deficiencies in bankruptcy sales affecting tenant interests. These three independent grounds establish that USMAA's leasehold rights were never extinguished under this Court's Sale Order and that Park Plaza did not exercise its termination option. Thus USMAA's lease should be valid and enforceable.

### III. IRREPARABLE HARM

**19.** Park Plaza's reliance and interpretation of this Court's Sale order (Doc 56) places USMAA in immediate and irreparable harm that cannot be adequately compensated by monetary damages:

- **Complete denial of access to business premises:** Park Plaza has changed the locks and allowed USMAA minimal access to retrieve essential business records and computers, and insists on law enforcement oversight of USMAA's limited access.
- **Inability to contact students and mitigate damages:** Park Plaza's refusal to initially allow access to computers and contact information prevented USMAA from immediately and directly notifying current students, causing compounding business losses that could have been mitigated with reasonable access.

- **Student retention and recruitment:** The lock change and posted termination notice, combined with USMAA's inability to communicate with students, have caused immediate loss of current students and prevented new student enrollment.

- **Business reputation damage:** Public posting of termination notices and complete business shutdown damages USMAA's reputation in the martial arts community.

- **Complete operational shutdown:** Park Plaza's unreasonable denial of access has forced immediate cessation of all business operations.

**20.** The September 5th lock change and posted notice have created an immediate crisis requiring emergency intervention to restore access before USMAA's business operations are permanently destroyed.

## IV. BALANCE OF HARMS AND PUBLIC INTEREST

**21.** The balance of harms strongly favors USMAA. Park Plaza will not be materially harmed by maintaining the status quo pending resolution of USMAA's constitutional and statutory challenges.

**22.** The public interest supports protecting established tenant rights and ensuring constitutional due process in bankruptcy proceedings.

**23.** Emergency relief serves the public interest by preventing arbitrary destruction of longstanding business relationships and tenant rights.

## V. USMAA'S DISCLOSURE REGARDING RELOCATION

**24.** In the interest of full disclosure to this Court, USMAA acknowledges that the landlord-tenant relationship with Park Plaza has become untenable and irreparable due to Park Plaza's self-help eviction tactics and violation of Ohio law.

**25.** While USMAA by no means relinquishes or concedes its rights under the lease through February 28, 2030, USMAA would, at a minimum, require ninety (90) days to effectuate an orderly forced relocation of its martial arts academy if this Court ultimately determines that relocation is necessary.

**26.** This 90-day period would be required for USMAA to: (a) locate suitable alternative premises with adequate visibility and accessibility for a martial arts academy, (b) negotiate lease terms and obtain necessary permits, (c) design and construct martial arts-specific improvements, (d) provide adequate notice to students and parents, and (e) transition operations without losing its established student base. This unexpected eviction and forced move of course comes at an immense financial expense to USMAA.

**27.** USMAA's request for immediate injunctive relief seeks to preserve the status quo and prevent further self-help violations while the Court resolves the threshold legal questions regarding lease validity and jurisdiction.

## VI. REQUESTED EMERGENCY RELIEF

**WHEREFORE,** USMAA respectfully requests that this Court:

**GRANT** Relief through an Emergency Protective Order ordering Park Plaza Holdings, LLC, its agents, servants, employees, and all persons acting in concert with them, To Restore Possession of Premises located at 834 Ohio Pike, Unit 240, Cincinnati, Ohio 45245 Back to

USMAA, and grant such other and further relief as this Court deems just and proper, including but not limited to ensuring USMAA is allowed to operate its business without interference from Park Plaza pending resolution of the threshold matter(s).

## VII. CERTIFICATE OF EMERGENCY

Counsel certifies that this filing seeks emergency relief due to the immediate harm caused by Park Plaza's September 5th lock change and termination notice. Delay in obtaining emergency relief will result in immediate and irreversible harm to USMAA's established business operations.

Counsel has not attempted to resolve this matter with opposing counsel because Park Plaza filed its notices on USMAA's doors on a Friday afternoon, AND Park Plaza's counsel informed the Court in Doc 669 that he is unavailable and out of the country until September 13, 2025 without providing for any other substitute counsel. Given the emergency nature of Park Plaza's self-help eviction and the immediate harm to USMAA's business operations, USMAA cannot wait for opposing counsel's return to seek relief.

Respectfully submitted.
/s/ Kemal V. Catalan
Kemal V. Catalan (OH Bar# 0102993)
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, OH 45202
Phone: 513-549-6246
Email: kemalvcatalan@kvclawfirm.com
Attorney for US Martial Arts Academy, Inc.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 9036-1, I certify that on September 8, 2025 I sent a copy of the foregoing to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first class U.S. mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Kemal V. Catalan
Kemal V. Catalan