UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| HULL ORGANIZATION, LLC ) | Case No.  23-32983 |
| Debtor ) | Chapter 7 |
| ) | Formerly Chapter 11 |
| _____ ) | |

**ORDER**

This matter comes before the court on the Renewed Emergency Request for a Protective Order to Restore Possession of Premises Back to USMAA filed by US Martial Arts Academy, Inc. ("USMAA").  In the motion, USMAA moves for an order directing Park Plaza Holdings, LLC ("Park Plaza") its agents, servants, employees, and all persons acting in concert with them, to restore possession of premises located at 834 Ohio Pike, Unit 240, Cincinnati, Ohio 45245 back to USMAA pending resolution of the issues currently before the Court.  USMAA does not cite any rule or statute for its requested relief.  Presumably, it is seeking relief pursuant to Fed. R. Bank. P. 7065.

Without elaborating, the Plaintiff alleges that it will suffer irreparable harm if the injunctive relief is not granted, and that it can demonstrate a likelihood of success on the merits.

Upon review of the "emergency motion," USMAA failed to comply with the procedural requirements as provided in Fed. R. Bankr. P. 7065 for granting ex parte relief.  Ex parte relief requires an affidavit or verified complaint setting forth specific facts showing immediate and irreparable injury, loss, or damage.  Fed. R. Bank. P. 7065(b)(1)(A).  Furthermore, the Plaintiff must certify what efforts it took to give the opposing party notice and any reasons showing why notice should not be required.  The Plaintiff failed to comply with both of these requirements.  Asking for injunctive relief, much less ex parte or emergency relief, requires more than generalities, but must be supported by definite, concise

allegations of immediate and irreparable injury in the form of an affidavit or verified complaint. Moreover, simply because opposing counsel is unavailable does not relieve a moving party of the requirement to provide notice. Other options are available to provide notice, such as to another attorney in opposing counsel's law firm. Finally, the proposed tendered order also failed to comply with Fed. R. Bank. P. 7065(d) in that it fails to (A) state the reasons why the order issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

As the motion currently before the Court failed to include an affidavit or verified complaint and failed to certification of the efforts undertaken to give notice, the Court has determined the "emergency motion" must be overruled. The Court now being sufficiently advised;

It is hereby **ORDERED** the Renewed Emergency Request for a Protective Order to Restore Possession of Premises Back to USMAA is **DENIED**.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: September 9, 2025