UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtor | Case No. 23-32983-acs<br><br>Chapter 7 |

**FOURTH APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Kaplan Johnson Abate & Bird LLP ("KJAB"), as approved counsel for Hull Organization, LLC ("Hull Org" or the "Debtor") during the pendency of this bankruptcy case under chapter 11, submits this Fourth Application for Compensation and Reimbursement of Expenses (the "Application") pursuant to 11 U.S.C. § 331. In support of this Application, KJAB states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

**Background**

2. On December 13, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Three of Debtor's affiliates, Hull Equity, LLC ("Hull Equity"); Hull Properties, LLC ("Hull Properties"); and 4 West, LLC ("4 West," and collectively, with Hull Equity and Hull Properties, the "Associated Debtors"), also filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code on the Petition Date, and the Court entered orders directing joint administration of the affiliated cases on December 14, 2023.

3. Hull Org was a "small business debtor" as defined in Bankruptcy Code § 101(51D) and elected to proceed under subchapter V of chapter 11. Pursuant to Bankruptcy Code § 1184, Debtor operated its business and managed its properties as debtor in possession until the case was converted to a case under chapter 7 of the Bankruptcy Code pursuant to the *Order Granting Motion to Convert Case to Chapter 7 from 11* [Doc. 613] (the "Conversion Order") entered on August 13, 2025.

4. While Debtor's case was pending under subchapter V of chapter 11, the United States Trustee appointed Michael Wheatley the subchapter V trustee in Debtor's bankruptcy case. Following entry of the Conversion Order, Mr. Wheatley was appointed chapter 7 trustee of the Debtor's bankruptcy estate.

5. Between the Petition Date and entry of the Conversion Order, KJAB served as counsel for Debtor and its Associated Debtors pursuant to the *Order Granting Application to Employ Kaplan Johnson Abate & Bird LLP as Attorney for Debtor* [Doc. 101] entered on February 21, 2024.

6. No agreement or understanding exists between KJAB and any other person for the sharing of compensation received or to be received by KJAB in connection with the services rendered in this case or the cases of the Associated Debtors.

i. *Prior Compensation Awards*

7. On June 3, 2024, the Court entered an *Order Granting Application for Compensation for Kaplan Johnson Abate & Bird LLP* [Doc. 205] (the "First Compensation Order") which awarded KJAB a total allowed administrative expense claim of $74,669.67 for

services rendered and expenses incurred on behalf of the Debtor and its Associated Debtors between the Petition Date and April 30, 2024.

8. Unlike subsequent compensation orders identified below, the First Compensation Order did not itemize the total award among the respective estates. However, the summaries of KJAB's fees and expenses incurred, as included in Exhibit A to KJAB's *First Application for Compensation and Reimbursement of Expenses on an Interim Basis* [Doc. 188-1], suggest that if the total award in the First Compensation Order were itemized among the respective estates consistent with the subsequent compensation orders, the award would have been allocated as follows:

| Debtor | Compensation Awarded | Expense Reimbursement |
|---|---:|---:|
| Hull Org | $67,675.50 | $492.67 |
| Hull Equity | $2,619.50 | $0.00 |
| Hull Properties | $2,721.50 | $0.00 |
| 4 West | $1,160.50 | $0.00 |

9. On December 6, 2024, the Court entered an *Order Granting Application for Compensation for Kaplan Johnson Abate & Bird LLP* [Doc. 363] (the "Second Compensation Order") which awarded KJAB a total allowed administrative expense claim of $54,023.37 for services rendered and expenses incurred on behalf of the Debtor and its Associated Debtors between May 1, 2024, and October 31, 2024. The Second Compensation Order itemized the total award among the respective estates as follows:

| Debtor | Compensation Awarded | Expense Reimbursement |
|---|---:|---:|
| Hull Org | $39,658.00 | $881.37 |
| Hull Equity | $3,876.50 | $199.00 |
| Hull Properties | $1,695.50 | $0.00 |
| 4 West | $6,965.00 | $748.00 |

10. On May 13, 2025, the Court entered an *Order Granting Application for Compensation for Kaplan Johnson Abate & Bird LLP* [Doc. 501] (the "Third Compensation

Order," and collectively with the First Compensation Order and Second Compensation Order, the "Prior Compensation Orders") which awarded KJAB a total allowed administrative expense claim of $46,513.23 for services rendered and expenses incurred on behalf of the Debtor and its Associated Debtors between November 1, 2024, and March 31, 2025. The Third Compensation Order itemized the total award among the respective estates as follows:

| Debtor | Compensation Awarded | Expense Reimbursement |
|---|---|---|
| Hull Org | $23,161.00 | $110.88 |
| Hull Equity | $3,534.50 | $0.00 |
| Hull Properties | $4,918.00 | $230.00 |
| 4 West | $14,245.50 | $313.35 |

ii. *Post-Petition Payments*

11. In addition to the pre-petition retainer payments disclosed in the verified statement submitted with the *Application to Employ Kaplan Johnson Abate & Bird LLP as Attorney for Debtor* [Doc. 60-1], KJAB received and applied the following payments from or on behalf of the Debtor and its Associated Debtors after the Petition Date:

   a. $13,650.00 from Hull Org on August 16, 2024, sourced from a pre-petition payment Hull Org made to an Ohio attorney that was refunded after the Petition Date;

   b. $35,000.00 from Mr. Wheatley as subchapter V trustee in the Hull Org bankruptcy case on March 21, 2025, and applied said funds toward the balance of compensation and reimbursement previously awarded;

   c. $7,610.00 from Hull Equity on May 13, 2025, sourced from the net sale proceeds of its real property commonly identified as 2003 Grant Line Road (Parcel #1), New Albany, Floyd County, Indiana;

   d. $7,825.00 from Hull Properties on May 13, 2025, sourced from the net sale proceeds of its real property commonly identified as Units 9 and 10 of 1902 Campus Place, Louisville, Jefferson County, Kentucky; and

   e. $22,271.85 from 4 West on May 13, 2025, sourced from the net sale proceeds of its real property commonly identified as 4 West Main Street, Springfield, Clark County, Ohio.

12. KJAB reaffirms its previous representations that during the period of its employment under Bankruptcy Code § 327(a), KJAB did not hold or represent an interest adverse to the interests of Debtor's estate or the Associated Debtors' and was a "disinterested person" within the meaning of the Bankruptcy Code.

13. All services for which compensation or reimbursement is requested were performed or incurred to preserve or enhance the estates during the pendency of these bankruptcy cases under chapter 11 of the Bankruptcy Code.

### Relief Requested

14. By this Application, KJAB seeks an award of compensation for services rendered and reimbursement of expenses incurred during the period of April 1, 2025, through August 12, 2025 (the "Application Period").

15. A separate statement setting forth the amount of time and description of services performed as counsel for the Debtor during the Application Period is attached as **Exhibit A**. The professionals and paraprofessionals performing such services are identified therein by their names, and include the following individuals:

| Name | Hourly Rate |
|---|---|
| Charity S. Bird | $450 |
| J. Gabriel Dennery | $225 |
| Hunter Frint | $155 |
| Greta Maas | $165 |
| Tyler R. Yeager | $335 |

   a. Charity S. Bird is a member of KJAB and practices within the firm's Financial Restructuring Section. She graduated magna cum laude from Georgia State University with a Bachelor of Science in Criminal Justice in 2001 and Georgia State University School of Law (J.D., 2005). Ms. Bird is

a member of the Louisville, Kentucky, and Georgia Bar Associations, as well as the bankruptcy sections of the Kentucky Bar Association and Louisville Bar Association. Her primary area of practice is bankruptcy law. Ms. Bird has previously served as a chapter 7 panel trustee in the Southern District of Indiana and is regularly appointed as a subchapter V trustee in chapter 11 small business cases in the Eastern and Western Districts of Kentucky.

b. J. Gabriel Dennery is an attorney with KJAB and practices within the firm's Financial Restructuring Section. Mr. Dennery graduated with a Bachelor's of Science in Mathematics from the University of Cincinnati in 2020 and the J. David Rosenberg School of Law at the University of Kentucky (J.D., 2024). He is a member of the Kentucky Bar Association. Mr. Dennery's primary area of practice is bankruptcy law and commercial litigation.

c. Hunter Frint is a paralegal and project manager at KJAB, where she primarily provides support for bankruptcy cases and some litigation support as well. Ms. Frint studied News-Editorial Journalism and Biological Anthropology at Western Kentucky University and earned her bachelor's degree in 2017. She is proficient in document management and technology support.

d. Greta Maas is a paralegal and litigation support specialist for KJAB. Ms. Maas's primary area of concentration is litigation. She assists with case discovery, trial preparation, and controls the presentation software at trial. Ms. Maas is proficient in eDiscovery platforms such as Everlaw and Relativity and is trained in TrialDirector 360.

e. Tyler R. Yeager is an attorney with KJAB and practices within the firm's Financial Restructuring Section. Mr. Yeager is a graduate of Indiana University Maurer School of Law (J.D., 2008) and the University of Kentucky (B.A., 2005). He is a member of the Louisville and Kentucky Bar Associations. Mr. Yeager's primary area of practice is bankruptcy law.

16. In addition to the performance of legal services, KJAB has advanced and incurred out-of-pocket expenses identified in Exhibit A for which KJAB requests reimbursement.

17. In order to be consistent with the recording and presentation of fees and expenses in KJAB's prior fee applications submitted during the joint administration of Debtor's and the Associated Debtors' cases under chapter 11 of the Bankruptcy Code, summaries of fees and expenses incurred on behalf of the Associated Debtors during the

Application Period are attached as **Exhibit B**. For illustrative purposes, the fees and expenses incurred on behalf of Debtor and its Associated Debtors during the Application Period were recorded contemporaneously by KJAB personnel as follows:

| Debtor | Compensation Awarded | Expense Reimbursement |
|---|---|---|
| Hull Org | $35,793.50 | $234.81 |
| Hull Equity | $2,275.00 | $198.60 |
| Hull Properties | $2,381.00 | $0.00 |
| 4 West | $3,931.00 | $0.00 |

18. By this Application, KJAB seeks a total award of $36,028.31, comprised of $35,793.50 in professional compensation and $234.81 in expense reimbursements. However, KJAB will, by companion motions to be filed in this case and the chapter 7 cases of the Associated Debtors, ultimately seek reallocation of fees and expenses awarded in the Prior Compensation Orders and pursuant to this Application and companion applications filed in the chapter 7 cases of the Associated Debtors.

19. Bankruptcy Code § 330 sets forth the applicable standard for determining reasonable compensation: the award shall be based on the nature, extent, and value of services performed, with consideration given to the time spent on such services and the cost of comparable services in cases other than cases under the Bankruptcy Code.

20. *Time and Labor Required*: The billing summary submitted with this Application indicates that the professionals and paraprofessionals of KJAB have devoted not less than 115 hours of time serving Debtor during the Application Period. In circumstances where expertise and judgment of an attorney were not required, responsibilities were delegated to paralegals where available.

21. *Novelty and Difficulty of Questions Presented*: While pending under chapter 11 of the Bankruptcy Code, the jointly administered case primarily involved issues concerning

litigation over disputed property interests and multiple defaults to secured lenders. Additionally, Debtor and the Associated Debtors contested motions to dismiss or convert the cases and attempted to compromise their disputed property interests. Finally, Debtor and the Associated Debtors marketed and sold certain real properties under Bankruptcy Code § 363(b). As a result, KJAB spent significant amounts of time addressing those issues to preserve and enhance the value of the respective estates.

22. *Skill Requisite to Perform Legal Services*: KJAB has drawn upon the judgment, experience, and substantive legal knowledge of professionals specializing in the fields of bankruptcy and debtors' rights, commercial law, and litigation to perform its services rendered for the benefit of Debtor and its estate.

23. *Preclusion of Other Employment*: The commitment of time and resources necessary to serve as counsel to Debtor and the Associated Debtors has not precluded KJAB from being engaged in other matters any more than an ordinary attorney-client engagement.

24. *Customary Fee*: The rates charged by the participating attorneys as set forth in the billing summary are within the range charged by attorneys in this Court's jurisdiction of similar skill and reputation in the areas of bankruptcy, debtor/creditor rights, and commercial litigation. The hourly rates charged by KJAB in this case and the Associated Debtors' cases during the Application Period yield a blended rate of $306.07/hour which is reasonable for chapter 11 debtor representation and at or below the prevailing market rate.

25. *Time Limitations*: The time limitations imposed by this case while it was pending under chapter 11 and jointly administered with the Associated Debtors' cases primarily involved maintaining compliance with Debtor's reporting and case administration duties, and meeting deadlines established by the Court.

26. *Amount Involved and Results Obtained*: The amount of indebtedness and assets of Debtor's and the Associated Debtor's estates are comparable to other chapter 11 cases under subchapter V and single asset real estate cases pending in this Court. The results obtained included the continuation of Debtor's operating business, multiple sales of estate property, attempted settlement of litigation, preservation of the estates' value despite the disruptions attendant to a chapter 11 filing, and an interim resolution of a *Motion to Dismiss or Convert* filed by the United States Trustee.

27. *Experience, Reputation, and Abilities of Counsel*: KJAB is a boutique law firm with substantial experience in bankruptcy, commercial law, litigation, and other disciplines required of counsel for Debtor in this case. The experience, reputation, and ability of KJAB professionals generally, and of the attorneys of record before this Court, are well-known in the community in which they practice.

28. *Undesirability of the Case*: KJAB does not find it undesirable to represent this Debtor or any debtor in a bankruptcy proceeding.

29. *Nature and Length of Professional Relationship with Client*: Debtor, through its representative, consulted with KJAB concerning bankruptcy relief beginning in October 2023, then engaged KJAB to file bankruptcy petitions for the Debtor and its Associated Debtors in December 2023. KJAB's representation of Debtor and its Associated Debtors has been limited to bankruptcy related services performed in these cases.

30. Bankruptcy Code § 330 requires notice and a hearing prior to an award of compensation or reimbursement of expenses to an attorney or other professional.

31. Pursuant to Bankruptcy Code § 503(b), administrative expenses shall be allowed after notice and hearing. In accordance with Bankruptcy Code § 102(1), the Court

may give such notice and opportunity for a hearing as is appropriate in the circumstances presented.

32. The notice and hearing requirements of Bankruptcy Code §§ 102(1) and 503 and Fed. R. Bankr. P. 2002 will be satisfied if twenty-one (21) days' written notice of this Application is given by mail to all interested parties and a date is set by which any objections to this Application shall be filed. In the event no objection or request for hearing is filed by the objection deadline, then the requirements will have been met without an actual hearing.

WHEREFORE, KJAB respectfully requests entry of an Order awarding $35,793.50 in compensation and $234.81 in reimbursements to KJAB for the Application Period.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Counsel for Debtor*

### Certificate of Service

I certify that on September 12, 2025, a true and correct copy of the foregoing *Fourth Application for Compensation and Reimbursement of Expenses* was (a) mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER