UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HULL ORGANIZATION, LLC<br><br>Debtor | Case No. 23-32983-acs<br><br>Chapter 7 |

**MOTION FOR REALLOCATION AND FINAL ALLOWANCE OF ALL INTERIM AWARDS OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Kaplan Johnson Abate & Bird LLP ("KJAB"), as approved counsel for former debtors in possession Hull Organization, LLC ("Hull Org"); Hull Equity, LLC ("Hull Equity"); Hull Properties, LLC ("Hull Properties"); and 4 West, LLC ("4 West," and collectively, with Hull Org, Hull Equity, and Hull Properties, the "Debtors"), moves the Court to reallocate among the Debtors' respective estates a portion of the compensation and reimbursement of expenses previously awarded to, and pending application of, KJAB on interim bases, and deem all such reallocated awards allowed pursuant to 11 U.S.C. § 330. In support of this Motion, KJAB states as follows:

**Jurisdiction and Venue**

1.  The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

**Background**

2.  On December 13, 2023 (the "Petition Date"), each of the Debtors filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Court entered orders directing joint administration of the affiliated cases on December 14, 2023.

3. On August 13, 2025 (the "Conversion Date"), Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code and the Court terminated the joint administration of the cases.

4. Between the Petition Date and the Conversion Date, KJAB served as counsel for the Debtors pursuant to the *Order Granting Application to Employ Kaplan Johnson Abate & Bird LLP as Attorney for Debtor* [Doc. 101[1]] entered on February 21, 2024.

5. At all times relevant herein and with respect to these bankruptcy cases, KJAB's professionals and personnel maintained contemporaneous records of time spent providing legal services to the Debtors. Consistent with customary practices and firm policy, KJAB opened a separate file and matter for each Debtor.

6. The Court has previously entered three prior orders awarding KJAB a total of $175,206.27 as compensation and reimbursement for services rendered as a professional employed under Bankruptcy Code § 327. See *Order Granting Application for Compensation for Kaplan Johnson Abate & Bird LLP* [Docs. 205, 363, and 501] (collectively, the "Compensation Orders").

7. Two of the Compensation Orders[2] specifically allocated $100,536.60 of the total award among the Debtors' estates as follows:

*Allocations Specified in Prior Orders*

| Debtor | Compensation | Reimbursement |
|---|---:|---:|
| Hull Org | $62,819.00 | $992.25 |

---

[1] All ECF document numbers cited herein refer to entries on the record in *In re Hull Organization, LLC*, Case No. 23-32983, the lead case while these bankruptcy cases were being jointly administered.

[2] See Docs. 363 and 501.

| | | |
|---|---:|---:|
| Hull Equity | $7,411.00 | $199.00 |
| Hull Properties | $6,613.50 | $230.00 |
| 4 West | $21,210.50 | $748.00 |

8.   The above allocations were premised upon KJAB's contemporaneous records of time and expenses related to services rendered to the Debtors as submitted as exhibits to the respective interim applications for compensation. KJAB submits that if the initial Compensation Order had provided for allocation of the award in a manner consistent with subsequent Compensation Orders, the remaining $74,669.67 would have been divided among the Debtors' estates as follows:

*Projected Allocations in First Compensation Order*

| Debtor | Compensation | Reimbursement |
|---|---:|---:|
| Hull Org | $67,675.50 | $492.67 |
| Hull Equity | $2,619.50 | $0.00 |
| Hull Properties | $2,721.50 | $0.00 |
| 4 West | $1,160.50 | $0.00 |

9.   On September 12, 2025, KJAB filed an application for an award of compensation and reimbursement in each of the Debtors' cases for services rendered between April 1, 2025 and the Conversion Date (collectively, the "September 2025 Applications"), each of which is pending notice and a hearing through September 26, 2025. KJAB has applied for awards from the respective Debtors' estates as follows:

*Proposed Allocations in Pending Applications*

| Debtor | Compensation | Reimbursement |
|---|---:|---:|
| Hull Org | $35,793.50 | $234.81 |
| Hull Equity | $2,275.00 | $198.60 |
| Hull Properties | $2,381.00 | $0.00 |
| 4 West | $3,931.00 | $0.00 |

10.  Assuming, first, that the initial $74,669.67 compensation award had been allocated among the Debtors' estates based solely on KJAB's contemporaneous records,

consistent with subsequent awards to KJAB and as proposed in KJAB's pending applications, and, second, that KJAB's pending applications are allowed as provided in their respective proposed orders submitted therewith, the total amounts awarded would be allocated as follows:

*Cumulative Allocations from Prior Orders and KJAB's Contemporaneous Records of Services to Debtors*

| Debtor | Total Awards per Estate | Relative to Total |
|---|---|---|
| Hull Org | $168,007.73 | 76.36% |
| Hull Equity | $12,703.10 | 5.77% |
| Hull Properties | $11,946.00 | 5.43% |
| 4 West | $27,363.35 | 12.44% |

11.  KJAB does not intend to apply for any additional awards of compensation and reimbursement for services rendered to or on behalf of the Debtors and their respective estates.

## Relief Requested

12.  By this Motion, KJAB requests that, after the September 2025 Applications are adjudicated, the Court reallocate the total compensation and reimbursements awarded KJAB in these bankruptcy cases (collectively, the "KJAB Fee Claims") among the Debtors' respective estates. Such reallocation is appropriate and necessary under the circumstances to account for each estate's benefit from KJAB's actual, necessary services rendered and expenses. KJAB further requests that the Court deem the remaining unpaid balance of each amount awarded to KJAB, as adjusted pursuant to this Motion and/or the Court's discretion, to be an allowed administrative expense as compensation and reimbursement awarded under Bankruptcy Code § 330(a).

13.  Bankruptcy Code § 330 gives the Court broad discretion to determine what constitutes "reasonable compensation" for professionals employed under Bankruptcy Code

§ 327. *In re Village Apothecary, Inc.*, 45 F.4th 940 (6th Cir. 2022). Subsection (a)(3) of § 330 enumerates a non-exhaustive list of relevant factors that must inform the Court's determination. The reallocation of the KJAB Fee Claims as proposed herein is appropriate because determining the reasonable compensation to be awarded KJAB, shall take into account "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]." 11 U.S.C. § 330(a)(3)(C); *In re Energy Future Holdings Corp.*, 593 B.R. 217, 256 (Bankr. Del. 2018).

14. Based upon the records of time spent on services rendered to the Debtors, the interconnectedness of these Debtors' estates as related to the issues that dominated these chapter 11 cases, the practical limitations of any time-keeping methods when undertaking joint representation, and the shared benefits toward administration and completion of these cases, KJAB proposes that the final allocation of the KJAB Fee Claims should be as follows:

*Proposed Final Reallocation of Fees and Expenses*

| Debtor | Total Award per Estate | Relative to Total |
|---|---|---|
| Hull Org | $85,583.04 | 38.90% |
| Hull Equity | $44,276.87 | 20.12% |
| Hull Properties | $40,200.15 | 18.27% |
| 4 West | $49,960.12 | 22.71% |

15. The proposed reallocations reflect a considered review of the records of time spent on various services to the Debtors, aided by KJAB's adherence to the suggested "project categories" suggested within the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330. 28 C.F.R. Pt. 58, App. A (the "UST Fee Guidelines"). Specifically, the proposed reallocations have been calculated by redistributing portions of the fees for services that

provided a collective benefit among the estates, such as work related to the Debtors' business operations, matters concerning administration of the jointly administered cases, claims administration and objections, fee and employment applications, financing, the consolidated meetings of creditors, plan and disclosure statement, and litigation.

16. The reallocations suggested herein propose an equitable distribution of the administrative expenses incurred by the Debtors, as former debtors in possession, insofar as KJAB's services were collectively beneficial to the administration of the Debtors' estates. As a practical matter, many of the necessary services rendered by an attorney for associated debtors in possession provide mutual benefits to related estates, but separately recording time spent on such services would be inefficient and require the reviewer to exercise heightened scrutiny for duplication of services and unreasonable fees.

17. KJAB's personnel who rendered services in these cases are experienced and trained on matters of diligent timekeeping for purposes of submitting applications for compensation under Bankruptcy Code § 330. However, because it was the debtor in possession in the lead case while these bankruptcy cases were pending under chapter 11, the file KJAB maintained for Hull Org was, for all intents and purposes, the "catch-all" for KJAB's personnel when recording their services rendered and expenses incurred. As a result, the contemporaneous time records skew unfairly toward Hull Org as compared to its formerly associated debtors.

18. Accordingly, KJAB has carefully reviewed the time entries supporting its fee applications and given due consideration to nature of the activities that were required to preserve and benefit the estates, both as a unified business operation and those matters which provided direct benefits on a per-estate basis. Services that conferred specific and

identifiable benefits to just one estate, such as Hull Org's, Hull Equity's, and Hull Properties' sales of real properties, remain charged only to the respective estate, while services related to the litigation of contested matters that affected administration of all four cases, such as the various motions to dismiss or convert, are proposed to be redistributed to reflect such collective benefits.

19. KJAB's calculation of the proposed reallocations on a per category basis is set forth in the table filed herewith as **Exhibit A**. In summary, the reallocations based on project categories adhere to the following formulas:

|  | Hull Org | Hull Equity | Hull Properties | 4 West |
|---|---|---|---|---|
| **Asset Analysis** | - | - | - | - |
| **Asset Disposition** | + 35% of 4 West | - | - | 65% |
| **Business Operations** | 70% | + 10% of Hull Org | + 10% of Hull Org | + 10% of Hull Org |
| **Case Administration** | 55% | + 15% of Hull Org | + 15% of Hull Org | + 15% of Hull Org |
| **Fee/Employment Applications** | 40% | + 20% of Hull Org | + 20% of Hull Org | + 20% of Hull Org |
| **Financing** | 40% | + 20% of Hull Org | + 20% of Hull Org | + 20% of Hull Org |
| **Meeting of Creditors** | 25% | + 25% of Hull Org | + 25% of Hull Org | + 25% of Hull Org |
| **Plan and Disclosure Statement** | 75% | + 25% of Hull Org |  |  |
| **Relief from Stay Proceedings** | 50% | - | - | + 50% of Hull Org |
| **Litigation** | 25% | + 25% of Hull Org | + 25% of Hull Org | + 25% of Hull Org |
| **Expenses** | 70% | + 10% of Hull Org | + 10% of Hull Org | + 10% of Hull Org |

20. The reallocations proposed herein provide for a fair and equitable division among the estates for the benefits each sustained while these cases were pending joint administration under chapter 11. KJAB's compensation and reimbursement awarded and to

be awarded in these cases is reasonable and reflects the services that were necessary to the administration and toward the completion of these cases.

WHEREFORE, KJAB respectfully requests that the Court enter an Order in each of the Debtors' cases which awards compensation and reimbursement for actual, necessary services rendered prior to the Conversion Date under Bankruptcy Code § 330(a), and specifically identifies the amount of such award as against each estate.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Counsel for Debtors*

## Certificate of Service

I certify that on September 19, 2025, a true and correct copy of the foregoing *Motion for Reallocation and Final Allowance of All Interim Awards of Compensation and Reimbursement* was (a) mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER