UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

In re:

HULL ORGANIZATION, LLC.                              Case No. 23-32983

### INTERESTED PARTY NANCY HULL'S OBJECTION TO APPLICATION OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** ***** *****

Comes Interested Party, Nancy Hull (hereinafter "Nancy"), by counsel, and files this objection to the pending fee application (Doc 692) of Tyler Yeager and Kaplan Johnson Abate & Bird LLP As grounds therefor, Nancy states as follows:

This Court and the parties are well aware that fees awarded are required to be reasonable, necessary, and of benefit to the estate. We see no reason to cite a litany of cases when all parties herein are familiar with the standards for compensation which the Bankruptcy Code requires.

Fees and expenses in this case have been awarded through March 31, 2025. Subsequent time entries provided little, if any, benefit to the estate. The total fees previously awarded and proposed to be allocated to this case are more than sufficient under the totality of the circumstances.

Total fees and expenses awarded in ALL Hull cases through March 31, 2025 are $175,206.27. Of this amount previously awarded, the applicant seeks to allocate $131,979.42 to the Hull Organization case. Applicant seeks additional compensation and expenses of $36,208.31 for a total of $168,188.23 for Hull Organization. For all four cases, that brings the total to be awarded of $211,234.58.

After four attempts, no confirmable plan was ever proffered. The Fourth Amended Plan did not even meet bare minimum requirements such as a liquidation analysis or income projections. Under these circumstances, balloting was a complete waste of time. The Ohio

Pike property held by this Debtor in Ohio was sold and closed long before the time period of this application. The buyer was found, on the eve of foreclosure, by the Receiver appointed by the Jefferson County Family Court and this bankruptcy was filed to halt the sale on the contract obtained. Ultimately, the same buyer purchased the property under similar terms and conditions. This sale – which had very little to do with efforts pertaining to the bankruptcy cases, could be considered the only positive, beneficial outcome of this case. Obviously, therefore, that sale represented a very costly single benefit to the Estate. Issues later arose because Robert Hull failed to properly notice a tenant of the bankruptcy. Robert Hull, not the Estate, should bear the expenses incurred in solving the problem which he caused.

Counsel did not file the reallocation of fees on a timely basis as was ordered at the June hearing.

The settlement agreement referenced in the Fourth Amended Plan, as to be approved by the Court, was never executed by Robert Hull. Thereafter, unnecessary time was spent on ludicrous, alternative settlement demands which were solely to the benefit of Robert Hull individually. Robert Hull's action should place the burden on him personally to pay any fees and expenses incurred during this timeframe. Said settlement agreement, filed on May 23, 2025, was never withdrawn and for a long period of time, the Court was led to believe commencing at the June hearing and beyond, that Robert Hull was in support of the settlement agreement filed of record. The fiduciary duty owed in this case was due the estate and not Robert Hull.

In light of the fee amounts already awarded, the very limited benefits derived in this case from the sale of one of the commercial buildings held by Hull Organization, and the representations made as outlined herein, Nancy submits that the pending fee application should be denied.

        Respectfully submitted:

/s/ K. Gail Russell
K. GAIL RUSSELL
MARK W. DOBBINS
Tilford Dobbins Schmidt PLLC
1400 One Riverfront Plaza
401 West Main Street
Louisville, Kentucky 40202
(502) 584-1000
mdobbins@tilfordlaw.com
grussell@tilfordlaw.com
Counsel for Nancy Hull

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was this 30th day of September, 2025, served by electronic mail or regular mail upon all parties of the case and upon the following:

Tyler R. Yeager
Kaplan Johnson Abate & Bird, LLP
710 W. Main Street, 4th Floor
Louisville, Kentucky 40202

Stephen Barnes
Trustee
163 East Main Street
Suite 200
Lexington, Kentucky 40507

Michael E. Wheatley
Trustee, Hull Organization, LLC
P.O. Box 1075
Prospect, Kentucky 40059

Matt Flener
Trustee, 4 West, LLC
2501 Crossings Boulevard
Suite 148
Bowling Green, Kentucky 42104

Matthew Golden
Trustee, Hull Properties, LLC
3809 Poplar Level Road
Louisville, Kentucky 40213

US Trustee  Office
US  Trustee Office
Assistant US Trustee
601 W. Broadway, Suite 512
Louisville, Kentucky 40202

                                                                                 /s/ K. Gail Russell
                                                                                 K. Gail Russell


F:\office\MWD\Hull\Bankruptcy cases 2023\Hull Organization LLC\Conversion\objectiontoawardoffees.docx