# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HULL ORGANIZATION, LLC., | ) | Case No. 23-32983 |
| | ) | Chapter 7 (formerly |
| DEBTOR | ) | Chapter 11) |
| | ) | |

**ORDER**

This case comes before the Court on the Fourth Application for Compensation and Reimbursement of Expenses filed by Kaplan Johnson Abate & Bird LLP ("KJAB"), as approved counsel for Hull Organization, LLC ("Hull Org" or the "Debtor") during the pendency of this bankruptcy case under Chapter 11. KJAB seeks allowance of fees in the amount of $35,793.50 for professional services rendered and $234.81 for reimbursement of costs and expenses incurred during the period of April 1, 2025, through August 12, 2025 (the "Application Period"). Interested Party, Nancy Hull (hereinafter "Nancy") objected to the application. Even if Nancy had not objected, the Court has an independent duty to review the application.

In order to properly consider the application, the Court must review the application in context, considering the posture of the case for the time period in question. This bankruptcy case was commenced in December 2023. During the pendency of this case, the Court has awarded KJAB approximately $130,494.50 in the three previous fee application.

Moreover, as Nancy correctly points out, after four attempts, no confirmable plan was ever proffered. Indeed, the Fourth Amended Plan failed to meet the bare minimum requirements such as a liquidation analysis or income projections. The Ohio Pike property held by this Debtor in Ohio was sold and closed long before the time period of this application. The buyer was found, on the eve of foreclosure, by the receiver appointed by the state court. Ultimately, the same buyer

purchased the property under similar terms and conditions as the receiver proposed. Other sales have become problematic. The Debtor failed to properly notice a tenant of the bankruptcy. Counsel did not keep fees separate for the related cases from the beginning and did not file the reallocation of fees on a timely basis as was ordered by the Court. Finally, the first proposed settlement with Nancy was patently not approvable, while the second proposed settlement with Nancy was never executed by Robert Hull. Thus, any time and expenses spent on these activities were of no benefit to the estate.

As the Sixth Circuit made clear in the *In re Village Apothecary Inc.* case, 45 F.4th 940 (6th Cir. 2022), bankruptcy courts have the authority to reduce professional's fees based upon the results obtained. In this case, the results obtained clearly warrant a reduction of counsel's fees. Thus, in light of the questionable benefit of these last services, the posture of the bankruptcy case, as well as consideration of the fees previously awarded, the Court elects to make a 50% reduction of the current fee application which addresses the concerns raised by the Court and Nancy, and still fairly compensates the applicant. The Court being otherwise sufficiently advised,

**IT IS ORDERED** that KJAB is awarded compensation in the amount of $17,896.75 for actual, necessary professional services rendered to Debtor during April 1, 2025 through August 12, 2025, and reimbursement of $234.81 for actual, necessary expenses incurred in its representation of Debtor during the Application Period, for a total allowed administrative expense claim of $18,131.56.

**IT IS FURTHER ORDERED** that the Chapter 7 trustee for Debtor's estate may, within his discretion, disburse payment to KJAB from estate funds.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: October 8, 2025