UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 23-32983 |
| HULL ORGANIZATION, LLC ) | Chapter 7 |
| Debtor ) | |
| _____ ) | Judge Alan C. Stout |
| ) | |

### RESPONSE TO MOTION TO APPROVE SALE

The Creditor, Louisville/Jefferson County Metro Government ("Metro"), by counsel, for its Response to the Trustee's Motion to Approve the Contract for Sale of Real Property located at 3918 S. Brook St. filed herein by Michael E. Wheatley as Chapter 7 Trustee ("Wheatley" or the "Trustee") for the Estate of the Debtor, Hull Organization, LLC ("Debtor" or "Hull") on October 1, 2025 [DN 708] (the "Motion"), states as follows:

The Motion seeks entry of an order approving the sale of real estate owned by the Debtor located at 3918 S. Brook St. Louisville, KY (the "Subject Property"). **Metro has no objection to the motion or the proposed sale of the Subject Property, but files this response solely for purposes of clarifying statements in the Motion about existing tax liens.**

The Motion correctly states that there are numerous liens (held by Metro) for code enforcement violations[1] (the "Metro IPL Liens") and a tax lien held by Christine Hoogenboom. However, the Motion does not reference the additional real estate tax liens held by Metro.

In addition to the Metro IPL Liens, Metro is the holder of liens on the Subject Property for unpaid, delinquent *ad valorem* taxes in the total amount of $15,489.09 for the tax years 2016-2020

---

[1] Metro filed Claim No. 2 herein on January 4, 2024 for those code enforcement liens of record at that time (the "Metro IPL Claim"), and additional code enforcement liens may have been incurred since the Metro IPL Claim was filed. These liens are second in priority behind only the tax liens held by Metro and Hoogenboom.

and 2023-24 (the "Metro Tax Liens").  On January 4, 2024, Metro filed Claim No. 1 herein for the delinquent taxes for the 2016-2020 tax years. In addition, the tax bills for 2023 and 2024 are now delinquent and became liens on the Subject Property during the pendency of this action.

Pursuant to KRS 134.420(3), the Metro Tax Liens have priority over any other lien against the real property in question, except for those of other tax liens held by Hoogenboom. As such, the tax liens held by Metro and Hoogenboom total roughly $17,000, which is significantly higher than referenced in the Motion.

Pursuant to KRS 134.420 and 134.546, the liens of Metro and Hoogenboom (collectively, the "Tax Lien Holders") are secured claims of equal priority which collectively enjoy priority over all other liens against the Subject Property and must be paid first from the proceeds of any sale. Pursuant to KRS 65.8835, the code enforcement liens held by Metro have priority over all liens against the Subject Property other than those held by the Tax Lien Holders, and must be paid next following payment of the unpaid tax liens.

As noted above, Metro does not object to the proposed sale of the Subject Property and files this response solely for the purpose of clarifying that the total amount necessary to satisfy the liens against the Subject Property, particularly the tax liens held by Metro, may be higher than suggested in the Motion. However, based on the estimated values referenced in the Motion, it appears a sale of the Subject Property would likely bring sufficient funds to pay all tax liens and code enforcement liens and have additional proceeds available for the Debtor's estate.

As such, Metro has no objection to the sale of the Subject Property, provided any subsequent orders clearly provide for payment of the Metro Tax Liens and Metro IPL Liens in the priority to which they are entitled.

        Respectfully submitted,

        MICHAEL J. O'CONNELL
        JEFFERSON COUNTY ATTORNEY

        /s/ Daniel T. Albers, Jr.
        DANIEL T. ALBERS, JR.
        Assistant Jefferson County Attorney
        First Trust Centre
        200 S. Fifth St., Suite 300N
        Louisville, KY  40202
        (502) 574-6333

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Objection was served via electronic and/or first class mail, postage prepaid, this 13th day of October, 2025 upon the parties to be notified as provided by ECF upon the filing hereof.

        /s/ Daniel T. Albers, Jr.
        DANIEL T. ALBERS, JR.