UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| HULL ORGANIZATION, LLC, et al. | ) | Chapter 11 |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Bankruptcy No. 23-32983-acs |

## LIMITED OBJECTION TO TRUSTEE'S MOTION
## TO APPROVE CONTRACT FOR SALE OF REAL PROPERTY

Comes Martin Goldsmith, a Secured Creditor of the Debtor, Hull Organization, LLC, and for his limited objection to the Motion of the Trustee to Approve the Contract For Sale of Real Properties located at 1-17 East Central Avenue and 5-23 North Elm Street, both in West Carrollton, Montgomery County, Ohio (hereinafter referred to as the Properties)[1] states as follows:

1.      That the Secured Creditor has a mortgage interest in the Properties and is a secured creditor of the Debtor.

2.      That the Motion directly indicates that there is an anticipated closing date on the Contract submitted "on or before October 21, 2025, or within 14 days after all contingencies are removed." (See numerical paragraph 8 of said Motion). However, this Contract is absolutely impossible of being closed by October 21, 2025. There are contingencies in the Contract that extend beyond October 21, 2025 (see numerical paragraph 5 of the Contract), including a financing contingency contained in the Contract that gives the Buyer thirty days after acceptance of the Contract to obtain a loan commitment (see numerical paragraph 5(i)). This Contract will not be considered accepted until this Court enters an Order regarding same (see numerical paragraph 5(h) – "The sale of the propert(ies) is subject to bankruptcy Court approval").

---

1. The subject Motion was filed on October 14, 2025, as Document Number ("DN") 728.

3.      Furthermore, numerical paragraph 17 of the Contract, found on Page 6 of 10, provides as follows: "**17.  CLOSING AND POSSESSION:**  This contract shall be performed and this transaction closed on or before 11/21/2025 or within 14 days after all contingencies are removed or sooner unless the parties agree in writing to an extension…." Therefore, the statement that the Contract is anticipated to be closed by October 21, 2025, is incorrect.

4.      That Secured Creditor simply points out the foregoing to inform the Court that the Properties will not be sold within the time frame as presented in the Motion, but instead might not close until November 21, 2025, or even later, if the contingencies have not been satisfied.

5.      Again, Secured Creditor has no objection to the Motion of the Trustee for the proposed sale of the Properties, but files this Limited Objection solely for the purposes of clarifying the terms of the Contract that are incorrectly stated in the Motion.

Respectfully Submitted,

/s/ Michael R. Gosnell
MICHAEL R. GOSNELL
SEILLER WATERMAN LLC
Attorney for Secured Creditor
462 South Fourth Street, 22nd Floor
Louisville, Kentucky 40202
(502) 584-7400
FAX  583-2100
mgosnell@derbycitylaw.com

CERTIFICATE OF SERVICE

It is hereby certified that on the 20th day of October, 2025, a copy of the foregoing Limited Objection was mailed to: Robert Hull, As Member Manager of Hull Organization, LLC, 1982 Campus Place, Suite 9, Louisville, Kentucky 40299; and, a copy of same was electrically sent to:

2

Scott A. Bachert, Attorney for Trustee; Charity S. Bird and Tyler R. Yeager, Former Attorneys for Debtor; U.S. Trustee or the Assistant U.S. Trustee; and, to any and  all other persons or parties on the Electronic Service List of the within action.

 /s/ Michael R. Gosnell
MICHAEL R. GOSNELL

H:\My documents\Goldsmith, Martin\Hull, Robert\2023 Chap 11 Bankruptcy\Limited Objection-101725.docx