## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 23-32983-acs |
| **HULL ORGANIZATION, LLC,** *et al.* | **Chapter 11** **(Jointly Administered)** |
| *Debtors[1]* | |

## PARK PLAZA HOLDINGS, LLC'S NOTICE OF SERVICE OF DISCOVERY REQUESTS DIRECTED TO US MARTIAL ARTS ACADEMY, INC.

Now comes Park Plaza Holdings, LLC, by and through counsel, and hereby gives notice to the Court and all parties or counsel of record that its First Set of Requests for Admission, Interrogatories, and Request for Production directed to US Martial Arts Academy, Inc., a true and accurate copy of which is attached hereto as **Exhibit A**, was served this 29th day of October, 2025.

Respectfully submitted,

/s/ Paul T. Saba
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue, Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
*Attorneys for Park Plaza Holdings, LLC*

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Service of Discovery Requests directed to US Martial Arts Academy, Inc. was served on October 29, 2025, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

    U.S. Trustee
    Tim Ruppel, Assistant U.S. Trustee
    John R. Stonitsch, Attorney for U.S. Trustee
    K. Gail Russell, Attorney for Nancy Hull
    Kemal Catlin, Attorney for USMAA

                                 */s/ Paul T. Saba*
                                   Paul T. Saba (KY #95203)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 23-32983-acs |
| **HULL ORGANIZATION, LLC,** *et al.* | **Chapter 11** |
| | **(Jointly Administered)** |
| *Debtors*[1] | |

## PARK PLAZA HOLDINGS, LLC'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION DIRECTED TO US MARTIAL ARTS ACADEMY, INC.

Now comes Park Plaza Holdings, LLC ("Park Plaza"), by and through counsel, and pursuant to Civ.R. 26, 33, 34, and 36 submits its First Set of Requests for Admission, Interrogatories, and Requests for Document Production to US Martial Arts Academy, Inc. ("USMAA"). Responses, including interrogatory responses made under oath, should be provided to the offices of SSP Law Co., L.P.A. located at 2623 Erie Avenue, Cincinnati, Ohio 45208, within twenty-eight (28) days of the service of these Requests.

### DEFINITIONS

(a)    "USMAA," "Tenant," or "you" shall mean US Martial Arts Academy, Inc., its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

(b)     "Park Plaza" shall mean Park Plaza Holdings, LLC, its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

(c)     "Shopping Center" shall mean the real property and improvements commonly known as 834 Ohio Pike, Cincinnati, Ohio 45245, identified as Clermont County Parcel Nos. 413219.018, 413219.019, and 413219.020.

(d)     "Leased Premises" shall mean Suite 240 of the Shopping Center.

(e)     "Lease" shall mean the Retail Commercial Lease Agreement executed by Hull Organization, as Landlord, and USMAA, as Tenant, and dated effective March 1, 2020, a copy of which was attached to USMAA's Motion for Relief form the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances and Memorandum in Support (Doc. 554) as Exhibit A.

(f)     "Hull Organization" shall mean Hull Organization, LLC, its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

(g)     "Robert Hull" shall mean Robert Hull, his agents, representatives, attorneys, employees, and servants, and any other person or persons acting on his behalf.

(h)     "Motion for Relief" shall mean USMAA's Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and

Encumbrances and Memorandum in Support, which was filed in the above-captioned case on July 17, 2025 as Doc. 554.

(i)    "Person(s)" shall mean any and all natural persons, corporations, associations, organizations, firms, business entities, partnerships, joint ventures, or any other entities of any form whatsoever.

(j)    "Document(s)" shall mean any and all written correspondence, letters, emails, transcripts of phone calls or voicemails, memoranda, writings, drawings, graphs, charts, photographs, videotapes, audiotapes, motion pictures, mechanical or electronic recordings, phonograph records, and any and all other data compilations from which information may be obtained.

(k)    "Communication" or "communicate" shall mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message, or other "document" form, including (without limitation) discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## **INSTRUCTIONS**

(i)    These discovery requests must be answered in accordance with the requirements in and policies of Civ.R. 1, 11, and 26 through 37, as well as any other applicable laws or rules. These requirements and policies include (but are not limited to): effecting just results by eliminating delay, unnecessary expense, and all other

impediments to the administration of justice; encouraging parties to fully and thoroughly prepare and investigate their cases for trial and/or settlement; fairly responding to the substance of discovery requests without obfuscation or unjustified objection; fostering openness, honesty, and professionalism in litigation; and seeking truth. Consistent with this instruction, discovery requests should not be considered vague or unanswerable due to any grammatical, syntactical, typographical, capitalization, or semantic errors or idiosyncrasies, and all responses should fairly meet the substance of the discovery request.

(ii)     In answering these requests, you are to divulge all information and documents in your possession, control, or which are available to you, including information or documents in the control of your attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on your behalf. To the extent that these requests seek documents, they seek both "hard copy" documentation and electronically stored information.

(iii)    If you cannot answer a particular request in full after exercising due diligence to secure the information to do so, you shall so state and shall answer in as detailed a manner as possible, based on such information as is available to or obtainable by you, and you shall specify the inability to answer the remainder.

(iv)    Should you deem as objectionable part, but not all, of any particular request to which an objection is made, you should consider the various parts and

aspects of such interrogatory or request as being severable for that purpose. If any information is claimed as privileged or protected, you should include a log identifying the nature of the claimed privilege or protection and the information or items claimed to be privileged.

(v)     Where possible and subject to Rule 26, electronically stored information should be produced in its native form, except that any electronically stored information which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet) or in hard copy.

(vi)     If any discovery request asks for information as of a certain date, and information as of that specific date is not available, you should state as much and produce information for the closest date possible to the requested date. By way of example, if information is requested as of March 15, 2013, and the only information available is as of March 30, 2013, your response should indicate that information as of March 15, 2013 is not available, and that information as of March 30, 2013 is being produced in its stead.

(vii)     Unless the context otherwise indicates, to "identify" or state the "identity" of a natural person means to state his or her full name, telephone number, title, last known home or business address, and the name and address of his or her present or

5

last known employer, if any, and each position held during the applicable time period; to "identify" or state the "identity" of a person, other than a natural person, means to state the legal title of that person, any trade name which is used by that person, and the address of that person.

(viii)   To "identify" or state the "identity" of a document means to state its date, its author, the type of document (e.g., letter, memoranda, note, telegram, chart, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, its present location, the identity of all persons who received copies and the name of any present custodian of it employed by you or representing you. If any such document was, but is no longer in your possession or control, or in existence, state whether it is: (1) missing or lost; (2) has been destroyed; (3) has been transferred to others; or (4) otherwise disposed of and, in each instance, explain the circumstances surrounding the authorization of such disposition thereof and state the approximate date of such disposition.

## REQUESTS FOR ADMISSION

1.    Admit or deny that pursuant to the Lease, the base rent for the Leased Premises was $2,600.00 per month and $31,200.00 per year from March 1, 2022 through February 28, 2023, as reflected on page 1 of the Lease.

**RESPONSE:**

2.      Admit or deny that pursuant to the Lease, the base rent for the Leased
Premises was $2,700.00 per month and $32,400.00 per year from March 1, 2023 through
February 28, 2024, as reflected on page 1 of the Lease.

**RESPONSE:**

3.      Admit or deny that pursuant to the Lease, base rent for the Leased
Premises is $2,800.00 per month and $33,600.00 per year from March 1, 2024 through
February 28, 2030, as reflected on page 1 of the Lease.

**RESPONSE:**

4.      Admit or deny that USMAA did not pay the base rent of $2,700.00 per
month during the months of March 1, 2023 through February 28, 2024.

**RESPONSE:**

5.      Admit or deny that USMAA did not pay the base rent of $2,800.00 per
month during the months of March 1, 2024 to August 31, 2025.

**RESPONSE:**

6.      Admit or deny that USMAA could not afford to pay base rent for the Leased Premises from February 2023 through September 2025.

**RESPONSE:**

7.      Admit or deny that pursuant to page 2 of the Lease, "Tenant shall pay a late fee of $25.00 per day beginning with the day after the due date" of any payments that were late under the Lease.

**RESPONSE:**

8.      Admit or deny that USMAA has not paid any late fees required under the Lease from February 2023 through September 2025.

**RESPONSE:**

9.      Admit or deny that USMAA could not afford to pay the late fees required under the Lease from February 2023 through September 2025.

**RESPONSE:**

10.     Admit or deny that pursuant to page 2 of the Lease, "Tenant shall be responsible for paying all personal property taxes with respect to Tenant's personal property at the Leased Premises and their pro-rata share of the real estate taxes."

**RESPONSE:**

11.     Admit or deny that USMAA has not paid its pro-rata share of the real estate taxes associated with the Leased Premises from February 2023 through September 2025.

**RESPONSE:**

12.     Admit or deny that USMAA could not afford to pay its pro-rata share of the real estate taxes respect to the Leased Premises from February 2023 through September 2025.

**RESPONSE:**

13.     Admit or deny that pursuant to page 3 of the Lease, "Tenant shall pay all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises during the term of th[e] Lease."

**RESPONSE:**

14.     Admit or deny that USMAA did not pay "all charges for water, sewer,
gas, electricity, telephone and other services and utilities used by Tenant on the Leased
Premises" from February 2023 through September 2025.

**RESPONSE:**

15.     Admit or deny that USMAA could not afford to pay "all charges for
water, sewer, gas, electricity, telephone and other services and utilities used by Tenant
on the Leased Premises" from February 2023 through September 2025.

**RESPONSE:**

16.     Admit or deny that by occupying the Leased Premises from February 2023
through September 2025 without paying expenses that it is contractually obligated to
pay, USMAA received a benefit.

**RESPONSE:**

17.     Admit or deny that according to the Quiet Enjoyment clause in the Lease,
USMAA was responsible for paying "for any improvements or repairs as needed
including but not limited to heating, and air HVA systems, walls, paint, new electrical,
or plumbing and ceilings."

**RESPONSE:**

18.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the heating.

**RESPONSE:**

19.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the walls.

**RESPONSE:**

20.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the HVAC.

**RESPONSE:**

21.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the ceilings.

**RESPONSE:**

22.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the plumbing.

**RESPONSE:**

23.     Admit or deny that USMAA was aware that the Property was being sold through bankruptcy court before the sale had been approved.

**RESPONSE:**

24.     Admit or deny that USMAA was aware that it could object to the sale being approved in bankruptcy court but elected not to do so.

**RESPONSE:**

25.     Admit or deny that USMAA never provided the Receiver with a copy of its Lease.

**RESPONSE:**

26.     Admit or deny that USMAA was never provided a copy of its Lease to Park Plaza.

**RESPONSE:**

## <u>INTERROGATORIES</u>

1.      Identify by name, address, phone number, and official capacity each and every individual or entity that has supplied information or otherwise assisted you in responding to these Interrogatories.

   **RESPONSE:**

2.      Identify each expert witness you have consulted or engaged and, as to each, state whether you have received a written report from such witness and the anticipated testimony to be given by each expert witness.

   **RESPONSE:**

3.      Identify each lay witness you intend to call or may call at the trial, arbitration, or other proceeding of this matter and, as to each, state the anticipated testimony to be given.

   **RESPONSE:**

4.      Identify each expert witness you intend to call or may call at the trial, arbitration, or other proceeding of this matter and, as to each, state the anticipated testimony to be given.

   **RESPONSE:**

5.      Identify each and every document or other tangible thing you intend to introduce or may introduce as an exhibit at trial, arbitration, deposition or other proceeding of this matter.

**RESPONSE:**

6.      Identify by name, address and phone number each and every person with knowledge of the facts relevant to this action and the subject matter of their knowledge, including (without limitation) knowledge relating to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

7.      Identify by name, address and phone number each and every person with whom you have communicated or corresponded regarding the facts relevant to this action, including (without limitation) the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

8.      Identify in an itemized manner all damages or losses USMAA claims to have sustained, stating the total amount of each category claimed and the manner in which each was calculated.

**RESPONSE:**

9.    Identify each date you communicated with the Receiver.

     **RESPONSE:**

10.    Identify each date you provided a copy of the Lease to Park Plaza.

     **RESPONSE:**

11.    Identify each date you provided a copy of the Lease to the Receiver.

     **RESPONSE:**

12.    Identify the date you learned the Landlord filed for bankruptcy.

     **RESPONSE:**

13.    Identify how you learned the Landlord filed for bankruptcy.

     **RESPONSE:**

## <u>REQUESTS FOR PRODUCTION</u>

1.      Produce each and every document identified, relied upon, or referred to in answering any of the above interrogatories.

   **RESPONSE:**

2.      Produce each and every document and/or tangible thing that constitutes, identifies, or supports any claims asserted by you or upon which you may rely in this litigation.

   **RESPONSE:**

3.      Produce each and every document you intend to introduce or may introduce at any arbitration, deposition, trial, or other hearing related to this matter.

   **RESPONSE:**

4.      Produce each and every report, evaluation, or other communication from any expert witness that you may call at trial or otherwise rely upon for purposes of this litigation.

   **RESPONSE:**

5.      Produce copies of each and every document executed by you with respect to the Property or the Leased Premises.

**RESPONSE:**

6.      Produce each and every correspondence and communication by and between USMAA and Cullen Bilyeu relating, pertaining, or referring in any way to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

7.      Produce each and every correspondence and communication by and between USMAA and the Hull Organization from December 13, 2023, until the present.

**RESPONSE:**

8.      Produce each and every correspondence and communication by and between USMAA and Robert Hull from December 13, 2023, until the present.

**RESPONSE:**

9.      Produce each and every correspondence and communication by and between USMAA and Park Plaza.

**RESPONSE:**

10.      Produce each and every correspondence and communication by and between you and any other person or entity relating, pertaining, or referring in any way to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

11.      Produce a copy of all documents supporting USMAA's alleged damages or losses.

**RESPONSE:**

12.      Produce a complete copy of USMAA's profit & loss statements from January 1, 2023 until the present.

**RESPONSE:**

13.      Produce true and accurate copies of all of USMAA's financials from January 1, 2023, until the present.

**RESPONSE:**

14.     Produce a complete copy of USMAA's federal, state, and local tax returns, including K1s and all other schedules, from January 1, 2023, until the present.

**RESPONSE:**

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
***Attorneys for Park Plaza Holdings, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served upon the following via electronic mail on October 29, 2025:

Kemal Catlin
kemalvcatalan@kvclawfirm.com
Attorney for USMAA

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)

19