# COMMERCIAL PURCHASE CONTRACT

Industrial – Investment – Commercial – Multi-Family

It is recommended that all parties be represented by a REALTOR® and an Attorney.

DATE 12/04/2025

**1. PROPERTY DESCRIPTION:** Buyer offers to purchase from Seller through Broker(s), the following described real property including, without limitation, all improvements, fixtures, appurtenant rights, privileges, and easements ("Property") located in the County of  Montgomery County , and the State of Ohio known as:

1-17 E Central Avenue, West Carrollton, OH 45449.
Parcel Numbers included are K48001040107, K48001040108, K48001040109

**2. PRICE AND TERMS:** The purchase price is: $ 295,000.00
Payable as follows:

Cash purchase

**3. ADDITIONAL TERMS:**

The price above includes the 3 parcels noted above as described on the Montgomery County Auditor site for the entire building located on the corner of the NE corner of Central and Elm.

**4. DEED:**
 4.1 The Seller shall convey to the Buyer marketable title in fee simple by transferable and recordable limited warranty deed, with release of dower, if any, or fiduciary deed, as appropriate, free and clear of all liens and encumbrances not accepted by this contract, and except the following:
  (a) those created by or assumed by the Buyer;
  (b) those specifically set forth in this contract;
  (c) zoning ordinances;
  (d) legal highways;
  (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use; and
  (f) all coal, oil, gas and other mineral rights and interests previously transferred or reserved of record

 4.2 Seller has not transferred, conveyed, or reserved, nor does Seller have any knowledge of any prior transfers, conveyances or reservations of any coal, oil, gas, or other mineral rights or interests in the premises, except for the following (none if nothing inserted): No Exceptions .

**5. CONTINGENCIES:**

(a) Each contingency below shall be deemed to have been waived unless Buyer gives written notice to Seller or Seller's agent that Buyer wishes to terminate this transaction within the time frame set forth below for each contingency.

(b) Within 0 days after the full execution of this real estate purchase contract, Seller shall provide the following for the buyer's inspection: (i.e. leases, service contracts, summaries of unwritten contracts, and other items listed below). Buyer shall have 0 days upon receipt of above documentation to disapprove.

Seller has provided any and all documentation as noted in section B above to the buyers at the time of this contract.

(c) Environmental Inspection: (This paragraph 5(a) not applicable if number of days not inserted.) Within _____ days after the acceptance hereof, Seller agrees to permit Buyer, Buyers' lender and the qualified, professional

dotloop signature verification: dtlp.us/1xYg-BiKD-M73w

# COMMERCIAL PURCHASE CONTRACT
### Industrial – Investment – Commercial – Multi-Family

environmental consultant of either of them to enter the Property to conduct, at the expense of Buyer, an environmental site assessment. Buyer agrees to indemnify the Seller from and against any physical damage to the Property arising out of any inspection performed on Buyer's behalf.

If such assessment is obtained and the consultant recommends further inspection to determine the extent of suspected contamination or recommends remedial action, Buyer, at Buyer's option, may notify Seller in writing, within the above-specified period, that the contract is terminated, but Buyer's obligations under this paragraph 5c shall survive. The parties agree that the Buyer's earnest money deposit shall be disbursed pursuant to paragraph 16.

(d) Property Inspection: (This paragraph 5(d) not applicable if number of days not inserted.) Buyer, at Buyer's expense, shall have __N/A__ days after the acceptance hereof to have the Property and all improvements, fixtures, and equipment inspected. Seller shall cooperate in making the Property reasonably available for such inspection(s).

Buyer shall be responsible for the repair of any damages caused by the Buyer's inspections and tests; repairs shall be completed in a timely and workmanlike manner at Buyer's expense. Buyer agrees to pay any litigation expenses, including reasonable attorney fees incurred by Seller as a result of any claims resulting from such inspection and to indemnify Seller for any resulting damages.

If Buyer is not satisfied with the condition of the Property as disclosed by such inspection(s), Buyer may terminate this contract by delivering written notice of such termination to Seller within the above specified period that the contract is null and void. The parties agree that the Buyer's earnest money deposit shall be disbursed (pursuant to paragraph 16).

Buyer is aware that any reference to the square footage of the premises, both the real Property (land) and improvements thereon, is approximate. If square footage is a material matter to the Buyer, it must be verified during the inspection period.

(e) Utilities: (This paragraph 5e not applicable if number of days not inserted.) This offer is contingent upon Buyer's satisfaction of the availability of utility connections for water, sanitary sewer, storm sewer, gas, and electricity being located in a public street or right of way, or other form of public utility easement adjoining the Property at the Property line, within _____ days after acceptance hereof.

(f) Feasibility: (This paragraph 5f not applicable if number of days not inserted.) Buyer shall have determined to Buyer's sole satisfaction, at Buyer's expense, that Buyer's intended development is financially feasible including, without limitation, Buyer's approval of all site preparation costs. Financial feasibility studies and all site preparation costs must be approved by Buyer within _____ days after acceptance hereof.

(g) Zoning & Permits: (This paragraph 5g not applicable if number of days not inserted.) This offer is further contingent upon Buyer obtaining rezoning, if necessary, from all applicable authorities from the current zoning to allow for Buyer's intended use which is _____, and Buyer obtaining all necessary permits, agreements, approvals (site plan/building permits), and licenses from all applicable authorities for Buyer's proposed development, by Buyer within _____ days after acceptance hereof. Any and all costs related to Buyer obtaining such rezoning, permits, agreements, approvals and licenses shall be borne by Buyer. Seller shall execute the zoning application if needed and shall cooperate with Buyer in obtaining said rezoning, but Seller shall not be required to personally attend any meetings.

(h) This paragraph 5(h) not applicable if number of days for approval or waiver are not specified.

**COMMERCIAL PURCHASE CONTRACT**

Industrial – Investment – Commercial – Multi-Family

(i) Financing: The Buyer's obligations are contingent upon the Buyer obtaining a loan commitment satisfactory to Buyer within _____ (not applicable if the number of days is not inserted) days after written acceptance of this contract.

(j) Attorney Approval: (This paragraph 5j not applicable if number of days not inserted.) Within _____ calendar days after acceptance hereof the Buyer or Seller may terminate this contract if the party's attorney disapproves this contract, by providing written notice of said disapproval, along with changes proposed by that party's attorney to remedy the disapproval. If the other party accepts the proposed changes in writing within 3 calendar days after delivery thereof, this contract shall continue in full force and effect, as amended by the changes. The party requesting the changes may waive the request in writing prior to the expiration of the 3 calendar day period. If the contract is terminated, the earnest money deposit shall be returned to the Buyer pursuant to paragraph 16.

(k) Other Contingencies:
The sale of the property is subject to bankruptcy court approval.

Seller shall have the right to continue marketing the Property up until closing. If a higher net offer is received, Buyer shall be offered 24-hour right of first refusal.

Buyer or Seller may terminate the contract, without penalty, and buyer will receive a full refund of the earnest money if the bankruptcy court approval is not received by 12/21/2025.

(l). If this Contract is terminated pursuant to Paragraph 5, then, with the exception of Buyer's indemnification and hold harmless obligations arising under Paragraph 5, Buyer and Seller shall be released from all obligations arising under this Contract.

**6. RENTS, INTEREST, CONDOMINIUM CHARGES, INSURANCE, UTILITIES AND SECURITY DEPOSITS:** Adjustments shall be made through date of closing for: (a) rents; (b) interest on any mortgage assumed by Buyer; (c) condominium or other association periodic charges; (d) transferable insurance policies, if Buyer so elects; and (e) any community development charge applicable to the premises that was created by a covenant in an instrument recorded at (insert county) _____, Vol. _____/Page No. _____ or Instrument No._____. [Note: if the preceding blanks are not filled in and a community development charge affects the Property, this contract may not be enforceable pursuant to R.C. 349.07.] Security deposits, if any, shall be transferred to Buyer. Seller shall pay, through date of possession, all accrued utility charges and any other charges that are or become a lien.

**7. FIXTURES AND EQUIPMENT:** The consideration shall include fixtures owned by Seller including, but not limited to: heating, ventilating, air conditioning (HVAC) and humidifying equipment and their control apparatus; window coverings and awnings; internal wiring for communication system, telecommunication wiring and cables, whether now in or on the Property or in storage; security systems and controls; smoke alarms; and the following:

All fixtures, furniture, furnishings, equipment, machinery, tools, vehicles, appliances, and other items of tangible personal property which are located at the Real Property.

dotloop signature verification: dtlp.us/1xYg-BiKD-M73w



# COMMERCIAL PURCHASE CONTRACT
Industrial – Investment – Commercial – Multi-Family

7.1 The following leased items shall be excluded:

**8. DAMAGE OR DESTRUCTION OF PROPERTY:** Risk of loss to the Property and appurtenances shall be borne by Seller until closing. If any part of the Property covered by this contract is substantially damaged or destroyed before this transaction is closed, Seller shall give a written notice to Buyer and/or Buyer's Broker that the damage or destruction has occurred. Such notice must include all pertinent information regarding insurance policies and claims covering the Property that has been damaged or destroyed. The written notice shall be delivered within forty-eight (48) hours from discovery of the event causing the damage or destruction. Buyer may (a) proceed with the transaction and be entitled to all insurance proceeds, if any, payable to Seller under all policies covering the Property, or (b) rescind the contract, by giving written notice to Seller and/or Seller's Broker within ten (10) days after Broker has received written notice of such damage or destruction. If Buyer elects to rescind, then all parties are released from liability and the earnest money deposit shall be disbursed to Buyer pursuant to paragraph 16. Failure by Buyer to so notify Seller or Broker shall constitute an election to proceed with the transaction.

**9. EMINENT DOMAIN:** If, prior to the date of closing, eminent domain proceedings shall be threatened or commenced against all or any part of the Property, Seller shall give a written notice to Buyer and/or Buyer's Broker within forty-eight (48) hours of Seller's receipt of notice of the threatened or commenced eminent domain action setting forth the pertinent terms of the threatened of commenced eminent domain action. Buyer may: (a) elect to proceed to close the purchase of the Property in accordance with the terms of this contract, in which event the Buyer shall be entitled to all payments payable to Seller on account of such taking as is applicable to the portion of the Property being purchased; or (b) elect to terminate this contract. If Buyer elects to terminate this contract, Buyer shall so notify Seller in writing within 15 days after Buyer has received written notice from Seller of such taking. Failure by Buyer to so notify Seller shall constitute an election to proceed to close on the purchase of the Property, and Buyer shall be entitled to all payments on account of such taking.

**10. CONDITION OF IMPROVEMENTS:** Seller agrees that upon delivery of deed, the improvements constituting part of the Property shall be in the same condition as that on the day of this offer, reasonable wear and tear excepted and damage accepted by Buyer under Paragraph 8.

**11. EVIDENCE OF TITLE:** Seller shall furnish and pay for an owner's title insurance commitment and ALTA policy issued by <u>Vantage Title Agency</u> (title agency) in the amount of the purchase price. Within <u>12</u> days after acceptance (if left blank, the number of days will be 15), Seller shall cause to be delivered to Buyer or Buyer's Broker a copy of the commitment. At closing, title evidence shall be certified to within thirty (30) days prior to closing with endorsement not before 8:00 a.m. on the business day prior to the date of closing, all in accordance with the standards of the Ohio State Bar Association. The title evidence shall show in Seller marketable title in fee simple free and clear of all liens and encumbrances except: (a) those created by or assumed by Buyer; (b) those specifically set forth in this contract; (c) zoning ordinances; (d) legal highways; (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use (or Buyer's intended use which is <u>Mixed Use- Commercial and Residential</u>); and (f) all coal, oil, gas, and other mineral rights and interests previously transferred or reserved of record. Buyer shall pay any additional costs incurred in connection with mortgage title insurance issued for the protection of Buyer's lender.

Buyer shall have the right to object to any matters disclosed by the Commitment by delivering to Seller written notice of objections within <u>Three Business Days (3)</u> days of receiving commitment. Seller shall have <u>Three Business Days (3)</u> days after receipt of objections

# COMMERCIAL PURCHASE CONTRACT
### Industrial – Investment – Commercial – Multi-Family

to, in Seller's discretion, choose to cure. If Seller chooses to not cure, then Buyer shall have the right to terminate this agreement.

If title to all or part of real estate is unmarketable, as determined by Ohio law with reference to the Ohio State Bar Association's Standards of Title Examination, or is subject to liens, encumbrances, easements, conditions, restrictions, or encroachments other than those excepted in this contract, Seller shall, within thirty (30) days after a written notice thereof, remedy or remove any such lien, etc. or obtain title insurance without exception therefore.

In the event Seller is unable to remedy to insure against the defect within the thirty (30) day period, Buyer may terminate this contract. Buyer's earnest money deposit shall be disbursed pursuant to paragraph 16.

At closing, Seller shall sign an affidavit with respect to off-record title matters in accordance with the community custom.

Seller shall provide the base policy coverage for the applicable ALTA policy. Buyer is responsible for the cost of any coverage that requires additional premium for endorsements or the deletion of any standard exceptions.

**12. SURVEY:** If Buyer desires a survey, Buyer shall pay for it. However, if the County Engineer or Tax Map Office requires a new survey and legal description as a condition to transfer of the Property, Seller will pay the cost.

**13. TAXES AND ASSESSMENTS:** At closing, Seller shall pay or credit on purchase price all delinquent taxes, including penalty and interest, all assessments that are a lien on the date of contract and all agricultural use tax recoupments for years prior to the year of closing. At closing, Seller shall also pay or credit on purchase price all other unpaid real estate taxes that are a lien for years prior to closing and a portion of such taxes and agricultural use tax recoupments for year of closing, prorated through date of closing and based on a 365-day year and, if undetermined, on most recent available tax rate and valuation, giving effect to applicable exemptions, recently voted millage, change in valuation, etc., whether or not certified. Seller has received no written notification from public authority or owners' association of future improvements that would result in costs being assessed against the real estate. Real estate taxes and assessments are subject to retroactive change by government authority. The real estate taxes for the Property for the current tax year may change as a result of the transfer or as a result of a change in the tax rate.

**14. BUYER'S EXAMINATION:** Buyer is relying solely upon Buyer's own examination of the Property and inspections herein required, if any, concerning physical condition, character, size and suitability of Buyer's intended use.

This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein. Time is of the essence for all provisions of this contract. All provisions of this contract shall survive the closing. Buyer is not relying upon any representations by the Broker(s).

**15. INDEMNIFICATION, ENVIRONMENTAL DISCLAIMER BY BROKER:** Seller agrees to defend and indemnify Broker(s), for any misrepresentation or concealment of fact by Seller in connection with the Property. The parties acknowledge that Broker(s) have made no independent investigation to determine whether hazardous materials exist in, on or about the Property. Buyer and Seller understand that any such determination requires the expertise of a specialist in hazardous materials, the retaining of which is the responsibility of Buyer and/or Seller and not that of the Broker(s).

**16. EARNEST MONEY DEPOSIT:** Within __7__ days of the contract being fully executed, Buyer shall deposit with _Vantage Title Company_____ (the "Holder") earnest money of $ _5,000.00_____.

dotloop signature verification: dtlp.us/1xYg-BiKD-M73w

# COMMERCIAL PURCHASE CONTRACT
Industrial – Investment – Commercial – Multi-Family

In the event that a title company shall serve as a Holder of the earnest money, and such title company requires the parties to execute an addendum or other agreement with respect to the title company serving as Holder, then the parties agree to execute such addendum or other agreement.

16.1 Holder shall maintain the earnest money until one of the following occurs:

(a) The transaction closes, at which time Holder shall disburse the earnest money to the closing agent or pursuant to the terms of the purchase contract;

(b) The parties direct the Holder, pursuant to written instructions signed by both parties, how the earnest money is to be disbursed.

(c) The Holder is directed by court order how the earnest money is to be disbursed; or

(d) The earnest money becomes unclaimed funds, as defined in R.C. 169.02(M)(2). After providing notice as required by R.C. 169.03(D), Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

16.2 If Holder holds the earnest money for two years, and the parties have failed to provide Holder with written instructions, signed by both parties, or a court order that directs Holder how to disburse the earnest money deposit, then Holder shall as soon as possible return the earnest money to Buyer without notice to Seller. If Holder cannot locate Buyer, Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

16.3. The return of the earnest money deposit shall in no way prejudice the rights of Seller, Buyer or Broker in any action for damages or specific performance.

**17. CLOSING AND POSSESSION:** This contract shall be performed and this transaction closed on or before 12/22/2025 or within N/A days after all contingencies are removed or sooner unless the parties agree in writing to an extension. Buyer is entitled to possession at closing, subject to tenant's rights, if any, unless otherwise specified. At the time Seller delivers possession, the Property will be in the same condition as the date of acceptance of this contract, except as provided in the Damage or Destruction of Property paragraph 8, normal wear and tear excepted; personal property not included in this contract; and all debris shall be removed by Seller. At closing, Seller shall pay transfer taxes and deed preparation and shall convey to Buyer marketable title to the real estate by deed in fee simple by transferable and recordable limited warranty deed (or appropriate fiduciary deed if Seller is a fiduciary), with release of dower, if any.

**18. 1031 EXCHANGE:** If requested by either party, both parties will cooperate in effecting the transaction contemplated by this Agreement as a like kind exchange through a qualified intermediary in accordance with 1031 of the Internal Revenue Code. The party requesting the 1031 Exchange shall be solely responsible for the qualification of the transaction as a 1031 Exchange at no expense or delay to the other party.

**19. DISCLOSURES:** This contract constitutes the entire agreement and no oral or implied agreement exists. Any amendments to this contract shall be in writing, signed by Buyer(s) and Seller(s) and copies provided to them. This contract shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. If this contract involves Seller financing, it may not be assigned. Time is of the essence of all provisions of this contract. All provisions of this contract shall survive the closing.

# COMMERCIAL PURCHASE CONTRACT
### Industrial – Investment – Commercial – Multi-Family

19.1 Seller has not transferred, conveyed, or reserved any coal, oil, gas, or other mineral rights or interests in the Property, except for the following (none if nothing inserted):

19.2 The Buyer, during the period of this contract, will be given the opportunity to examine the Property and upon closing shall rely solely upon the Buyer's inspections and/or tests with reference to the condition, character, and size of the Property.

19.3 It is illegal, pursuant to the Ohio Fair Housing Law, Division (H) of Section 4112.02 of the Revised Code, and the Federal Fair Housing Law, 42 U.S.C.A. 3601, as amended, to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations; refuse to negotiate for the sale or rental of housing accommodations; or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status as defined in Section 4112.01 of the Revised Code, ancestry, military status as defined in that section, disability as defined in that section, or national origin or to so discriminate in advertising the sale or rental of housing, in the financing of housing, or in the provision of real estate brokerage services. It is also illegal, for profit, to induce or attempt to induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons belonging to one of the protected classes.

19.4 Each of the parties hereby represents and warrants to the other that it has all requisite power to enter into this contract and to perform the terms, covenants and conditions hereof; that the execution and delivery of this contract has been duly authorized by all necessary persons or entities, and when executed and delivered, this contract will be a legal, valid and binding obligation of such party, enforceable against it in accordance with its terms, and that its signatory is duly authorized and empowered to execute this contract on its behalf.

## 20. BROKER'S ACKNOWLEDGEMENT
(a) The parties acknowledge that there are no other Broker(s) involved in this transaction except as follows:

Buyer  Key Realty

Seller  Crest Commercial Realty

**21. PROFESSIONAL ADVICE AND ASSISTANCE:** The parties acknowledge that the purchase of real estate encompasses many professional disciplines. While brokers possess considerable general knowledge, brokers are not experts on matters of law, tax, financing, surveying, structural conditions, hazardous materials, environmental conditions, inspections, engineering, etc. For these reasons, the parties are encouraged to seek professional advice. If the brokers provide the parties with referrals for such advice, the parties acknowledge that brokers do not warrant the services and/or products of those referrals.

**22. NON-FOREIGN SELLER:** Seller represents that at the time of acceptance of this contract and at the time of closing, Seller is not a "foreign person" as such term is defined in the Foreign Investments in Real Property Tax Act of 1980 (26 USC Section 1445(f) et seq., commonly known as "FIRPTA"). If either the sale price of the property exceeds $300,000.00, or the Buyer does not intend to use the premises as a primary residence, then, at closing, and as a condition thereto, Seller shall furnish to Buyer an affidavit, required under FIRPTA signed under penalty of perjury, containing Seller's United States Social Security and/or taxpayer identification numbers and a declaration to the effect

dotloop signature verification: dtlp.us/1xYg-BiKD-M73w



# COMMERCIAL PURCHASE CONTRACT
Industrial – Investment – Commercial – Multi-Family

that Seller is not a foreign person within the meaning of FIRPTA. Buyer and its agents agree to keep Seller's social security number or other taxpayer identification number confidential.

**23. CONTRACT TIME FRAMES:** Should any date or a period of time or deadline set forth in the contract expire upon a weekend or government observed holiday, that date shall automatically be extended to the next business day by midnight, unless otherwise noted in the contract. All references to "days" refer to calendar days unless otherwise specified.

**24. MISCELLANEOUS:**

[                                                                                                    ]

**25. SIGNATURES:** Only manual or electronic signatures on contract documents, transmitted in original or facsimile (which includes photocopies, faxes, PDF, and scanned documents sent by any method) shall be valid for purposes of this contract and any amendments or any notices to be delivered in connection with this contract. Only original, manual signed documents shall be valid for deeds or other documents to be delivered at closing. For the purposes of this provision, "contract documents" do not include voice mail, email messages or text messages.

**26. DURATION OF OFFER AND ACCEPTANCE:** This offer shall be open for acceptance through 12/5/2025 / 6:00pm _____ (Date/Time).

**ALL PARTIES TO THIS CONTRACT MUST BE PROVIDED WITH A COPY.**

GP-1Cent, LLC.  
(Buyer) please print

*Zachary Gilbert*    dotloop verified 12/04/25 4:11 PM EST QPTY-MBF3-YT2V-BOFD  
Signature/Date

_____  
(Seller) please print

*Michael Wheatley, Trustee*    dotloop verified 12/05/25 9:24 AM EST SENV-BRBG-9TVW-1G4A  
Signature/Date

_____  
(Buyer) please print

_____  
Signature/Date

_____  
(Seller) please print

_____  
Signature/Date

Phone: 509-388-4914  
Email: wppowder@gmail.com

Phone: _____  
Email: _____

Buyer's Attorney: _____

Seller's Attorney: _____

Deed to: GP-1Cent, LLC

dotloop signature verification: dtlp.us/1xYg-BiKD-M73w



# COMMERCIAL PURCHASE CONTRACT

Industrial – Investment – Commercial – Multi-Family

## Agent Information

Buyer's Agent: Brandon Brooks               Seller's Agent: _____

| *Brandon Brooks* | dotloop verified<br>12/04/25 3:26 PM EST<br>EKLO-D7AI-VKMT-TFL5 |

Phone: 5136500625                            Phone: _____
Email: brandonbrooksrealestate@gmail.com     Email: _____

(Secondary Agent) _____    (Secondary Agent) _____

Phone: _____                Phone: _____
Email: _____                Email: _____

## Brokerage Information

Brokerage: Key Realty                        Brokerage: _____
Address: 270 Regency Drive, Suite 119        Address: _____
Dayton, OH 45459

© Key Realty Ltd, All Rights Reserved                                Page 9 of 10
Form:  Commercial Purchase Agreement | REV 08/24

# COMMERCIAL PURCHASE CONTRACT

Industrial – Investment – Commercial – Multi-Family

THIS PAGE IS INTENTIONALLY LEFT BLANK