# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| In re: | **Case No. 23-32983-acs** |
| **HULL ORGANIZATION, LLC,** *et al.* | **Chapter 11** <br> **(Jointly Administered)** |
| *Debtors* | |

---

## MOTION TO COMPEL DISCOVERY RESPONSES FROM US MARTIAL ARTS ACADEMY, INC.

Now comes, Park Plaza Holdings, LLC ("Park Plaza"), by and through the undersigned counsel, and hereby moves this Court to compel US Martial Arts Academy, Inc. ("USMAA") to fully respond to Park Plaza's First Set of Requests for Admission, Interrogatories, and Requests for Document Production ("Discovery Requests") under Civil Rule 37. Park Plaza further prays for an award of the costs incurred in prosecuting this Motion to Compel Discovery Responses ("Motion").

## I.    BACKGROUND

Park Plaza is the current owner of the real property and improvements that were the subject of this Court's Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances. USMAA is currently occupying the said real property owned by Park Plaza as a prior tenant of Hull Organization, LLC. USMAA argues it should have been afforded an opportunity to object to the sale, refuses to pay past due rent to Park Plaza, and disputes Park Plaza's right to terminate the lease pursuant to its

terms and conditions.

Park Plaza served USMAA with its First Set of Requests for Admission, Interrogatories, and Requests for Production on October 29, 2025, providing USMAA twenty-eight days to respond. Affidavit of Paul T. Saba ("Saba Aff."), ¶ 2, attached hereto and incorporated herein by reference as **Exhibit A**; see also Park Plaza's First Set Discovery Requests, a true and accurate copy of which is attached hereto and incorporated herein by reference as **Exhibit B**. USMAA sent its overdue responses to Park Plaza's Discovery Requests ("Responses") on December 23, 2025. Saba Aff., ¶ 3.

## II.    USMAA'S FAILURE TO RESPOND

As a threshold matter, USMAA failed to provide a verified copy of its Responses, and it should be ordered to do so. Civ.R. 33(A)(3). Further, USMAA's Responses contained several unclear, evasive, and incomplete answers to the Interrogatories, as enumerated below. These should be treated as a failure to respond to the Discovery Requests, and as such, USMAA should be compelled to provide responses. Civ.R. 37(A).

### a.    Interrogatory No. 5

USMAA was asked to identify what exhibits it reasonably expected to introduce throughout the pendency of this action. USMAA failed to provide any substantive response and instead indicated that it intended to identify such materials at a later date in accordance with relevant civil rules. USMAA's reasoning is inadequate; the relevant civil rules require it to produce information available to it when answering the Discovery

Requests. USMAA certainly has documents and intangible items it currently intends to use as exhibits, and Park Plaza is entitled to such.

b.    *Interrogatory Nos. 6 & 7*

Both Interrogatory Nos. 6 and 7 requested identifications of individuals by "name, address, and phone number." USMAA identified such individuals only by name, without providing further contact information or any justification for its failure to fully respond. This is clearly information that USMAA would have in its possession, as it identified, including without limitation, its own principal, prior landlord, and a receiver USMAA admits to having communications with. Park Plaza is entitled to a complete response to these Interrogatories.

c.    *Interrogatory No. 8*

This Interrogatory asked USMAA to provide a numeric estimate of the amount of damages and/or losses that USMAA alleges that it has sustained and identify the method of calculating said numbers. USMAA failed to provide any estimate of damages but simply identified the categories of damages it believes it has sustained. USMAA has relentlessly argued it is entitled to recovery and should be required to provide information that serves as the basis of such arguments to allow Park Plaza to prepare its case.

d.    *Interrogatory Nos. 9, 10, 11, 12, & 13*

USMAA provided no substantial response to these Interrogatories, which

requested information and dates directly pertinent to the property, lease, and this bankruptcy case. This information was readily ascertainable by USMAA at the time of its response. USMAA's objection on the basis of requiring "a reasonable opportunity" to respond is contradicted by USMAA extremely delayed service of wholly nonresponsive answers.

e.    *Requests for Production*

Concerningly, USMAA did not produce *even a single document* in response to the Requests for Production. Saba Aff., ¶ 3. Despite citing the need for reasonable opportunity to provide a response to all fourteen requests, USMAA had already taken additional time to provide its delayed, deficient Responses. Yet USMAA never requested a formal deadline extension from Park Plaza in an effort to comply with the Discovery Requests. Saba Aff., ¶ 4.

### III.    GOOD FAITH EFFORT TO CONFER

Park Plaza has made a good faith effort to receive complete discovery responses from USMAA in accordance with Civil Rule 37(A)(1). Park Plaza sent a Rule 37 letter to USMAA on February 13, 2025, highlighting USMAA's numerous deficiencies, as listed above, and requesting that USMAA supplement its Responses in addition to a notarized verification. Saba Aff., ¶ 5; Rule 37 Letter, a true and accurate copy of which is attached hereto and incorporated by reference herein as **Exhibit C**. USMAA has not sent a response or supplement to date. Saba Aff., ¶ 6. Park Plaza needs the information sought

by its Discovery Requests to prepare its case.

## IV.    CONCLUSION

In light of the foregoing, Park Plaza respectfully requests that this Court compel USMAA to respond to Park Plaza's First Set of Requests for Admissions, Interrogatories, and Requests for Production. Park Plaza further seeks the costs associated with this motion, in an amount to be determined at hearing.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
***Attorney for Park Plaza***
***Holdings, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on February 19, 2026, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Assistant U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
K. Gail Russell, Attorney for Nancy Hull
Kemal Catlin, Attorney for USMAA

*/s/ Paul T. Saba*

Paul T. Saba (KY #95203)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 23-32983-acs |
| **HULL ORGANIZATION, LLC,** *et al.* | Chapter 11<br>(Jointly Administered) |
| *Debtors* | |

---

## AFFIDAVIT OF PAUL T. SABA

---

I, Paul T. Saba, being first duly sworn and cautioned, depose and state as follows:

1.    I am the attorney of record for Park Plaza Holdings, LLC ("Park Plaza") in the above-referenced action, I am competent to testify, and I have personal knowledge of the matters set forth in this Affidavit.

2.    On October 29, 2025, Park Plaza served its First Set of Requests for Admission, Interrogatories, and Requests for Production ("Discovery Requests") to US Martial Arts Academy, Inc. ("USMAA") with a twenty-eight (28) day deadline to respond. A true and accurate copy is attached hereto and incorporated herein by reference as Exhibit B.

3.    On December 23, 2025, USMAA provided Park Plaza with its overdue Responses to Park Plaza's Discovery Requests ("Responses"). However, these responses contained numerous answers to Interrogatories that were unclear, evasive, and incomplete, plus, USMAA did not provide a notarized verification of its Responses. Further, USMAA produced no documents in response to the Requests for Production.

4.    USMAA never requested a deadline extension to provide its completed Responses to Park Plaza.

5.    On February 13, 2026, Park Plaza sent a Rule 37 letter to USMAA, requesting that it supplement its deficient Responses to the Discovery Requests by February 18, 2026. A true and accurate copy is attached hereto and incorporated herein by reference as Exhibit C.

**EXHIBIT A**

6.      To date, Park Plaza has received no response from USMAA, and I believe we are at an impasse.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Paul T. Saba

STATE OF OHIO                              )
                                          ) SS:
COUNTY OF HAMILTON            )

BE IT REMEMBERED that the foregoing instrument was acknowledged before me, a notary public in and for said state, this _____ day of February, 2026, by Paul T. Saba.

_____
Notary Public

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 23-32983-acs |
| **HULL ORGANIZATION, LLC,** *et al.* | Chapter 11 |
| Debtors[1] | **(Jointly Administered)** |

---

## PARK PLAZA HOLDINGS, LLC'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION DIRECTED TO US MARTIAL ARTS ACADEMY, INC.

---

Now comes Park Plaza Holdings, LLC ("Park Plaza"), by and through counsel, and pursuant to Civ.R. 26, 33, 34, and 36 submits its First Set of Requests for Admission, Interrogatories, and Requests for Document Production to US Martial Arts Academy, Inc. ("USMAA"). Responses, including interrogatory responses made under oath, should be provided to the offices of SSP Law Co., L.P.A. located at 2623 Erie Avenue, Cincinnati, Ohio 45208, within twenty-eight (28) days of the service of these Requests.

### DEFINITIONS

(a)      "USMAA," "Tenant," or "you" shall mean US Martial Arts Academy, Inc., its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

(b)      "Park Plaza" shall mean Park Plaza Holdings, LLC, its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

(c)      "Shopping Center" shall mean the real property and improvements commonly known as 834 Ohio Pike, Cincinnati, Ohio 45245, identified as Clermont County Parcel Nos. 413219.018, 413219.019, and 413219.020.

(d)      "Leased Premises" shall mean Suite 240 of the Shopping Center.

(e)      "Lease" shall mean the Retail Commercial Lease Agreement executed by Hull Organization, as Landlord, and USMAA, as Tenant, and dated effective March 1, 2020, a copy of which was attached to USMAA's Motion for Relief form the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances and Memorandum in Support (Doc. 554) as Exhibit A.

**EXHIBIT B**

(f)    "Hull Organization" shall mean Hull Organization, LLC, its agents, representatives, attorneys, employees, and servants, and any other person or persons acting on its behalf.

(g)    "Robert Hull" shall mean Robert Hull, his agents, representatives, attorneys, employees, and servants, and any other person or persons acting on his behalf.

(h)    "Motion for Relief" shall mean USMAA's Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances and Memorandum in Support, which was filed in the above-captioned case on July 17, 2025 as Doc. 554.

(i)    "Person(s)" shall mean any and all natural persons, corporations, associations, organizations, firms, business entities, partnerships, joint ventures, or any other entities of any form whatsoever.

(j)    "Document(s)" shall mean any and all written correspondence, letters, emails, transcripts of phone calls or voicemails, memoranda, writings, drawings, graphs, charts, photographs, videotapes, audiotapes, motion pictures, mechanical or electronic recordings, phonograph records, and any and all other data compilations from which information may be obtained.

(k)    "Communication" or "communicate" shall mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message, or other "document" form, including (without limitation) discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## **INSTRUCTIONS**

(i)    These discovery requests must be answered in accordance with the requirements in and policies of Civ.R. 1, 11, and 26 through 37, as well as any other applicable laws or rules. These requirements and policies include (but are not limited to): effecting just results by eliminating delay, unnecessary expense, and all other impediments to the administration of justice; encouraging parties to fully and thoroughly prepare and investigate their cases for trial and/or settlement; fairly responding to the substance of discovery requests without obfuscation or unjustified objection; fostering openness, honesty, and professionalism in litigation; and seeking truth. Consistent with this instruction, discovery requests should not be considered vague or unanswerable due to any grammatical, syntactical, typographical,

capitalization, or semantic errors or idiosyncrasies, and all responses should fairly meet the substance of the discovery request.

(ii)      In answering these requests, you are to divulge all information and documents in your possession, control, or which are available to you, including information or documents in the control of your attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on your behalf. To the extent that these requests seek documents, they seek both "hard copy" documentation and electronically stored information.

(iii)     If you cannot answer a particular request in full after exercising due diligence to secure the information to do so, you shall so state and shall answer in as detailed a manner as possible, based on such information as is available to or obtainable by you, and you shall specify the inability to answer the remainder.

(iv)     Should you deem as objectionable part, but not all, of any particular request to which an objection is made, you should consider the various parts and aspects of such interrogatory or request as being severable for that purpose. If any information is claimed as privileged or protected, you should include a log identifying the nature of the claimed privilege or protection and the information or items claimed to be privileged.

(v)      Where possible and subject to Rule 26, electronically stored information should be produced in its native form, except that any electronically stored information which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet) or in hard copy.

(vi)     If any discovery request asks for information as of a certain date, and information as of that specific date is not available, you should state as much and produce information for the closest date possible to the requested date. By way of example, if information is requested as of March 15, 2013, and the only information available is as of March 30, 2013, your response should indicate that information as of March 15, 2013 is not available, and that information as of March 30, 2013 is being produced in its stead.

(vii)    Unless the context otherwise indicates, to "identify" or state the "identity" of a natural person means to state his or her full name, telephone number, title, last known home or business address, and the name and address of his or her present or last known employer, if any, and each position held during the applicable time period; to "identify" or state the "identity" of a person, other than a natural

person, means to state the legal title of that person, any trade name which is used by
that person, and the address of that person.

      (viii)      To "identify" or state the "identity" of a document means to state
its date, its author, the type of document (e.g., letter, memoranda, note, telegram, chart,
photograph, sound reproduction, etc.) or, if the above information is not available, some
other means of identifying it, its present location, the identity of all persons who
received copies and the name of any present custodian of it employed by you or
representing you. If any such document was, but is no longer in your possession or
control, or in existence, state whether it is: (1) missing or lost; (2) has been destroyed; (3)
has been transferred to others; or (4) otherwise disposed of and, in each instance,
explain the circumstances surrounding the authorization of such disposition thereof
and state the approximate date of such disposition.

## REQUESTS FOR ADMISSION

    1.      Admit or deny that pursuant to the Lease, the base rent for the Leased
Premises was $2,600.00 per month and $31,200.00 per year from March 1, 2022 through
February 28, 2023, as reflected on page 1 of the Lease.

      **RESPONSE:**

    2.      Admit or deny that pursuant to the Lease, the base rent for the Leased
Premises was $2,700.00 per month and $32,400.00 per year from March 1, 2023 through
February 28, 2024, as reflected on page 1 of the Lease.

      **RESPONSE:**

    3.      Admit or deny that pursuant to the Lease, base rent for the Leased
Premises is $2,800.00 per month and $33,600.00 per year from March 1, 2024 through
February 28, 2030, as reflected on page 1 of the Lease.

      **RESPONSE:**

4.      Admit or deny that USMAA did not pay the base rent of $2,700.00 per month during the months of March 1, 2023 through February 28, 2024.

      **RESPONSE:**

5.      Admit or deny that USMAA did not pay the base rent of $2,800.00 per month during the months of March 1, 2024 to August 31, 2025.

      **RESPONSE:**

6.      Admit or deny that USMAA could not afford to pay base rent for the Leased Premises from February 2023 through September 2025.

      **RESPONSE:**

7.      Admit or deny that pursuant to page 2 of the Lease, "Tenant shall pay a late fee of $25.00 per day beginning with the day after the due date" of any payments that were late under the Lease.

      **RESPONSE:**

8.      Admit or deny that USMAA has not paid any late fees required under the Lease from February 2023 through September 2025.

**RESPONSE:**

9.      Admit or deny that USMAA could not afford to pay the late fees required under the Lease from February 2023 through September 2025.

**RESPONSE:**

10.      Admit or deny that pursuant to page 2 of the Lease, "Tenant shall be responsible for paying all personal property taxes with respect to Tenant's personal property at the Leased Premises and their pro-rata share of the real estate taxes."

**RESPONSE:**

11.      Admit or deny that USMAA has not paid its pro-rata share of the real estate taxes associated with the Leased Premises from February 2023 through September 2025.

**RESPONSE:**

12.      Admit or deny that USMAA could not afford to pay its pro-rata share of the real estate taxes respect to the Leased Premises from February 2023 through September 2025.

**RESPONSE:**

13.      Admit or deny that pursuant to page 3 of the Lease, "Tenant shall pay all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises during the term of th[e] Lease."

**RESPONSE:**

14.      Admit or deny that USMAA did not pay "all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises" from February 2023 through September 2025.

**RESPONSE:**

15.      Admit or deny that USMAA could not afford to pay "all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Tenant on the Leased Premises" from February 2023 through September 2025.

**RESPONSE:**

16.    Admit or deny that by occupying the Leased Premises from February 2023 through September 2025 without paying expenses that it is contractually obligated to pay, USMAA received a benefit.

**RESPONSE:**

17.    Admit or deny that according to the Quiet Enjoyment clause in the Lease, USMAA was responsible for paying "for any improvements or repairs as needed including but not limited to heating, and air HVA systems, walls, paint, new electrical, or plumbing and ceilings."

**RESPONSE:**

18.    Admit or deny that USMAA did not pay for the improvements or repairs as needed to the heating.

**RESPONSE:**

19.    Admit or deny that USMAA did not pay for the improvements or repairs as needed to the walls.

**RESPONSE:**

20.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the HVAC.

**RESPONSE:**

21.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the ceilings.

**RESPONSE:**

22.     Admit or deny that USMAA did not pay for the improvements or repairs as needed to the plumbing.

**RESPONSE:**

23.     Admit or deny that USMAA was aware that the Property was being sold through bankruptcy court before the sale had been approved.

**RESPONSE:**

24.     Admit or deny that USMAA was aware that it could object to the sale being approved in bankruptcy court but elected not to do so.

**RESPONSE:**

25.     Admit or deny that USMAA never provided the Receiver with a copy of its Lease.

**RESPONSE:**

26.     Admit or deny that USMAA was never provided a copy of its Lease to Park Plaza.

**RESPONSE:**

## <u>INTERROGATORIES</u>

1.      Identify by name, address, phone number, and official capacity each and every individual or entity that has supplied information or otherwise assisted you in responding to these Interrogatories.

**RESPONSE:**

2.      Identify each expert witness you have consulted or engaged and, as to each, state whether you have received a written report from such witness and the anticipated testimony to be given by each expert witness.

**RESPONSE:**

3.      Identify each lay witness you intend to call or may call at the trial, arbitration, or other proceeding of this matter and, as to each, state the anticipated testimony to be given.

**RESPONSE:**

4.      Identify each expert witness you intend to call or may call at the trial, arbitration, or other proceeding of this matter and, as to each, state the anticipated testimony to be given.

**RESPONSE:**

5.      Identify each and every document or other tangible thing you intend to introduce or may introduce as an exhibit at trial, arbitration, deposition or other proceeding of this matter.

**RESPONSE:**

6.      Identify by name, address and phone number each and every person with knowledge of the facts relevant to this action and the subject matter of their knowledge, including (without limitation) knowledge relating to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

7.     Identify by name, address and phone number each and every person with whom you have communicated or corresponded regarding the facts relevant to this action, including (without limitation) the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

8.     Identify in an itemized manner all damages or losses USMAA claims to have sustained, stating the total amount of each category claimed and the manner in which each was calculated.

**RESPONSE:**

9.     Identify each date you communicated with the Receiver.

**RESPONSE:**

10.    Identify each date you provided a copy of the Lease to Park Plaza.

**RESPONSE:**

11.    Identify each date you provided a copy of the Lease to the Receiver.

**RESPONSE:**

12.    Identify the date you learned the Landlord filed for bankruptcy.

**RESPONSE:**

13.    Identify how you learned the Landlord filed for bankruptcy.

**RESPONSE:**

## <u>REQUESTS FOR PRODUCTION</u>

1.    Produce each and every document identified, relied upon, or referred to in answering any of the above interrogatories.

**RESPONSE:**

2.    Produce each and every document and/or tangible thing that constitutes, identifies, or supports any claims asserted by you or upon which you may rely in this litigation.

**RESPONSE:**

3.    Produce each and every document you intend to introduce or may introduce at any arbitration, deposition, trial, or other hearing related to this matter.

**RESPONSE:**

4.      Produce each and every report, evaluation, or other communication from any expert witness that you may call at trial or otherwise rely upon for purposes of this litigation.

**RESPONSE:**

5.      Produce copies of each and every document executed by you with respect to the Property or the Leased Premises.

**RESPONSE:**

6.      Produce each and every correspondence and communication by and between USMAA and Cullen Bilyeu relating, pertaining, or referring in any way to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

7.      Produce each and every correspondence and communication by and between USMAA and the Hull Organization from December 13, 2023, until the present.

**RESPONSE:**

8.      Produce each and every correspondence and communication by and between USMAA and Robert Hull from December 13, 2023, until the present.

**RESPONSE:**

9.      Produce each and every correspondence and communication by and between USMAA and Park Plaza.

**RESPONSE:**

10.     Produce each and every correspondence and communication by and between you and any other person or entity relating, pertaining, or referring in any way to the Lease, the Leased Premises, the Property, or any of the allegations in USMAA's Motion for Relief.

**RESPONSE:**

11.     Produce a copy of all documents supporting USMAA's alleged damages or losses.

**RESPONSE:**

12.     Produce a complete copy of USMAA's profit & loss statements from January 1, 2023 until the present.

RESPONSE:

13.     Produce true and accurate copies of all of USMAA's financials from January 1, 2023, until the present.

RESPONSE:

14.     Produce a complete copy of USMAA's federal, state, and local tax returns, including K1s and all other schedules, from January 1, 2023, until the present.

RESPONSE:

Respectfully submitted,
*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
SSP LAW CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
***Attorney for Park Plaza Holdings, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following via electronic mail on October 29, 2025:

Kemal Catalan
kemalvcatalan@kvclawfirm.com
Attorney for USMAA

/s/ Paul T. Saba
Paul T. Saba (KY #95203)



Paul T. Saba, Esq.
pts@sspfirm.com
Direct: 513.533.2703
Fax: 513.533.2999

February 13, 2026

**VIA CERTIFIED MAIL**

KVC Law Firm, LLC
Attn: Kemal V. Catalan
539 Liberty Hill
Cincinnati, Ohio 45202

> **RE:** ***In re Hull Organization, LLC, et al.***, **Case No. 23-32983-acs**
> **U.S. Bankruptcy Court, Western District of Kentucky, Louisville Division**

Dear Kemal:

Thank you for providing US Martial Arts Academy, Inc.'s ("USMAA") responses to Park Plaza Holdings, LLC's ("Park Plaza") discovery requests. Upon initial review, it is apparent that there are a number of deficiencies in USMAA's responses, as outlined below. Please supplement USMAA's responses within **5 days** of the date of this correspondence to avoid Court intervention, or make USMAA's intent not to produce such information known so Park Plaza may seek appropriate relief.

### Interrogatories

*Interrogatory No. 5*: USMAA's response is unclear, evasive, and incomplete. During discovery, the responding party has a duty to provide all information available to it at the time of the response. Even if only partial information is available, USMAA is obligated to provide such.

*Interrogatory Nos. 6 & 7*: USMAA's responses are unclear, evasive, and incomplete. Both Interrogatories requested identification of individuals by "name, address, and phone number." USMAA identified such individuals only by name, without providing further contact information or any justification for its failure to fully respond.

*Interrogatory No. 8*: USMAA's response is unclear, evasive, and incomplete. This Interrogatory specifically requested a numeric response, related to the amount of damages or losses USMAA claims to have sustained, including the method of calculation. USMAA provided no estimates of its damages but merely identified the different categories of damages it alleges to have suffered.

*Interrogatory Nos. 9, 10, 11, 12, & 13*: USMAA provided no substantial response to these Interrogatories, which requested information that was readily ascertainable by USMAA at the time of its response. USMAA's objection on the basis of requiring "a reasonable opportunity" to respond is contradicted by its extremely delayed service of wholly nonresponsive answers.

**EXHIBIT C**

**Requests for Production**

USMAA produced zero documents in response to Park Plaza's Requests for Production, namely citing the need for a reasonable opportunity to compile responsive documents and its intent to make responsive documents available in accordance with the Rules of Civil Procedure. These excuses are meritless. USMAA was served these requests on October 29, 2025, with 28 days to provide responses. USMAA sent its responses well past the deadline, on December 23, 2025. USMAA cannot simultaneously claim it required additional time to compile responsive documents while taking extra time beyond the deadline to produce *no* documents to *any* requests. The Rules of Civil Procedure require production at this fact-gathering stage, and absent USMAA's compliance, Court intervention will be necessary.

If Park Plaza does not receive complete responses within 5 days, it will be forced to file a Motion to Compel. Further, please submit a fully signed and notarized verification form for USMAA's responses, as its initial responses lacked any verification.

Sincerely,

SSP Law Co., L.P.A.

*Paul T. Saba*
Paul T. Saba, Esq.

Enclosures

cc:      kemalvcatalan@kvclawfirm.com