**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re: | **Case No. 23-32983** |
| **HULL ORGANIZATION, LLC, *et al.*** | Chapter 7 (Jointly Administered) |
| *Debtors* | **USMAA'S MOTION FOR SUMMARY JUDGMENT ON MOTION FOR RELIEF FROM SALE ORDER (DOC. 554)** |

COMES NOW, US Martial Arts Academy, Inc. ("USMAA"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7056 and 9014(c), respectfully moves this Court for summary judgment on USMAA's Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 554). There is no genuine dispute of material fact on any issue presented by USMAA's Motion for Relief. The undisputed record establishes that: (1) USMAA received no notice of the bankruptcy proceedings, the motion to sell, the hearing, or the Sale Order, rendering the Sale Order void as to USMAA's leasehold interest under Federal Rule of Civil Procedure 60(b)(4) (Exhibit A, Doc. 724, pp. 2–3, 8; Doc. 554, ¶¶ 3–4); (2) the Sale Agreement itself provides the property was sold "subject to the rights of tenants and leases currently in effect," preserving USMAA's lease by its own terms (Doc. 24, Exhibit A, § 6); (3) Park Plaza's post-closing conduct—including its acknowledgment that "all leases have been assigned," its review of USMAA's lease before closing, and its acceptance of rent for approximately nineteen months—constitutes ratification and waiver of any claim that the lease was extinguished (Doc. 554, Exhibit C, Pages 1–2; Doc. 575, p. 14); and (4) Park Plaza cannot establish bona fide purchaser status because it had actual knowledge of USMAA's lease before closing, as demonstrated by its own February 7, 2024 email stating "We've been reviewing your lease" (Doc. 554, Exhibit C, Page 2), and because

USMAA's fifteen years of open and notorious possession provided constructive notice under Ohio law. USMAA is entitled to judgment as a matter of law.

This Motion is supported by the accompanying Memorandum of Law, Statement of Undisputed Material Facts, the Declaration of David Tester (Exhibit D), the exhibits attached hereto, and the record in this case.

## I. TIMELINESS OF THIS MOTION

1. Federal Rule of Bankruptcy Procedure 7056 requires that a motion for summary judgment be filed at least 30 days before the first date set for an evidentiary hearing on any issue that the motion addresses, "unless a local rule sets a different time or the court orders otherwise." Fed. R. Bankr. P. 7056.

2. This Court's Order Setting Evidentiary Hearing (Doc. 784) scheduled the evidentiary hearing for March 24, 2026. This motion is filed within the timeframe contemplated by the Rule and the Court's scheduling order. To the extent this motion is filed fewer than 30 days before the hearing, USMAA respectfully requests leave to file pursuant to the Court's authority under Rule 7056 to "order otherwise."

3. This motion addresses all issues raised in USMAA's Motion for Relief (Doc. 554)— including the due process notice failure, the interpretation of the Sale Order and Sale Agreement, and Park Plaza's waiver and ratification through post-closing conduct—all of which can be resolved as a matter of law without an evidentiary hearing, thereby promoting judicial economy.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On March 1, 2020, USMAA entered into a ten-year commercial lease agreement with Hull Organization, LLC ("Hull") for premises located at 834 Ohio Pike, Unit 240, Cincinnati, Ohio 45245 (the "Premises"), with the lease term set to expire on February 28, 2030. (Doc. 554, Exhibit A.)

2.     Hull filed for bankruptcy under Chapter 11 in this Court on November 3, 2023. (Case No. 23-32983.)

3.     USMAA was not listed on the creditor matrix or mailing list filed with this Court in connection with Hull's bankruptcy petition. (Doc. 554, Exhibit E; Exhibit D, ¶ 6; docket records.)

4.     USMAA did not receive notice of Hull's bankruptcy filing. (Exhibit A, Doc. 724, pp. 2–3; Doc. 554, ¶¶ 3–4; Doc. 554, Exhibit E; Exhibit D, ¶ 5.)

5.     On January 8, 2024, Hull and Stock Yards Bank & Trust Company ("Stock Yards") filed a Joint Motion to Authorize the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 24). Stock Yards was represented in these proceedings by Paul T. Saba, Esq. of SSP Law Co., L.P.A. (Exhibit A, Doc. 724, p. 2.)

6.     USMAA did not receive notice of the Joint Motion to sell the property. (Doc. 554, ¶¶ 3–4; Doc. 554, Exhibit E; Exhibit D, ¶ 7.)

7.     On January 9, 2024, this Court held a hearing on the Joint Motion (Doc. 25). USMAA was not present because it had not received notice of the hearing or the motion. Mr. Saba appeared at the hearing on behalf of Stock Yards and participated in the proceedings. (Exhibit A, Doc. 724, pp. 2–3; Exhibit D, ¶ 8.)

8.     During the January 9, 2024 hearing, debtor's counsel Tyler R. Yeager referenced the title examination performed in connection with the sale and stated on the record: "Mr. Saba can correct me if I'm wrong, but I believe the title exam that the receiver relied on was from, like, I want to say, November 28th." (Exhibit A, Doc. 724, p. 9, lines 3–6.)

9.     The property at 830 and 834 Ohio Pike was described on the record as having "paying tenants, stable tenant base, and is at least, I think, 70 percent or 80 percent occupied." USMAA, which had continuously occupied Unit 240 for approximately fifteen years, was not identified or notified despite the acknowledged tenant occupancy of the property. (Exhibit A, Doc. 724, p. 8, lines 16–18.)

10.    The Court set a ten-day objection period and indicated that if objections were filed, a hearing would be held on January 31, 2024. No objections were filed. USMAA, which had not received notice of the motion or the objection period, did not file an objection. (Exhibit A, Doc. 724, pp. 19–21.)

11.    The Proposed Sale Order was attached to the Joint Motion as Exhibit D (Doc. 24-4). It was drafted by debtor's counsel and tendered to the Court for signature. Paragraph 3 of the tendered order stated: "Proper, timely, adequate, and sufficient notice of the Motion was provided, and no other or further notice of the Motion or of the entry of this Order is required." The Court signed this tendered order on January 23, 2024 (Doc. 56). This representation was inaccurate as to USMAA, which received no notice at any stage of the proceedings. (Exhibit B, Doc. 24-4, ¶ 3.)

12.    USMAA did not receive notice of the entry of the Sale Order. (Exhibit A, Doc. 724, pp. 2–3; Doc. 554, ¶¶ 3–4; Doc. 554, Exhibit E; Exhibit D, ¶¶ 5, 7.)

13.    USMAA was not provided with notice of any motion to assume or reject its lease under 11 U.S.C. § 365, and no such motion was filed with respect to USMAA's lease. (Exhibit D, ¶ 9; docket records.)

14.    The Sale Order does not explicitly address the treatment of unexpired tenant leases, whether recorded or unrecorded. The Sale Order authorizes the sale "free and clear" of all "liens, claims, and encumbrances" except for certain "Permitted Exceptions," which include only recorded easements and one recorded lease (AT&T cell tower). (Doc. 56.)

15.    The Sale Agreement attached to the Joint Motion (Doc. 24, Exhibit A) provides that the property was sold "subject to the rights of tenants and leases currently in effect." (Doc. 24, Exhibit A, § 6.)

16.    On February 7, 2024, hours before the closing, Park Plaza sent USMAA a "Tenant Notice" stating that "All leases have been assigned" and demanding rent payments. On the same date, Park Plaza sent an email to USMAA stating: "We've been reviewing your

lease and your monthly rent is $2,700." (Doc. 554, Exhibit C, Pages 1–2; Exhibit D, ¶ 10.)

17. Park Plaza accepted monthly rent payments from USMAA for approximately nineteen (19) months following the sale, from February 2024 through approximately September 2025. (Doc. 575, p. 14; Exhibit D, ¶ 12.)

18. On June 30, 2025, Park Plaza served USMAA with a "Notice of Termination," claiming that USMAA's lease rights were terminated by the bankruptcy Sale Order. This was the first notice USMAA received that any party claimed its lease had been extinguished. (Doc. 554, Exhibit D; Exhibit D, ¶¶ 14–15.)

19. On July 17, 2025, USMAA filed its Motion for Relief from the Sale Order (Doc. 554) and its Motion for Stay (Doc. 555).

20. The ALTA Seller's Settlement Statement for the February 7, 2024 closing (Exhibit C, Doc. 75) establishes that Hyde Park Title Agency, LLC—which is "owned and operated by the partners of the law firm SSP Law Co., L.P.A." (Mr. Saba's firm) (www.sspfirm.com/hyde-park-title-agency)—served as the title and closing agent. The Settlement Statement further shows that "Stagnaro, Saba & Patterson" (the full name of SSP Law Co., L.P.A.) was paid $375.00 for "Title - Deed Preparation Fees (3)" in connection with the sale. Hyde Park Title Agency was separately paid $425.00 for "Title - Examination & Update Fees (3 parcels)." (Exhibit C, Doc. 75.)

21. Mr. Saba is a shareholder of SSP Law Co., L.P.A. (www.sspfirm.com/paul-t-saba). His firm served in multiple capacities in the sale transaction: (a) as counsel for Stock Yards Bank, the secured creditor that co-filed the Joint Motion to Sell; (b) as the entity that prepared the deeds for the sale; and (c) through Hyde Park Title Agency, LLC—which is "owned and operated by the partners of the law firm SSP Law Co., L.P.A." (www.sspfirm.com/hyde-park-title-agency)—as the entity that performed the title examination. As a shareholder of SSP Law, Mr. Saba is an owner of Hyde Park Title Agency. Mr. Saba now represents Park Plaza Holdings, LLC—the purchaser in the very

transaction his firm facilitated—in opposing USMAA's Motion for Relief. (Doc. 573; compare Exhibit A, Doc. 724, p. 2; Exhibit C, Doc. 75.) Mr. Saba was present at the January 9, 2024 hearing where debtor's counsel described the property as having "paying tenants, stable tenant base" and referenced Mr. Saba in connection with the title examination. (Exhibit A, Doc. 724, pp. 8–9.) USMAA was not identified or notified of the pending sale.

22.    Park Plaza has never claimed or produced evidence that USMAA received notice of Hull's bankruptcy filing, the motion to sell, the January 9, 2024 hearing, or the Sale Order. Park Plaza's Objection (Doc. 573) argues that USMAA's lease was unrecorded and, without any proof or affidavit, that USMAA failed to provide lease documents to the Receiver, but does not dispute that USMAA received no notice of the bankruptcy proceedings. (Doc. 573.)

### III. MEMORANDUM OF LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St. 3d 280, 293 (1996). Once the movant has met this burden, the nonmoving party must present specific facts showing a genuine issue for trial. *Id.* at 293.

Summary judgment under Rule 56(a) is appropriate when the movant demonstrates the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law on every element of its claims. Here, the undisputed record resolves all issues raised in USMAA's Motion for Relief—the due process notice failure, the interpretation of the Sale Agreement's tenant-

rights provision, Park Plaza's waiver and ratification, and the unavailability of the bona fide purchaser defense—without the need for an evidentiary hearing.

## B. The Sale Order Is Void as to USMAA's Leasehold Interest Under Rule 60(b)(4)

Federal Rule of Civil Procedure 60(b)(4), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides that a court may relieve a party from a final judgment or order if "the judgment is void." A judgment is void under Rule 60(b)(4) if the rendering court acted in a manner inconsistent with due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

The Supreme Court has held that relief under Rule 60(b)(4) is not discretionary—if a judgment is void, the court must vacate it. *Id.* at 270. Moreover, unlike other provisions of Rule 60(b), a motion under subsection (b)(4) is not subject to the one-year time limitation; it need only be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). There is no time limit on challenging a void judgment because "a void judgment cannot acquire validity because of laches on the part of the person against whom it is directed." *In re Metzger*, 346 B.R. 806, 816 (Bankr. N.D. Cal. 2006).

## C. Constitutional Due Process Requires Notice Reasonably Calculated to Apprise Interested Parties

The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law. U.S. Const. amend. V. The Supreme Court's seminal decision in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), established that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

This requirement applies with full force in bankruptcy proceedings. *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 297 (1953). A bankruptcy sale order

entered without constitutionally adequate notice to a party whose property interests are affected is void as to that party. *In re Metzger*, 346 B.R. at 816 (holding that the county's interest could not be extinguished where the county received no notice, creating a "per se jurisdictional defect in the Order"); *In re Hazelwood*, 513 B.R. 323, 329 (Bankr. N.D. Ga. 2014) ("Failure to provide such notice renders the judgment void.").

USMAA held a significant property interest—a ten-year commercial leasehold running through February 28, 2030—that was directly affected by the Sale Order. As a party whose property interest was at stake, USMAA was entitled to constitutionally adequate notice before that interest could be extinguished. The undisputed record establishes that USMAA received no notice whatsoever.

**D. There Is No Genuine Dispute That USMAA Received No Notice**

The undisputed material facts establish a complete failure of notice. USMAA was not listed on the creditor matrix. USMAA did not receive notice of the bankruptcy filing, the motion to sell, the January 9, 2024 hearing, or the entry of the Sale Order. USMAA learned that any party claimed its lease was extinguished only when Park Plaza delivered its June 30, 2025 termination notice—more than seventeen months after the Sale Order was entered.

Park Plaza has never disputed that USMAA received no notice. Park Plaza's Objection (Doc. 573) argues that USMAA failed to record its lease under Ohio law and that USMAA's lease is "fraudulent as against Park Plaza, a bona fide purchaser." These arguments go to the merits of whether USMAA's lease interest survives as a matter of state law—they do not create a genuine dispute about whether USMAA received constitutionally adequate notice of the bankruptcy proceedings. The recording status of a lease is irrelevant to the constitutional requirement that a party receive notice before its property interests are adjudicated.

Indeed, Park Plaza's own conduct confirms its awareness that USMAA's lease existed and that USMAA had received no prior notice. On February 7, 2024, Park Plaza sent USMAA a "Tenant Notice" stating "All leases have been assigned" and separately emailed USMAA stating "We've

been reviewing your lease." (Doc. 554, Exhibit C, Pages 1–2.) Park Plaza then collected rent from USMAA for nineteen months. (Doc. 575, p. 14.) This conduct is consistent only with the understanding that USMAA had an existing lease that had never been adjudicated or extinguished.

### E. Park Plaza's Recording and Bona Fide Purchaser Arguments Do Not Defeat Summary Judgment

Park Plaza may argue that USMAA's failure to record its lease under Ohio Revised Code § 5301.25 defeats USMAA's claim. This argument conflates two distinct issues. The recording statute governs the priority of competing property interests under state law. The constitutional notice requirement under *Mullane* governs whether a court may extinguish a property interest without affording the interest holder an opportunity to be heard. These are independent requirements.

A tenant's failure to record a lease does not relieve the bankruptcy court of its obligation to provide constitutionally adequate notice before entering an order that purports to extinguish that lease. *See In re Metzger*, 346 B.R. at 816 (voiding sale order as to unnoticed party regardless of whether party's interest was recorded). The due process clause protects all property interests, not merely those that are recorded. *Mullane*, 339 U.S. at 314.

Moreover, the Sale Order itself does not address unexpired tenant leases as a category. The "Permitted Exceptions" include only recorded easements and the AT&T cell tower lease. The Sale Agreement, however, provides that the property was sold "subject to the rights of tenants and leases currently in effect." This internal inconsistency further supports the conclusion that USMAA's lease was never properly before this Court for adjudication.

### F. The Sale Process Itself Demonstrates the Notice Failure

The January 9, 2024 hearing transcript (Exhibit A, Doc. 724) reveals the extent of the notice failure. At that hearing, debtor's counsel acknowledged that the property had "paying tenants,

stable tenant base, and is at least, I think, 70 percent or 80 percent occupied." USMAA—which had operated a martial arts academy at the premises for fifteen years—was not identified or notified of the pending sale despite the acknowledged tenant occupancy.

Critically, Paul T. Saba of SSP Law Co., L.P.A. appeared at the January 9, 2024 hearing as counsel for Stock Yards Bank & Trust Company, the secured creditor that co-filed the Joint Motion to Sell. During the hearing, debtor's counsel referred to Mr. Saba in connection with the title examination, stating on the record: "Mr. Saba can correct me if I'm wrong, but I believe the title exam that the receiver relied on was from, like, I want to say, November 28th." (Exhibit A, Doc. 724, p. 9, lines 3–6.) Debtor's counsel's on-the-record reference to Mr. Saba as a source of knowledge about the title examination is consistent with the Settlement Statement (Exhibit C, Doc. 75), which confirms that Mr. Saba's firm prepared the deeds and that Hyde Park Title Agency, LLC—owned and operated by the partners of SSP Law Co., L.P.A.—conducted the title examination.

Mr. Saba now serves as counsel for Park Plaza Holdings, LLC—the purchaser in the very transaction he facilitated on behalf of Stock Yards Bank. The undisputed record establishes that: (1) as counsel for the selling creditor, he was present at the hearing where debtor's counsel described the property as having "paying tenants" and a "stable tenant base" that was "70 percent or 80 percent occupied" (Exhibit A, Doc. 724, p. 8); (2) debtor's counsel referenced Mr. Saba on the record in connection with the title examination (Exhibit A, Doc. 724, p. 9, lines 3–6); (3) his firm prepared the deeds for the sale and Hyde Park Title Agency, LLC—owned and operated by the partners of his firm—performed the title examination (Exhibit C, Doc. 75); and (4) he now represents the party asserting that USMAA's lease was extinguished by the very order he helped procure (Doc. 573). Both Mr. Saba and debtor's counsel Mr. Yeager were participants in the sale process and the January 9, 2024 hearing at which tenant occupancy was discussed on the record. Moreover, the Sale Order that this Court signed on January 23, 2024 was not independently drafted by the Court. It was a proposed order tendered by debtor's counsel (Doc. 24-4, Exhibit B), which included the self-certifying representation that "Proper, timely, adequate, and

sufficient notice of the Motion was provided." (Exhibit B, Doc. 24-4, ¶ 3.) The Court's finding of adequate notice was thus based on the movants' own representation—drafted by the same parties responsible for the notice failure—rather than an independent judicial determination. This representation was inaccurate as to USMAA, which received no notice at any stage of the proceedings.

### G. The MMH Automotive Precedent Supports Relief

In *South Motor Co. v. Carter-Pritchett-Hodges, Inc. (In re MMH Automotive Group, LLC)*, 385 B.R. 347 (Bankr. S.D. Fla. 2008), the bankruptcy court addressed a nearly identical situation where a tenant's leasehold interest was affected by a bankruptcy sale order without adequate notice to the tenant. The court held that due process violations in the sale process required the court to fashion an equitable remedy to protect the tenant's rights. This Court previously directed the parties to review the *MMH Automotive* decision, underscoring its relevance to this proceeding.

### H. The Sale Agreement Preserved USMAA's Lease by Its Own Terms

Even apart from the due process violation, the Sale Agreement itself preserved USMAA's lease. Section 6 of the Sale Agreement (Doc. 24, Exhibit A) provides that the property was sold "subject to the rights of tenants and leases currently in effect." This express contractual language constitutes a "Permitted Exception" to the free-and-clear sale. The Sale Order approved the Sale Agreement together with "all of the exhibits, amendments, terms, and conditions thereof." (Doc. 24-4, ¶ 2.) The Sale Order cannot be read to extinguish the very interests that the Sale Agreement expressly preserved.

This interpretation is consistent with the principle that a sale order must be construed in light of the underlying sale agreement. Where the sale agreement contains terms favorable to a third party, those terms survive the sale order and cannot be abrogated by the order's general "free and clear" language. *See In re MMH Automotive Group, LLC*, 385 B.R. at 365–66 (analyzing the

interplay between sale agreement terms and the sale order). Because the Sale Agreement explicitly preserved tenant rights, USMAA's lease survived the sale by the transaction's own terms.


### I. Park Plaza Waived and Ratified the Lease Through Its Post-Closing Conduct

Under Ohio law, a party may waive a known right through conduct inconsistent with the assertion of that right. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St. 2d 427, 433, 424 N.E.2d 311, 315 (1981). Ratification occurs when a party, with full knowledge of the material facts, engages in conduct that manifests an intent to affirm a prior act or transaction. *Restatement (Second) of Property* § 14.1.

Park Plaza's undisputed post-closing conduct constitutes both waiver and ratification of USMAA's lease as a matter of law. On the day of closing, Park Plaza issued a "Tenant Notice" stating "All leases have been assigned" and emailed USMAA stating "We've been reviewing your lease and your monthly rent is $2,700." (Doc. 554, Exhibit C, Pages 1–2.) Park Plaza then accepted rent from USMAA every month for approximately nineteen months. (Doc. 575, p. 14.) This conduct is wholly inconsistent with any claim that the lease was extinguished by the Sale Order. A party cannot collect rent under a lease for nearly two years and then claim the lease never existed.

Park Plaza's September 2, 2025 invoice demanding $20,754.56 in lease-based reimbursements—including property taxes and HVAC maintenance obligations arising under the lease—further demonstrates ratification. Park Plaza cannot demand performance of lease obligations while simultaneously asserting the lease was extinguished. This conduct, viewed in totality, establishes waiver and ratification as a matter of law, with no genuine dispute of material fact.


### J. Park Plaza Cannot Establish Bona Fide Purchaser Status as a Matter of Law

Park Plaza's primary defense is that USMAA's unrecorded lease is "fraudulent" against Park Plaza as a bona fide purchaser under Ohio Revised Code § 5301.25. This defense fails as a matter of undisputed fact for multiple independent reasons.

First, Park Plaza had actual knowledge of USMAA's lease before closing. Park Plaza's own February 7, 2024 email states "We've been reviewing your lease." (Doc. 554, Exhibit C, Page 2.) A purchaser with actual knowledge of a lease interest cannot claim bona fide purchaser status. *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243 (1942).

Second, USMAA's fifteen years of open and notorious possession provided constructive notice sufficient to defeat bona fide purchaser status under Ohio law. Ohio courts have consistently held that the purchaser of land in the actual possession of a third party is chargeable with constructive notice of the occupant's title and equities, even if the purchaser does not have actual knowledge of such possession. *Peck v. A & N Serv. Co.*, 2006-Ohio-1358; *Dart v. Katz*, 2021-Ohio-1429; *H&S Co. v. City of Aurora*, 2004-Ohio-3507. Park Plaza, as a sophisticated commercial real estate investor acquiring an operating strip mall with visible tenants, had a heightened duty of inquiry.

Third, the undisputed record demonstrates that the professionals who facilitated this sale were aware of existing tenant occupancy. Mr. Saba was present at the January 9, 2024 hearing where debtor's counsel stated on the record that the property had "paying tenants, stable tenant base, and is at least, I think, 70 percent or 80 percent occupied." (Exhibit A, Doc. 724, p. 8.) The title examination and deed preparation were performed by Stagnaro, Saba & Patterson (SSP Law Co., L.P.A.) and Hyde Park Title Agency, LLC, which is owned and operated by the partners of SSP Law Co., L.P.A. (Exhibit C, Doc. 75.) The Sale Agreement itself acknowledged tenant rights by providing the property was sold "subject to the rights of tenants and leases currently in effect." (Doc. 24, Exhibit A, § 6.) Park Plaza's claim that it lacked notice of USMAA's lease is contradicted by its own pre-closing email, by the Sale Agreement's express acknowledgment of existing tenants, and by the on-the-record statements at the January 9, 2024 hearing confirming tenant occupancy of the property.

Fourth, the Sale Agreement itself acknowledged existing tenant rights. Section 6 provides the property was sold "subject to the rights of tenants and leases currently in effect." Park Plaza agreed to purchase subject to tenant rights and cannot now claim it was unaware of those rights.

## IV. CONCLUSION

The undisputed material facts establish multiple independent grounds for summary judgment. USMAA received no notice of the bankruptcy proceedings that purported to extinguish its leasehold interest (Exhibit A, Doc. 724, pp. 2–3, 8; Doc. 554, ¶¶ 3–4), rendering the Sale Order void as to USMAA under Rule 60(b)(4). The Sale Agreement itself preserved tenant rights by its express terms (Doc. 24, Exhibit A, § 6). Park Plaza waived and ratified the lease through its February 7, 2024 acknowledgment of lease assignments (Doc. 554, Exhibit C, Pages 1–2), approximately nineteen months of rent collection (Doc. 575, p. 14), and lease-based demands (Doc. 554, Exhibit C). And Park Plaza cannot establish bona fide purchaser status because its own pre-closing email demonstrates actual knowledge of USMAA's lease (Doc. 554, Exhibit C, Page 2), USMAA's fifteen years of open and notorious possession provided constructive notice, and the Sale Agreement itself acknowledged existing tenant rights (Doc. 24, Exhibit A, § 6). There is no genuine dispute of material fact on any of these issues, and USMAA is entitled to judgment as a matter of law.

**WHEREFORE**, USMAA respectfully requests that this Court:

1.      Grant this Motion for Summary Judgment;

2.      Enter an order declaring that the Sale Order entered on January 23, 2024 (Doc. 56) is void as to USMAA's leasehold interest due to the failure to provide USMAA with constitutionally adequate notice of the bankruptcy proceedings;

3.      Declare that USMAA's Lease dated March 1, 2020 survived the bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030;

4.      Declare that Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including its acknowledgment of lease assignments, collection of rent for nineteen months, and demands for lease-based performance;

5.      Declare that Park Plaza Holdings, LLC is not a bona fide purchaser for value without notice with respect to USMAA's leasehold interest;

6.      Grant such other and further relief as this Court deems just and proper.

## V. EXHIBITS

The following exhibits are attached hereto and incorporated by reference:

1.      **Exhibit A**: Transcript of January 9, 2024 Hearing on Doc. 25 Motion to Expedite Hearing on Joint Motion to Sell 830 & 834 Ohio Pike (Doc. 724, filed October 9, 2025)

2.      **Exhibit B**: Proposed Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances, tendered by debtor's counsel (Doc. 24-4, filed January 8, 2024)

3.      **Exhibit C**: ALTA Seller's Settlement Statement, prepared by Hyde Park Title Agency, LLC (2623 Erie Avenue, Cincinnati, OH 45208), showing deed preparation fees paid to Stagnaro, Saba & Patterson and title examination fees paid to Hyde Park Title Agency (Doc. 75)

4.      **Exhibit D**: Declaration of David Tester in Support of USMAA's Motion for Summary Judgment

Respectfully submitted,
/s/ Kemal V. Catalan
Kemal V. Catalan, Esq., Ph.D.
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, Ohio 45202
Phone: (513) 549-6246
Email: kemalvcatalan@kvclawfirm.com
*Attorney for US Martial Arts Academy, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing was filed

electronically via the Court's CM/ECF system, which will send notification of such filing to all

parties registered to receive electronic notifications in this case, including:

Paul T. Saba, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
*Counsel for Park Plaza Holdings, LLC*

*/s/ Kemal V. Catalan*
Kemal V. Catalan

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| In re: | **Case No. 23-32983** |
| **HULL ORGANIZATION, LLC,** *et al.* | Chapter 7 (Jointly Administered) |
| *Debtors* | **ORDER GRANTING SUMMARY JUDGMENT ON MOTION FOR RELIEF FROM SALE ORDER (DOC. 554)** |

This matter having come before the Court on USMAA's Motion for Summary Judgment on its Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 554), and the Court having reviewed the motion, the statement of undisputed material facts, the memorandum of law, the exhibits, the record in this case, and any response filed by Park Plaza Holdings, LLC, and the Court being sufficiently advised,

The Court finds that there is no genuine dispute of material fact on the following: (1) USMAA did not receive notice of the bankruptcy filing, the motion to sell the property, the January 9, 2024 hearing, or the entry of the Sale Order, constituting a violation of USMAA's rights under the Due Process Clause of the Fifth Amendment; (2) the Sale Agreement expressly provides the property was sold "subject to the rights of tenants and leases currently in effect," preserving USMAA's lease; (3) Park Plaza Holdings, LLC waived and ratified USMAA's lease through its post-closing conduct; and (4) Park Plaza Holdings, LLC had actual and constructive knowledge of USMAA's lease and cannot establish bona fide purchaser status.

**IT IS HEREBY ORDERED** that:

1.      USMAA's Motion for Summary Judgment is GRANTED.

2.      The Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. 56), entered on January 23, 2024, is VOID as to USMAA's leasehold interest in the premises located at 834 Ohio Pike, Unit 240, Cincinnati, Ohio

45245, due to the failure to provide USMAA with constitutionally adequate notice of the bankruptcy proceedings as required by the Due Process Clause of the Fifth Amendment.

3.    USMAA's Lease dated March 1, 2020 with Hull Organization, LLC survived the bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030.

4.    Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including acknowledging that "all leases have been assigned," reviewing USMAA's lease before closing, and accepting rent payments from USMAA for approximately nineteen months.

5.    Park Plaza Holdings, LLC is not a bona fide purchaser for value without notice with respect to USMAA's leasehold interest.

6.    USMAA's Motion for Relief from the Sale Order (Doc. 554) is GRANTED.


Dated: _____

_____
**UNITED STATES BANKRUPTCY JUDGE**

Tendered by:
/s/ Kemal V. Catalan
Kemal V. Catalan, Esq., Ph.D.
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, Ohio 45202
Phone: (513) 549-6246
*Attorney for US Martial Arts Academy, Inc.*