### IRREVOCABLE OFFER TO PURCHASE FOR REAL ESTATE ASSETS – (the "Contract")

**Agent of the Seller:**
Durnil Realtors/Auctioneers, Inc. d/b/a Tranzon Asset Advisors (the "Agent")
All notices to be sent to: 1108-A North Dixie Highway, Elizabethtown, KY 42701. Phone: (270) 769-0284

**This is a legally binding Contract to purchase real estate, if any party does not understand any portion of this Contract, please contact competent legal counsel.**

1. The undersigned Buyer, through the Agent, hereby offers to purchase from the Seller, **Hull Organization, LLC by and through Cullen Bilyeu of Bilyeu Enterprises, LLC as appointed receiver for Robert E. Hull, Case No.: 20-CI-500489, Jefferson County Circuit Court, Family Division** (the "Seller"), the following described real property along with all improvements, attachments, and appurtenances; subject to normal and standard title exceptions such that any nationally recognized title company would insure and of record in Clermont County, State of Ohio.

**Park Plaza Holdings LLC, an Ohio limited liability company** (the "Buyer"), offers for the Property the following amount in United States funds:

**Total Sale Price:**      $1,825,000.00 (the "Total Sale Price")

**Total Deposit:**         $25,000.00 (the "Deposit")

The Total Sale Price less credit for the Total Deposit shall be paid in full with cash (certified funds or wire transfer) at or prior to settlement/closing date referenced in Section 6 of this Contract. The Buyer hereinafter tenders to Central Land Title Agency, LLC (the "Designated Escrow Agent") the sum of $25,000.00 with this Contract, which in its entirety will be the good faith escrow deposit. The disposition of the Deposit is referenced in Section 8 of this Contract.

**Property Address:** 830 & 834 Ohio Pike (aka State Route 125), Cincinnati, Claremont County, OH 45245
**Clermont County Auditor's Parcel ID:** 41-32-19-018, 41-32-19-019, and 41-32-19-020
**Legal Description:** See attached "Exhibit A"
Collectively, (the "Property")

The balance of the Total Sale Price shall be paid by the Buyer in the following manner: Buyer shall tender to the Central Land Title Agency, LLC (the "Designated Closing Agent") the balance of the Total Sale Price in cash, or equivalent, at or prior to closing. Seller will tender to Buyer a deed granting to the Buyer an unencumbered marketable title to the Property to be conveyed by Special Warranty Deed, free and clear of all liens and encumbrances, with the usual covenants such as any title company will insure, subject to easements of record, current or prior homeowner or condominium association covenants, conditions and/or restrictions, future assessments, taxes, and restrictive covenants of record as to the use and improvement of the Property. If Seller is unable to furnish marketable title, as described herein, on the date set for closing, the Buyer agrees that the Seller shall be granted a period of ninety (90) additional days from the contractual closing deadline listed in Section 6 of this Contract to cure any defects. If Seller fails to deliver unencumbered marketable title, as provided herein within the ninety (90) day timeframe outlined above, Buyer, as its sole remedy, may terminate this Contract and the Deposit shall be returned to Buyer. The sale is subject to applicable zoning or use regulations imposed by any local or state authority, but approval for use, development or subdivision is not a condition or contingency of closing.

2. **Title Insurance:** At close of escrow or contract settlement the Buyer may elect to purchase, at its expense, title insurance covering the title and transfer of the Property.

3. **Inspection by Buyer, Condition of Property and Release of Liability:** The Buyer acknowledges and agrees that the Property is being conveyed by Seller in "AS IS and WHERE IS" condition, that Buyer is fully familiar with the condition of the Property, and the Buyer is buying the Property based solely on Buyer's knowledge and research of the Property and not in reliance on any representation made by Seller, Agent, or employee of the Seller. The Seller will not be providing any Property disclosures to the Buyer. Seller expressly disclaims any representations or warranties of any kind regarding the Property except as expressly set forth herein, including, without limitation, any representations or warranties regarding the physical condition, conformity of zoning or uses and/or any environmental compliance of the Property. Buyer releases, fully and unconditionally, the Seller and Agent from any and all liability relating to any defect or deficiency affecting said real estate; this and all other releases in this Contract shall survive the closing of this transaction, indefinitely.

Initials: _____ _____


EXHIBIT 1-A

The Buyer has made all inspections of the Property and agrees to purchase the Property "AS IS and WHERE IS", without reservation or further condition upon the Seller. The Seller and Agent grant no warranties of any kind, either expressed or implied with respect to the condition, merchantability, standards, or suitability of the Property for the Buyer. Further defined for the benefit of the Buyer; the Seller and Agent make no warranty to the environmental condition of said Property, and by signing this Contract, the Buyer fully and unconditionally releases the Seller, Agent, their employees, associates, and internal independent contractors from any and all liability regarding environmental condition.

The Property is being sold to Buyer subject to the current recorded legal description. Should the Buyer elect to have a survey conducted prior to or after close of escrow which reveals a discrepancy between the information provided by the Seller or its Agent, there will be no price or terms adjustments by the Seller. The Buyer is accepting the Property in its "AS IS and WHERE IS" condition, which is directly applicable to a survey, subdivision of the whole Property or boundary measurement of the Property including any improvements thereon.

The materials, data or other information provided to Buyer with respect to the Property, including, without limitation, any information supplied by the Agent is provided only for Buyer's convenience in making its own examination and determination with respect to the Property and, in so doing, the Buyer has relied exclusively on its own independent investigation and evaluation of every aspect of the Property prior to making an offer or bid, and not on any material or information supplied by Seller or its Agent. Buyer expressly disclaims any intent to rely on any such materials or information provided to it by Seller or Agent in connection with its inspection and review of the Property and agrees that it shall rely solely on its own independently developed or verified information.

4. **Agency Representation:** All parties acknowledge that Tranzon Asset Advisors solely represents the interests of the Seller in this transaction as Agent of the Seller. Nothing contained within this Contract, oral statements, sale memoranda, advertising, or information packages will be construed to interpret the status of the Agent as any type of agency other than Agent of the Seller.

5. **Time is of the Essence in this Contract.** Notice is hereby granted that the timelines noted in this Contract must be strictly adhered to in order to avoid a default. In the event the Buyer fails to perform according to the terms of this Contract, the Deposit will be considered forfeited as liquidated damages, not as a penalty, without delay or need for further agreement or release and applied against Seller's damages without affecting any of the Seller's further remedies it may have at law or in equity. The Designated Escrow Agent enters this Contract for the sole purpose of acknowledging its obligation of collecting and holding the Deposit and will abide by the terms and conditions of this Contract should a default or dispute arise in regard to this Contract.

> **BUYER ACKNOWLEDGES THAT THIS CONTRACT IS FOR A CASH PURCHASE AND IS NOT CONTINGENT UPON FINANCING, CONDITION OR OTHER APPROVALS; THE BUYER WILL FORFEIT ITS DEPOSIT UPON DEFAULT OF THIS CONTRACT, AND MAY INCUR OTHER SANCTIONS ALLOWED BY LAW OR IN EQUITY.**

6. **Closing and Possession:** Closing shall occur within ten (10) calendar days of final court approval. The Seller will pay for deed preparation, title search, and their own attorney fees, if any. The Buyer shall pay all other costs of closing and transfer. Buyer shall accept the possession of the Property in its current leasehold fee estate condition and acknowledges that the Property is sold subject to the rights of tenants and leases currently in effect. The Seller, as a Court Appointed Receiver of the Property cannot provide estoppel or legal verification of the leases. The Receiver will provide any and all information, leases and tenant information to the Buyer during the escrow period.

If an event constituting "Force Majeure" causes services essential for closing to be unavailable, closing date shall be extended as provided below:

**FORCE MAJEURE:** Buyer or Seller shall not be required to perform any obligation under this Contract or be liable to each other for damages so long as performance or non-performance of the obligation is disrupted, delayed, caused, or prevented by Force Majeure. "Force Majeure" means hurricanes, epidemic and/or pandemics, floods, extreme weather, earthquakes, fire, or other acts of God, unusual transportation delays, or wars, insurrections, or acts of terrorism, which, by exercise of reasonable diligent effort, the non-performing party is unable in whole or in part to prevent or overcome. All time periods will be extended a reasonable time (to be interpreted as fifteen (15) calendar days) after the Force Majeure no longer prevents performance under this Contract.

Initials: _____ _____

2

7. **Payment of Real Estate Taxes and Lease Proration:** All 2023 taxes shall be paid by the Seller. All 2024 and subsequent years taxes shall be the sole responsibility of the Buyer. All real estate taxes in default, and unpaid for prior years, if any, shall be paid by the Seller from the first proceeds of closing. All lease payments for the month in which closing is conducted shall be prorated on a thirty-day (30) basis and prorated as a credit to the Buyer and debit to the Seller as of the date of closing.

8. **Non-Refundable Deposit:** Buyer shall tendered to the Designated Escrow Agent, by wire transfer, certified funds or cash in the amount of $25,000.00 as evidence of earnest money binding this Contract. The Deposit will be held in the client trust/escrow account of the Designated Escrow Agent. All deposits are to be placed in a non-interest bearing account at a financial institution with FDIC insured accounts.

9. **Seller Default:** In the event that the Seller defaults hereunder, Buyer shall solely be entitled to a return of the Deposit. The Buyer shall not be entitled to seek damages, penalty, or specific performance from the Seller.

10. **Effective Date:** The effective date of this Contract is agreed to be the date on which the last of the parties acknowledge and enters into this Contract.

11. **Electronic Transmission:** Any copy of this Contract, either by facsimile or duplicated via electronic means and delivered to either party, shall have the same force and effect of the original document.

12. **Counterparts:** This Contract may be executed in counterparts, each of which shall be deemed an original and all of which, taken together, shall constitute the same instrument.

13. **Assignment of Contract:** This Contract is assignable by the Buyer with written notice to the Seller, its counsel, and Agent. The assignee and assignor shall be fully bound to the terms contained herein until escrow is closed.

14. **Irrevocable Offer:** This offer will remain valid, irrevocable, and available for the Seller acceptance for five (5) business days after delivery of the offer to the Seller, its counsel, or Agent. If this offer is submitted in a sale that is subject to a state or federal court action, including U.S. Bankruptcy Court, wherein court approval is required for final disposition then Seller's acceptance is fully contingent and conditioned upon the court's approval and final order, the Buyer unconditionally agrees to not withdraw, alter, or remand this Contract during the period of court approval.

15. **Risk of Loss:** All risk of loss to the Property, including physical damage or destruction to the Property or its improvements due to any cause except ordinary wear and tear and loss caused by a taking in eminent domain, shall be borne by Seller until the transaction is closed. Buyer is cautioned and requested to obtain hazard insurance to protect its equitable interest in the improvements on the Property by placing a binder of insurance on the Property upon the acknowledgement of this Contract. Should Buyer undertake to bind this Property a copy of the certificate of insurance (or similar instrument) shall be provided to the Agent without undue delay.

16. **Fair Housing and Non-Discrimination:** All parties acknowledge that this sale and transaction has been conducted without regard to race, color, national origin, religion, sex (including gender identity and sexual orientation), familial status, military status, disability, or ancestry.

17. **Venue and Procedure for Dispute Settlement:** The sole venue and exclusive jurisdiction for settlement of any and all disputes shall be the Court of Common Pleas in Claremont County, Ohio. This Agreement will be interpreted by the laws of the State of Ohio. The Buyer and Seller further agree that the prevailing party in any legal action shall have the right to be reimbursed for all costs, fees, and expenses, including, but not limited to, reasonable legal fees for enforcement or defense of its rights under this Contract. The Buyer and Seller further indemnify and release the Agent from any and all liability related to this transaction that is the subject of this Contract.

18. **This Section is Intentionally Deleted.**

19. **Survivorship of Contract:** This Contract, amendments, attachments, and codicils shall be binding on all parties, their heirs, administrators, assigns and trustees that may be assigned by previous agreement, corporate resolution and/or the binding will or estate instructions as applicable.

20. **Broker Commission Fee:** The Agent shall receive, at closing, a commission fee equal to six percent (6%) of the Total Sale Price and payment of this fee is a condition of closing.

Initials:  

3

21. **1031 Exchange:** Seller and Buyer both acknowledge and agree the Buyer intends to utilize the Property as a part of a an IRS 1031 Exchange Transaction and that the Seller agrees to cooperate with the Buyer as necessary to facilitate the Buyers exchange provided such actions and cooperation does not cause a material change to the terms of this Contract or cause the Seller to incur any material expense or cost.

The undersigned Buyer and Seller agree they have read the entire contents of this Contract, they agree that all terms of this transaction are contained herein, no other agreement or contract exist and this Contract constitutes the entire and binding agreement of the parties. Both parties further acknowledge receipt of a copy of the Contract. This is a legally binding Contract; if you do not understand this Contract, consult qualified legal counsel.

---

**Receipt for Deposit, Acceptance and Acknowledgement of the forgoing Contract by the Buyer**

SELLER: Park Plaza Holdings LLC, an Ohio limited liability company

*Buyer's Signature: _[signature]_   Date: _____   Time: _____

Buyer's Printed Name: Mark D. Ayer   Title: Member

Company Name: Park Plaza Holdings LLC

*Type of Ownership: (please check only one)
  ___ CORPORATION organized under the laws of the State of ___
  ___ GENERAL PARTNERSHIP organized under the laws of the State of ___
  ___ LIMITED PARTNERSHIP organized under the laws of the State of ___
  _X_ LIMITED LIABILITY COMPANY organized under the laws of the State of Ohio
  ___ INDIVIDUAL(s) resident of the State(s) of ___
  ___ OTHER (indicate type of entity and state of organization: ___

Buyer's Address: 7162 Reading Road, Suite 730, Cincinnati, Ohio 45237

Mobile: 513.608.3619;  Work: 513.531.7997

Email Address: ayermark@gmail.com

---

**Acceptance of the Contract by the Seller**

The undersigned Seller agrees to accept the Buyer's offer for the Property, if this sale is conditioned upon final approval of a court of adequate jurisdiction, then the Seller's acceptance is not final until an order of the court approves the sale.

SELLER: HULL ORGANIZATION, LLC BY AND THROUGH CULLEN BILYEU OF BILYEU ENTERPRISES, LLC AS APPOINTED RECEIVER FOR ROBERT E. HULL, CASE NO.: 20-CI-500489, JEFFERSON COUNTY CIRCUIT COURT, FAMILY DIVISION

BY: _[signature]_   Date: _____   Time: _____

Name: Cullen Bilyeu   Title: Court Appointed Receiver

Address: 5057 Shelbyville Road, Louisville, KY 40207

Phone: 502.718.7696   Email: cullen@bilyeuenterprises.com

Initials: _[MA]_ _[CB]_

4

| Acceptance of Good Faith Deposit by Escrow Agent |
|---|

The Designated Escrow Agent agrees that by accepting the Buyer's non-refundable Deposit per the terms of this Contract that it agrees it will abide by all the terms and conditions affecting the Deposit and disposition of same including default by either Buyer or Seller.

BY: _____ Date: _____ Time: _____

Name: _____ Title: _____

**DESIGNATED ESCROW AND CLOSING AGENT**
Central Land Title Agency
3074 Madison Road
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301

**COUNSEL FOR BUYER**
W. Thomas Fisher | Shareholder
Barron Peck Bennie & Schlemmer
Oakley | 3074 Madison | Cincinnati, OH 45209
Newport | 30 East 8th Street, Suite 200 | Newport, KY 41071
WTF@bpbslaw.com | www.bpbslaw.com
P 513.533.2019 | F 888.202.1694

"Tranzon Asset Advisors is a member company of Tranzon, LLC and independently owned and operated. Tranzon Asset Advisors is solely responsible for the conduct and operations of this transaction in accordance with applicable state law."

© Copyright 2023 Tranzon Asset Advisors All rights reserved

Initials: [MR] [BB]

5