# EXHIBIT D

Declaration of David Tester in Support of USMAA's Motion for Summary Judgment

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

In re:
**HULL ORGANIZATION, LLC**, *et al.*
   Debtors

Case No. 23-32983
Chapter 7
(Jointly Administered)

**DECLARATION OF DAVID TESTER IN SUPPORT OF**

**USMAA'S MOTION FOR SUMMARY JUDGMENT**

**ON MOTION FOR RELIEF FROM SALE ORDER (DOC. 554)**

---

I, David Tester, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

**DECLARANT'S QUALIFICATIONS AND BACKGROUND**

1. I am the President of US Martial Arts Academy, Inc. ("USMAA"), a corporation organized under the laws of Ohio. I am over the age of eighteen (18) years and am competent to make this Declaration. I have personal knowledge of the facts set forth herein and am competent to testify to the same.

2. USMAA has operated a martial arts academy at 834 Ohio Pike, Unit 240, Cincinnati, Ohio 45245 (the "Premises") for over fifteen (15) years under a commercial lease agreement. USMAA's operations at this location include martial arts classes, training programs, and related activities serving the Cincinnati community.

**THE LEASE**

3. On March 1, 2020, USMAA entered into a ten-year commercial lease agreement with Hull Organization, LLC ("Hull") for the Premises. The lease term runs through February 28, 2030. A true and correct copy of the Lease is attached to USMAA's Motion for Relief (Doc. 554) as Exhibit A.

4. USMAA has continuously occupied and operated its martial arts academy at the Premises since the inception of its tenancy, maintaining open and notorious possession of Unit 240 at all times. USMAA's signage is visible on the exterior of the building, and USMAA's students and instructors have used the Premises on a regular and consistent basis throughout the entire period of occupancy.

**NO NOTICE OF BANKRUPTCY PROCEEDINGS**

5. USMAA did not receive any notice of Hull's Chapter 11 bankruptcy filing on November 3, 2023 (Case No. 23-32983). I first learned of the bankruptcy filing after the sale had already closed.

6. USMAA was not listed on the creditor matrix or mailing list filed with the Court in connection with Hull's bankruptcy petition.

7. USMAA did not receive notice of the Joint Motion to Sell the property (Doc. 24), the January 9, 2024 hearing on the motion to sell, or the entry of the Sale Order on January 23, 2024 (Doc. 56).

8. Neither I nor any representative of USMAA was present at the January 9, 2024 hearing. USMAA had no knowledge that the hearing was taking place.

9. USMAA was not provided with notice of any motion to assume or reject its lease under 11 U.S.C. § 365, and I am not aware that any such motion was ever filed with respect to USMAA's lease.

**PARK PLAZA'S POST-CLOSING CONDUCT**

10. On February 7, 2024, USMAA received a "Tenant Notice" from Park Plaza Holdings, LLC ("Park Plaza") stating that "All leases have been assigned" and demanding that rent payments be directed to Park Plaza. On the same date, USMAA received an email from Park Plaza stating: "We've been reviewing your lease and your monthly rent is $2,700." True and correct copies of the Tenant Notice and email are attached to Doc. 554 as Exhibit C.

11. Based on these communications, USMAA understood that its lease had been assigned to Park Plaza and that Park Plaza recognized and accepted the lease. USMAA began making monthly rent payments to Park Plaza as directed.

12. USMAA made monthly rent payments to Park Plaza for approximately nineteen (19) months, from February 2024 through approximately September 2025. Park Plaza accepted each of these payments without objection or reservation.

13. On or about September 2, 2025, Park Plaza's property manager, Matt Nobles of Valbridge Property Advisors, sent USMAA a reimbursement invoice for $20,754.56, citing expense and reimbursement provisions in USMAA's lease. Mr. Nobles' email stated: "If we had the lease at time of closing or were given the lease prior to summer 2025, there are expense/reimbursement provisions in the lease that the tenant is responsible for in addition to base rent." This invoice was calculated based on the terms of USMAA's lease.

**TERMINATION NOTICE AND IMPACT**

14. On June 30, 2025, Park Plaza served USMAA with a "Notice of Termination," claiming that USMAA's lease rights were terminated by the bankruptcy Sale Order. This was the first time I learned that any party claimed USMAA's lease had been extinguished by the bankruptcy proceedings. A true and correct copy of the Notice of Termination is attached to Doc. 554 as Exhibit D.

15. Prior to receiving the June 30, 2025 Notice of Termination, at no time did Park Plaza, its agents, or any other party ever suggest to me or to any USMAA representative that USMAA's lease had been or could be terminated by the bankruptcy Sale Order.

16. The disruption to USMAA's operations has caused significant harm to the business, including the suspension of martial arts classes, freezing of student subscriptions, and damage to USMAA's goodwill and reputation built over more than fifteen years of continuous operation at this location.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on __FEB 23__, 2026.

_____
David Tester
President, US Martial Arts Academy, Inc.

STATE OF OHIO
COUNTY OF CLERMONT ) SS:

Sworn to before me and subscribed in my presence this __23__ day of __February__, 2026, by David Tester, who is personally known to me or who produced __Driver License__ as identification.

_____
Notary Public, State of Ohio

My Commission Expires:
July 28th 2028

Brittany Marie Marcum
Notary Public, State of Ohio
My Commission Expires:
July 18th 2028