## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-32983 |
| **HULL ORGANIZATION, LLC,** ) | |
| et al. ) | |
| ) | Chapter 7 |
| ) | |
| Debtors ) | (Jointly Administered) |

## **OBJECTION TO MOTION TO COMPEL**
## **DISCOVERY RESPONSES (Doc. 788)**

COMES NOW US Martial Arts Academy, Inc. ("USMAA"), by and through undersigned counsel, and hereby files this Objection to Park Plaza Holdings, LLC's ("Park Plaza") Motion to Compel Discovery Responses (Doc. 788), and respectfully states as follows:

### I.  INTRODUCTION

Park Plaza's Motion to Compel should be denied for three independent reasons. First, Park Plaza failed to satisfy the mandatory conferral requirement of Federal Rule of Civil Procedure 37(a)(1) before filing this Motion. Second, USMAA is serving supplemental discovery responses on March 3, 2026, which will render the Motion moot. Third, Park Plaza's request for costs and fees is unwarranted given both the circumstances surrounding USMAA's responses and Park Plaza's own deficient discovery compliance.

### II.  PARK PLAZA FAILED TO SATISFY THE MANDATORY CONFERRAL REQUIREMENT

Federal Rule of Bankruptcy Procedure 7037 incorporates Federal Rule of Civil Procedure 37 without modification, making Rule 37 fully applicable in bankruptcy proceedings. Rule 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to act in an effort to obtain it

without court action." Fed. R. Civ. P. 37(a)(1); Fed. R. Bankr. P. 7037. This is not a mere formality—it reflects a substantive obligation that courts consistently enforce, and failure to comply is grounds for denial.

Park Plaza's purported conferral was disingenuous. The timeline demonstrates that Park Plaza never intended to resolve this dispute without court action:

- February 13, 2026: Park Plaza mailed a Rule 37 letter to USMAA's counsel demanding supplemental responses by February 18, 2026—a deadline of only five calendar days, which included a weekend. *See* Doc. 788, Exhibit C.
- February 16, 2026: USMAA's counsel actually received the letter—a Monday—leaving only two business days before the stated deadline.
- February 18, 2026: Park Plaza's self-imposed deadline expired.
- February 19, 2026: Park Plaza filed this Motion the very next day—one day after the expiration of its own unreasonably short deadline.

The fact that Park Plaza filed its Motion one day after its own deadline expired—before USMAA's counsel had any meaningful opportunity to respond—demonstrates that the Rule 37 letter was not a genuine attempt to confer but rather a procedural formality to justify a pre-drafted motion. The court in *In re Lisse,* 565 B.R. 903 (Bankr. D. Kan. 2017), held that failure to include a good-faith certification of conferral is itself grounds for denial of a discovery motion under Rule 37. Similarly, in *Rhodes v. Litig. Trust of the Rhodes Cos., LLC (In re Rhodes Cos., LLC),* 475 B.R. 733 (D. Nev. 2012), the court denied a discovery motion where counsel admitted the pre-filing conversation was merely "a very brief conversation that we objected and were going to file" the motion—precisely the kind of perfunctory, one-directional communication that fails to satisfy Rule 37(a)(1)'s good-faith requirement. Park Plaza's conduct here is indistinguishable: it mailed a letter with an unreasonable two-business-day deadline, made no telephone call, sent no email, and made no attempt to discuss the issues prior to filing.

### III.  USMAA'S SUPPLEMENTAL RESPONSES RENDER THE MOTION MOOT

USMAA is serving supplemental and amended discovery responses on March 3, 2026, the day following the filing of this Objection. These supplemental responses address each of the deficiencies identified in Park Plaza's Motion, including supplemental answers to Interrogatories Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13, together with responsive documents and a verification executed by USMAA's principal, David Tester.

Under Federal Rule of Civil Procedure 26(e)(1)(A), incorporated by Federal Rule of Bankruptcy Procedure 7026, a party has an ongoing duty to supplement its disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." USMAA's supplemental responses fulfill this obligation and render the relief sought in Park Plaza's Motion unnecessary.

Courts routinely deny motions to compel as moot when supplemental responses cure the deficiencies at issue. In *Bryant v. Armstrong,* 285 F.R.D. 596 (S.D. Cal. 2012), the court denied a motion to compel as moot where the responding party had voluntarily provided supplemental responses addressing the scope of the requests, and the movant did not contest that the supplementation resolved the dispute. *See also Armstrong v. Snyder,* 103 F.R.D. 96 (E.D. Ky. 1984) (denying motion to compel as moot where the responding party had voluntarily answered the interrogatories at issue). Within this District, the principle is equally recognized: in *Webster v. Allstate Ins. Co.,* 689 F. Supp. 689 (W.D. Ky. 1986), this Court denied a Rule 37 motion to compel as moot where subsequent developments eliminated the need for the requested relief. USMAA's supplemental responses, served contemporaneously with this Objection, cure the deficiencies identified in Park Plaza's Motion and eliminate any basis for the relief Park Plaza seeks.

## IV.  PARK PLAZA LACKS STANDING TO COMPLAIN ABOUT DISCOVERY COMPLIANCE

Park Plaza's demand that this Court sanction USMAA for allegedly deficient discovery responses rings hollow given Park Plaza's own discovery conduct. USMAA served its First Set of Requests for Admission, Interrogatories, and Requests for Production on Park Plaza on or about

October 29, 2025. *See* Doc. 747. Park Plaza's responses, received December 3, 2025, were limited solely to the Requests for Admission. *See* Exhibit A. Park Plaza provided no responses whatsoever to USMAA's Interrogatories and produced no documents in response to USMAA's Requests for Production.

Moreover, Park Plaza's RFA responses were themselves replete with evasive and non-responsive answers:

- Park Plaza repeatedly claimed the February 7, 2024 Tenant Notice—in which Park Plaza affirmatively stated "All leases have been assigned"—was sent "by mistake," without providing any factual basis or explanation for this self-serving characterization.

- Park Plaza denied "for lack of knowledge" whether USMAA received notice of the bankruptcy sale (RFA Nos. 17, 18, 19, 21, 22)—matters that are squarely within Park Plaza's own knowledge or within the knowledge of its counsel, who participated in the bankruptcy proceedings.

- Park Plaza gave bare denials to RFA Nos. 12 through 15 and 26 through 35 without any supporting explanation, in contravention of the requirement that denials "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).

A party that has itself failed to respond to interrogatories entirely, produced no documents, and served evasive responses to requests for admission is not entitled to an order compelling USMAA's compliance—much less an award of costs. "[T]he scope of discovery is within the sound discretion of the trial court." *Dodd v. Hendrickson USA, LLC,* 349 F.R.D. 286 (W.D. Ky. 2025). This Court's bankruptcy division has likewise recognized its "considerable discretion in determining the scope of discovery." *In re Big Rivers Elec. Corp.,* 252 B.R. 676 (Bankr. W.D. Ky. 2000). That discretion necessarily includes the authority to deny relief to a party that seeks to compel compliance while flouting its own discovery obligations. Equity demands that a party seeking discovery sanctions come to court with clean hands.

## V.  THE SABA AFFIDAVIT IS DEFECTIVE

Park Plaza's Motion relies on the Affidavit of Paul T. Saba as its evidentiary foundation. *See* Doc. 788, Exhibit A, pp. 7–8. However, the affidavit is facially defective. The notarization block contains a blank where the day should appear, and the document filed with the Court does not bear a notary's signature. While 28 U.S.C. § 1746 permits unsworn declarations to substitute for affidavits, a declaration must be signed, dated, and subscribed as true under penalty of perjury to satisfy the statute's requirements. An unsigned or incomplete declaration fails to meet even this alternative standard. *See Davenport v. Bd. of Trs. of the State Ctr. Cmty. College Dist.*, 654 F. Supp. 2d 1073 (E.D. Cal. 2009) (rejecting unsigned, undated, and unsworn declaration as noncompliant with both Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746); *Worthy v. Mich. Bell Tel. Co.*, No. 09-13825, 2010 U.S. Dist. LEXIS 73218 (E.D. Mich. July 20, 2010) (unsigned affidavit inadmissible as evidence). Because the Saba Affidavit lacks a notary's signature and contains an incomplete notarization, it is not competent evidence and cannot support Park Plaza's Motion.

## VI.  COSTS AND FEES SHOULD BE DENIED

Even if the Court were to find any merit to Park Plaza's Motion, costs should be denied under Federal Rule of Civil Procedure 37(a)(5)(A)(ii) and (iii). USMAA's position was substantially justified: USMAA served timely responses on December 23, 2025, is now voluntarily supplementing those responses, and Park Plaza filed this Motion before engaging in any meaningful conferral. Additionally, an award of expenses would be unjust under the circumstances, given that Park Plaza's own discovery compliance has been far more deficient than USMAA's.

Park Plaza's true motive in filing this Motion is revealed by its timing: filed on February 19, 2026—just four days before USMAA filed its Motion for Summary Judgment (Doc. 791) on February 23, 2026. This Motion is a tactical maneuver designed to burden USMAA and create a false narrative of non-cooperation, not a genuine effort to resolve a discovery dispute.

## VII.  CONCLUSION

**WHEREFORE**, USMAA respectfully requests that this Court:

1. Deny Park Plaza's Motion to Compel Discovery Responses (Doc. 788) as moot, or in the alternative, deny the Motion on its merits;

2. Deny Park Plaza's request for costs and fees;

3. Grant USMAA such other and further relief as this Court deems just and proper.

    Respectfully submitted,
    /s/ Kemal V. Catalan
    Kemal V. Catalan, Esq., Ph.D.
    OH Bar No. 0102993
    KY Bar No. 100662
    KVC Law Firm, LLC
    539 Liberty Hill
    Cincinnati, Ohio 45202
    Phone: (513) 549-6246
    Email: kemalvcatalan@kvclawfirm.com
    *Attorney for US Martial Arts Academy, Inc.*

## EXHIBIT LIST

**Exhibit A:** Park Plaza Holdings, LLC's Responses to USMAA's Requests for Admission (received December 3, 2025)

*The Court is also respectfully directed to Doc. 747 for USMAA's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents served on Park Plaza; and to Doc. 788 for Park Plaza's Rule 37 letter (Exhibit C thereto) and the Affidavit of Paul T. Saba (Exhibit A thereto, pp. 7–8), referenced herein.*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 9036-1, I certify that on March 2, 2026, I sent a copy of the foregoing Objection to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first class U.S. mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

/s/ Kemal V. Catalan
Kemal V. Catalan

# EXHIBIT A

Park Plaza Holdings, LLC's Responses to USMAA's Requests for Admission
(received December 3, 2025)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

In re:

HULL ORGANIZATION, LLC, et al.

Debtors[1]

Case No. 23-32983-acs

Chapter 11
(Jointly Administered)

---

**PARK PLAZA HOLDINGS, LLC'S RESPONSES TO US MARTIAL ARTS ACADEMY, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

---

Pursuant to Fed. R. Civ. P. 26 and 36 and Fed. R. Bankr. P. 7026 and 7036, Park Plaza Holdings, LLC ("Park Plaza") hereby submits its objections and responses to US Martial Arts Academy, Inc.'s ("USMAA") First Set of Requests for Admission ("RFAs").

## GENERAL OBJECTIONS

1. Park Plaza objects to the RFAs to the extent that they seek information that is neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

2. Park Plaza objects to the RFAs in that that they are overly broad, unreasonably burdensome and oppressive, and impose an undue expense.

3. Park Plaza objects to the RFAs to the extent they seek disclosure of opinions, mental impressions, conclusions, legal theories of its counsel, or documents protected by the attorney-client privilege, the work product doctrine and/or other applicable privileges or immunities.

4. Park Plaza objects to the definitions as being improper under the Federal

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987). The Debtors' headquarters are located at 1902 Campus Place, Suite 9, Louisville, Kentucky 40299.

Rules of Civil Procedure to the extent that they seek to impose obligations contrary to the procedures established by the discovery provisions of Fed. R. Civ. P. 26. Further, Park Plaza objects to the definitions to the extent they are overly broad and burdensome, vague or contradictory. Any obligation to respond is limited by the Federal Rules of Civil Procedure, and Park Plaza will respond in the manner contemplated by those Rules.

5. Park Plaza states that its investigation into this matter is ongoing, and it reserves the right to supplement its responses.

6. Park Plaza states that its answer to any Discovery Request shall not constitute an admission regarding the admissibility or relevance of any information.

7. All of the foregoing general objections are incorporated in the following responses to the RFAs, whether or not any specific general objection is referenced therein.

## REQUESTS FOR ADMISSION

1. Admit or deny that The Lease attached as Exhibit A is a true and accurate copy of the lease agreement between Hull Organization, LLC and USMAA dated March 1, 2020.

    **RESPONSE: Deny (no lease was attached to USMAA's requests).**

2. Admit or deny that The Lease provides for a lease term through February 28, 2030.

    **RESPONSE: Admit that the Lease provides for a conditional lease term through that date, but otherwise deny, as the parties had the right to terminate.**

3. Admit or deny that The Lease required either party to provide 180-day notice to terminate the lease during years 6-10 of the term.

    **RESPONSE: Admit that the Lease speaks for itself.**

4. Admit or deny that Neither USMAA nor Park Plaza (as successor to Hull Organization) provided such 180-day notice to terminate the Lease.

>   RESPONSE: Objection. Further answering, Park Plaza states that it never had the Lease to terminate.

>   /s/ Paul T. Saba
>   Paul T. Saba (KY #95203)

5. Admit or deny that The 180-day termination option in the Lease expired on or about September 1, 2024.

>   **RESPONSE: Deny based on equitable grounds—Park Plaza did not have the Lease in order to issue a termination, and Park Plaza purchased the Property upon the Court's order that the Lease had been terminated (the "Sale Order" (Doc. 56)). Further answering, deny based on the Sale Order.**

6. Admit or deny that USMAA paid rent to Park Plaza for each month from February 2024 through December 2024, and Park Plaza deposited and retained all such rent payments without placing them into escrow or a trust account.

>   **RESPONSE: Deny that USMAA paid the full amount of the rent but admit that USMAA made a partial payment for each of those months.**

7. Admit or deny that Park Plaza sent USMAA a "Tenant Notice of the Sale" dated February 7, 2024.

>   **RESPONSE: Admit.**

8. Admit or deny that The February 7, 2024 Tenant Notice stated "All leases have been assigned to Park Plaza Holdings, LLC."

>   **RESPONSE: Admit that the February 7, 2024 Tenant Notice speaks for itself. Further answering, however, Park Plaza states that said notice was issued by mistake.**

9. Admit or deny that The February 7, 2024 Tenant Notice instructed USMAA to make future rent payments to Park Plaza Holdings, LLC.

> **RESPONSE: Admit that the February 7, 2024 Tenant Notice speaks for itself. Further answering, however, Park Plaza states that said notice was issued by mistake.**

10. Admit or deny that Park Plaza did not inform USMAA in the February 7, 2024 notice that USMAA's Lease had been extinguished or terminated.

> **RESPONSE: Admit that the February 7, 2024 Tenant Notice speaks for itself. Further answering, however, Park Plaza states that said notice was issued by mistake.**

11. Admit or deny that Prior to closing on the purchase of the Property, Park Plaza knew that USMAA occupied Unit 240 at 834 Ohio Pike.

> **RESPONSE: Admit that Park Plaza was aware of USMAA's occupancy of Unit 240, but Park Plaza was not aware of any lease rights.**

12. Admit or deny that Park Plaza never requested a copy of USMAA's Lease from the Receiver prior to closing.

> **RESPONSE: Deny.**

13. Admit or deny that Park Plaza never requested a copy of USMAA's Lease from USMAA prior to closing.

> **RESPONSE: Deny.**

14. Admit or deny that Park Plaza did not conduct a physical inspection of the Leased Premises prior to closing.

> **RESPONSE: Deny.**

15. Admit or deny that The Sale Agreement did not specifically identify USMAA's Lease as a lease that would be extinguished by the sale.

> **RESPONSE: Deny.**

16. Admit or deny that The Sale Order (Doc. 56) does not specifically mention USMAA or USMAA's Lease by name.

> **RESPONSE: Admit that the Sale Order does not mention USMAA but deny that the Lease was not terminated.**

17. Admit or deny that USMAA was not served with notice of the Motion for Sale filed in the bankruptcy case.

> **RESPONSE: Deny for lack of knowledge.**

18. Admit or deny that USMAA was not served with notice of the Sale Order entered on January 23, 2024.

> **RESPONSE: Deny for lack of knowledge.**

19. Admit or deny that USMAA did not receive any notice from the bankruptcy court regarding the sale of the Property until after the sale had closed.

> **RESPONSE: Deny for lack of knowledge.**

20. Admit or deny that the bankruptcy court set a 10-day objection period at the January 9, 2024 hearing.

> **RESPONSE: Admit that the Court's docket speaks for itself.**

21. Admit or deny that USMAA was not notified of the 10-day objection period.

> **RESPONSE: Deny for lack of knowledge.**

22. Admit or deny that at the January 9, 2024 hearing, Stock Yards Bank's attorney discussed "tenant uncertainty" regarding rent payments.

> **RESPONSE: Deny for lack of knowledge what was said at the hearing and in what context such statements may have been made.**

23. Admit or deny that Park Plaza's belief that USMAA's Lease had been extinguished did not arise until sometime after February 7, 2024.

**RESPONSE: Deny.**

24. Admit or deny that Park Plaza accepted and retained nineteen months of rent payments from USMAA before claiming the Lease was extinguished.

**RESPONSE: Admit that Park Plaza received partial payment of rent but deny the remainder.**

25. Admit or deny that Park Plaza never informed USMAA that rent payments were being made in error or without legal obligation.

**RESPONSE: Admit that Park Plaza never had a copy of the Lease and was unaware that USMAA was in breach.**

26. Admit or deny that prior to receiving any legal advice from attorneys, Park Plaza had no independent knowledge or information suggesting that USMAA's Lease had been terminated by the bankruptcy sale.

**RESPONSE: Deny.**

27. Admit or deny that excluding any information received from Park Plaza's attorneys, Park Plaza conducted no independent investigation into whether existing tenant leases would be extinguished by the bankruptcy sale.

**RESPONSE: Deny.**

28. Admit or deny that no document provided to Park Plaza by the Receiver, Stock Yards Bank, or Hull Organization specifically stated that USMAA's Lease would be or had been extinguished by the bankruptcy sale.

**RESPONSE: Deny. Further answering, Park Plaza states that the Sale Order speaks for itself.**

29. Admit or deny that no representative of the Receiver, Stock Yards Bank, or Hull Organization told Park Plaza prior to closing that USMAA's Lease would be or had been extinguished.

   **RESPONSE: Deny. Further answering, Park Plaza states that the Sale Order speaks for itself.**

30. Admit or deny that at the time Park Plaza sent the February 7, 2024 Tenant Notice stating "All leases have been assigned," Park Plaza did not believe USMAA's Lease had been extinguished.

   **RESPONSE: Deny. Further answering, Park Plaza states that the February 7, 2024 Tenant Notice was sent in error.**

31. Admit or deny that Park Plaza's understanding about whether USMAA's Lease survived the bankruptcy sale changed at some point after the February 7, 2024 closing.

   **RESPONSE: Deny.**

32. Admit or deny that Park Plaza has no factual basis—excluding legal advice from Park Plaza's attorneys—for believing that bankruptcy sales under 11 U.S.C. § 363(f) automatically extinguish all tenant leases without notice to the tenants.

   **RESPONSE: Deny. Further answering, Park Plaza states that the Sale Order speaks for itself.**

33. Admit or deny that Park Plaza did not ask the Receiver whether USMAA had been given notice of the bankruptcy sale prior to Park Plaza's closing on the Property.

   **RESPONSE: Deny for lack of knowledge.**

34. Admit or deny that Park Plaza did not ask the Receiver about the status of USMAA's Lease prior to sending the September 5, 2025 termination notice.

   **RESPONSE: Deny.**

35. Admit or deny that The Motion for Sale and related bankruptcy filings reviewed by Park Plaza prior to closing did not specifically inform Park Plaza that USMAA's Lease would be extinguished.

**RESPONSE: Deny.**

36. Admit or deny that Park Plaza did not attend or participate in the January 9, 2024 bankruptcy hearing regarding the sale of the Property.

**RESPONSE: Admit.**

Respectfully submitted,

/s/ Paul T. Saba
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
*Attorneys for Park Plaza Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following via electronic mail on December 3, 2025:

Kemal Catlin
kemalvcatalan@kvclawfirm.com
Attorney for USMAA

/s/ Paul T. Saba
Paul T. Saba (KY #95203)