UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 23-32983-acs |
| HULL ORGANIZATION, LLC, *et al.* | Chapter 11 |
| Debtors[1] | (Jointly Administered) |

### PARK PLAZA'S MOTION FOR ABSTENTION

Now comes Park Plaza Holdings, LLC ("Park Plaza"), and hereby moves the Court, pursuant to 28 U.S.C. § 1334(c)(2), to abstain from ruling on US Martial Arts Academy, Inc.'s ("USMAA") Motion for Summary Judgment (Doc. #791) (hereafter, the "MSJ") because the issues in the MSJ are also the subject of pending litigation in Clermont County, Ohio, Court of Common Pleas Case No. 2026 CVC 00303.[2]

The essence of the MSJ is that after the Court's Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. #56) (the "Sale Order"), when USMAA's lease (the "Lease") was no longer part of the bankruptcy estate, USMAA was evicted for non-payment of rent, and that the eviction was allegedly improper.

---

[1] The Debtors in these jointly administered bankruptcy cases and their respective case numbers are as follows: Hull Organization, LLC (23-32983-acs); Hull Equity, LLC (23-32984); Hull Properties, LLC (23-32985); and 4 West, LLC (23-32987).

[2] USMAA's Notice of Voluntary Withdrawal of Motion for Stay (Doc. #797), at ¶4. A copy of the state court Complaint is attached to Matt Nobles' Declaration at Exhibit 1.

Even assuming that USMAA's allegations had merit, however, or that this Court had jurisdiction to address the alleged breach of a lease that was no longer part of the bankruptcy estate or the legality of an eviction that is completely unrelated to this bankruptcy, all of the elements for mandatory abstention are present, because: (i) this dispute could not be commenced in this Court absent this bankruptcy, and (ii) the state court can timely adjudicate the eviction and all post-sale disputes.

The six (6) elements necessary for mandatory abstention are: (i) a timely filed motion; (2) claims based upon state law; (3) a non-core proceeding; (4) no independent federal jurisdiction; (5) state action commenced; and (6) timely adjudication in state court.[3]

With respect to the first and fifth elements, this motion for abstention is timely filed as required by 28 U.S.C. § 1334, because USMAA commenced its state court proceedings regarding the eviction and post-sale Lease dispute on March 2, 2026, and this motion is being filed within two weeks of that date.

With respect to the second element, USMAA is seeking relief based upon state law claims in Ohio, where the Property is located. USMAA has asked this Court to:

> 2. Enter an order declaring that the Sale Order entered on January 23, 2024 (Doc. 56) is void as to USMAA's leasehold interest due to the failure to provide USMAA with constitutionally adequate notice of the bankruptcy proceedings;
>
> 3. Declare that USMAA's Lease dated March 1, 2020 survived the

---

[3] *Bright Green Corp. v. Fikany (In re Bright Green Corp.),* 671 B.R. 280, 288 (2025)

>   bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030; [and]
>
>   4. Declare that Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including its acknowledgment of lease assignments, collection of rent for nineteen months and demand for lease based performance…[4]

The post-sale breach of Lease and the alleged waiver occurred 21 months after the Sale Order, however, and those are basic, run-of-the-mill lease disputes based upon Ohio law. The Ohio Court system can and does timely adjudicate such disputes on a regular basis. Indeed, in the state court litigation, USMAA goes to great lengths to describe the bankruptcy history and the Bankruptcy's orders and rulings, and asks the state court to declare that:

>   (a) The Lease is a valid and enforceable agreement that survived the bankruptcy sale;
>
>   (b) Park Plaza assumed and ratified the Lease through its post-closing conduct, including acknowledging that "all leases have been assigned," reviewing USMAA's Lease, and accepting rent for nineteen consecutive months;
>
>   (c) Park Plaza waived any right to challenge the validity of the Lease through its conduct;
>
>   (d) Park Plaza's purported termination of the Lease on June 30, 2025, was wrongful and without legal basis;
>
>   (e) Park Plaza's self-help eviction of USMAA on September 5, 2025, was unlawful; and
>
>   (f) USMAA is entitled to damages for the wrongful termination of its

---

[4] USMAA's MSJ (Doc. #791) at page 18, Request for Relief 4

Page **3** of **6**

Lease rights through the remaining term of April 30, 2030.[5]

USMAA also asks the state court to declare that:

> Park Plaza executed this self-help eviction while USMAA's Motion for Relief (Bankruptcy Proceeding Dkt. 554) and Motion for Stay (Bankruptcy Proceeding Dkt. 555) in the Bankruptcy Proceeding were actively pending before the United States Bankruptcy Court for the Western District of Kentucky. Park Plaza's conduct constituted a deliberate effort to circumvent the judicial process and create facts on the ground while the matter was sub judice.[6]

And USMAA requests that the state court:

> Enter a declaratory judgment that the Lease is valid and enforceable; that Park Plaza assumed, ratified, and waived any right to challenge the Lease; that Park Plaza's termination was wrongful; and that USMAA is entitled to damages for the wrongful termination of its leasehold rights through the remaining term of April 30, 2030.

Assuming USMAA's claims in state court had merit (and they don't), USMAA would get complete relief in state court if it prevailed; even if USMAA prevails in Bankruptcy, in contrast, relief would be ineffective for all the reasons explained in Park Plaza's Memorandum of Opposition to USMAA's MSJ (Doc. #812).

With respect to the third element, the post-sale Lease dispute is not a core proceeding. It is, at best, tangentially related to the bankruptcy, but it is not "arising under," "arising in," or "related to" this bankruptcy, as required under 28 U.S.C. § 1334(b). As such, even if the Court has jurisdiction over the post-sale Lease dispute, which Park Plaza denies, it is a non-core proceeding, and with respect to the fourth

---

[5] State court Complaint, ¶40
[6] State court Complaint, ¶50

element, there is no independent basis for federal jurisdiction other than the bankruptcy jurisdiction conferred by 28 U.S.C. § 1334.[7]

And with respect to the sixth and final element, there is really no dispute that the Ohio Court system is capable of timely adjudicating the post-sale Lease dispute. As such, all six elements for mandatory abstention are satisfied, and the Court has no discretion; it must abstain from rendering any decision on the post-sale lease dispute.[8]

**Conclusion**

Given all of the foregoing, the Court should abstain from deciding on the MSJ, the post-sale breach, and the validity of the Lease after the Sale Order.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (KY #95203)
SSP Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
***Attorneys for Park Plaza Holdings, LLC***

---

[7] *Bright Green Corp. v. Fikany (In re Bright Green Corp.),* 671 B.R. 280 (2025)
[8] *Ibid.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Abstention was served on March 16, 2026, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Assistant U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
K. Gail Russell, Attorney for Nancy Hull
Kemal Catlin, Attorney for USMAA\

/s/ *Paul T. Saba*
Paul T. Saba (KY #95203)