**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF KENTUCKY**

**LOUISVILLE DIVISION**

| | |
|---|---|
| In re: | |
| | Case No. 23-32983-mbn |
| **HULL ORGANIZATION, LLC,** | |
| | Judge Mary Elisabeth Naumann |
| Debtor. | |
| | Chapter 7 |

**US MARTIAL ARTS ACADEMY, INC.'S REPLY TO PARK PLAZA'S**

**MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (DOC.**

**#812)**

<u>**PRELIMINARY STATEMENT**</u>

US Martial Arts Academy, Inc. ("USMAA") files this Reply in response to Park Plaza Holdings, LLC's ("Park Plaza") Memorandum in Opposition to USMAA's Motion for Summary Judgment (Doc. #812) (the "Opposition"). The Court has scheduled a hearing on USMAA's Motion for Summary Judgment (Doc. #791) for April 16, 2026 at 10:00 AM (Doc. #820).

Park Plaza's Opposition rests on three central pillars: (1) that the case is moot because USMAA was evicted and a new tenant now occupies the Leased Premises; (2) that this Court lacks subject matter jurisdiction over the post-sale lease dispute; and (3) that even if the Court reaches the merits, USMAA's remedy is limited to an administrative claim against sale proceeds, which USMAA forfeited by not filing a proof of claim. Each of these arguments fails on the law and the facts.

At bottom, Park Plaza's Opposition is an attempt to insulate its own unlawful conduct — a self-help eviction executed while these proceedings were pending, without statutory notice, in deliberate circumvention of this Court's process — from any judicial scrutiny. Critically, every act of termination and dispossession that Park Plaza took against USMAA was predicated on Park Plaza's reliance that this Court's Sale Order had extinguished USMAA's Lease. Park Plaza cannot simultaneously argue that the Court's ruling on the Sale Order is moot while relying on that same order as the legal foundation for every action it took against USMAA. The Court should reject that effort and grant the MSJ.

## ARGUMENT

## I.  PARK PLAZA'S MOOTNESS ARGUMENTS ALL FAIL.

**A.   Constitutional Mootness Does Not Apply Because Declaratory Relief Has Real Legal Consequences.**

Park Plaza's mootness argument contains a fatal internal contradiction that collapses the entire Opposition. Park Plaza contends the case is moot because the Lease was independently terminated for post-sale CAM non-payment and USMAA was lawfully evicted. But Park Plaza's June 2025 termination notice, its September 2025 self-help eviction, and every act of dispossession it took against USMAA were each predicated on Park Plaza's position that this Court's Sale Order had already extinguished USMAA's Lease. Park Plaza treated USMAA as having no lease rights precisely because it believed the Sale Order said so. Park Plaza cannot invoke the consequences of the Sale Order as a mootness shield while simultaneously arguing that the Court's ruling on that same order is without legal effect. The validity of the Sale Order as against USMAA is not a moot question — it is the predicate question upon which every subsequent act of Park Plaza either stands or falls.

Park Plaza argues the case is constitutionally moot because USMAA was evicted, vacated the Leased Premises, and a new tenant now occupies the space — making any declaration by this Court "ineffective." This fundamentally misunderstands the declaratory relief USMAA seeks and the legal consequences it carries.

A case is constitutionally moot only when the parties lack a legally cognizable interest in the outcome such that the Court can no longer grant effective relief. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (the case-or-controversy requirement subsists through all stages of federal judicial proceedings; the parties must continue to have a personal stake in the outcome). But USMAA does not ask this Court to restore possession. It asks this Court to declare that the Sale Order did not validly extinguish its leasehold interest — a declaration that directly and practically

determines the predicate for USMAA's pending state court damages claims in Clermont County, Ohio (Case No. 2026 CVC 00303). A declaratory judgment that the Lease survived the sale, and that Park Plaza waived and ratified it through nineteen months of rent acceptance and lease-based demands, has immediate, concrete legal consequences for USMAA's entitlement to damages for wrongful eviction, lost business income, and the remaining lease term through February 28, 2030.

The Supreme Court has been clear that declaratory relief is not advisory simply because the plaintiff cannot obtain injunctive restoration of a prior status. *See MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (a declaratory judgment action presents a live controversy so long as it would affect the legal relations of the parties). The declaration USMAA seeks will do precisely that. This Court's ruling on whether the Sale Order extinguished the Lease is the threshold issue upon which the state court's damages adjudication depends. That is the opposite of mootness.

**B.   Equitable Mootness Does Not Apply and, If It Did, Equity Favors USMAA.**

Park Plaza argues equitable mootness because a declaration that the Lease "remains in full force and effect" would be inequitable given USMAA's alleged breach and the new tenant's occupancy. This argument inverts the equitable analysis.

Equitable mootness is a doctrine of restraint — courts decline relief when granting it would be impractical and inequitable to third parties who relied on finality. *See Samson Energy Res. Co. v. SemCrude, L.P. (In re SemCrude, L.P.)*, 728 F.3d 314 (3d Cir. 2013). Here, the equities run overwhelmingly in USMAA's favor. It was Park Plaza that: (1) accepted USMAA as a tenant for

nineteen months; (2) sent USMAA a written acknowledgment that "all leases have been assigned"; (3) invoiced USMAA $20,754.56 in lease-based CAM demands; (4) executed a self-help eviction without Ohio statutory notice while motions were pending before this Court; and (5) then installed a new tenant in the space while those proceedings remained sub judice.

The Sixth Circuit has not adopted equitable mootness as a rigid, mechanical doctrine — it is expressly grounded in equity and demands consideration of the good faith and conduct of the parties seeking its protection. In *Curreys of Neb., Inc. v. United Producers, Inc. (In re United Producers, Inc.),* 526 F.3d 942 (6th Cir. 2008), the Sixth Circuit described equitable mootness as a pragmatic principle aimed at protecting settled expectations and the ability of a debtor to emerge from bankruptcy — not as an absolute bar that operates regardless of how the circumstances arose. And in *Ochadleus v. City of Detroit (In re City of Detroit),* 838 F.3d 792 (6th Cir. 2016), the court explicitly recognized that bad faith conduct in bankruptcy proceedings must be factored into the equitable mootness analysis, and that a court would be obligated to consider such misconduct when a party attempts to invoke the doctrine. These principles apply directly here. Park Plaza executed a self-help eviction while motions were pending before this Court, installed a new tenant in the Leased Premises while those proceedings remained sub judice, and now invokes the resulting occupancy as a mootness shield. The equitable mootness doctrine exists to protect innocent third parties who relied on the finality of a plan or order in good faith — not to insulate a party from the consequences of its own wrongful conduct. Equitable mootness that is manufactured through bad faith action is no mootness at all.

**C.  Statutory Mootness Under § 363(m) Does Not Bar a Declaration That the Lease Survived the Sale.**

Park Plaza argues that 11 U.S.C. § 363(m) renders USMAA's claims moot because the sale was consummated and never stayed. Section 363(m) provides that reversal or modification of authorization to consummate a sale does not affect the validity of a sale to a good faith purchaser if the sale was not stayed pending appeal. But § 363(m) is a shield for the *sale itself* — not for every consequence that flows from it.

USMAA does not ask this Court to undo the sale or divest Park Plaza of title to the property. USMAA asks this Court to declare that the sale, whatever its validity as between Park Plaza and the bankruptcy estate, did not — and could not, consistent with due process — extinguish the leasehold interest of a tenant who received no notice and had no opportunity to be heard. Section 363(m) has never been held to validate the extinguishment of property rights belonging to parties who were constitutionally entitled to notice and were denied it. *See Tulsa Prof'l Collection Serv., Inc. v. Pope,* 485 U.S. 478 (1988). The sale can stand; USMAA's rights under the Lease can survive it. These are not mutually exclusive outcomes.

## II.  THIS COURT HAS JURISDICTION — THE MSJ PRESENTS A CORE PROCEEDING.

Park Plaza contends this Court lacks subject matter jurisdiction over the "post-sale breach" of the Lease. This is the same argument Park Plaza makes in its Motion for Abstention (Doc. #816),

which USMAA has addressed fully in its Opposition to that motion, filed contemporaneously herewith on March 22, 2026. USMAA incorporates those arguments by reference.

Briefly: USMAA's MSJ does not ask this Court to adjudicate a post-sale lease dispute. It asks this Court to determine whether its own Sale Order (Doc. #56) validly extinguished USMAA's leasehold interest given the absence of constitutionally adequate notice. That question arises directly under 28 U.S.C. § 157(b)(2)(N), which expressly designates as core proceedings those involving "orders approving the sale of property." A proceeding requiring this Court to interpret, enforce, or adjudicate a challenge to the validity of its own § 363 sale order is therefore core by statutory text. *See also Raj & Raj Realty Ltd. v. Difficile Realty Corp. (In re Sun Prop. Consultants, Inc.)*, 629 B.R. 682, 703-12 (Bankr. E.D.N.Y. 2021) (discussing the MMH/South Motor framework and recognizing that lack of notice implicates due process and a party's entitlement to assert leasehold rights against a bankruptcy sale; where a party with a leasehold interest received no proper notice of the bankruptcy sale, its rights may not be foreclosed by the sale order, and equitable remedies remain available to address the constitutional deficiency).

Park Plaza cannot recast USMAA's constitutional challenge to a federal court order as a state law lease dispute. The threshold question — did USMAA receive constitutionally adequate notice of the sale proceedings as required by the Fifth Amendment and Fed. R. Bankr. P. 2002? — is a federal question that only this Court can answer. Bankruptcy courts have consistently held that where a party did not receive notice, the court lacked jurisdiction over that party's interest, rendering the sale order void due to a "per se jurisdictional defect" — and that such a void judgment cannot acquire validity through laches. *Doolittle v. County of Santa Cruz (In re Metzger)*, 346 B.R.

806, 816 (Bankr. N.D. Cal. 2006); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (Rule 60(b)(4) applies to judgments void due to jurisdictional errors or due process violations such as lack of notice; a void judgment is a legal nullity that cannot be validated by the passage of time or equitable considerations); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988) (judgment entered without notice or service is constitutionally infirm; absence of a meritorious defense does not validate such a judgment); *Breedlove v. Pineo (In re J & L Structural, Inc.)*, 313 B.R. 382 (Bankr. W.D. Pa. 2004) (failure to provide proper notice raises due process concerns rendering judgment void; challenges to void judgments are not subject to time limitations and laches cannot bar such challenges).

### III.   SOUTH MOTOR SUPPORTS USMAA, NOT PARK PLAZA.

Park Plaza argues that even if § 365(h)(1)(A)(ii) applies, USMAA's remedy under *South Motor Co. v. Carter-Pritchett-Hodges, Inc.*, 385 B.R. 347 (Bankr. S.D. Fla. 2008), is limited to an administrative claim against sale proceeds — a remedy USMAA supposedly forfeited by not filing a proof of claim. This argument misreads *South Motor* and ignores the critical factual distinction: *South Motor* supports USMAA's core contention that due process requires a remedy when a tenant receives no notice of a § 363 sale that extinguishes its leasehold interest.

In *South Motor*, the court held that a tenant denied notice of a bankruptcy sale had not forfeited its rights and was entitled to a remedy. The court fashioned that remedy as payment from sale proceeds — but the court did so as an equitable matter on the specific facts before it, not as the exclusive remedy available in every case involving a tenant denied due process. Critically, *South*

*Motor* expressly recognized that "expediency does not trump due process" and that a tenant denied notice is entitled to the treatment it "would have been entitled to had it received notice of the sale."

Park Plaza argues USMAA was required to file a proof of claim to access any remedy. This confuses two distinct procedural vehicles. A proof of claim is the mechanism by which creditors assert pre-petition claims against the estate. USMAA's claim arises not from a pre-petition obligation of the Debtor but from the constitutional inadequacy of the sale proceedings themselves — a post-petition, court-created harm. Rule 3003(c)(2) does not require USMAA to have filed a proof of claim as a precondition to challenging the constitutional validity of the Sale Order.

Park Plaza's proof-of-claim argument also collapses under its own logic. USMAA received no notice of the bankruptcy proceedings — no notice of the filing, no notice of the sale motion, no notice of the January 9, 2024 hearing, and no notice of the Sale Order. Park Plaza cannot simultaneously argue (1) that USMAA's lease was extinguished because USMAA failed to appear and object to the sale, and (2) that USMAA's remedy for that extinguishment was to file a proof of claim in proceedings USMAA did not know existed. The filing of a proof of claim requires, at minimum, knowledge that a bankruptcy case is pending **and that one's interests are at stake**. USMAA had neither. The constitutional requirement of notice is the precondition to the exercise of any procedural right in a bankruptcy case — including the right to file a proof of claim. Park Plaza cannot extinguish USMAA's property rights by denying it notice and then invoke USMAA's failure to exercise rights that notice alone would have made possible. That is not a remedy. It is the harm itself.

Moreover, even if USMAA had received proper notice of the bankruptcy proceedings, it would have had no reason to file a proof of claim — because the Sale Agreement itself obligated the Buyer to take subject to the existing leases. Section 7 of the Sale Agreement (Doc. #24-1) provides for the proration of lease payments as a credit to the Buyer at closing, and the Sale Agreement acknowledges the property is sold subject to tenant rights. A tenant in receipt of proper notice, reviewing the terms of the Sale Agreement that the bankruptcy court was being asked to approve, would have read those terms and reasonably concluded that its leasehold interest was being preserved, not extinguished. There would have been no basis to file a claim. Park Plaza's argument that USMAA should have filed a proof of claim is therefore unreasonable not only because USMAA lacked notice, but because the very transaction documents presented to the Court represented that the Buyer was assuming the existing lease obligations. Park Plaza cannot simultaneously invoke the Sale Agreement to acquire the property and disavow the tenant protections that agreement expressly contemplated.

Moreover, the sale proceeds may not yet be fully distributed. USMAA has sought information about the status of sale proceeds in discovery. If proceeds remain in the estate, *South Motor*'s equitable remedy remains available. If they have been distributed, this Court retains equitable authority under 11 U.S.C. § 105(a) to fashion appropriate relief.

## IV.   THE OHIO RECORDING STATUTE DOES NOT PROTECT PARK PLAZA.

Park Plaza argues that USMAA's unrecorded lease is "fraudulent" as against Park Plaza as a subsequent bona fide purchaser under Ohio Revised Code § 5301.25(A). This argument fails on its own terms.

Ohio's recording statute protects a subsequent purchaser who, *at the time of purchase*, had "no knowledge of the existence" of the prior instrument. O.R.C. § 5301.25(A). But the "knowledge" required to defeat bona fide purchaser status is not limited to knowledge of the written lease instrument. Under Ohio law, a purchaser is charged with constructive inquiry notice of the rights of parties in open, visible, and notorious possession of the property. Open and notorious possession must be of such a character that the use is "so patent that the true owner of the property could not be deceived as to the property's use," and possession that would put a person of ordinary prudence on notice of the adverse claim is sufficient to charge a purchaser with constructive knowledge. *Katz v. Metropolitan Sewer Dist.,* 117 Ohio App. 3d 584 (Ohio Ct. App. 1st Dist. 1997); *see also 2900 Invs., LLC v. Jebril,* 2025-Ohio-2424 (Ohio Ct. App. 1st Dist. 2025) (possession must be "visible and open to the common observer of the property so that the owner or his agent, on visiting the premises, might readily see that the owner's rights are being invaded"); *Lyman v. Ferrari,* 66 Ohio App. 2d 72 (Ohio Ct. App. 1979) (open and notorious possession charges the legal owner with constructive notice of the adverse use even without actual knowledge).

USMAA had occupied the Leased Premises openly and continuously since 2009 — operating a martial arts academy with visible signage, regular student traffic, and 15 years of uninterrupted business operations. Any purchaser conducting even minimal due diligence would have discovered USMAA's tenancy. Park Plaza, through its counsel Paul T. Saba, was present at the January 9, 2024

hearing (Doc. #724) at which USMAA's tenancy was directly at issue. The Receiver's own records referenced USMAA's lease. Park Plaza's principal Matt Nobles acknowledged on February 7, 2024 that "all leases have been assigned," and subsequently reviewed USMAA's lease before issuing the June 2025 termination notice.

The Nobles Declaration attempts to neutralize this evidence by characterizing the February 7, 2024 email as an "inadvertent mistake" and by claiming that "the Receiver did not provide Park Plaza with a copy of USMAA's Lease" and that "USMAA failed to provide a copy of its Lease to Park Plaza until after the Notice to Vacate had been issued" in June 2025. That sworn declaration is directly contradicted by Mr. Nobles's own email, written on the day of closing. The full text of the February 7, 2024 email states, in relevant part: *"We've been reviewing your lease and your monthly rent is $2,700."* Nobles did not merely reference a lease in the abstract — he identified the specific monthly rent figure of $2,700. There is no way to know a tenant's specific monthly rent amount without reviewing the lease. The email establishes, as a matter of undisputed documentary fact, that Park Plaza was actively reviewing USMAA's Lease on the day of closing — sixteen months before Park Plaza now claims it first received a copy.

A party cannot create a genuine issue of material fact by submitting a post-litigation declaration that directly contradicts its own prior written admissions. Under the Sixth Circuit's sham affidavit doctrine, where a party's affidavit conflicts with the party's own prior documentary evidence, the Court should disregard the affidavit to the extent of the contradiction. *See Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 907-09 (6th Cir. 2006) (a directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the

contradiction; a party cannot create a genuine issue of material fact by submitting a sworn declaration that contradicts the party's own prior documentary admissions without explaining the disparity). The Nobles Declaration's claims regarding Park Plaza's lack of lease knowledge are not evidence — they are litigation-motivated assertions flatly inconsistent with the contemporaneous documentary record. They do not create a genuine dispute of material fact. They demonstrate the opposite.

A purchaser with actual knowledge of a tenant's possession and actual knowledge of the existence of a lease cannot claim bona fide purchaser status under Ohio law. Park Plaza is not a BFP, and O.R.C. § 5301.25 provides it no protection.

Finally, and most fundamentally, whether Park Plaza had a copy of USMAA's Lease at closing is secondary to the legal question this Court is asked to resolve. The core issue is not what Park Plaza knew or did not know about a specific lease document — it is whether the Sale Order authorized by this Court, and the Sale Agreement it approved, terminated USMAA's Lease in the first instance. The answer is no, for a reason that appears on the face of the Sale Agreement itself.

Section 7 of the Sale Agreement (Doc. #24-1, p. 4) expressly provides: "All lease payments for the month in which closing is conducted shall be prorated on a thirty-day (30) basis and prorated as a credit to the Buyer and debit to the Seller as of the date of closing." This provision is dispositive. A sale agreement cannot simultaneously extinguish all existing leases and provide for the proration of lease payments to the buyer at closing. The Buyer cannot receive a credit for lease payments that do not exist. The Sale Agreement's own terms presuppose the survival of existing leases and the

transfer of those leases — and the rent obligations that flow from them — to Park Plaza as the incoming owner. The Sale Order approved the Sale Agreement together with "all of the exhibits, amendments, terms, and conditions thereof" (Doc. #56, ¶ 2). It cannot be construed to extinguish the very interests the Agreement expressly preserved and transferred.

## V.   PARK PLAZA'S CANCELLATION OPTION ARGUMENT IS WAIVED AND MERITLESS.

Park Plaza's cancellation option argument was raised in its Supplemental filing (Doc. #592) and was addressed and rebutted by USMAA in its Reply (Doc. #575). It was not raised, however, in Park Plaza's initial Objection to USMAA's Motion for Relief (Doc. #573) — the foundational responsive pleading in this proceeding. Having been omitted from the initial objection, selectively introduced in supplemental briefing, and now reasserted at the summary judgment stage without new legal or factual support, the argument merits no greater weight here than the Court has already had occasion to consider. Moreover, to the extent Park Plaza advances this argument in a materially different form or on new grounds in its MSJ Opposition, those new grounds are not properly before the Court. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (arguments raised for the first time in a new procedural posture without prior development in the record are not properly preserved).

The argument is also substantively without merit. The Lease required 180 days' written notice to exercise the cancellation option prior to March 1, 2025. That deadline fell on September 1, 2024. Neither the Debtor nor Park Plaza provided any notice of cancellation by that date — or at any

point before the option period closed. The option expired unexercised by operation of the Lease's own terms. An expired option cannot be retroactively exercised.

Park Plaza's contention that the January 23, 2024 sale itself constituted notice of cancellation is unsupported by any authority and is factually implausible. If the sale had operated as an exercise of the cancellation option, Park Plaza would not have accepted rent for nineteen consecutive months thereafter, would not have sent USMAA an invoice demanding $20,754.56 in CAM payments under the Lease, and would not have reviewed the Lease and issued a formal termination notice in June 2025. Park Plaza's own post-closing conduct forecloses this argument.

## CONCLUSION

Park Plaza's Opposition offers no valid legal or factual basis to deny USMAA's MSJ. Its mootness arguments fail because declaratory relief on the Sale Order's validity has concrete, immediate legal consequences for USMAA's pending state court claims. Its jurisdictional arguments fail because the MSJ presents a core proceeding arising from this Court's own sale order. Its *South Motor* argument misreads that case and ignores USMAA's constitutional due process entitlement. Its bona fide purchaser defense fails because Park Plaza had actual notice of USMAA's tenancy. And its cancellation option argument is both waived and contradicted by Park Plaza's own post-closing conduct.

Most fundamentally, Park Plaza's entire course of conduct — the June 2025 termination notice, the September 2025 self-help eviction, and every assertion of landlord authority over USMAA — was

predicated on its reliance that this Court's Sale Order extinguished USMAA's Lease. Park Plaza cannot claim those consequences are legally valid while arguing that the Court's ruling on the order that produced them is without effect. The Sale Order's validity as against USMAA is the central question in this case. It is not moot. It has never been moot. And it is squarely before this Court.

The undisputed record establishes that USMAA received no notice of the bankruptcy sale proceedings, that the Sale Order is void as to USMAA's leasehold interest, and that Park Plaza waived and ratified the Lease through nineteen months of conduct treating it as valid. Every termination, every eviction notice, and every act of dispossession that followed was built upon a foundation that was constitutionally infirm from the start — an order entered without affording USMAA the due process of notice to which it was entitled. USMAA respectfully requests that this Court grant the MSJ in its entirety.

Respectfully submitted,

/s/ Kemal V. Catalan
**Kemal V. Catalan, Esq., Ph.D.**
KY Bar No. 100662
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, Ohio 45202
Telephone: (513) 549-6246
Email: kemalvcatalan@kvclawfirm.com

*Attorney for US Martial Arts Academy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2026, a true and correct copy of the foregoing Reply was served upon all parties registered to receive electronic notice through the Court's CM/ECF system, including Paul T. Saba, counsel for Park Plaza Holdings, LLC.

/s/ Kemal V. Catalan
**Kemal V. Catalan, Esq., Ph.D.**