UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

In re:

Case No. 23-32983-mbn

**HULL ORGANIZATION, LLC,**

Judge Mary Elisabeth Naumann

Debtor.

Chapter 7

**US MARTIAL ARTS ACADEMY, INC.'S OPPOSITION TO**

**PARK PLAZA HOLDINGS, LLC'S MOTION FOR ABSTENTION**

**(DOC. #816)**

**<u>INTRODUCTION</u>**

Comes now US Martial Arts Academy, Inc. ("USMAA"), by and through the undersigned counsel, and hereby files this Opposition to Park Plaza Holdings, LLC's ("Park Plaza") Motion for Abstention (Doc. #816) (the "Abstention Motion"), and respectfully states as follows:

Park Plaza's Abstention Motion is legally defective on its face and must be denied. Mandatory abstention under 28 U.S.C. § 1334(c)(2) is categorically unavailable here because USMAA's

Motion for Summary Judgment (Doc. #791) (the "MSJ") presents a **core proceeding** — a challenge to the constitutional validity and scope of this Court's own Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances (Doc. #56) (the "Sale Order") — grounded in federal due process and the Bankruptcy Code. Section 1334(c)(2) by its express terms applies only to *non-core* matters. Because the MSJ is core, mandatory abstention is unavailable as a matter of law, and the Court's inquiry may end there.

Park Plaza's motion is a transparent attempt to deprive this Court of jurisdiction over its *own order* — an order this Court entered, has authority to interpret, and has unique institutional competence to enforce or modify. Park Plaza's sole cited authority, *Bright Green Corp. v. Fikany (In re Bright Green Corp.)*, 671 B.R. 280 (Bankr. D.N.M. 2025), does not support Park Plaza's position; it affirmatively defeats it. The *Bright Green* court expressly held that mandatory abstention *does not apply* to core proceedings, and granted only permissive abstention on wholly distinct facts involving a pre-petition employment compensation dispute — not a due process challenge to a bankruptcy court's own § 363 sale order.

USMAA further notes a threshold issue regarding the characterization of the Abstention Motion. The Court's Notice of Hearing (Doc. #820) styles Park Plaza's motion as a "Motion for Abstention Under Section 305," referring to 11 U.S.C. § 305, which authorizes dismissal or suspension of an *entire bankruptcy case* when the interests of creditors and the debtor would be better served. Park Plaza's filed motion (Doc. #816), however, invokes 28 U.S.C. § 1334(c)(2), the mandatory abstention provision applicable to individual proceedings. USMAA addresses both provisions. Section 305 abstention fails for the additional reason that Park Plaza — a purchaser, not a creditor

or the debtor — cannot demonstrate that suspension of the entire Hull Organization bankruptcy case would serve the interests of creditors and the debtor. Section 1334(c)(2) abstention fails for the reasons set forth herein.

USMAA further draws the Court's attention to the procedural posture underlying this dispute. After Park Plaza executed a self-help eviction on September 5, 2025 — while USMAA's Motion for Relief (Doc. #554) and Motion for Stay (Doc. #555) were actively pending and *sub judice* — USMAA voluntarily withdrew the Motion for Stay (Doc. #797). USMAA did so out of deference to this Court and in recognition that no adequate remedy of restoration of possession could be fashioned once Park Plaza's unilateral conduct rendered that specific relief moot. That withdrawal expressly preserved all of USMAA's rights. Park Plaza now attempts to weaponize USMAA's good-faith deference as a jurisdictional escape hatch. The Court should reject that argument.

## **RELEVANT BACKGROUND**

USMAA had occupied the premises at 834 Ohio Pike, Suite 240, Cincinnati, Ohio 45245 (the "Leased Premises") since 2009, operating a martial arts academy under a fully executed ten-year commercial lease agreement dated March 1, 2020 (the "Lease") with Hull Organization, LLC (the "Debtor"). The Lease runs through February 28, 2030.

On January 8, 2024, the Debtor filed a motion seeking this Court's approval of a private sale of the property containing the Leased Premises to Park Plaza (Doc. #24). USMAA received no notice of the bankruptcy proceedings, no notice of the Sale Motion, and no opportunity to appear and object.

On January 23, 2024, this Court entered the Sale Order (Doc. #56). The sale closed on approximately February 7, 2024.

On that same date, Park Plaza's principal Matt Nobles sent USMAA a tenant notice expressly stating that "all leases have been assigned" to Park Plaza. Park Plaza then accepted rent from USMAA for nineteen (19) consecutive months and invoiced USMAA for lease-based common area maintenance ("CAM") reimbursements totaling $20,754.56 — demanding performance under the very lease it now claims was extinguished by the Sale Order.

On September 5, 2025, while USMAA's Motion for Relief (Doc. #554) and Motion for Stay (Doc. #555) were actively pending before this Court, and without the Ohio statutory notice required for commercial eviction, Park Plaza executed a self-help eviction by changing the locks and posting a trespassing notice. USMAA filed emergency motions seeking restoration of possession (Docs. #672, #676, #682), each of which was denied. Recognizing that no adequate possessory remedy could then be fashioned and out of deference to the judicial process of this Court, USMAA voluntarily withdrew its Motion for Stay (Doc. #797), expressly preserving all rights to seek declaratory and monetary relief.

USMAA filed its MSJ (Doc. #791) on February 23, 2026, asking this Court to declare that the Sale Order is void as to USMAA's leasehold interest due to constitutionally inadequate notice, that the Lease survived the sale, and that Park Plaza waived and ratified the Lease through its post-closing conduct. This Court scheduled the MSJ for hearing on April 16, 2026 (Doc. #808). On March 2, 2026, USMAA filed a complaint in Clermont County, Ohio (Case No. 2026 CVC 00303) asserting

state law damages claims arising from Park Plaza's wrongful conduct. That filing was made to preserve state law claims and jury trial rights consistent with *Stern v. Marshall*, 564 U.S. 462 (2011), and was not designed to divest this Court of jurisdiction over its own Sale Order.

On March 17, 2026 — less than four weeks after the MSJ was filed and one day after Park Plaza filed its MSJ opposition (Doc. #812, currently deficient) — Park Plaza filed the instant Abstention Motion. On March 18, 2026, the Court issued a Notice of Hearing (Doc. #820) scheduling the motion for hearing on April 16, 2026 at 10:00 AM, setting USMAA's response deadline as April 2, 2026 and Park Plaza's reply deadline as April 9, 2026. USMAA files this Opposition in compliance with Doc. #820 on March 22, 2026.

## ARGUMENT

## I.   MANDATORY ABSTENTION IS CATEGORICALLY UNAVAILABLE BECAUSE THE MSJ PRESENTS A CORE PROCEEDING.

The threshold and dispositive defect in Park Plaza's motion is its misapplication of 28 U.S.C. § 1334(c)(2). Mandatory abstention **applies only to non-core proceedings**. The statute's plain text requires abstention only from a proceeding "related to a case under title 11 *but not arising under title 11 or arising in a case under title 11*." 28 U.S.C. § 1334(c)(2) (emphasis added). Core proceedings, by definition, arise under or in a Title 11 case. *See* 28 U.S.C. § 157(b)(1)-(2). Where a proceeding is core, mandatory abstention is legally unavailable.

Park Plaza's own cited authority makes this explicit. In *Bright Green Corp. v. Fikany (In re Bright Green Corp.)*, 671 B.R. 280 (Bankr. D.N.M. 2025), the court held: "Mandatory abstention applies to claims in a removed proceeding only if the claims asserted are *not* core claims. 28 U.S.C. § 1334(c)(2) pertains *only to non-core matters*." *Id.* (emphasis added). The *Bright Green* court accordingly denied mandatory abstention as to the core claims before it. Park Plaza cites *Bright Green* for a proposition that *Bright Green* itself repudiates.

The MSJ plainly presents core claims. Under 28 U.S.C. § 157(b)(2)(N), proceedings involving "orders approving the sale of property" are expressly designated as core. A proceeding requiring this Court to interpret, enforce, or adjudicate challenges to the *validity and scope of its own § 363 Sale Order* is a core proceeding.

The Sixth Circuit's decision in *Mich. Empl. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132 (6th Cir. 1991), is directly controlling on this point. The Sixth Circuit emphasized that core proceedings include those that "arise under" or "arise in" a bankruptcy case within the meaning of 28 U.S.C. § 157. Critically, the court explained that proceedings "arising in" a bankruptcy case are those that, *by their nature,* could only occur in the context of a bankruptcy case — and that such proceedings often involve the enforcement or interpretation of bankruptcy court orders. *Id.* USMAA's MSJ asks precisely that: whether this Court's own Sale Order — an order that exists solely by virtue of this bankruptcy case — validly extinguished USMAA's leasehold interest given the absence of constitutionally adequate notice. That question could *only* arise in this bankruptcy case. It is the paradigm of an "arising in" core proceeding under *Wolverine Radio* and § 157(b)(2)(N).

USMAA's MSJ asks this Court to declare the Sale Order void or ineffective as against USMAA's leasehold interest because USMAA was denied the constitutionally adequate notice required by the Fifth Amendment and Federal Rule of Bankruptcy Procedure 2002 as a precondition for this Court's exercise of jurisdiction over USMAA's property rights. That is not a state law claim. It is a challenge to the constitutional adequacy of *this Court's own prior proceedings* — a paradigmatic core matter. *See Tulsa Prof'l Collection Serv., Inc. v. Pope,* 485 U.S. 478, 485 (1988) (due process requires adequate notice before deprivation of property rights in federal bankruptcy proceedings).

Because the MSJ is a core proceeding, § 1334(c)(2) is inapplicable by its own terms. The mandatory abstention analysis ends here.

## II.  PARK PLAZA FAILS TO ESTABLISH THE REQUIRED ELEMENTS IN ANY EVENT.

Should the Court nonetheless examine each element, Park Plaza independently fails multiple grounds.

### A.   Element 2 Fails: The MSJ Is Governed by Federal Law, Not State Law.

Section 1334(c)(2) requires that the proceeding be "based upon a State law claim or State law cause of action." The MSJ is not. The threshold question — whether this Court's Sale Order may constitutionally be enforced against a leaseholder who received no notice of the sale proceedings

— arises under the Fifth Amendment Due Process Clause, 11 U.S.C. §§ 363 and 365, and Federal Rule of Bankruptcy Procedure 2002. All are federal law. Park Plaza conflates USMAA's state court *damages* claims with the distinct, federal threshold question now before this Court.

## B.   Element 4 Fails: Independent Federal Jurisdiction Exists.

Section 1334(c)(2) requires "no basis for federal jurisdiction other than" § 1334. That fails here. USMAA's constitutional due process challenge to this Court's own proceedings independently supplies federal question jurisdiction under 28 U.S.C. § 1331. A claim that a federal bankruptcy court violated the Fifth Amendment is, by definition, a federal question.

## C.   Element 1 Is Doubtful: Park Plaza Did Not Act As Soon As Possible Upon Learning the Grounds for Abstention.

Section 1334(c)(2) does not define "timely motion," and neither the Federal Rules of Bankruptcy Procedure nor local rules provide a specific time frame. The controlling standard is whether the moving party filed its abstention motion "as soon as possible after [it] should have learned the grounds for such a motion." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997). Timeliness is therefore fact-specific and turns on whether the movant acted promptly upon discovering the grounds for abstention. *Id.*; *see also DeGirolamo v. Applegate (In re Applegate)*, 414 B.R. 209 (Bankr. N.D. Ohio 2008) (applying the same fact-specific, promptness-based standard within the Sixth Circuit; a motion for mandatory abstention

must be timely filed but no rigid deadline applies — the inquiry turns on whether the movant acted diligently upon learning the grounds).

Under that standard, Park Plaza's motion is of doubtful timeliness. The grounds for abstention — namely, that a state law claim might be pending in state court and that USMAA's claims might be characterized as non-core — were known to Park Plaza, or should have been known, at the latest when USMAA filed its Motion for Relief (Doc. #554) in July 2025. Park Plaza concedes it was aware of the Clermont County complaint (Case No. 2026 CVC 00303) filed March 2, 2026, yet waited fifteen days — until one day after filing its MSJ opposition and only after this Court had set the April 16, 2026 hearing date — to raise abstention. That sequencing is the hallmark of strategic delay, not diligent pursuit. *In re Midgard Corp.*, 204 B.R. at 778 (emphasizing that movants must act promptly; abstention motions filed for tactical rather than legitimate reasons risk being deemed untimely); *In re Applegate*, 414 B.R. 209 (same, within the Sixth Circuit).

USMAA acknowledges that *In re Midgard Corp.* does not establish a blanket rule that an abstention motion is untimely merely because substantial proceedings have occurred in bankruptcy court. The timeliness determination remains fact-specific. Here, however, the facts speak clearly: Park Plaza sat on any arguable abstention grounds for months, litigated discovery, filed a substantive MSJ opposition, and raised abstention only when a merits ruling became imminent. That conduct is the antithesis of the diligent, prompt filing that *Midgard* and *Applegate* require.

**D.   Element 3 Fails: The MSJ Is Not a Post-Sale Lease Dispute.**

Park Plaza repeatedly characterizes USMAA's claims as a "run-of-the-mill" post-sale lease dispute. This misrepresents the MSJ. USMAA is not asking this Court to adjudicate CAM deficiencies, rental arrears, or eviction claims. Those state law damages claims are pending in Clermont County — exactly as USMAA's framework contemplates. The MSJ presents a single, threshold federal question: did the Sale Order validly extinguish USMAA's leasehold interest? That question cannot be answered by any Ohio court because it is a challenge to a federal bankruptcy court's order.

## III.  BRIGHT GREEN CORP. IS FACTUALLY INAPPOSITE AND SUPPORTS USMAA, NOT PARK PLAZA.

Park Plaza's exclusive reliance on *Bright Green Corp.*, 671 B.R. 280 (Bankr. D.N.M. 2025), is misplaced. In *Bright Green*, the dispute involved a pre-petition employment compensation claim that had been litigated in state court for four years, including a five-day bench trial, before the debtor filed bankruptcy and removed the case to federal court. The *Bright Green* court denied mandatory abstention on the core claims and granted only *permissive* abstention on equitable grounds stemming from the state court's extensive prior investment in a complex employment dispute with no bankruptcy-specific issues.

No element of *Bright Green* applies here. This case does not involve a pre-petition employment claim, years of state court litigation, or a creditor asserting claims against the estate. USMAA raises a constitutional due process challenge to this Court's own § 363 sale order. *Bright Green* itself

teaches that such proceedings are core and exempt from mandatory abstention. *Id.* The case Park Plaza cites defeats Park Plaza's motion.

## IV.  THE MOTION FOR STAY WAS WITHDRAWN OUT OF DEFERENCE TO THIS COURT, NOT AS A WAIVER OF RIGHTS.

The Court is entitled to understand the full context of USMAA's withdrawal of its Motion for Stay (Doc. #797). USMAA did not withdraw because it lacked merit, because it conceded Park Plaza's right to evict, or because it relinquished any claim before this Court. USMAA withdrew the Motion for Stay because Park Plaza's September 5, 2025 self-help eviction — executed while the motions were *sub judice*, without Ohio statutory notice, in deliberate circumvention of the pending judicial process — rendered restoration of possession a moot remedy before this Court.

Rather than burden this Court with a motion that could no longer yield effective possessory relief, USMAA withdrew it, expressly preserving all rights. The state court complaint filed on March 2, 2026 was a defensive necessity — the vehicle through which USMAA pursues the state law damages and other relief that are the appropriate province of the Ohio courts following Park Plaza's wrongful eviction. The withdrawal of the Stay Motion was an act of deference and judicial restraint, not a concession of jurisdiction.

It is inequitable for Park Plaza to point to state litigation necessitated by its own unlawful conduct as grounds for stripping this Court of jurisdiction over its own Sale Order. This principle — that a party cannot benefit from its own wrongdoing to deprive a court of jurisdiction or manipulate the

judicial process — is deeply rooted in equity and firmly established in both federal and Sixth Circuit jurisprudence.

The Sixth Circuit has applied this equitable principle in multiple contexts. In *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037 (6th Cir. 1984), the court reiterated the maxim that "no man may take advantage of his own wrong," holding that a party who induces another into a transaction through misrepresentation or misconduct cannot later assert a technical advantage gained from that wrongdoing to defeat justice. More recently, in *United States v. Roberts,* 84 F.4th 659 (6th Cir. 2023), the Sixth Circuit emphasized that the equitable principle that "no one should be permitted to take advantage of his wrong" is foundational, and that allowing a party to exploit strategic conduct to escape that principle would undermine its equitable nature.

Federal courts within the Sixth Circuit have applied the same reasoning in analogous contexts. In *United States v. Mayhew,* 380 F. Supp. 2d 961 (S.D. Ohio 2005), the Southern District of Ohio analogized the forfeiture-by-wrongdoing doctrine to the equitable clean hands doctrine, recognizing that a party's misconduct cannot be leveraged to undermine judicial proceedings or strip a court of its adjudicative authority. And in *Beck v. Kroger Co.,* 805 F.2d 1033 (6th Cir. 1986), the Sixth Circuit cited the Supreme Court's holding in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinea* for the proposition that jurisdiction cannot be manipulated by the parties — misconduct cannot be used to deceive courts or disrupt judicial proceedings.

Park Plaza executed a self-help eviction on September 5, 2025 while USMAA's motions were actively pending before this Court — then filed an Abstention Motion predicated on the state court

action that Park Plaza's own conduct made necessary. Permitting Park Plaza to exploit the consequences of its own wrongdoing as a jurisdictional lever would be precisely the inequitable outcome that *Jones*, *Roberts*, *Mayhew*, and *Beck* collectively foreclose.

## V.   PERMISSIVE ABSTENTION UNDER § 1334(c)(1) IS ALSO UNWARRANTED.

Even if the Court considers permissive abstention under 28 U.S.C. § 1334(c)(1), the equitable factors weigh decisively against it. This Court is uniquely positioned to interpret its own Sale Order and determine whether USMAA received constitutionally adequate notice of the proceedings that produced it. No state court can bind or modify a federal bankruptcy order, and deferring to Ohio courts would create irreconcilable inconsistency: the state court must ultimately treat this Court's determination of the Sale Order's validity as a predicate for resolving USMAA's damages claims.

Permissive abstention would also reward forum-shopping. Having litigated this matter in bankruptcy court for over eight months, Park Plaza moved for abstention only after an adverse merits hearing date was set. Courts have declined to exercise permissive abstention under analogous circumstances. *See In re Bright Green Corp.*, 671 B.R. at 290 (listing forum shopping and status of bankruptcy court proceedings as permissive abstention factors).

## CONCLUSION

For the foregoing reasons, USMAA respectfully requests that this Court:

1.  **Deny** Park Plaza's Motion for Abstention (Doc. #816) in its entirety, because the MSJ presents

a core proceeding to which mandatory abstention does not apply under 28 U.S.C. § 1334(c)(2);

2.  **Decline** to exercise permissive abstention under 28 U.S.C. § 1334(c)(1); and

3.  **Resolve** the Abstention Motion on the briefs without a hearing, as no evidentiary development

is required and the motion presents purely legal questions. The Court has scheduled a hearing for

April 16, 2026 (Doc. #820) at which this matter may alternatively be addressed alongside

USMAA's Motion for Summary Judgment (Doc. #791).

Respectfully submitted,

/s/ Kemal V. Catalan
**Kemal V. Catalan, Esq., Ph.D.**
KY Bar No. 100662
KVC Law Firm, LLC
539 Liberty Hill
Cincinnati, Ohio 45202
Telephone: (513) 549-6246
Email: kemalvcatalan@kvclawfirm.com

*Attorney for US Martial Arts Academy, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 22, 2026, a true and correct copy of the foregoing Opposition to Motion for Abstention was served upon all parties registered to receive electronic notice through the Court's CM/ECF system, including Paul T. Saba, counsel for Park Plaza Holdings, LLC.

/s/ Kemal V. Catalan
**Kemal V. Catalan, Esq., Ph.D.**