UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **In re:** | **Case No. 23-32983-mbn** |
| **HULL ORGANIZATION, LLC** | **Chapter 7** |
| *Debtor.* | |

## PARK PLAZA'S REPLY IN SUPPORT OF MOTION FOR ABSTENTION

Park Plaza Holdings, LLC's ("Park Plaza") motion for abstention (Doc. #816) should be granted because all the requirements for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) are satisfied, and the essential issue in US Martial Arts Academy, Inc.'s ("USMAA") Motion for Summary Judgment (Doc. #791) (hereafter, the "MSJ") is the subject of pending litigation in Clermont County, Ohio, Court of Common Pleas Case No. 2026 CVC 00303.[1]

It is important to note that although USMAA filed a 15-page Memorandum in Opposition to Park Plaza's Motion for Abstention (Doc. # 823) and a 17-page Reply Brief in Support of its Motion for Summary Judgment (Doc. #822)—32 pages in total— USMAA has never denied that after this Court's Order Authorizing Private Sale of Collateral Free and Clear of Liens, Claims and Encumbrances (Doc #56) (hereinafter, the

---

[1] USMAA's Notice of Voluntary Withdrawal of Motion for Stay (Doc. #797), at ¶4. A copy of the state court Complaint is attached to Matt Nobles' Declaration at Exhibit 1.

"Sale Order"), USMAA breached the lease for non-payment of rent (or that it is indebted to Park Plaza for well over Twenty Thousand Dollars of unpaid rental obligations). Likewise, not once does USMAA ever deny that as a result of USMAA's breach, Park Plaza exercised its contractual right to terminate the lease and "re-enter[] the said premises."[2] Instead, USMAA argues that its breach of lease was allegedly waived, based entirely upon state law principles which this Court lacks the jurisdiction to determine. Even if USMAA were correct (and it's not), the Court must abstain because the foregoing is not a core issue.

While Park Plaza has never questioned this Court's jurisdiction to interpret its Sale Order (and to reaffirm that USMAA's Lease was terminated by that order), for all the reasons set forth in its Memorandum In Opposition to Summary Judgment, (Doc #812) that issue is not a live case or controversy and is moot. Whether the lease survived the Sale Order is moot because events subsequently occurred that make it impossible for the court to grant effective relief to the litigants. Regardless of the Court's ruling twenty-one (21) Months after the lease exited the bankruptcy estate, USMAA was evicted for failing to pay its rental obligations. USMAA does not deny the breach occurred, and concedes its former space is occupied by a tenant. Regardless of how this Court rules, then, USMAA's Lease will still be terminated, and its former space will remain unavailable for lease. Any decision that USMAA's lease survived the Sale Order

---

[2] See the Lease, P4.

would be completely ineffective and meaningless and as such the Court "must dismiss for lack of jurisdiction."[3] The foregoing is not a core or non-core issue, it is simply a lack of jurisdiction.

With respect to the non-core issues, USMAA's MSJ asks this Court to:

3.      Declare that USMAA's Lease dated March 1, 2020 survived the bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030; and

4.      Declare that Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including its acknowledgment of lease assignments, collection of rent for nineteen months, and demands for lease-based performance;…[4]

The foregoing requests, however, are clearly non-core issues, and this Court lacks jurisdiction to decide the foregoing. Indeed, since Park Plaza's arguments are correct, rather than try to defend USMAA's position, USMAA tries to recast its arguments by inaccurately claiming "USMAA's MSJ does not ask the Court to adjudicate a post-sale lease dispute…"[5] Yet, simply reading USMAA's prayer for relief proves otherwise. Clearly, USMAA is asking the Court to determine a post-sale lease dispute, which is not a core issue.

This Court lacks subject matter jurisdiction with respect to the validity of the Lease *after* the Sale Order, because USMAA's post-sale breach is not "arising under," "arising in," or "related to" this bankruptcy, as required under 28 U.S.C. § 1334(b).

---

[3] *United States v. Arkison (In re Cascade Rds., Inc.)*, 34 F.3d 756, 759 (9th Cir. 1994).

[4] USMAA's MSJ (Doc. #791) at page 17, Request for Relief #3

[5] See Doc #822, P7, USMAA's Memo In Opp Summary Judgment.

Likewise, the alleged "waiver" of USMAA's uncontested breach is not "arising under," "arising in," or "related to" this bankruptcy, as required under 28 U.S.C. § 1334(b).

The essence of the MSJ is that after the Sale Order, USMAA was evicted for non-payment of rent, and that the eviction was allegedly improper. The legality of an eviction that is completely unrelated to this bankruptcy is a non-core issue, and all of the elements for mandatory abstention are present, because: (i) this dispute could not be commenced in this Court absent this bankruptcy, and (ii) the state court can timely adjudicate the eviction and all post-sale disputes.

Six (6) elements are necessary for mandatory abstention: (i) a timely filed motion; (2) claims based upon state law; (3) a non-core proceeding; (4) no independent federal jurisdiction; (5) state action commenced; and (6) timely adjudication in state court.[6] USMAA only tries to attack one of the issues (non-core proceeding), but as explained above, that argument was untenable.

With respect to the first and fifth elements, Park Plaza's motion for abstention was timely filed as required by 28 U.S.C. § 1334.

With respect to the second element, USMAA is seeking relief based upon state law claims in Ohio, where the Property is located. USMAA has asked this Court to:

> 2. Declare that USMAA's Lease dated March 1, 2020 survived the bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030; [and]

---

[6] *Bright Green Corp. v. Fikany (In re Bright Green Corp.),* 671 B.R. 280, 288 (2025)

3. Declare that Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including its acknowledgment of lease assignments, collection of rent for nineteen months and demand for lease based performance…[7]

At the same time, however, USMAA goes to great lengths to describe the bankruptcy history and the Bankruptcy Court's orders and rulings in its state court complaint, and it asks the state court to declare that:

(a) The Lease is a valid and enforceable agreement that survived the bankruptcy sale;

(b) Park Plaza assumed and ratified the Lease through its post-closing conduct, including acknowledging that "all leases have been assigned," reviewing USMAA's Lease, and accepting rent for nineteen consecutive months;

(c) Park Plaza waived any right to challenge the validity of the Lease through its conduct;

(d) Park Plaza's purported termination of the Lease on June 30, 2025, was wrongful and without legal basis;

(e) Park Plaza's self-help eviction of USMAA on September 5, 2025, was unlawful; and

(f) USMAA is entitled to damages for the wrongful termination of its Lease rights through the remaining term of April 30, 2030.[8]

USMAA also asks the state court to declare that:

Park Plaza executed this self-help eviction while USMAA's Motion for Relief (Bankruptcy Proceeding Dkt. 554) and Motion for Stay (Bankruptcy Proceeding Dkt. 555) in the Bankruptcy Proceeding were actively pending before the United States Bankruptcy Court for the Western District of Kentucky. Park Plaza's conduct constituted a deliberate effort to circumvent the judicial process and create facts on

---

[7] USMAA's MSJ (Doc. #791) at page 18, Request for Relief 4
[8] State court Complaint, ¶40

the ground while the matter was sub judice.[9]

And USMAA requests that the state court:

> Enter a declaratory judgment that the Lease is valid and enforceable; that Park Plaza assumed, ratified, and waived any right to challenge the Lease; that Park Plaza's termination was wrongful; and that USMAA is entitled to damages for the wrongful termination of its leasehold rights through the remaining term of April 30, 2030.

Assuming USMAA's claims in state court had merit (and they don't), USMAA would get complete relief in state court if it prevailed, but even if USMAA prevails in Bankruptcy Court, relief would be ineffective for all the reasons explained in Park Plaza's Memorandum of Opposition to USMAA's MSJ (Doc. #     ).

### Conclusion

Given all of the foregoing, the Court should abstain from deciding on the MSJ, the post-sale breach, and the validity of the Lease after the Sale Order.

Respectfully submitted,

*/s/ Paul T. Saba*

Paul T. Saba (KY #95203)
SSP LAW CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
pts@sspfirm.com
***Attorney for Park Plaza Holdings, LLC***

---

[9] State court Complaint, ¶50

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply in Support of Motion for Abstention was served on April 2, 2026, upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

U.S. Trustee
Tim Ruppel, Assistant U.S. Trustee
John R. Stonitsch, Attorney for U.S. Trustee
K. Gail Russell, Attorney for Nancy Hull
Kemal Catlin, Attorney for USMAA

/s/ *Paul T. Saba*
Paul T. Saba (KY #95203)