**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HULL ORGANIZATION, LLC, | ) | CASE NO. 23-32983 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |

## <u>ORDER DENYING MOTION FOR MANDATORY ABSTENTION</u>

This matter comes before the Court on the Motion for Abstention [Doc. No. 816] ("Motion") filed by Park Plaza Holdings, LLC ("Park Plaza"). In the Motion, and as clarified on the record at the hearing on the Motion, Park Plaza requests that this Court abstain from ruling on portions of US Martial Arts Academy, Inc.'s ("USMAA") Motion for Summary Judgment [Doc. No. 791] (hereafter, the "MSJ") because Park Plaza asserts that some of the issues in the MSJ are also the subject of pending litigation in the Clermont County, Ohio, Court of Common Pleas (Case No. 2026 CVC 00303). USMAA filed an objection [Doc. No. 823] to the Motion. For the reasons set forth below, the Court will grant in part and deny in part Park Plaza's Motion.

### Background

**A.     The Lease**

The basic facts are set forth below and are not in dispute. Hull Organization, LLC (hereinafter the "Debtor") filed a petition initiating the above-captioned bankruptcy proceeding on December 13, 2023 under Chapter 11 of the Bankruptcy Code. Prior to filing the bankruptcy petition, USMAA occupied a designated portion of real property owned by the Debtor commonly identified as 830 & 834 State Route 125, Cincinnati, Ohio (the "Property") pursuant to a Retail Commercial Lease Agreement dated March 1, 2020 [Doc. No. 554-1] (the "Lease"). (Ex. 1 to Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of

Liens, Claims, and Encumbrances [Doc. No. 554].)

Pursuant to the Lease, notwithstanding its 10-year term, each party had the option to cancel years 6-10, effective March 1, 2025. (*Id.* at 1.) To exercise the early termination option, a party had to provide at least 180 days' notice to its counterpart. (*Id.*) Accordingly, September 2, 2024 was the deadline for either party to deliver such notice.

**B.     The Sale Agreement**

As the result of a contentious divorce proceeding in state court involving the principal of the Debtor, Robert Hull, a receiver was appointed to facilitate the liquidation of Mr. Hull's properties, including the Debtor. To this end, the receiver, Cullen Bilyeu, negotiated the sale of the Property to Park Plaza. (Irrevocable Offer to Purchase for Real Estate Assets [Doc. No. 24-1]) (the "Sale Agreement"), Ex. 1 to Joint Motion to Sell 830 & 834 Ohio Pike, Cincinnati, Clermont County, OH Free and Clear of Liens filed by Debtor Hull Organization, LLC, Creditor Stock Yards Bank & Trust Company [Doc. No. 24] (the "Joint Sale Motion").)

The Sale Agreement expressed Park Plaza's offer to acquire the Property "along with all improvements, attachments and appurtenances; subject to normal and standard title exceptions." (Sale Agreement, p. 1.) Mr. Bilyeu, in his capacity as receiver for Mr. Hull, and Mark D. Ayer, as a member of Park Plaza, executed the Sale Agreement on or around December 7, 2023. (*Id*. at 4.)

Pursuant to the Sale Agreement, Park Plaza accepted the Property "AS IS and WHERE IS" at closing. (Sale Agreement, pp. 2–3, ¶ 3.) The parties to the Sale Agreement also agreed that:

> Buyer shall accept possession of the Property in its current leasehold fee estate condition and acknowledges that the Property is sold subject to the rights of tenants and leases currently in effect.

(*Id*. at 2, ¶ 6.)

Paragraph 7 of the Sale Agreement provided for proration of rent:

> Payment of Real Estate Taxes and Lease Proration: MI 2023 taxes shall be paid by the Seller. MI 2024 and subsequent years taxes shall be the sole responsibility of the Buyer. MI real estate taxes in default, and unpaid for prior years, if any, shall be paid by the Seller from the first proceeds of closing. All lease payments for the month in which closing is conducted shall be prorated on a thirty-day (30) basis and prorated as a credit to the Buyer and debit to the Seller as of the date of closing.

(*Id*. at 3, ¶ 7.)

As receiver, Mr. Bilyeu notified USMAA in October 2023 of his intent to sell the Property. (Letter from Mr. Bilyeu, President, Bilyeu Enterprises LLC, to "Tenant" (undated) [Doc. No. 554-2], Ex. 2 to USMAA Mot. for Relief [Doc. No. 554]; USMAA Mot. for Relief [Doc. No. 554], ¶ 2.) It is unclear, however, whether Mr. Bilyeu, or any other party, provided specific notice of the Sale Agreement to USMAA prior to the bankruptcy proceedings.

**C.      The Bankruptcy**

As noted above, on December 13, 2023, Mr. Hull filed petitions for relief under Chapter 11 of the Bankruptcy Code on behalf of four entities: the Debtor; Hull Equity, LLC (Case No. 23-32984); Hull Properties, LLC (Case No. 23-32985); and 4 West, LLC (Case No. 23-32987). The Debtor scheduled USMAA on Schedule G Executory Contracts and Unexpired Leases at list number 2.15 [Doc. No. 48].

It is undisputed that USMAA was never served with notice of Debtor's bankruptcy filing.

Once under the protection of the Bankruptcy Code, the Debtor requested approval to proceed with the sale of the Property pursuant to the pre-petition Sale Agreement. On January 8, 2024, approximately 24 days after filing the bankruptcy petition, the Debtor, along with its secured lender, Stock Yards Bank & Trust Company, filed the Joint Sale Motion. The Debtor attached a copy of the Sale Agreement to the Joint Sale Motion.

Only one party, Nancy Hull, Mr. Hull's former spouse, objected to the sale of the Property

3

pursuant to the Joint Sale Motion, but that objection was later resolved by language in the Sale Order. (Limited Obj. [Doc. No. 31]; Order Authorizing Sale [Doc. No. 56], p. 2.) Thus, the Joint Sale Motion was unopposed.

It is also undisputed that the Debtor did not provide notice of the Joint Sale Motion to USMAA. Consequently, USMAA was never afforded an opportunity to object to the proposed sale or to protect its leasehold rights prior to the approval of the proposed sale.

**D.     The Sale Order**

On January 23, 2024, the Court entered an order [Doc. No. 56] (the "Sale Order") approving the Joint Sale Motion and authorizing the Debtor's sale of the Property to Park Plaza. The Sale Order provided, inter alia, that:

> 2.    The Sale Agreement, together with all of the exhibits, amendments, terms, and conditions thereof is approved.
> . . .
>
> 7.  The failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, and the Court hereby authorizes the Debtor to enter into the Sale Agreement, which is approved in its entirety.

(Sale Order, pp. 2–3.) The Sale Order also stated that its terms governed any conflicting terms in the Sale Agreement:

> In the event of a direct conflict between the terms of this Order and the terms of (a) the Sale Agreement, or (b) any other order of this Court, the terms of this Order shall govern and control.

(*Id.* at 12, ¶ 39.)

The Sale Order also provided that the sale to Park Plaza was "free and clear" under Section 363(f) of the Bankruptcy Code as follows:

> [T]he Debtor is conveying the Property free and clear of all claims, causes of action, demands, and liens . . . except for the "Permitted

Exceptions" defined on attached **Exhibit C**, which will continue to run with the Property.

(*Id.* at 6, ¶ 19 (emphasis in original).) The "Permitted Exceptions" designated in the Sale Order were those claims to any right in the Property as recorded in the Office of the Clermont County, Ohio, Recorder that were not categorized as "Extinguished Liens" in Exhibit B of the Sale Order. (*Id.* at 15–16.) The Lease with USMAA was not identified as either an Extinguished Lien or Permitted Exception.

**E.      Treatment of the Lease Post Sale**

As noted above, USMAA alleges that on or about October 2023, it received a letter from Mr. Bilyeu informing it that the Debtor was placed into receivership as part of divorce proceedings in Jefferson Circuit Court, Jefferson County, Kentucky.

After the sale of the Property authorized by the Sale Order, USMAA received a Tenant Notice via email from R. Matt Nobles on February 7, 2024 stating that Park Plaza was closing on the purchase of the Property, that all leases had been assigned to it, and that Park Plaza would become the new landlord. (Email from R. Matt Nobles to testerda@roadrunner.com (Feb. 7, 2024, 11:09 AM) [Doc. No. 554-3], Ex. C to USMAA Mot. for Relief [Doc. No. 554] (the "Tenant Notice").) According to R. Matt Nobles, a member of Park Plaza, his emailing of the Tenant Notice was an inadvertent mistake. (Matt Nobles Decl. [Doc. No. 813], ¶ 3.)

For nineteen (19) consecutive months, however, Park Plaza accepted rent from USMAA and invoiced USMAA for lease-based common area maintenance ("CAM") reimbursements totaling $20,754.56. (USMAA Opp'n to Mot. for Abstention [Doc. No. 823], p. 4.)

At some point after the closing of the sale on February 7, 2024, USMAA allegedly breached the Lease by failing to pay CAM payments to Park Plaza. On June 30, 2025, some seventeen months after the entry of the Sale Order, Park Plaza served USMAA with a Notice of

5

Termination. (Letter from Park Plaza Holdings, LLC to David Tester, USMAA (June 30, 2025) [Doc. No. 554-4], Ex. D to USMAA Mot. for Relief [Doc. No. 554].) In the Notice of Termination, Park Plaza informed USMAA that its "rights as a tenant at sufferance or month-to-month tenant are hereby terminated effective July 30, 2025, time being of the essence." (*Id*.) That Notice further identified sections of the Sale Order allegedly providing that the Property was sold free and clear of all liens, claims or encumbrances, except for Permitted Exceptions that did not include the USMAA Lease. (*Id.*)

**F.     Post Sale Litigation**

The next month, on July 17, 2025, USMAA filed two motions related to the Sale Order:

(i)     Motion for Relief from the Order Authorizing the Private Sale of Collateral Free and Clear of Liens, Claims, and Encumbrances [Doc. No. 554] ("Motion for Relief"); and

(ii)    Motion to Stay Enforcement of Order [Doc. No. 555, Proposed Order, Doc No. 556] ("Motion for Stay").

In the Motion for Stay, USMAA sought various relief, including a stay of the provisions of the Sale Order to the extent it purported to extinguish USMAA's Lease and to enjoin any eviction efforts. On September 5, 2025, while USMAA's motions were pending, Park Plaza executed a self-help eviction by changing the locks on USMAA's premises and posting a notice threatening trespassing charges. (USMAA Notice of Voluntary Withdrawal of Mot. for Stay [Doc. No. 797], ¶ 2; Park Plaza Mem. in Opp'n Mot. Summ. J. [Doc. No. 812], p. 2.) Since September 2025, USMAA has not occupied the Property. (Nobles Decl. [Doc. No. 813], ¶ 7.) After the eviction, a new tenant moved into the Property. (*Id*. at ¶ 8.) As such, the Property is no longer available for lease. (*Id*. at ¶ 9.) This action mooted USMAA's intent to preserve possession of the Property in the Motion for Stay. Accordingly, USMAA voluntarily withdrew the motion. (*See* USMAA's Notice of Voluntary Withdrawal of Motion for Stay [Doc. No. 797], ¶ 2.)

6

The Motion for Relief, however, is still pending. On January 13, 2026, this Court scheduled the Motion for Relief for an evidentiary hearing on March 24, 2026. (Order Setting Evidentiary Hr'g [Doc. No. 785].) Effectively, the Motion for Relief poses three issues for the Court: (i) the effect of the Debtor's failure to provide USMAA notice of the Joint Sale Motion; (ii) what, if any, remedies are available to USMAA as a result of the Debtor's failure to provide notice; and (iii) what party is responsible for any remedy to which USMAA is entitled. The Motion for Relief presents a contested matter governed by Federal Rule of Bankruptcy Procedure 9014, and the parties have had the opportunity to conduct discovery and briefing pursuant to the Order Setting Evidentiary Hearing.

On February 23, 2026, USMAA filed the MSJ with respect to the relief requested in the Motion for Relief in the alternative to the scheduled evidentiary hearing. Thus, the Court remanded and terminated the March 24, 2026 evidentiary hearing and scheduled a hearing on the MSJ for April 16, 2026. (Notice of Hr'g [Doc. No. 806].)

On March 2, 2026, USMAA filed a Complaint against Park Plaza in the Court of Common Pleas of Clermont County, Ohio, which was assigned Case No. 2026 CVC 00303 ("Ohio State Court Complaint"). (Nobles Decl. [Doc. No. 813], ¶ 10; Compl., Ex. 1 to Nobles Decl.) In the Ohio State Court Complaint, USMAA alleges nine Counts seeking damages and injunctive and declaratory relief on claims arising under breach of lease agreement, wrongful self-help eviction, breach of covenant of quiet enjoyment, tortious interference with business relationships, unjust enrichment, fraudulent misrepresentation, promissory estoppel, and violation of the implied covenant of good faith and fair dealing. To this Court's knowledge, that case is still pending.

**G.     The Motion for Abstention**

On March 17, 2026, Park Plaza filed the Motion for Abstention [Doc No. 816] currently

7

before the Court. Relying solely on the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2), Park Plaza alleges that all the elements for mandatory abstention apply. Park Plaza essentially alleges that the relief USMAA requests in the MSJ are addressed in the Ohio State Court Complaint, pertaining solely to Park Plaza's post sale conduct with respect to USMAA and the Property when the Lease was no longer part of the bankruptcy estate. That is, Park Plaza alleges the relief in the MSJ mirrors and would be obviated by USMAA's claims in the Ohio State Court Complaint in which USMAA asks the state court to declare that: (i) The Lease is a valid and enforceable agreement that survived the bankruptcy sale; (ii) Park Plaza assumed and ratified the Lease through its post-closing conduct, including acknowledging that "all leases have been assigned," reviewing USMAA's Lease, and accepting rent for nineteen consecutive months; (iii) Park Plaza waived any right to challenge the validity of the Lease through its conduct; (iv) Park Plaza's purported termination of the Lease on June 30, 2025, was wrongful and without legal basis; (v) Park Plaza's self-help eviction of USMAA on September 5, 2025, was unlawful; and (vi) USMAA is entitled to damages for the wrongful termination of its Lease rights through the remaining term of April 30, 2030. (Ohio State Court Complaint, ¶ 40.)

Park Plaza argues that assuming USMAA's claims in state court had merit, USMAA would receive complete relief in state court if USMAA prevails. Conversely, if USMAA prevails in bankruptcy court, USMAA's relief would be "ineffective." Park Plaza thus alleges that under these circumstances, all the elements for mandatory abstention apply and that this Court must abstain and allow the state court case to conclude in the place of the Motion for Relief and corollary MSJ filings.

USMAA opposes Park Plaza's motion [Doc. No. 823]. In the MSJ, USMAA has asked this Court to:

8

2. Enter an order declaring that the Sale Order entered on January 23, 2024 (Doc. 56) is void as to USMAA's leasehold interest due to the failure to provide USMAA with constitutionally adequate notice of the bankruptcy proceedings;

3. Declare that USMAA's Lease dated March 1, 2020 survived the bankruptcy sale and remains in full force and effect through its stated term of February 28, 2030;

4. Declare that Park Plaza Holdings, LLC waived and ratified USMAA's Lease through its post-closing conduct, including its acknowledgment of lease assignments, collection of rent for nineteen months and demand for lease based performance; [and]

5. Declare that Park Plaza Holdings, LLC is not a bona fide purchaser for value without notice with respect to USMAA's leasehold interest . . . .

(MSJ [Doc. No. 791], ECF pp. 14–15.) In its opposition to Park Plaza's motion for abstention, USMAA argues that Park Plaza's motion is legally defective on its face and must be denied because mandatory abstention under 28 U.S.C. § 1334(c)(2) by its express terms applies only to non-core matters. USMAA argues the Motion for Relief and corollary relief requested in the MSJ constitute a core proceeding as (i) a challenge to the constitutional validity and scope of the Sale Order and (ii) a dispute grounded in federal due process and the Bankruptcy Code. Accordingly, USMAA contends mandatory abstention is unavailable as a matter of law.

The Court held a hearing on the Motion for Abstention on April 16, 2026 at which both USMAA and Park Plaza were represented by counsel.

## Analysis

### I.    Applicable Law

Section 1334(c)(2) provides for when a bankruptcy court must abstain from hearing a matter:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title

9

> 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c). Based on the statutory language, the courts have determined that mandatory abstention applies when a proceeding meets the following criteria:

> 1) is based on a state law claim or cause of action;
> 2) lacks federal jurisdiction absent the bankruptcy;
> 3) is commenced in a state forum of appropriate jurisdiction;
> 4) is capable of timely adjudication; and
> 5) is a non-core proceeding.

*In re HNRC Dissolution Co.*, 585 B.R. 837, 844 (B.A.P. 6th Cir. 2018), *aff'd*, 761 F. App'x 553 (6th Cir. 2019) (citing *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 320 (6th Cir. 2006)); *see Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996).

Abstention, however, is the exception, not the rule. *In re SCS Logistics, Inc.*, 671 B.R. 224, 240 (Bankr. S.D. Ohio 2025). As explained by the Bankruptcy Court for the Southern District of Ohio, Congress granted "comprehensive jurisdiction to the bankruptcy courts" and the courts have an obligation to exercise that jurisdiction. *Id*. (internal quotations omitted) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)). Accordingly, the burden to demonstrate abstention is required is on the movant, Park Plaza. (*Id*.) Park Plaza argues that all the foregoing factors apply to USMAA's MSJ.

## II.   Application to These Facts

"Mandatory abstention does not apply to core proceedings." *In re Murray Energy Holdings Co.*, 662 B.R. 604, 632 (Bankr. S.D. Ohio 2024) (citing *Lindsey v. Dow Chem. Co. (In re Dow Corning Corp.)*, 113 F.3d 565, 570 (6th Cir. 1997)). Thus, if the matters before the Court are core

10

proceedings, this Court need not analyze the other mandatory abstention factors.

In this Court's view, this dispute has two separate parts. The first part deals with issues pertaining to the Sale Order. That is, was USMAA provided constitutionally required notice before its leasehold interest was purportedly extinguished by the Sale Order? From the undisputed facts set forth above, it is clear that USMAA was not provided proper—indeed any—notice that its leasehold interest was possibly subject to termination by the Joint Sale Motion and Sale Order. Additionally, this Court must examine the Sale Agreement and Sale Order to determine what the disposition of USMAA's lease was pursuant to the Sale Order and Sale Agreement. If the Property was purchased in some manner without termination of the Lease (which question is not addressed by this Order), the question then turns to what relief, if any, should be provided to USMAA for the Debtor's failure to properly provide notice of the Sale Motion or for the extinguishment of USMAA's lease. A related question is who should be held responsible for those actions.

The second part of this dispute involves the actions that took place after the Sale Order was entered. Park Plaza focuses on the issues raised in the Ohio State Court Complaint. That is, was a new tenancy relationship created between Park Plaza and USMAA after the sale? Did the fact that rent was collected for months post sale create a tenancy at sufferance? If so, was the termination of that tenancy done in an appropriate manner? Was the self-help eviction appropriate? If not, what, if any, remedies should USMAA receive for Park Plaza's actions?

### A.      Matters Regarding the Interpretation of the Sale Order Are Core Proceedings.

In the Motion for Abstention, Park Plaza's argument centers on its characterization of the issues USMAA raises as those concerning "the alleged breach of a lease that was no longer part of the bankruptcy estate or the legality of an eviction that is completely unrelated to this bankruptcy" and "the post-sale Lease dispute." (Mot. for Abstention, pp. 2, 4.) The claims Park Plaza references and USMAA pleads in the Ohio State Court Action are non-core proceedings but

11

the claims USMAA raises before this Court regarding interpretation of the Sale Order as to the disposition of the Lease are core proceedings.

Generally speaking, arising in and arising under matters together comprise the "core proceedings" defined in 28 U.S.C. § 157(b)(2) in which bankruptcy courts may enter final judgments. *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991) ("[S]ection 157 apparently equates core proceedings with the categories of 'arising under' and 'arising in' proceedings." (*quoting Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987))).

It is well known that a Court has "arising in" jurisdiction to interpret its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (a bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders"); *In re Cambrian Holding Co.*, 110 F.4th 889, 896 (6th Cir. 2024) ("Federal courts unanimously recognize that bankruptcy courts have the power to 'interpret' their 'prior orders.'" (internal citations omitted)); *see also Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006) (finding that proceeding based on (the "genesis of") settlement approved in Chapter 7 bankruptcy adversary proceeding is a core proceeding and not subject to mandatory abstention).

This jurisdiction specifically includes sale orders. *Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 153 (2d Cir. 2016) ("A bankruptcy court's decision to interpret and enforce a prior sale order falls under this formulation of 'arising in' jurisdiction."); *Tenet Healthsystem Philadelphia, Inc. v. Nat'l Union of Hosp. & Health Care Emps., AFSCME, AFL-CIO, Dist. 1199C (In re Allegheny Health, Educ. & Rsch. Found.)*, 383 F.3d 169, 176 (3d Cir. 2004) (affirming finding that proceeding requiring interpretation of sale order was a core proceeding). Indeed, matters involving the sale of property are expressly defined as core

proceedings. 28 U.S.C. § 157(B)(2)(N).

Specifically, USMAA asks for the following relief: (i) declaration that the Sale Order is void as to USMAA's Lease interest due to failure to provide constitutionally required notice, (ii) declaration that the Lease survived the sale; and (iii) declaration that Park Plaza is not a bona fide purchaser for value. These specific claims in USMAA's Motion for Relief and MSJ involve the first part of the dispute described above: that is, interpreting the Sale Order to determine the effect on USMAA's leasehold interest. Only this Court can determine if USMAA was provided constitutionally sufficient notice to terminate its leasehold interest. Only this Court can decide if the Sale Order terminated, or provided some other disposition of, the leasehold interest despite the language in the Sale Agreement providing the sale was "subject to" existing leases. Only this Court can decide what remedies should be accorded to USMAA and who should bear the responsibility for any constitutional deficiencies in the process. These are the issues this Court must and will determine, either through the MSJ, or perhaps after an evidentiary hearing. These matters are all core issues that fall squarely within this Court's jurisdiction. They are not proceedings based upon a "state law claim or state law cause of action." As such, mandatory abstention does not apply.

    **B.**    **The Post-Sale Matters Are Not Core Proceedings and, To the Extent Raised in the Motion for Relief, Will Not Be Decided By this Court.**

Conversely, to the extent USMAA is seeking relief based upon actions that took place post sale and that are the subject of the Ohio State Court Action or not specifically referenced in Section A above, those questions are not within this Court's jurisdiction. Any such disputes are between the purchaser of the Property (Park Plaza) and the tenant of that Property (USMAA). For example, this Court cannot decide whether a tenancy relationship was created by the actions of the parties post sale. This Court cannot decide if Park Plaza correctly ended that relation and this Court cannot decide what remedies are available to USMAA if Park Plaza's actions were incorrect.

These discreet post sale issues are not core, they do not arise in or arise under the Bankruptcy Code. They are based upon a "state law claim or state law cause of action." They could not be raised in this Court absent the Sale Order and they can be timely adjudicated in a state forum of appropriate jurisdiction, *i.e.*, the Ohio State Court Action. To the extent these issues are asserted by USMAA in its Motion for Relief or MSJ, abstention on these issues is appropriate.

### Conclusion

The issues surrounding the interpretation and enforcement of the Sale Order are core matters, not subject to mandatory abstention. Conversely, the issues arising after the sale that are the subject to the Ohio state court action are not core and thus subject to the requirements of mandatory abstention. At the hearing on the Motion for Mandatory Abstention, the parties appeared to agree on these points. As such, the Court will grant Park Plaza's Motion for Abstention as it relates to issues arising after the entry of the Sale Order and that are currently pending in the Ohio State Court Action. The Court denies Park Plaza's motion as it relates to the interpretation and enforcement of the Sale Order, which issues are currently before the Court in USMAA's MSJ. The Court now being sufficiently advised;

**IT IS ORDERED** that the Motion for Abstention [Doc. No. 816] filed by Park Plaza Holdings, LLC is **GRANTED** in part and **DENIED** in part.