UNITED STATES BANKRUPTCY COURT WESTERN
DISTRICT OF KENTUCKY LOUISVILLE DIVISION

| | |
|---|---|
| In re: | |
| HULL ORGANIZATION, LLC | Case No. 23-32983 |
| Debtor | Chapter 7 |

### INTERIM APPLICATION FOR COMPENSATION
### AND REIMBURSEMENT OF EXPENSES FOR KERRICK BACHERT PSC,
### COUNSEL FOR THE CHAPTER 7 TRUSTEE

Kerrick Bachert ("KB"), as approved counsel for the Chapter 7 Trustee of Hull Organization, LLC, (the "Debtor"), submits this Interim Application for Compensation and Reimbursement (the "Application") pursuant to 11 U.S.C. § 330. In support of this Interim Application, KB states as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Interim Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

### Background

2.  On December 13, 2023, (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").Pursuant to Bankruptcy Code §§ 1107 and 1108, Debtor operated and managed its property as debtor in possession.

3.      The case converted to a Chapter 7 on August 13, 2025, and the United States Trustee appointed Michael E. Wheatley as Trustee.

4.      KB has served as counsel for Trustee pursuant to the *Order Granting Application to Employ Kerrick Bachert PSC as Attorney for Trustee* [Doc. 688] (the "Employment Order") entered on September 11, 2025.

5.      No agreement or understanding exists between KB and any other person for the sharing of compensation received or to be received by KB in connection with the services rendered in this case.

6.      All services for which compensation or reimbursement is requested were performed or incurred to preserve or enhance Debtor's estate and the administration thereof and were performed solely on behalf of the Debtor.

## Relief Requested

7.      By this Application, KB seeks an award of compensation for services rendered and reimbursement of expenses incurred during the period of the August 17, 2025, through May 20, 206 (the "Application Period").

8.      A separate statement setting forth the amount of time and description of services performed as counsel for the Debtor is attached as **Exhibit A**. The professionals and paraprofessionals performing such services are identified therein by their names, and include the following individuals:

| Name | Maximum Hourly Rate |
|---|---|
| Scott A. Bachert | $400 |
| Michelle A. Wyatt | $200 |

a. **SCOTT A. BACHERT**. Position: Member. Admitted to bar, 1982, Kentucky and U.S. District Court, Western District of Kentucky; U.S. Court of Appeals, Sixth Circuit; 1992, Tennessee. Education: Western Kentucky University (B.A., magna cum laude, 1979); University of Kentucky (J.D., with high distinction, 1982). Order of the Coif. Member, 1980-1982 and Research Editor, 1981-1982, Kentucky Law Journal. Co-Author: "Workers Compensation," Kentucky Law Journal, Vol. 74, 1985-1986; "Recall Letters," Products Liability Trial Notebook, Defense Research Institute, 1988. Panel Bankruptcy Trustee, U.S. Bankruptcy Court, Western District of Kentucky. Member: Bowling Green-Warren County (Secretary, 1987; Vice-President, 1988; President, 1989; Member, Legislative Research Commission's Special Study Commission on the Uniform Commercial Code), Kentucky (Member, Section on Business, Banking and Corporate Law; Chairman, Uniform Commercial Code Committee, 1988-1989) and American Bar Associations; American Bankruptcy Institute; National Association of Bankruptcy Trustees. Practice Areas: Bankruptcy Law; Commercial Law.

b. **MICHELLE A. WYATT**. Position: Paralegal. Education:  Western Kentucky University. Practice Areas: Bankruptcy, General Civil Litigation, Corporate Law and Real Estate.

9.      For the period of August 17, 2025, through May 20, 2026, KB seeks an award of $16,045.52, comprised of $14,440.00 in professional compensation and $1,605.52 in expense reimbursements.

10.     Bankruptcy Code § 330 sets forth the applicable standard for determining reasonable compensation: the award shall be based on the nature, extent, and value of services performed, with consideration given to the time spent on such services and the cost of comparable services in cases other than cases under the Bankruptcy Code.

11.     *Time and Labor Required*: The billing summary submitted with this Application indicates that the professionals and paraprofessionals of KB have devoted not less than 44.9 hours of time serving Trustee during the Application Period. In circumstances where expertise and judgment of an attorney were not required, responsibilities were delegated to paralegals where available.

12. *Novelty and Difficulty of Questions Presented*: During this Application Period, this case has primarily involved issues concerning the sale of certain property pursuant to 11 U.S.C. § 363 and 2004 Examinations in regards to Debtor's assets. As a result, KB spent significant amounts of time addressing those issues to preserve and enhance the value of Debtor's estate.

13. *Skill Requisite to Perform Legal Services*: KB has drawn upon the judgment, experience, and substantive legal knowledge of professionals specializing in the fields of bankruptcy and debtors' rights, commercial law, and litigation to perform its services rendered for the benefit of Trustee and its estate.

14. *Preclusion of Other Employment*: The commitment of time and resources necessary to serve as counsel to Trustee has not precluded KB from being engaged in other matters any more than an ordinary attorney-client engagement.

15. *Customary Fee*: The rates charged by the participating attorneys as set forth in the billing summary are within the range charged by attorneys in this Court's jurisdiction of similar skill and reputation in the areas of bankruptcy, debtor/creditor rights, and commercial litigation.

16. *Time Limitations*: The time limitations imposed by this case have primarily involved maintaining compliance with Trustee's reporting and case administration duties, and meeting deadlines established by the Court.

17. *Experience, Reputation, and Abilities of Counsel*: KB is a law firm with substantial experience in bankruptcy, commercial law, litigation, and other disciplines required of counsel for Trustee in this case. The experience, reputation, and ability of KB professionals generally, and of the attorneys of record before this Court, are well-known in the community in which they practice.

18. *Undesirability of the Case*: KB does not find it undesirable to represent this Debtor or any debtor in a bankruptcy proceeding.

19. *Nature and Length of Professional Relationship with Client*: Trustee consulted with KB concerning representation, then engaged KB to file and handle the affairs of the estate on behalf of the Trustee.

20.    Bankruptcy Code § 330 requires notice and a hearing prior to an award of compensation or reimbursement of expenses to an attorney or other professional.

21.    Pursuant to Bankruptcy Code § 503(b), administrative expenses shall be allowed after notice and hearing. In accordance with Bankruptcy Code § 102(1), the Court may give such notice and opportunity for a hearing as is appropriate in the circumstances presented.

22.    The notice and hearing requirements of Bankruptcy Code §§ 102(1) and 503 and Fed. R. Bankr. P. 2002 will be satisfied if twenty-one (21) days' written notice of this Application is given by mail to all interested parties and a date is set by which any objections to this Application shall be filed. In the event no objection or request for hearing is filed by the objection deadline, then the requirements will have been met without an actual hearing.

WHEREFORE, KB respectfully requests entry of an Order allowing $16,045.52 in compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses during the Application Period.

> KERRICK BACHERT PSC
> 1411 Scottsville Road
> P O Box 9547
> Bowling Green, KY  42102-9547
> Telephone: (270) 782-8160
> Email:  sbachert@kerricklaw.com

> /s/Scott A. Bachert
> SCOTT A. BACHERT

### Certificate of Service

I certify that on June 1, 2026, a true and correct copy of the foregoing *Application for Compensation and Reimbursement* was (a) mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

> /s/Scott A. Bachert
> SCOTT A. BACHERT