**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-32983 |
| HULL ORGANIZATION, LLC | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | |

---

## MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENAS AND FOR ORDER TO SHOW CAUSE

Michael Wheatley, Trustee for Hull Organization, LLC, ("Trustee") by counsel, hereby moves this Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rule 9016 of the Federal Rules of Bankruptcy Procedure, and Rule 45 of the Federal Rules of Civil Procedure, for an order (i) compelling Hull Organization, LLC (the "Debtor") and Robert Hull ("Mr. Hull," and together with the Debtor, "Respondents") to comply with the subpoenas for Rule 2004 examination and production of documents served upon them, and (ii) directing Respondents to show cause why they should not be held in contempt for their failure to comply. In support hereof, the Trustee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding case under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2)(A).Venue is proper for this district bankruptcy case under 28 U.S.C. §§ 1408 and 1409.

### Background

2. The Debtor filed its Voluntary Petition pursuant to Subchapter V of Chapter 11 of the Bankruptcy code on December 13, 2023.

3. On December 14, 2023, United States Trustee appointed Trustee as the Subchapter V Trustee in this case.

4. On August 13, 2025, the case was converted to a Chapter 7 proceeding and the Trustee was appointed Interim Trustee pursuant to Section 702 of the Bankruptcy Code.

5. During the course of this proceeding, the Trustee has sold certain real estate which produced proceeds for the benefit of the Estate.

6. On June 16, 2026, the Trustee filed his Motion for Leave Under Rule 2004 of the Federal Rules of Bankruptcy Procedure to Examine and Request the Production of Documents from Debtor and Robert Hull (Doc. 834), seeking, among other things, the Debtor's most recent Ohio and Kentucky state corporate tax returns and original documentation of accumulated depreciation and capital improvements for five parcels of real estate sold by the Trustee during the administration of the estate.

7. On June 16, 2026, the Court entered its Order Granting Motion for Leave Under Rule 2004 of the Federal Rules of Bankruptcy Procedure to Examine and to Request the Production of Documents from Hull Organization, LLC and Robert Hull (Doc. 834-3) (the "Order"), authorizing the Trustee to serve a subpoena on the Debtor and Mr. Hull compelling production of documents within five business days of service.

8. Pursuant to the Order, the Trustee caused subpoenas for Rule 2004 examination (the "Subpoenas") to be issued to the Debtor and to Mr. Hull, as the Debtor's representative, commanding production of the documents identified in Exhibit 1 to the Subpoenas, namely: (a) a copy of the Debtor's most recent Ohio state corporate tax return, with all schedules and attachments; (b) a copy of the Debtor's most recent Kentucky state corporate tax return, with all schedules and attachments; (c) original documentation showing accumulated depreciation claimed

on each of the five properties identified in the Subpoenas; and (d) original documentation of any capital improvements made to those properties.

9. The Subpoenas were personally served on June 19, 2026: Mr. Hull was served individually at 524 North Capital Avenue, Corydon, Indiana 47112, and the Debtor was served through its managing agent or officer at 1902 Campus Place, Suite 1, Louisville, Kentucky 40299. Proofs of service were filed with this Court on June 19, 2026 (Docs. 836 and 837). Courtesy copies of the Subpoenas were also transmitted to Respondents' counsel, Tyler R. Yeager, by letter dated June 18, 2026.

10. Under the terms of the Order, Respondents' production was due within five business days of service which would have been no later than June 26, 2026, the same date set for the Rule 2004 examination.

11. To date, neither the Debtor nor Mr. Hull has produced any documents in response to the Subpoenas, has served any written objection, or has otherwise communicated with the Trustee or his counsel regarding the Subpoenas. More than eleven weeks have passed since the compliance deadline without any response of any kind.

## **Argument**

12. Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizes the Court to order the examination and production of documents by any entity, and Rule 9016 of the Federal Rules of Bankruptcy Procedure makes Fed. R. Civ. P. 45 applicable to subpoenas issued in connection with a Rule 2004 examination.

13. Fed. R. Civ. P. 45(d)(2)(B)(i), made applicable by Rule 9016, provides that where a person commanded to produce documents fails to serve a timely written objection, the serving

party may move the court for an order compelling production. Respondents served no objection of any kind, timely or otherwise, and have accordingly waived any objection to the Subpoenas.

14. Fed. R. Civ. P. 45(g), likewise made applicable by Rule 9016, provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Respondents were properly served, the Order and Subpoenas plainly and unambiguously commanded production of specifically identified documents by a date, and Respondents have offered no excuse for their total non-compliance.

15. The documents sought are neither burdensome in scope nor speculative in relevance: they consist of the Debtor's own corporate tax filings and documentation of depreciation and capital improvements necessary for the Trustee to prepare the estate's 2025 and 2026 tax returns following the Trustee's sale of estate real property. The Trustee cannot fulfill his statutory duties under 11 U.S.C. § 704 without this information, and Respondents' continued silence prejudices the administration of the estate and the interests of creditors.

16. Good cause therefore exists for the Court to compel Respondents' immediate compliance with the Subpoenas, to direct Respondents to appear and show cause why they should not be held in contempt for their failure to comply, and to award the Trustee the reasonable attorney's fees and costs incurred in bringing this Motion as a sanction for Respondents' unexcused non-compliance.

WHEREFORE, the Trustee respectfully request that the Court enter an order: (i) compelling Hull Organization, LLC and Robert Hull to produce, within seven (7) days of entry of the order, all documents responsive to the Subpoenas served June 19, 2026; (ii) directing Hull Organization, LLC and Robert Hull to appear and show cause why they should not be held in civil contempt for their failure to comply with the Subpoenas and the Court's Order of June 16, 2026

(Doc. 834-3); (iii) awarding the Trustee his reasonable attorney's fees and costs incurred in connection with this Motion; and (iv) granting such other and further relief as the Court deems just and proper.

KERRICK BACHERT PSC
1411 Scottsville Road
P O Box 9547
Bowling Green, KY 42102-9547
Telephone: (270) 782-8160
Facsimile: (270) 782-5856

/s/Scott A. Bachert
SCOTT A. BACHERT

**CERTIFICATE OF SERVICE:**

It is hereby certified that on September 18, 2026, a true and correct copy of the foregoing was mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Trustee and all other persons receiving electronic notifications in this case, and mailed via First Class U.S. Mail to the following:

Robert Hull
524 North Capital Ave.
Corydon, IN 47112

Hull Organization, LLC
c/o Managing Agent or Officer
1902 Campus Place, Suite 1
Louisville, KY 40299

/s/Scott A. Bachert
SCOTT A. BACHERT