UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HULL ORGANIZATION, LLC | ) | CASE NO. 23-32983 |
| | ) | |
| Debtor | ) | |

**TRUSTEE'S MOTION FOR SECOND EXTENSION OF DEADLINE TO COMMENCE ACTIONS**

Comes now the Trustee, Michael E. Wheatley, by and through counsel, and hereby moves this Court for entry of an Order pursuant to sections 546(a) and 108(a) of title 11 of the United States Code (the "Bankruptcy Code") for a second extension of the deadlines imposed by sections 546 and 108 of the Bankruptcy Code to file any action, including but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code (the "Deadline to Commence Actions") to for three months from December 1, 2026 to March 1, 2027. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND AND ARGUMENT**

2. The Debtor filed its Voluntary Petition pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code on December 13, 2023.

3. On December 14, 2023, the United States Trustee appointed Trustee, Michael Wheatley as the Subchapter V trustee in this case.

4. On August 13, 2025, the case was converted to a Chapter 7 and the Trustee was appointed interim trustee pursuant to section 702 of the Bankruptcy Code.

5. Section 546(a) of the Bankruptcy Code provides, in relevant part:

> **(a)** An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> **(1)** the later of—
>
> **(A)** 2 years after the entry of the order for relief; or
>
> **(B)** 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> **(2)** the time the case is closed or dismissed.

6. The Trustee believes the statute of limitations to be August 13, 2026, which is one year after the appointment of the Trustee under section 702.

7. On December 3, 2025, the Court entered an Order which extended the deadline to file avoidance actions to March 13, 2026.

8. On March 4, 2026 the Court entered *Order Granting Emergency Motion for Second Extension of Deadline to Commence Actions (DOC 800)* which extended the deadline to August 13, 2026.

9. Given that a Subchapter V Trustee lacks the full powers of a Chapter 11 Trustee, including standing to bring claims on behalf of the debtor, logic does not follow for the one year statute of limitation to begin running upon the Subchapter V's appointment, nor does a plain reading of the text permit that conclusion, but due to the complete lack of case law on the topic, and out of an abundance of caution, the Trustee sought the order extending the statute of limitations to August 13, 2026, in order to confirm that the applicable statue of limitations is one-year from the date.

10. The Chapter 7 Trustee sought an additional an extension of the one year statue of limitations to December 1, 2026, to file any action, including but not limited to, avoidance actions under Chapter 5 of the Bankruptcy Code. Said extension was granted by Order entered July 27, 2026 (DOC 845).

11. Based upon the funds on hand, the Trustee may not need to pursue the avoidance actions in order to pay claims.

12. The Trustee seeks the extension in order to avoid having to file adversary proceeding complaints when the additional recovery may not be necessary. In addition, the only administrative items remaining for the estate is the preparation and filing of the Estate's tax returns. The Trustee did not receive only a timely basis the documents which the Trustee needs in order to ensure accurate returns.

13. This resulted in the Trustee having to file a Motion to Compel in order to get said documents. The Trustee is now beginning to reserve the required documents but will need additional time in order to complete tax returns.

14. Because of the delay in receiving the necessary records, the Trustee believes an additional extension is appropriate.

15. In determining whether to exercise its discretion to grant an extension of the deadline imposed by section 546 of the Bankruptcy Code, courts apply: (i) the "for cause" standard generally applicable to extensions of time under Bankruptcy Rule 9006(b)(1) and/or (ii) the judicially-created doctrine of "equitable tolling." *See Int'l Admin. Servs*., 408 F.3d at 699 (applying equitable tolling and referencing "for cause" standard); *Thermoview Indus*., 381 B.R. at 227 (applying "cause standard"). The typical "cause shown" analysis under rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") should be utilized where, as

here, the request for an extension is filed to the expiration of the deadline imposed by section 546 of the Bankruptcy Code and, as such, does not require an equitable exception to the effect of the requisite deadline. *See In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 789-90 (Bankr. M.D. Fla. 2013).

16. The "for cause" standard of Bankruptcy Rule 9006(b)(1) is a "liberal standard investing the bankruptcy judge with considerable flexibility."3 *Bryant v. Smith*, 165 B.R. 176, 181 (W.D. Va. 1994). In fact, the complexity of a case may, in and of itself, be sufficient to establish cause to extend the deadline imposed by section 546 of the Bankruptcy Code. *Thermoview Indus.*, 381 B.R. at 227 (upholding extension of deadline imposed by section 546(a) of the Bankruptcy Code in an "exceedingly complex case"); *Int'l Admin Servs.*, 408 F.3d at 702 (granting extension where trustee was required to "piece together [a] jigsaw puzzle of transfers"). Alternatively, under the "negligent concealment" prong of equitable tolling, a debtor's negligent failure to accurately schedule assets or provide the information necessary to discovery or effectively prosecute a cause of action may also be sufficient to warrant an extension of the statute of limitations, provided that the trustee exercised reasonable diligence in seeking to uncover such information. *See e.g.*, *Moratzka v. Pomaville* (*In re Pomaville*), 190 B.R. 632, 637 (Bankr. D. Minn. 1995); *Heyman v. Dec* (*In re Dec*), 272 B.R. 218, 225 (Bankr. N.D. Ill. 2001).

17. Under either standard, however, the length and scope (i.e. a single identified action or all potential causes of action) of any extension of the deadline imposed by section 546 of the Bankruptcy Code are both matters that are solely within the discretion of the Bankruptcy Court. *See e.g.*, *Leasure v. Northcutt* (*In re Mammoth Resources Partners, Inc.*), Ap. No. 12-01050, 2013 WL 1867624 at *1 (Bankr. W.D. Ky. May 3, 2014); *Thermoview Indus.*, 381 B.R. at 227; *In re Fundamental Long Term Care, Inc.*, 501 B.R. at 789-90.

## RESERVATION OF RIGHTS

The Trustee reserves the right to seek further extensions of the Deadline to Commence Actions.

WHEREFORE, Trustee respectfully requests that the Court enter an order (i) granting this Motion, (ii) extending the Deadline to Commence Actions to March 1, 2027, and (iii) granting such further relief as the Court deems just and proper.

This day, November 4, 2026.

KERRICK BACHERT PSC
1411 Scottsville Road
P.O. Box 9547
Bowling Green, KY 42104
Telephone: (270) 782-8160
Facsimile: (270) 782-5856

/s/Scott A. Bachert
SCOTT A. BACHERT
KY Bar No. 02443

## CERTIFICATE OF SERVICE:

It is hereby certified that on November 4, 2026, a true and correct copy of the foregoing was mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Truste and all other persons receiving electronic notifications in this case.

/s/Scott A. Bachert
SCOTT A. BACHERT